LINDA M. BURROW, Bar No. 194668
  burrow@caldwell-leslie.com
ALISON MACKENZIE, Bar No. 242280
  mackenzie@caldwell-leslie.com
CALDWELL LESLIE AND PROCTOR PC
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040 / Fax:  213-629-9022

DAVID G. WILLE (*pro hac vice* pending)
  david.wille@bakerbotts.com
JEFFERY D. BAXTER (*pro hac vice* pending)
  jeff.baxter@bakerbotts.com
BRIAN D. JOHNSTON (*pro hac vice* pending)
  brian.johnston@bakerbotts.com
JAMES C. WILLIAMS (*pro hac vice*  pending)
  james.williams@bakerbotts.com
CHARLES YEH (*pro hac vice* pending)
  charles.yeh@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500 / Fax:  214.953.6503

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and NITRONEX, LLC,

    Plaintiffs,

  v.

INFINEON TECHNOLOGIES AG, *et al.*,

    Defendants.

Case No. CV 16-02859 CAS (PLAx)

**INFINEON TECHNOLOGIES AMERICAS CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**[Declarations and Exhibits thereto filed concurrently herewith; [Proposed] Order Granting Motion to Dismiss lodged concurrently herewith]**

**Hon. Christina A. Snyder**

**Date:      August 15, 2016**
**Time:      10:00 a.m.**
**Ctrm.:    5**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Christina A. Snyder, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Infineon Technologies Americas Corp. ("Infineon Americas") will and hereby do move this Court to dismiss the Complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM").

This motion is based on the following grounds:

First, MACOM's complaint should be dismissed as to Infineon Americas because MACOM failed to effect sufficient process under Rule 12(b)(4) and sufficient service of process under Rule 12(b)(5).  MACOM's complaint and summons in this case do not name Infineon Americas as a party.  In addition, the complaint and summons list two other names (International Rectifier Corporation and Infineon Technologies Americas Corporation), and there were no entities with those names when the complaint was filed.  Although MACOM's attorneys were notified of these errors on June 29, 2016, MACOM has refused to amend its complaint to correct these errors.

Second, MACOM's claim for declaratory judgment of non-infringement should be dismissed under Rule 12(b)(1) because MACOM fails to establish that this Court has subject matter jurisdiction to adjudicate the claim.  MACOM seeks a declaratory judgment of non-infringement for products it describes as ██████████ ██████████████████████████████████████████████████████ ████████████   In addition, ████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████.

Third, MACOM's claim for declaratory judgment of non-infringement should be dismissed as to Infineon Americas under Rule 12(b)(6) because

- 1 -

1   the grounds upon which it rests.  As discussed above, ██████████████

2   ████████████████████████████████████████.  As a result, MACOM does

3   not provide fair notice ██████████████████████████████████████████

4   ████████████████████.

5        This Motion is based on this Notice of Motion; the accompanying

6   Memorandum of Points and Authorities; the Declarations of Jeffery D. Baxter,

7   █████████████ and █████████████; and Exhibits thereto filed concurrently herewith.

8        When the parties conferred on the extension of time requests in early June,

9   counsel for Infineon AG and Infineon Americas notified MACOM's counsel that

10  Infineon AG and Infineon Americas would not agree to answer the complaint

11  because the parties may file motions to dismiss.  The parties discussed, by email

12  and telephone, the grounds of Infineon AG and Infineon America's motions to

13  dismiss on Tuesday, July 5.  Counsel for Infineon AG did not previously realize

14  that it had to confer seven days before filing a motion to dismiss under L.R. 7-3.

15  The parties could not reach a resolution and this Motion is opposed.

16

17

18  DATED:  July 5, 2016                Respectfully submitted,
                                        CALDWELL LESLIE & PROCTOR, PC
19                                      LINDA M. BURROW
                                        ALISON MACKENZIE
20

21

22                                      By    */s/ Linda M. Burrow*
23                                          LINDA M. BURROW
24                                      Attorneys for Defendants

25

26

27

28

- 2 -

# TABLE OF CONTENTS

INTRODUCTION ................................................................................... - 1 -

STATEMENT OF FACTS ...................................................................... - 2 -

    A.     The named defendants ................................................... - 2 -

    B.     MACOM's claim for declaratory judgment of non-infringement ... - 3 -

LEGAL STANDARDS ........................................................................... - 4 -

    A.     Insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5) ......................................... - 4 -

    B.     Lack of subject matter jurisdiction under Rule 12(b)(1) ................. - 5 -

    C.     Failure to state claim upon which relief can be granted under Rule 12(b)(6) ..................................................................... - 6 -

ARGUMENT ............................................................................................ - 7 -

I.     MACOM's complaint should be dismissed because the complaint and summons do not name the intended party Infineon Americas and includes names when there were no entities with those names as of the date of filing of the complaint. ................................................ - 7 -

II.    MACOM's claim for declaratory judgment of non-infringement should be dismissed for lack of subject matter jurisdiction. ............................... - 12 -

    A.     MACOM cannot establish jurisdiction on a product-by-product basis ████████████████████ ████ .................................................. - 12 -

    B.     MACOM's allegations do not show a substantial controversy ████████████████ . ........................................ - 14 -

III.   MACOM's claim for declaratory judgment of non-infringement should be dismissed for failure to state a claim upon which relief can be granted. ....................................................................... - 16 -

CONCLUSION ......................................................................................... - 18 -

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................6

*B.R. Guest, LLC v. SoCo Hospitality Group, LLC*,
  No. C 13–00110 SI, 2013 WL 1800026 (N.D. Cal. 2013) ......................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................6, 16

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007)...............................................................................5

*Cablevision of N.J., Inc. v. Pedolsky*,
  2007 WL 766350 (D. N.J. Mar. 8, 2007)................................................................11

*Carr v. Spherion*,
  2009 WL 3380007 (W.D. La. Oct. 19, 2009) ..........................................................9

*Desai v. Tire Kingdom, Inc.*,
  944 F.Supp. 876 (M.D. Fla. 1996) ..........................................................................8

*Essai, Inc. v. Delta Design, Inc.*,
  No. 3:13-cv-02356, 2013 WL 6248393 (N.D. Cal. Dec. 3, 2013)......................5, 13

*Excelstor Tech., Inc. v. Papst Licensing GMBH*,
  No. C 09-2055, 2010 WL 2560481 (N.D. Cal. June 22, 2010) ....................6, 13, 16

*Fields v. Norfolk & S. Ry. Co.*,
  924 F. Supp. 2d 702 (S.D.W. Va. 2012) ..................................................................8

*Grannis v. Ordean*,
  234 U.S. 385 (1914)...........................................................................................11, 12

*Hilgraeve Corp. v. Symantec Corp.*,
  212 F.R.D. 345 (E.D. Mich. 2003) ...........................................................................8

*In re Carthage Trust*,
  No. 2:12-CV-10861-ODW, 2013 WL 589208 (C.D. Cal. Feb. 14, 2013)...............11

*Int'l Fire and Safety, Inc. v. HC Servs. Inc.*,
  2006 WL 2403496 (S.D. Miss. Aug. 18, 2006) ........................................................9

ii

*Jackson v. Duke*,
    259 F.2d 3 (5th Cir. 1958)................................................................................8

*Mahran v. Benderson Development Co., LLC*,
    2011 WL 1467368 (W.D.N.Y. Apr. 18, 2011) ...............................................8

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) .......................................................................................5

*Microsoft Corp. v. DataTern, Inc.*,
    755 F.3d 899 (Fed. Cir. 2014)................................................................5, 13

*Mitchell v. Potter*,
    No. 05–5191, 2007 WL 1067631 (W.D. Ark. Apr. 9, 2007)......................10

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
    484 U.S. 97 (1987).......................................................................................11

*Panavise Prods., Inc. v. Nat'l Prods., Inc.*,
    306 Fed. Appx. 570 (Fed. Circ. 2009) .....................................................5, 15

*Roberts v. Hartman*,
    No. SA–11–CA-1119-XR, 2012 WL 2254325 (W.D. Tex., June 14, 2012)......8, 10

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004)........................................................................5

*Shivers v. Akima Intra-Data*,
    No. 2:07cv55, 2008 WL 3992669 (S.D. Miss. Aug. 21, 2008) ......................8

*Smith v. Holiday Retirement Corp.*,
    2014 WL 4589807 (S.D. Ala. Sep. 11, 2014) .................................................8

*Snider v. Tolbert*,
    No. 94–840–FR, 1994 WL 519031 (D. Or. Sept. 21, 1994) ........................10

*Torrelio v. Evergreen Shipping Agency (Am.) Corp.*,
    No. 2:10–0857–MBS, 2011 WL 675043 (D.S.C. Feb. 16, 2011)................10

*Unisense Fertilitech A/S v. Auxogyn, Inc.*,
    896 F.Supp.2d 822 (N.D. Cal. 2012) ........................................................6, 15

*Wasson v. Riverside County*,
    237 F.R.D. 423 (C.D. Cal. 2006) ......................................................... passim

*Wistron Corp. v. Phillip M. Adams & Assocs.*,
    No. 3:10-cv-04458, 2011 WL 1654466 (N.D. Cal. April 28, 2011)...........6, 17

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
    No. C 11-0671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ....................18

iii

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(a)(1) ........................................................................................4

Fed. R. Civ. P. 12(b)(1) .......................................................................................5

Fed. R. Civ. P. 12(b)(4) .......................................................................................4

Fed. R. Civ. P. 12(b)(5) .......................................................................................4

Fed. R. Civ. P. 12(b)(6) .......................................................................................6

INFINEON TECHNOLOGIES AMERICAS CORP.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

**INTRODUCTION**

Infineon Technologies Americas Corp. ("Infineon Americas") moves to dismiss the complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM") because it suffers from multiple fatal defects. It names phantom legal entities even after counsel for MACOM was informed of this error. In addition, MACOM abusively seeks to invoke declaratory judgment jurisdiction to adjudicate non-infringement ███████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████.

First, the complaint and summons mistakenly name as defendants multiple legal entities when there were no legal entities with those names at the time of filing. In particular, when MACOM filed its complaint, there were no legal entities named "International Rectifier Corporation" or "Infineon Technologies Americas Corporation." When MACOM filed its complaint, International Rectifier Corporation had long since changed its name to Infineon Technologies Americas Corp. ("Infineon Americas"). MACOM likely intended to sue that entity. MACOM also named "Infineon Technologies Americas Corporation," but there was also no entity by that name when MACOM filed its complaint. Infineon Americas specifically chose "Corp." as part of its corporate name rather than "Corporation"—something that is not uncommon for corporations with complicated structures. Counsel for Infineon Americas informed MACOM's counsel of these errors (Ex. 1 (June 30, 2016 letter from Baxter to Tessar)) but MACOM refused to file an amended complaint (Ex. 2 (June 29, 2016 letter from Tessar to Baxter)). MACOM refused despite the fact that these mistakes could have been discerned by a simple review of a few public corporate records in the state of Delaware. Ex. 1.

Second, MACOM brings a declaratory judgment action of non-infringement ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████—a defect that has caused other courts to dismiss for lack of subject matter jurisdiction. ███████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████.

Third, MACOM fails to state a claim upon which relief can be granted. Under *Twombly,* MACOM must provide fair notice of the what its claim is and the grounds for the claim.  MACOM has done neither ████████████████████████ ██████████████████████████████████████████████████████ ████████████.  Thus, there is no factual basis adequate to support a claim for declaratory judgment under *Twombly.*

## STATEMENT OF FACTS

### A.    The named defendants

MACOM's complaint names three defendant parties: Infineon Technologies AG, Infineon Technologies Americas Corporation, and International Rectifier Corporation.

Infineon Technologies AG is German corporation with its principal place of business in Germany.████████ Decl. at ¶ 2.

International Rectifier Corporation was a Delaware corporation with its headquarters and principal place of business in California, but it now operates under

1   a different name, Infineon Technologies Americas Corp. ███ Decl. at ¶ 3;

2   ███ Decl. at ¶ 5.   On January 13, 2015, Infineon Technologies AG acquired

3   International Rectifier Corporation, which became an indirect, wholly-owned

4   subsidiary of Infineon Technologies AG. ███ Decl. at ¶ 3; ███ Decl. at 4.  On

5   October 1, 2015, the name of International Rectifier Corporation was changed to

6   Infineon Technologies Americas Corp., in connection with a merger involving an

7   affiliate, Infineon Technologies North America Corp. ███ Decl. at ¶ 4; ███

8   Decl. at ¶ 5.

9        There is no entity with the name Infineon Technologies Americas

10  Corporation.   The formal name of Infineon Americas is Infineon Technologies

11  Americas Corp. (not Corporation).

12       On June 29, 2016, Infineon Americas informed MACOM of the misnamed

13  defendants and asked that MACOM file an amended complaint.   *See* Ex. 1.

14  Counsel for Infineon Americas agreed to accept service of an amended complaint

15  on behalf of Infineon Americas.  In response to Infineon Americas' letter, MACOM

16  stated that it will not amend its complaint to name the proper party. *See* Ex. 2.  As

17  of the filing of this motion, MACOM has not filed an amended complaint naming

18  Infineon Americas as a defendant.   MACOM has also not filed an amended

19  complaint that deletes the misnamed entities, International Rectifier Corporation

20  and Infineon Technologies Americas Corporation.

21       **B.    MACOM's claim for declaratory judgment of non-infringement**

22       MACOM's fourth claim for relief is for declaratory judgment of non-

23  infringement.   Complaint at ¶¶ 154–162. ████████████████

24  ████████████████████████████████

25  ████████████████████████████████.

26  Complaint at ¶¶ 2, 60, 66.  MACOM seeks a declaration of non-infringement ███

27  ████████████████████████████████.

28  Complaint at ¶ 162. ████████████

███████████████████████████████████████████████

██████████████████.

███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████. Complaint at ¶ 99. ██████████████

███████████████████████████████████████████████

███████. Complaint at ¶¶ 5, 30–31.

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████ █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████. Complaint at ¶ 122.

## LEGAL STANDARDS

A.     **Insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5)**

A party may move to dismiss a complaint for insufficient process under Rule 12(b)(4) and for insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Rule 12(b)(4) allows challenges to the form of the process, and Rule 12(b)(5) allows challenges to the manner or lack of service. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, pp. 334–35 (3d ed. 2004)). Thus, a party may move to dismiss for insufficient process under Rule 12(b)(4) when a summons fails to meet the requirements of Rule 4. One of the requirements of Rule 4 is that a summons must include the name of the parties and be directed to the defendant. *See* Fed. R. Civ. P. 4(a)(1). When a party receives a

1  complaint or summons that does not properly name the party, the party may also

2  move to dismiss for insufficient service of process under Rule 12(b)(5).  Charles A.

3  Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, pp. 334–35 (3d

4  ed. 2004).

5  **B.     Lack of subject matter jurisdiction under Rule 12(b)(1)**

6  A party may move to dismiss a complaint for lack of subject matter

7  jurisdiction under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  A party moving to

8  dismiss under Rule 12(b)(1) may make a facial attack on jurisdiction to challenge

9  the sufficiency of the jurisdictional allegations in a complaint.  *Safe Air for*

10  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

11  Here, MACOM, as the party claiming declaratory judgment jurisdiction, has

12  the burden of establishing that an Article III case or controversy existed at the time

13  that the claim for declaratory relief was filed and that it has continued since.

14  *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).  To

15  satisfy the actual controversy requirement, the facts alleged must "show that there is

16  a substantial controversy, between parties having adverse legal interests, of

17  sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

18  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

19  In the context of a declaratory judgment of non-infringement, jurisdiction

20  must be evaluated on a product-by-product basis. *Microsoft Corp. v. DataTern,*

21  *Inc.*, 755 F.3d 899, 911 (Fed. Cir. 2014).  Therefore, absent identification of the

22  specific products accused of infringement or specific allegations of infringement,

23  there is no substantial controversy to support jurisdiction.  *See Panavise Prods.,*

24  *Inc. v. Nat'l Prods., Inc.*, 306 Fed. Appx. 570, 573 (Fed. Circ. 2009) (finding that

25  plaintiff did not establish a substantial controversy because it simply alleged that a

26  product potentially infringes a patent-in-suit but failed to present any evidence that

27  it was similar to other products that the defendant accused of infringement); *Essai,*

28  *Inc. v. Delta Design, Inc.*, No. 3:13-cv-02356, 2013 WL 6248393, at *3 (N.D. Cal.

- 5 -

Dec. 3, 2013) (finding no substantial controversy because defendant did not accuse plaintiff's products of infringement and plaintiff did not identify any particular product in its complaint); *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F.Supp.2d 822, 830 (N.D. Cal. 2012) (finding no substantial controversy because the defendant did not accuse a product of infringement); *Excelstor Tech., Inc. v. Papst Licensing GMBH*, No. C 09-2055, 2010 WL 2560481, at *6 (N.D. Cal. June 22, 2010) (finding no substantial controversy because the plaintiff did not identify any product accused of infringement, did not explain why any particular product might be accused of infringement, and did not allege activity that would expose it to liability for infringement).

## C.   Failure to state claim upon which relief can be granted under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).   Fed. R. Civ. P. 12(b)(6).   A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   In the context of a declaratory judgment of non-infringement, the complaint must identify the specific products accused of infringement in order for the complaint to survive a motion to dismiss. *See Wistron Corp. v. Phillip M. Adams & Assocs.*, No. 3:10-cv-04458, 2011 WL 1654466, at *12 (N.D. Cal. April 28, 2011).

**ARGUMENT**

Infineon Americas moves for dismissal on three different grounds.   First, MACOM's complaint should be dismissed because it does not name the intended party Infineon Americas.   Second, MACOM's claim for declaratory judgment of non-infringement should be dismissed for lack of subject matter jurisdiction.   Third, the same claim for relief should also be dismissed for failure to state a claim upon which relief can be granted.

**I.     MACOM's complaint should be dismissed because the complaint and summons do not name the intended party Infineon Americas and includes names when there were no entities with those names as of the date of filing of the complaint.**

MACOM's complaint should be dismissed because the complaint does not name the intended party Infineon Americas.   As explained above, MACOM's complaint names as defendants International Rectifier Corporation and Infineon Technologies Americas Corporation, but there were no legal entities with those names when MACOM filed its complaint.   The summons also names these entities.   Thus, both the complaint and summons are defective.   Although MACOM likely intended to sue Infineon Americas, the complaint does not name Infineon Americas.[1]   Counsel for Infineon Americas informed MACOM of the misnamed defendants, asked that MACOM file an amended complaint, and agreed to accept service of an amended complaint on behalf of Infineon Americas.   Ex. 1.   In response, MACOM stated that it will not be filing an amended complaint.   *See* Ex. 2.   As of the filing of this motion, MACOM has not filed an amended

---

[1] These errors are not mere technical defects because MACOM failed to name the intended party in **any** filing before the court.   *See B.R. Guest, LLC v. SoCo Hospitality Group, LLC*, No. C 13–00110 SI, 2013 WL 1800026, at *2 (N.D. Cal. 2013) (denying defendant's motion to dismiss because plaintiff properly named the defendant in the civil cover sheet and in the body of the complaint).

complaint or summons naming Infineon Americas as a defendant and deleting the two misnamed entities.[2]   Because MACOM has refused to file an amended complaint, the Court should dismiss MACOM's complaint for insufficient process under Rule 12(b)(4) and for insufficient service of process under Rule 12(b)(5). And because sufficient process is a prerequisite for personal jurisdiction, the Complaint may be dismissed for lack of personal jurisdiction as well.

The Court should dismiss MACOM's complaint for insufficient process under Rule 12(b)(4) and for insufficient service of process under Rule 12(b)(5). Rule 12(b)(4) allows challenges to the form of the process, and Rule 12(b)(5) allows challenges to the manner or lack of service. *See Wasson v. Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).   As explained by one Court, "Although the distinction between Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist." *Shivers v. Akima Intra-Data,* No. 2:07cv55, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008).   Dismissal under both provisions may be appropriate. *Id.*   Courts have dismissed cases where a legal entity did not exist as of the date of filing of the complaint because the summons misnamed the parties to be served—making the process defective. *Roberts v. Hartman,* No. SA–11–CA-1119-XR, 2012 WL 2254325, at *5 (W.D.

---

[2] MACOM should have corrected its mistake by filing an amended complaint naming Infineon Americas. *See Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958) (affirming the district court's decision to allow plaintiff to amend the complaint to correct a misnomer); *Smith v. Holiday Retirement Corp.*, 2014 WL 4589807, *2–3 (S.D. Ala. Sep. 11, 2014) (recommending that plaintiffs be given leave to file an amended complaint naming the proper party); *Hilgraeve Corp. v. Symantec Corp.*, 212 F.R.D. 345, 349 (E.D. Mich. 2003); *Mahran v. Benderson Development Co., LLC*, 2011 WL 1467368, *7 (W.D.N.Y. Apr. 18, 2011); *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996); *Fields v. Norfolk & S. Ry. Co.*, 924 F. Supp. 2d 702, 707–08 (S.D.W. Va. 2012).

Tex., June 14, 2012) (dismissing complaint for misnaming corporation that had dissolved).

In this case, MACOM named International Rectifier Corporation as a defendant, but no entity with that name existed as of the filing date of this case. "If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and ... there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Int'l Fire and Safety, Inc. v. HC Servs. Inc.*, 2006 WL 2403496, *1 (S.D. Miss. Aug. 18, 2006). Because a non-existent party cannot be sued or served, process and service of process on a non-existent defendant is a fatal defect. *See id*; *see also Carr v. Spherion*, 2009 WL 3380007, *3 (W.D. La. Oct. 19, 2009) (granting motion to dismiss a non-existent defendant under Rule 12(b)(4) and 12(b)(5)). Accordingly, MACOM's complaint should be dismissed as to International Rectifier Corporation. See *Int'l Fire*, at *1 (finding the proper relief for naming a non-existent entity as a defendant is dismissal of the complaint as to that non-existent entity). Additionally, because Infineon Americas is not named in the complaint or summons, while two entities (Infineon Technologies Americas Corporation and International Rectifier Corporation) are improperly named in both the summons and complaint, the form of the process does not comply with Rule 4(a)(1), which requires that the summons "name . . . the parties" and "be directed to the defendant." For the same reason, MACOM never served a proper complaint and summons on Infineon Americas.

These facts are analogous to *Wasson v. Riverside County*. In *Wasson,* the plaintiffs attempted to serve their complaint on a nonparty school district. *Wasson*, 237 F.R.D. at 425, n. 1. In response, the school district filed a motion to dismiss

- 9 -

1  under Rules 12(b)(4) and 12(b)(5).  The Central District of California held that the
2  school district's motion to dismiss should be granted on both grounds.  *Id.* at 424.[3]

3      Other courts have also dismissed complaints against misnamed parties under
4  Rule 12(b)(4).  *Mitchell v. Potter*, No. 05–5191, 2007 WL 1067631, at *5–*6
5  (W.D. Ark. Apr. 9, 2007) (dismissing plaintiff's claim under Rule 12(b)(4) for
6  failure to name the correct party); *Roberts v. Hartman*, No. SA–11–CA-1119-XR,
7  2012 WL 2254325, at *5 (W.D. Tex. June 14, 2012) (vacated on other grounds)
8  (dismissing plaintiff's claim under Rule 12(b)(4) because process was defective
9  when the summons misnamed the parties to be served); *Torrelio v. Evergreen*
10  *Shipping Agency (Am.) Corp.*, No. 2:10–0857–MBS, 2011 WL 675043, at *3
11  (D.S.C. Feb. 16, 2011) (dismissing the plaintiff's claim under Rule 12(b)(4)
12  because the plaintiff sued the wrong party).

13      Similarly, courts have also dismissed complaints against misnamed parties
14  under Rule 12(b)(5).  *See Mitchell*, 2007 WL 1067631, at *4–*6 (dismissing
15  plaintiff's claim under Rule 12(b)(5) for defective service); *Snider v. Tolbert*, No.
16  94–840–FR, 1994 WL 519031, at *2, *4 (D. Or. Sept. 21, 1994) (granting
17  defendants' motions to dismiss under Rule 12(b)(5) because the individuals who
18  were served were not named as defendants in the summons and there were no
19  allegations in the complaint to support any claim against the individuals).

20      MACOM's summons is defective for three reasons.  First, it does not name
21  the intended party Infineon Americas.  Second, it names International Rectifier
22  Corporation when there was no entity by that name when the Complaint was filed.
23  Third, it names Infineon Technologies Americas Corporation when no such entity
24  existed when the complaint was filed.  Any one of these defects standing alone
25  justifies dismissal for misnaming the parties to be served.  *See Roberts v. Hartman*,

26

27     [3] The court, however, ultimately decided to quash process rather than to
28  dismiss the action against the school district because the school district was not a
   party to the action.  *Wasson*, 237 F.R.D. at 424–25.

2012 WL 2254325 at *5 (W.D. Tex., June 14, 2012).  Thus, the complaint should be dismissed for insufficient process under Rule 12(b)(4) and for insufficient service of process under Rule 12(b)(5).[4]

In addition, because Infineon Americas was not properly served, the Court also does not have personal jurisdiction over Infineon Americas, and thus, MACOM's complaint against Infineon Americas should also be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.");  *In re Carthage Trust*, No. 2:12-CV-10861-ODW, 2013 WL 589208, at *2 (C.D. Cal. Feb. 14, 2013) ("A federal court lacks personal jurisdiction over a defendant if that defendant has not been served according to federal law.").  The same is true for the other two entities that were named but where there were no entities with those names when the Complaint was filed.  For example, it is impossible for a Court to have personal jurisdiction over an entity that never existed.

In its response letter refusing to file an amended complaint to correct the misnamed parties, MACOM argued that it does not need to file an amended complaint based on *Grannis v. Ordean*, 234 U.S. 385 (1914) and *Cablevision of N.J., Inc. v. Pedolsky*, 2007 WL 766350 (D. N.J. Mar. 8, 2007).  Specifically, MACOM cites the following rule from *Grannis*: "If a defendant within the jurisdiction is served personally with process in which his name is misspelled, he cannot safely ignore it on account of the misnomer."  Ex. 2.

Infineon Americas submits that MACOM's interpretation of this rule is erroneous.  The court in *Grannis* explains that "[this] rule, established by an abundant weight of authority, is, that if a person is sued by the wrong name, **and he**

---

[4] Alternatively, Infineon Americas requests that this court quash service of process on Infineon Technologies Americas Corp.  *See Wasson*, 237 F.R.D. at 424.

1  **fails to appear and plead the misnomer in abatement**, the judgment binds him."
2  *Grannis*, 234 U.S. at 395 (emphasis added).  Thus, the rule cited by MACOM
3  precludes a defendant from arguing post-default that the default judgment should be
4  set aside because of a misnomer.  Importantly, the rule does not preclude a
5  defendant from challenging the sufficiency of process and/or service of process
6  based on a misnomer.  Contrary to the facts presented in *Grannis*, Infineon
7  Americas has not sat idly by while the court entered a default judgment against it.
8  Rather, Infineon Americas comes now before the court and pleads the misnomer in
9  abatement.  As such, MACOM's reliance on *Grannis* and *Cablevision* is misguided.

10 **II.    MACOM's claim for declaratory judgment of non-infringement should**
11 **be dismissed for lack of subject matter jurisdiction.**

12      MACOM's claim for declaratory judgment of non-infringement should be
13 dismissed because MACOM's complaint fails to allege sufficient facts to establish
14 an actual controversy.  MACOM does not establish an actual controversy ████
15 ████████████████████████████████████████████████████████████████████
16 ████████████████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████████████████████████████
19 ████████████████████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████████████████.

21 **A.    MACOM cannot establish jurisdiction on a product-by-product**
22 **basis** ████████████████████████████████████████████.

23      To establish jurisdiction for a declaratory judgment of non-infringement,
24 MACOM must establish that there is an actual controversy on a product-by-product
25 basis.  MACOM cannot meet this burden ████████████████████████████
26 ████████████████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████████████████
28 ██████████████████████.  Complaint at ¶ 162.

Jurisdiction and standing for a declaratory judgment of non-infringement must be evaluated on a product-by-product basis. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 911 (Fed. Cir. 2014). Therefore, when a complaint fails to identify the specific products that are accused of infringement, the complaint fails to establish an actual controversy. S*ee Essai, Inc. v. Delta Design, Inc.*, No. 3:13-cv-02356, 2013 WL 6248393, at *3 (N.D. Cal. Dec. 3, 2013) (finding no actual controversy because defendant did not accuse plaintiff's products of infringement and plaintiff did not identify any particular product in its complaint); *Excelstor Tech., Inc. v. Papst Licensing GMBH*, No. C 09-2055, 2010 WL 2560481, at *6 (N.D. Cal. June 22, 2010) (finding no substantial controversy because the plaintiff did not identify any product accused of infringement, did not explain why any particular product might be accused of infringement, and did not allege activity that would expose it to liability for infringement).

In *Essai, Inc. v. Delta Design, Inc.*, the Northern District of California dismissed a similar complaint for lack of subject matter jurisdiction. In *Essai*, the plaintiff filed a claim for declaratory judgment of non-infringement for its "thermal control units." *Essai*, 2013 WL 6248393, at *1. Despite this reference to a category of products, the court dismissed the claim because the plaintiff did not identify "any particular product in its complaint for declaratory relief." *Id*. at *3.

Additionally, in *Excelstor Tech., Inc. v. Papst Licensing GMBH*, the Northern District of California dismissed another similar complaint for lack of subject matter jurisdiction. In *Excelstor*, the plaintiff sought a declaratory judgment of non-infringement for a patent covering hard drive technology. *Excelstor*, 2010 WL 2560481, at *2. The court dismissed the claim because the plaintiff did not identify "any product that it makes or sells that has been accused of infringing [the patent], or explained why any particular product might be accused of infringing [the patent]." *Id*. at *6. Therefore, a claim for declaratory judgment of non-

- 13 -

1   infringement is deficient when it does not identify a particular product accused of

2   infringement.

3       MACOM's claim for declaratory judgment of non-infringement ████

4   ████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   █████████████████

10       **B.**     **MACOM's allegations do not show a substantial controversy** ██

11       ████████████████████.

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   ██████ Complaint at ¶ 99.  As a result, MACOM cannot establish a controversy

17   ███████████████████.

18       To show a substantial controversy, MACOM must show "a real and

19   immediate injury or threat of future injury that is caused by" the properly named

20   defendant.  MACOM, however, does not allege any facts ████████████████

21   ████████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████████

23   ██████████████████████████████████████████. Complaint at ¶ 99.

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████

26   ████████████████████ Complaint at ¶ 5, 30–31.  As a result, MACOM's

27   allegations do not establish a substantial controversy.

28

Courts have dismissed complaints in similar circumstances.   In *Panavise Products, Inc. v. National Products Inc.*, the Federal Circuit found that there was no substantial controversy when the plaintiff sought declaratory judgment of non-infringement for a mounting device that was not accused of infringement.   *Panavise Prods., Inc. v. Nat'l Prods. Inc.*, 306 Fed. Appx. 570, 572 (Fed. Cir. 2009).   In that case, the plaintiff merely alleged that that mounting device "potentially" infringes a patent-in-suit, but the plaintiff presented no evidence that that mounting device was similar to other devices that the defendant accused of infringement.   *See Panavise*, 306 Fed. Appx. at 573.   The court explained that the plaintiff's allegations amounted to nothing more than "assumptions about a threat of future injury" and dismissed the claim.   *Id*. ████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████

In *Unisense Fertilitech A/S v. Auxogyn, Inc.*, the Northern District of California found no substantial controversy because the defendants did not even suggest that one of plaintiff's incubator products infringed a patent.   *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F.Supp.2d 822, 830 (N.D. Cal. 2012).   Despite multiple letters exchanged between the parties, none of these letters suggested that the incubator product infringed a patent.   *Id*.   As a result, the court found that there was no substantial controversy established for the incubator product.   ████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

In *Excelstor Tech., Inc. v. Papst Licensing GMBH* , the Northern District of California found no substantial controversy, because the plaintiff did not explain

1   why any particular hard drive product might be accused of infringement and the

2   plaintiff did not allege activity that would expose it to liability for infringement.

3   *Excelstor Tech., Inc. v. Papst Licensing GMBH*, No. C 09-2055, 2010 WL

4   2560481, at *6 (N.D. Cal. June 22, 2010). █████████████████████

5   ████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████

11  ███████████████   Complaint at ¶ 99.   ███████████████

12  ████████████████████████████████████████████████████

13  ████████████████   Therefore, MACOM's complaint fails to establish a

14  substantial controversy.

15      For these reasons, the Court should dismiss MACOM's claim for declaratory

16  judgment of non-infringement for lack of subject matter jurisdiction. ██████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ██████████████████.  The Court lacks jurisdiction to issue such an opinion.

20  **III.   MACOM's claim for declaratory judgment of non-infringement should**

21      **be dismissed for failure to state a claim upon which relief can be**

22      **granted.**

23      MACOM's claim for declaratory judgment of non-infringement should be

24  dismissed because MACOM fails to state a claim upon which relief can be granted.

25  MACOM must give Infineon Americas "fair notice of what the claim is and the

26  grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555.  MACOM's complaint

27  fails to provide fair notice ███████████████████████████████████

28  ███████████████████████████████████████████████   ██

1 ███████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████.

3 Complaint, ¶ 162. ████████████████████████████████████████

4 ███████████████████████████████████████████████████████

5 ███████████████████████████████████████████. As a result,

6 MACOM has not provided Infineon Americas fair notice of MACOM's claim, and

7 MACOM's claim should be dismissed.

8      In *Wistron Corp. v. Phillip M. Adams & Associates*, the Northern District of

9 California dismissed a claim for declaratory judgment of non-infringement because

10 the complaint failed to identify the specific  products at issue. *Wistron Corp. v.*

11 *Phillip M. Adams & Assocs.*, No. 3:10-cv-04458, 2011 WL 1654466, at *12 (N.D.

12 Cal. April 28, 2011).  The complaint identified various categories of products such

13 as "notebook computers" and "computer chips, motherboards, computers and other

14 products."[5]  *Id.* at *1–*2.  The Court, however, still found that the complaint failed

15 to state a claim for declaratory relief on infringement because it failed to identify

16 any specific product:

17         [W]ithout identifying the accused products, there simply
18         is no way to adjudicate an infringement claim.  Absent
        identification of the products accused of infringement,
19         there is no concrete case or controversy of sufficient
        specificity to satisfy *Twombly*." *Id.*

20 *Id.* at *12.  Therefore, the court dismissed the declaratory judgment claim under

21 Rule 12(b)(6).

22      Similarly, in *Xilinx, Inc. v. Invention Invest. Fund I LP*, the Northern District

23 of California again dismissed a claim for declaratory judgment of non-infringement

24

_____

25     [5] This quoted list of products is from the defendants' patent infringement
26 complaint, which was included as an exhibit to plaintiff's first amended complaint
for declaratory judgment.  *Id.* at *2.  The defendants had filed their patent
27 infringement complaint in another jurisdiction after the plaintiffs' original
28 complaint for declaratory judgment of non-infringement.  *Id.*

because the complaint failed to identify the specific products at issue.  *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011).  The plaintiff identified a category of products (integrated circuits), but the court still found that the complaint failed to state a claim for declaratory relief on non-infringement because the plaintiff failed to identify a single accused product.  *Id*.    The court stressed that "[i]n an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe . . . Without this level of specificity, there is no way to adjudicate an infringement or non-infringement claim."  *Id*. Therefore, a plaintiff fails to state a claim for declaratory judgment of non-infringement when the plaintiff merely identifies a category of products instead of identifying the specific products at issue.

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████  ████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████.

## CONCLUSION

Infineon Americas respectfully requests that the Court dismiss MACOM's complaint because (a) neither the complaint nor the summons properly names Infineon Americas as a defendant, (b) the complaint and summons improperly name International Rectifier Corporation as a defendant, and/or (c) the complaint and summons improperly name Infineon Technologies Americas Corporation as a defendant.  Additionally, Infineon Americas respectfully requests that the Court dismiss MACOM's claim for declaratory judgment of non-infringement because MACOM fails to establish that the Court has subject matter jurisdiction to

1   adjudicate this claim and because MACOM fails to state a claim upon which relief

2   can be granted.

3

4        Dated:  July 5, 2016

5                                          Submitted by:

6                                          CALDWELL LESLIE & PROCTOR, PC

7                                          LINDA M. BURROW
                                           ALISON MACKENZIE
8

9
                                           _____/s/ Linda M. Burrow_____
10                                          LINDA M. BURROW
                                               Attorneys for Defendant
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFINEON TECHNOLOGIES AMERICAS CORP.'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT