LINDA M. BURROW, Bar No. 194668
  burrow@caldwell-leslie.com
ALISON MACKENZIE, Bar No. 242280
  mackenzie@caldwell-leslie.com
CALDWELL LESLIE AND PROCTOR PC
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040 / Fax:  213-629-9022

DAVID G. WILLE (*pro hac vice* pending)
  david.wille@bakerbotts.com
JEFFERY D. BAXTER (*pro hac vice* pending)
  jeff.baxter@bakerbotts.com
BRIAN D. JOHNSTON (*pro hac vice* pending)
  brian.johnston@bakerbotts.com
JAMES C. WILLIAMS (*pro hac vice*  pending)
  james.williams@bakerbotts.com
CHARLES YEH (*pro hac vice* pending)
  charles.yeh@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500 / Fax:  214.953.6503

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MACOM TECHNOLOGY
SOLUTIONS HOLDINGS, INC. and
NITRONEX, LLC,

                        Plaintiffs,

        v.

INFINEON TECHNOLOGIES AG, *et al.*,

                        Defendants.

Case No. CV 16-02859 CAS (PLAx)

**DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(2) AND 12(b)(6)**

**[Declarations and Exhibits thereto filed concurrently herewith; [Proposed] Order Granting Motion to Dismiss lodged concurrently herewith]**

**Hon. Christina A. Snyder**

**Date:    August 15, 2016**
**Time:    10:00 a.m.**
**Ctrm.:   5**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 15, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Christina A. Snyder, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Defendant Infineon Technologies AG ("Infineon AG") will and hereby do move this Court to dismiss the Complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM").

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and is based on the following grounds:

*First*, under Rule 12(b)(2), the Court should dismiss MACOM's complaint against Infineon AG because the Court's exercise of jurisdiction over Infineon AG would violate due process because (1) Infineon AG does not have minimum contacts with the forum state to establish either general jurisdiction or specific jurisdiction and (2) maintaining the suit in this forum will offend traditional notions of fair play and substantial justice. *See infra* Section I.A-C.

*Second*, under Rule 12(b)(6), the Court should dismiss MACOM's complaint against Infineon AG because MACOM failed to state any claim against Infineon AG upon which relief can be granted. With respect to ███████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████████████████████████████████████. *See infra* Section II.A. As a result, MACOM's contract claims fail to state a claim against Infineon AG upon which relief can be granted. *See id*.

With respect to MACOM's ██████████████████████ ██████████████████████████████████████████████████████████ ████████████████ *See infra* Section II.B. Accordingly, MACOM's claim for declaratory judgment of non-infringement fails to state a claim against Infineon AG for which relief can be granted. *Id*.

- 1 -

1  With respect to ████████████████████████████████████

2  ████████████████████████████, based on the allegations in MACOM's

3  complaint, ████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  *See infra* Section II.C.

6  *Third*, under Rule 12(b)(1), ████████████████████████

7  ████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ██████████ *See infra* Section III.  As a result, an actual controversy does not exist

13 between MACOM and Infineon AG ████████████████████████████.

14 MACOM also cannot establish an actual controversy with Infineon AG in support

15 of its ████████████████████████████████████████████████

16 ██████████████. *See id*.

17  This Motion is based on this Notice of Motion; the accompanying

18 Memorandum of Points and Authorities; the Declarations of Jeffery D. Baxter,

19 ██████████, and ██████████████ and Exhibits thereto filed concurrently herewith;

20 all of the pleadings and other documents on file in this case; all other matters of

21 which the Court may take judicial notice; and any further argument or evidence that

22 may be received by the Court at the hearing.

23  When the parties conferred on the extension of time requests in early June,

24 counsel for Infineon AG and Infineon Americas notified MACOM's counsel that

25 Infineon AG and Infineon Americas would not agree to answer the complaint

26 because the parties may file motions to dismiss.  The parties discussed, by email

27 and telephone, the grounds of Infineon AG and Infineon America's motions to

28 dismiss on Tuesday, July 5.  Counsel for Infineon AG did not previously realize

that it had to confer seven days before filing a motion to dismiss under L.R. 7-3.
The parties could not reach a resolution and this Motion is opposed.

DATED:  July 5, 2016                    Respectfully submitted,
                                        CALDWELL LESLIE & PROCTOR, PC
                                        LINDA M. BURROW
                                        ALISON MACKENZIE


                                        By    */s/ Linda M. Burrow*
                                              LINDA M. BURROW
                                        Attorneys for Defendant

# TABLE OF CONTENTS

INTRODUCTION ................................................................................. - 1 -

STATEMENT OF FACTS .................................................................... - 2 -

    A.    The Defendant Parties ............................................................ - 2 -

    B.    MACOM's Complaint .............................................................. - 3 -

LEGAL STANDARDS .......................................................................... - 4 -

    A.    Lack of personal jurisdiction under Rule 12(b)(2) ................ - 4 -

    B.    Failure to state a claim upon which relief can be granted under Rule 12(b)(6) ........................................................................... - 6 -

    A.    Lack of subject matter jurisdiction under Rule 12(b)(1) ........ - 7 -

ARGUMENT ........................................................................................... - 7 -

I.    MACOM's complaint against Infineon AG should be dismissed for lack of personal jurisdiction. ..................................................................... - 7 -

    A.    MACOM cannot establish general jurisdiction over Infineon AG. ........................................................................................... - 8 -

    B.    MACOM cannot establish specific jurisdiction over Infineon AG. ........................................................................................... - 8 -

        1.    MACOM cannot establish specific jurisdiction for ███████ ████████. ......................................................... - 9 -

        2.    MACOM cannot establish specific jurisdiction for ██ █████████████████████████. .......... - 10 -

        3.    MACOM cannot establish specific jurisdiction for ████████████████████. ......................................... - 11 -

    C.    Exercise of jurisdiction in this case over Infineon AG will offend traditional notions of fair play and substantial justice ........ - 13 -

II.    MACOM's complaint against Infineon AG should be dismissed for failure to state a claim upon which relief can be granted. ....................................... - 14 -

    A.    MACOM's ███████████████ do not state a claim upon which relief can be granted against Infineon AG because Infineon AG ██████████████████████ ......................................... - 14 -

    B.    MACOM's ████████████████████████████████ does not state a claim upon which relief can be granted against Infineon AG because Infineon AG ██████████████████ ██ . ..................................................................... - 15 -

    C.    MACOM's ████████████████████████████████ ████████ does not state a claim upon which relief can be granted. - 15 -

        1.    ████████████████████████████████████ █████████████████████ .............. - 16 -

        2.    ████████████████████████████████ █████████████████████ .............. - 18 -

        3.    MACOM's █████████████████████ relies on conclusory legal conclusions and thus does not allege enough facts to state a claim to which relief can be granted. ................................................................. - 21 -

III.   MACOM's ██████████████████████████████ ████████████████ should be dismissed for lack of subject matter jurisdiction. - 23 -

CONCLUSION................................................................................ - 24 -

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aaron v. Aguirre,*
   506-cv-1451-H(POR), 2007 WL 959083 (S.D. Cal. 2007) ......................................15

*Aetna Life Ins. Co. v. Haworth,*
   300 U.S. 227 (1937) ...........................................................................................7, 23

*Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,*
   480 U.S. 102 (1987) ..........................................................................................13, 14

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...................................................................................................6

*Bell Atlantic Corporation v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................6, 21

*Boulevard Assoc. v. Sovereign Hotels, Inc.,*
   72 F.3d 1029 (2d Cir.1995)......................................................................................19

*Cabanas v. Gloodt Assocs.,*
   942 F. Supp. 1295 (E.D. Cal. 1996).........................................................................16

*Caldera Pharmaceuticals, Inc. v. Los Alamos Nat. Sec., L.L.C.,*
   777 F.Supp.2d 1125 (N.D. Ill. 2011) .......................................................................23

*Certainteed Corp. v. Knauf Insulation, SPRL,*
   849 F.Supp.2d 67 (D.D.C. 2012) ................................................................10, 15, 23

*Clemens v. Am. Warranty Corp.,*
   193 Cal. App. 3d 444 (1987)....................................................................................14

*Collins v. Vickter Manor, Inc.,*
   47 Cal.2d 875 (1957) ...............................................................................................16

*Culcal Styleco, Inc. v. Vornado, Inc.,*
   26 Cal App.3d 879 (1972)...................................................................................16, 17

*Daimler AG v. Bauman,*
   134 S. Ct. 746 (2014) ...........................................................................................5, 8

*Doe v. Unocal Corp.,*
   248 F.3d 915 (9th Cir.2001)..................................................................................8, 10

iii

*Flynt Distributing Co., Inc. v. Harvey,*
   734 F.2d 1389 (9th Cir. 1984)................................................................6, 13

*Gold v. Gibbons,*
   178 Cal. App. 2d 517 (1960).....................................................................14

*Harrison Ventures, L.L.C. v. Alta Mira Treatment Center L.L.C.,*
   No. C 10-00188 RS, 2010 WL 1929566 (N.D. Cal. May 12, 2010) ...........19, 20, 21

*Holden v. Hagopian,*
   978 F.2d 1115 (9th Cir.1992)....................................................................21

*In re Gilead Sciences Securities Litigation,*
   536 F.3d 1049 (9th Cir. 2008)...........................................................7, 12, 21, 22

*J. McIntyre Mach., Ltd. v. Nicastro,*
   131 S. Ct. 2780 (2011) ..............................................................................5

*Kabushiki Kaisha Stone Corp. v. Affliction, Inc.,*
   2010 WL 890018 (N.D. Cal. 2010).........................................................14

*Kozlowsky v. Westminster Nat'l Bank,*
   6 Cal. App.3d 593 (1970).........................................................................16

*Lexmark Intern., Inc. v. Static Control Components, Inc.,*
   134 S. Ct. 1377 (2014) ..............................................................................7

*Los Angeles Airways, Inc. v. Davis,*
   687 F.2d 321 (9th Cir. 1982)...........................................................11, 12, 20, 21

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ..................................................................................7

*Market/Media Research, Inc. v. Union Tribune Publ'g,*
   951 F.2d 102 (6th Cir. 1991)....................................................................11

*Matthau v. Super. Ct.,*
   151 Cal. App. 4th 593 (2007) ..................................................................15

*Ohio Edison Co. v. Frontier North Inc.,*
   No. 5:14-cv-321, 2014 WL 6389564 (N.D. Ohio Nov. 14, 2014)............10

*Phil Crowley Steel Corp. v. Sharon Steel Corp.,*
   782 F.2d 781 (8th Cir.1986)......................................................................19

*Ramondetta v. Philips Electronics Ltd.,*
   No. C-07-3329, 2007 WL 4209443 (N.D. Cal. Nov. 27, 2007) ...............5, 9

*Sade Shoe Co. v. Oschin & Snyder,*
   162 Cal. App.3d 1174 (1984).....................................................................16

iv

*Schick v. Lerner*,
   193 Cal.App.3d 1321 (1987)......................................................................20, 21

*Seiferth v. Helicopteros Atuneros, Inc.*,
   472 F.3d 266 (5th Cir. 2006).............................................................................6

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990).........................................................................11

*Speroni S.P.A. v. Perceptron, Inc.*,
   12 Fed.Appx. 355 (6th Cir.2001).....................................................................19

*Stonebrae, L.P. v. Toll Bros., Inc.*,
   No. C-08-221 EMC, 2008 WL 2157000 (N.D. Cal. May 21, 2008) ............................16, 17, 18

*T.P. Leasing Corp. v. Baker Leasing Corp.*,
   732 S.W.2d 480 (1987).....................................................................................19

*Usher v. City of Los Angeles*,
   828 F.2d 556 (9th Cir. 1987).............................................................................6

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014).......................................................................................5

*Washington Shoe Co. v. A-z Sproting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012).............................................................................11

*Waste Conversion Sys., Inc. v. Greenstone Indus.*,
   33 S.W.3d 779 (Tenn. 2000)............................................................................19

*whiteCryption Corp. v. Arxan Techs., Inc.*,
   No. 15-CV-00754-WHO, 2015 WL 3799585 (N.D. Cal. June 18, 2015) ...............................6

*World-Wide Volkswagen Corp v. Woodson*,
   444 U.S. 286 (1980)...........................................................................................8

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) (en banc)......................................................5, 10

**STATUTES**

28 U.S.C. § 2201 ..............................................................................................23

**OTHER AUTHORITIES**

Restatement (First) of Torts § 769 ..................................................................16

Restatement (Second) of Torts § 769, comment d ..........................................17

Rule 12(b)(1)...............................................................................................2, 7

Rule 12(b)(2) ................................................................................................2, 4, 8

Rule 12(b)(6) .........................................................................2, 6, 15, 20, 21, 22

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### INTRODUCTION

Infineon Technologies AG ("Infineon AG") moves to dismiss the complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM").  MACOM's first six claims for relief fail to distinguish among the three named defendants:  Infineon AG, Infineon Technologies Americas Corporation, and International Rectifier Corporation.  Dkt. 1 ("Complaint") at ¶¶ 126-176.  Those claims for relief are against "Infineon" or "Defendants," which are terms that MACOM defined to refer collectively to multiple named defendants.  Complaint at p. 1 (defining "Infineon" and "Defendants").  As a result of its indiscriminate identification of the defendants for those claims, MACOM has sued Infineon AG for ███████████████████████████████████████ ██████████   In addition, MACOM has sued Infineon AG for ████████████ ███████████████████████████████████.  The proper defendant for those first six claims is Infineon AG's indirect subsidiary, Infineon Technologies Americas Corp. ("Infineon Americas").  Infineon Americas—not Infineon AG—█████████████████████████████████████████ ███████  Thus, as to those first six claims for relief, MACOM's complaint fails to state a claim against Infineon AG upon which relief can be granted and also fails to establish an actual controversy between MACOM and Infineon AG.

The only claim for relief specifically against Infineon AG is the seventh and final claim, which is for ██████████████████████████████████. Complaint at ¶ 179.  However, with that claim, MACOM is improperly trying to transform its ████████████████████████████████████████████ ███████████████████████████████████████.  A number of doctrines, including the ████████████████████████████████████, apply to Infineon AG's alleged conduct as described in MACOM's complaint and thus bar MACOM's ████████████████████████████████████████.

1  Therefore, with respect to this final claim for relief, MACOM again fails to state a

2  claim upon which relief can be granted

3       MACOM also cannot establish personal jurisdiction over Infineon AG.

4  MACOM improperly relied on the contacts of Infineon AG's indirect subsidiary

5  Infineon Americas to argue for jurisdiction.  MACOM cannot show the minimum

6  contacts needed to establish general or specific jurisdiction over Infineon AG.

7       For these reasons, Infineon AG moves for dismissal on three bases.  First,

8  MACOM's complaint against Infineon AG should be dismissed under

9  Rule 12(b)(2) for lack of personal jurisdiction.   Second, MACOM's complaint

10  should be dismissed under Rule 12(b)(6) for failure to state a claim upon which

11  relief can be granted.   Third, MACOM's ███████████████████████████

12  ███████████████████ should be dismissed under Rule 12(b)(1) for lack of

13  subject-matter jurisdiction.

14  **STATEMENT OF FACTS**

15      **A.**    **The Defendant Parties**

16      Infineon AG is German corporation with its principal place of business in

17  Germany.  ████  Decl. at ¶ 2.

18      International Rectifier Corporation ("International Rectifier") was a

19  Delaware corporation with its headquarters and principal place of business in

20  California, but it now operates under a different name, Infineon Technologies

21  Americas Corp.  ████  Decl. at ¶ 3; ████  Decl. at ¶ 5.  On January 13, 2015,

22  Infineon Technologies AG acquired International Rectifier Corporation, which

23  became an indirect, wholly-owned subsidiary of Infineon AG.  ████  Decl. at ¶ 3;

24  ████  Decl. at 4.  On October 1, 2015, the name of International Rectifier

25  Corporation was changed to Infineon Technologies Americas Corp., in connection

26  with a merger involving an affiliate, Infineon Technologies North America Corp.

27  ████  Decl. at ¶ 4; ████  Decl. at ¶ 5.

28

- 2 -

There is no entity with the name Infineon Technologies Americas Corporation. The formal name of Infineon Americas is Infineon Technologies Americas **Corp.** as opposed to **Corporation**. ███ Decl. at ¶¶ 2 and 4.

### B.    MACOM's Complaint

MACOM's complaint includes seven claims for relief. Complaint at ¶¶ 126-186. For purposes of this motion, Infineon AG has divided those seven claims into three groups:

**(1)** ██████████████████. MACOM's first, second, third, fifth, and sixth claims for relief ████████████████████████████████████████████████ ████████████████████████████████████████████████. Complaint at Ex. 1 at 1 and Ex. 2 at 1. ████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████. Complaint at ¶¶ 126-153 and 163-176.

MACOM brought these ███████████ against Infineon AG. Complaint at p. 1 (defining "Infineon" and "Defendants" to include Infineon AG), ¶¶ 134, 135, 139-142, 149, 150, 167, and 172-176. But Infineon AG █████████████ ███████████████. ██ Decl. at ¶¶ 7-9. Infineon AG's indirect subsidiary Infineon Americas ████████████████ (██ Decl. at ¶ 6), ██████ ████████████████████████████████.

**(2)** ████████████████████ MACOM's fourth claim for relief is for ███████████████████. Complaint at ¶¶ 154-162. ████████████████████████████████████████████████

█████████. Complaint at ¶¶ 1, 60, 65-66, and 166-67. ████████████

██████████████████ Decl. at ¶ 9.  Infineon AG's indirect subsidiary Infineon

Americas ████████████ (██████ Decl. at ¶ 6), and thus, ██████████████

████████████████████████████████████████████████████████████

██████████████

**(3)** ████████████████████████████████ The seventh and

final claim for relief is ████████████████████████████████████████.

Complaint at ¶¶ 178-186.  MACOM is improperly trying to ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ *Id.* at

¶¶ 180-181. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████ *Id*

at ¶¶ 6, 123.

MACOM's baseless allegations are not sufficient to support personal

jurisdiction.  Furthermore, even if accepted as true, those allegations fail to state a

claim upon which relief can be granted because the ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████.

## LEGAL STANDARDS

### A.    Lack of personal jurisdiction under Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a party to

move a court to dismiss a complaint for lack of personal jurisdiction over the party.

Before a forum can exercise personal jurisdiction over a non-resident defendant, the

Due Process Clause requires that the defendant must have purposefully availed

itself of the benefits and protections of the forum's laws by establishing minimum

contacts with the state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011).

There are two theories under which a defendant's contacts with the forum are analyzed — general and specific jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014). A court has general jurisdiction when the defendant's contacts with the forum are so continuous and systematic as to render it essentially "at home" in the forum state. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014). A corporate defendant will be considered "at home" where it is incorporated and where it has its principal place of business. *Id*. at 760. Only in exceptional circumstances in which a corporate defendant's contacts are so substantial as to render it "at home" will the defendant be subject to general jurisdiction outside its place of incorporation or principal place of business. *See id.* at 761 n. 19.

A court has specific jurisdiction when a plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum. *J. McIntyre*, 131 S. Ct. at 2788. In the Ninth Circuit, specific jurisdiction is analyzed under a three prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum state or a resident of the forum state, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim alleged is one that arises out of or relates to the defendant's forum-related contacts, and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'antisemitisme*, 433 F.3d 1199, 1205-206 (9th Cir. 2006) (en banc) (citing *Schwarzenegger*, 374 F.3d 797, 802 (9th Cir.2004)). A plaintiff bringing multiple claims arising from different contacts of the defendant must establish specific jurisdiction for each claim. *See Ramondetta v. Philips Electronics Ltd.*, No. C-07-3329, 2007 WL 4209443, at *2 fn. 3 (N.D. Cal. Nov. 27, 2007) ("If

a court lacks general jurisdiction over a defendant, then there must be specific jurisdiction for each claim asserted against the defendant) (citing Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1351); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274-75 (5th Cir. 2006).

The plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). With respect to the three-prong test for specific jurisdiction, MACOM bears the burden of establishing each of the first two prongs. *Schwarzenegger*, 374 F.3d at 802. Only if MACOM succeeds in establishing both prongs does the burden shift to Infineon AG to establish that the exercise of jurisdiction would be unreasonable. *Id.*

**B.     Failure to state a claim upon which relief can be granted under Rule 12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The plaintiff's complaint must allege "enough facts to state a claim to relief" that "allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *whiteCryption Corp. v. Arxan Techs., Inc.,* No. 15-CV-00754-WHO, 2015 WL 3799585, at *1-2 (N.D. Cal. June 18, 2015) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than a sheer possibility that a defendant has acted unlawfully" and must allege facts sufficient to "raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 545. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statement, do not suffice." *Iqbal*, 556 U.S. at 678.

The court must accept the plaintiff's allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*,

- 6 -

828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### A.    Lack of subject matter jurisdiction under Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to establish subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).   Article III of the U.S. Constitution limits the subject-matter jurisdiction of Federal Courts to resolving actual cases or controversies.  *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014).  The "constitutional minimum of standing contains three elements[:]"  (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural' or hypothetical,'" (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court,'" and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).   "The 'actual controversy' requirement of the [Declaratory Judgment] Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937).

### ARGUMENT

**I.    MACOM's complaint against Infineon AG should be dismissed for lack of personal jurisdiction.**

The Court's exercise of jurisdiction over Infineon AG would violate due process because (1) Infineon AG does not have minimum contacts with the forum

- 7 -

state and (2) maintaining the suit in this forum will offend traditional notions of fair play and substantial justice.  *See World-Wide Volkswagen Corp v. Woodson*, 444 U.S. 286, 291-92 (1980).  MACOM's complaint against Infineon AG should be dismissed under Rule 12(b)(2) because MACOM cannot establish either general jurisdiction or specific jurisdiction over Infineon AG.

### A.    MACOM cannot establish general jurisdiction over Infineon AG.

Because Infineon AG's place of incorporation and principal place of business are outside of California (█████ Decl. at ¶ 2), MACOM must establish that Infineon AG's contacts represent "an exceptional case" that are "so substantial and of such a nature as to render the corporation at home" in the forum.  *Daimler AG*, 134 S. Ct. at 761 n. 19.  However, Infineon AG's contacts are not so "substantial, continuous and systematic" that Infineon AG can be deemed to be present in California for all purposes.  *See Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir.2001).  Infineon AG does not maintain research and development offices, production facilities, or otherwise conduct business in California.  █████Decl. at ¶ 3.  As a result, Infineon AG should not reasonably and fairly anticipate being brought into court in this judicial district.

MACOM improperly relies on the contacts of Infineon AG's subsidiary to establish general jurisdiction.  Complaint at ¶ 17 (referring to the location of a subsidiary's principal place of business, research and development offices, and production facility).  "The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."  *See Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir.2001).  Thus, MACOM cannot establish that this judicial district has general jurisdiction over Infineon AG.

### B.    MACOM cannot establish specific jurisdiction over Infineon AG.

Because, as described above, there is not general jurisdiction over Infineon AG, MACOM must establish specific jurisdiction for each of its seven claims for

relief.  *See Ramondetta*, 2007 WL 4209443, at *2 n. 3.  Thus, for purposes of the specific jurisdiction analysis, Infineon AG has organized MACOM's seven claims ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████.

**1.   MACOM cannot establish specific jurisdiction for** ████████ ████████████████

MACOM's ██████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ Complaint at Ex. 1 at 1 and Ex. 2 at 1.  MACOM wrongly brought these ████████ ███████ against  Infineon AG.   Complaint at p. 1 (defining "Infineon" and "Defendants" to include Infineon AG), ¶¶ 134, 135, 139-142, 149, 150, 167, and 172-176. ██████████████████████████████████████████████ ██████████████████████████████████████████████ Decl. at ¶¶ 7-9; (████████ Decl. at ¶ 6). ██████████████████████████████████ ███████████████████████████████████████████████████████ ███████ ████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████

Thus, Infineon AG has not consented to personal jurisdiction in this forum.

- 9 -

MACOM also cannot point to any contacts by Infineon AG in the forum, out of which MACOM's ███████ arise.  *See Yahoo!*, 433 F.3d at 1205-206.  As noted above, Infineon AG ███████████████████, and therefore Infineon AG cannot have any contacts that arise out of or relate to MACOM's ███████.  Therefore, there is no personal jurisdiction over Infineon AG for MACOM's ███████.  *Ohio Edison Co. v. Frontier North Inc.*, No. 5:14-cv-321, 2014 WL 6389564 at *2, 8 (N.D. Ohio Nov. 14, 2014) (finding lack of personal jurisdiction over a defendant in an action for breach of contract where the defendant was not a party to the contract).

**2.    MACOM cannot establish specific jurisdiction for its claim for ███████████.**

MACOM cannot establish specific jurisdiction for its claim for ███████ ████████████ because MACOM cannot point to any contacts by Infineon AG in the forum out of which MACOM's claim arises.  *See Yahoo!*, 433 F.3d at 1205-206.  "To determine whether a claim arises out of forum related activities, courts apply a 'but for' test" where the court considers whether a plaintiff's claims would have arisen "but for" the defendant's contacts with the forum.  *Doe,* 248 F.3d at 924.

Infineon AG ███████████████████ Decl. at ¶ 9. ███████████████ International Rectifier Corporation, which is now Infineon Americas, an indirect subsidiary of Infineon AG. ██████ Decl. at ¶ 6. Because Infineon AG ███████████████, Infineon AG cannot have any contact that constitutes a "but for" cause of MACOM's claim for ███████████████.  *See Certainteed Corp. v. Knauf Insulation, SPRL*, 849 F.Supp.2d 67, 76 (D.D.C. 2012) (finding lack of personal jurisdiction over a defendant in a declaratory judgment action for non-infringement where the defendant did not own the patents at issue).

- 10 -

3.      **MACOM cannot establish specific jurisdiction for its claim for** ████████████████████████████████████.

MACOM also cannot establish specific jurisdiction for its claim for ███████████████████████████████ because MACOM cannot point to any contacts by Infineon AG in the forum, out of which MACOM's claim arises. Specific jurisdiction based on an intentional tort "requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Washington Shoe Co. v. A-z Sproting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012).  "[A]n intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world[.]" *Id*. at 674.

Although MACOM alleges in its complaint that an Infineon AG ████████████████████████████████████████████████████████ ██████████████████████ (Complaint at ¶ 17), ███████████████████ ████████████████████████████████████████████████████████ ███████████████████████████  ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████ *Sher v. Johnson*, 911 F.2d 1357, 1362-3 (9th Cir. 1990); *see also Market/Media Research, Inc. v. Union Tribune Publ'g*, 951 F.2d 102, 105-06 (6th Cir. 1991).  ████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ Decl. at ¶¶ 7-8; █████ Decl. at ¶¶ 10-13. █████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████ *Los Angeles Airways, Inc. v. Davis*, 687

- 11 -

F.2d 321, 328 (9th Cir. 1982) (holding that when "an advisor," such as an attorney, "is motivated in part by a desire to benefit his principal, his conduct in inducing a breach of contract should be privileged.").

MACOM alleges that Infineon AG purposefully availed itself of this jurisdiction by ███████████████████████████████████████████ ███████████████████████████████████████.   As explained above, ████████████ ████████████████████████████████████████████████████████████ ███████████████████s.   Complaint at Ex. 1 at 1 and Ex. 2 at 1; ██████ Decl. at ¶¶ 3-6.  Moreover, ████████████████ do not constitute a contact by Infineon AG with California and thus cannot be used to establish specific jurisdiction.  *See* ████ Decl. at ¶¶ 7-8; █████ Decl. at ¶¶ 10-13; *Los Angeles Airways*, 687 F.2d at 328 .

Furthermore, Infineon AG ████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████ Complaint at ¶ 180. These allegations are merely conclusory and fail to allege any specific action taken by Infineon AG.   For at least this reason, the Court should not treat these allegations as true.  *In re Gilead,* 536 F.3d at 1055.  ██████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Decl. at ¶¶ 7-8; █████ Decl. at ¶¶ 10-13.  ██████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ (Complaint at ¶¶ 109-113).  █████ Decl. at ¶¶ 7-8; █████ Decl. at ¶¶ 10-13.  MACOM bears the burden of establishing personal jurisdiction by a preponderance of the evidence and cannot carry this burden on "information and belief" where, as here, the jurisdictional facts

are both conclusory and disputed, and Infineon AG has provided a declaration refuting MACOM's allegations. *See Flynt*, 734 F.2d at 1392.

### C. Exercise of jurisdiction in this case over Infineon AG will offend traditional notions of fair play and substantial justice.

In determining whether a court's exercise of jurisdiction will offend traditional notions of fair play an substantial justice, courts consider:  (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the efficient resolution of controversies between the states, and (5) the shared interests of the states in furthering fundamental, substantive social policies. *See Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987).

As discussed above, Infineon AG is a German corporation with its headquarters and principal place of business in Bavaria, Germany.  ████Decl. at ¶ 2. ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ Complaint at Ex. 1 at 1 and Ex. 2 at 1; ████ Decl. at ¶¶ 3-6; ████ Decl. at ¶¶ 8-9. MACOM's only remaining claim is for ████████████████████, and Infineon AG's only involvement with that claim is that (1) it is an indirect parent company ████████████████, Infineon Americas and (2) that ████████████ ████████████████████████████████████████ ████████████████████████████ Decl. at ¶¶ 7-8.

As discussed above, neither MACOM nor Nitronex, LLC are residents of California.  Complaint at ¶¶ 9-10.  A forum's legitimate interest in a claim is "considerably diminished" if the plaintiff is not a resident of the forum. *Asahi Metal Industry*, 480 U.S. at 114.  Further, Infineon AG is an international defendant (incorporated and headquartered in Bavaria, Germany) and would bear a heavy

- 13 -

burden if the Court exercised jurisdiction over it in this case. ███ Decl. at ¶ 2. "Considering the international context, the heavy burden on the alien defendant, and the slight interests of the plaintiff and the forum State, the exercise of personal jurisdiction by a California court over [the alien defendant] in this instance would be unreasonable and unfair." *Asahi Metal Industry*, 480 U.S. at 116.

## II. MACOM's complaint against Infineon AG should be dismissed for failure to state a claim upon which relief can be granted.

MACOM's complaint against Infineon AG should be dismissed because MACOM failed to state any claim against Infineon AG upon which relief can be granted. For purpose of this analysis, Infineon AG has organized MACOM's seven claims for relief ████████████████████████████████.

### A. MACOM's ████████████ do not state a claim upon which relief can be granted against Infineon AG because Infineon AG █ ████████████████████.

MACOM's five ████████ against Infineon AG do not state a claim upon which relief can be granted.

███████████████████████████████████
███████████████    ████████████████
█████████████████████████████████████
█████████████████████████████████████
█████████████████████████████████████
█████████████

It is a basic proposition of contract law that "only a signatory to a contract may be liable for any breach." *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987). "Breach of contract cannot be made the basis of an action for damages against defendants who did not execute it" unless the nonsignatory has expressly assumed the contract. *Gold v. Gibbons*, 178 Cal. App. 2d 517, 519 (1960); *Kabushiki Kaisha Stone Corp. v. Affliction, Inc.*, 2010 WL 890018, *1

(N.D. Cal. 2010); *Aaron v. Aguirre*, 506-cv-1451-H(POR), 2007 WL 959083, *14 (S.D. Cal. 2007). Merely because a related party assisted in performance, management, or accepted the benefits of the contract, that does not bind the party to its terms. *See, e.g., Matthau v. Super. Ct.,* 151 Cal. App. 4th 593, 603 (2007) (refusing to bind a nonsignatory to a contract merely because it benefited or assisted performance, finding the proposition "unsupported by law").

Because Infineon AG ██████████████████████ ███████████████████████████████████ (Complaint at Ex. 1 at 1 and Ex. 2 at 1; ████ Decl. at ¶¶ 3-6), no claim for relief can be made against Infineon AG.

**B.   MACOM's** ████████████████████████ **does not state a claim upon which relief can be granted against Infineon AG because** ██████████████████████████ ████████

With respect to MACOM's ████████████████████ ███████████████████████████████████████ ████████ *See* Complaint at Ex. 1 at 1 and Ex. 2 at 2; ████ Decl. at ¶¶ 3-6. Infineon AG does not own any rights to the patents at issue. ████ Decl. at ¶¶ 8-9. Another party, Infineon Americas, owns the patents at issue. Complaint at Ex. 1 at 1 and Ex. 2 at 2; ████ Decl. at ¶¶ 3-6. Thus, no claim for relief can be made against Infineon AG for declaratory judgment of non-infringement. *See Certainteed Corp.*, 849 F.Supp.2d at 76.

**C.   MACOM's claim for** ████████████████████ ████████ **does not state a claim upon which relief can be granted.** ███████████████████████████████████████ ███████████████████████████████████████ ████ ████████████████████████████████ should be dismissed under Rule 12(b)(6) for two independent reasons. First, ████████████████████████

- 15 -

bars MACOM's claim against Infineon AG.  Second, ██████████████ bars

MACOM's claim against Infineon AG.

**1.    The** ███████████████ **bars MACOM's claim for**

███████████████████**.**

Based on the allegations in MACOM's complaint, ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████ *Sade Shoe Co. v. Oschin & Snyder*, 162 Cal.

App.3d 1174, 1181 (1984) (quoting Restatement (First) of Torts § 769).[1]  California

authorities apply the ████████████████████████

████████████ *See Collins v. Vickter Manor, Inc.*, 47 Cal.2d 875, 883

(1957); *Sade Shoe Co.*, 162 Cal. App.3d at 1180-81; *Culcal Styleco, Inc. v.

Vornado, Inc.*, 26 Cal App.3d 879, 882-83 (1972); *Kozlowsky v. Westminster Nat'l

Bank*, 6 Cal. App.3d 593, 598-99 (1970).  Federal district courts in the Ninth

Circuit have applied the ██████████████████████

████████████ *See Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-221

EMC, 2008 WL 2157000, *8 (N.D. Cal. May 21, 2008) (exhaustively analyzing

California law on point); *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1306

(E.D. Cal. 1996).

Infineon AG has a ███████████████ in the business of Infineon Americas.

Infineon AG is an indirect parent company to Infineon Americas. ███████ Decl. at

¶¶ 2-4.  Although MACOM does not correctly name Infineon Americas in its

complaint, MACOM alleges that the misnamed defendants are subsidiaries of

---

[1] Plaintiffs purport to bring their claim under California state law.  Complaint
at ¶ 7.

Infineon AG.  Complaint at ¶ 12 ("Infineon Technologies Americas Corporation is a subsidiary of Infineon Technologies AG."); *Id.* at ¶ 17 ("Infineon Technologies Americas Corporation and International Rectifier, both subsidiaries of Infineon Technologies AG");  *Id.* at ¶ 179 ("Infineon Technologies AG . . . is the parent corporation to International Rectifiers and/or International [*sic* Infineon] Technologies America [*sic* Americas] Corporation.").  Infineon AG's ownership interest in Infineon Americas is the kind of financial interest that ███████ ██████.  *See Stonebrae*, 2008 WL 2157000 at *6 (holding that a parent company's ownership interest in a subsidiary satisfies the privilege); *Culcal Stylco, Inc.*, 26 Cal.App.3d 879, 882-83 (1972) (concluding that parent had a financial interest in subsidiary so as to render alleged interference with subsidiary's license agreement privileged).

Based on the allegations in MACOM's complaint, ██████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *Stonebrae*, 2008 WL 2157000 at *5-8.  It refers to conduct, "such as by pressuring the person influenced by an illegal boycott or abusing a fiduciary relationship." *Id.* (citing Restatement (Second) of Torts § 769, comment d).  Although MACOM alleges that Infineon AG ███████████████████████ ██████████████ (Complaint at ¶¶ 179-181), MACOM does allege any improper means.  Rather, MACOM alleges that Infineon AG, as the parent corporation, ███ ████████████████████████████████████████████████████ ██████████████████████ Complaint at ¶ 179.  Thus, if MACOM's allegations are accepted as true, ███████████████████████████████████████ ████████████████████████████████████.

Based on MACOM's complaint, Infineon AG ████████████████████ ████████████████████████████████████████████████████

1    ███████████████████████████.  In its complaint, MACOM

2    alleges that ████████████████████████████████

3    ████████████████████████████████████████

4    ██████████████████████████████████

5

6

7

8

9

10

11   Complaint at ¶ 123.   Again, MACOM's allegations are precisely the kind of

12   purposes that meet the intent requirements of ████████████████.

13

14

15

16

17

18

19

20

21

22    **2.   The** ██████████████ **bars   MACOM's**

23    ████████████████████

24    Affiliated  corporations  may  consult  and  counsel  one  another

25    ██████████████████  For this reasons, courts generally have

26    held that a parent corporation cannot be held liable for ████████

27    ████████████████████████████████████████

28

1 ████████████████████████████████████████████

2 ███████████████████████████████████ *See, e.g.,*

3 *Boulevard Assoc. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1036 (2d Cir.1995)

4 (collecting case law and noting that courts have "uniformly found that a parent

5 company does not engage in tortious conduct when it directs its wholly-owned

6 subsidiary to breach a contract that is no longer in the subsidiary's economic

7 interest to perform," and recognizing an exception when the plaintiff proves

8 improper motive or improper means); *Phil Crowley Steel Corp. v. Sharon Steel*

9 *Corp.*, 782 F.2d 781, 783 (8th Cir.1986) (holding that, under Missouri law, a parent

10 corporation may interfere with its subsidiary's contractual relations to the extent

11 that the parent does not employ wrongful means or act for an improper purpose);

12 *T.P. Leasing Corp. v. Baker Leasing Corp.*, 732 S.W.2d 480, 483 (1987) ("[A]

13 parent corporation's privilege permits it to interfere with another's contractual

14 relations when the contract threatens a present economic interest of its wholly

15 owned subsidiary, absent clear evidence that the parent employed wrongful means

16 or acted with an improper purpose."); *Waste Conversion Sys., Inc. v. Greenstone*

17 *Indus.*, 33 S.W.3d 779, 784 (Tenn. 2000) (holding that a parent corporation has a

18 privilege to cause a wholly-owned subsidiary to breach a contract and, further, that

19 the parent loses its privilege if it acts contrary to its subsidiary's economic interests

20 or employs wrongful means.); *Speroni S.P.A. v. Perceptron, Inc.,* 12 Fed.Appx.

21 355, 360–61 (6th Cir.2001) (following the weight of authority concerning the scope

22 of a parent corporation's liability for tortious interference of a wholly-owned

23 subsidiary's breach of contract, and affirming the district court's ruling dismissing

24 the tortious interference claim where the complaint did not allege any wrongful

25 means or an improper purpose on the part of the parent corporation).

26    California courts have applied a so-called ███████████ in this

27 context. █████████████████████████████████████████

28 █████████████████████████████████████████

- 19 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19 ████████████████████████████████████ should be dismissed

20 under Rule 12(b)(6) because MACOM's complaint establishes all the elements of

21 ████████████████. First, MACOM alleges that Infineon AG, as the parent

22 company, ███████████████████████████████████████████

23 █████████████████████████. Complaint at ¶¶ 98, 179. ████

24

25

26

27 Complaint at ¶¶ 6, 123.

28

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

1  Furthermore, ████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████
4  ██████████████████████████████████████████████. *See*
5  Complaint at ¶¶ 98-99; ████ Decl. at ¶¶ 10-13.  California courts have clearly held
6  that such legal advice is protected under the ██████████████████████
7  ████████████████  *See Los Angeles Airways*, 687 F.2d at 326 (holding that an
8  attorney can claim the protection of the privilege to induce breach of contract when
9  he "provides his advice in the course or his representation of a client" because
10 "[a]ttorneys are frequently called upon by their clients to provide advice regarding
11 the validity of contracts and the consequences of their breach."); *Schick v. Lerner*,
12 193 Cal.App.3d 1321, 1329 (1987) (holding that "absent extraordinary
13 circumstances, an attorney may not be held liable for urging a client to breach a
14 contract with some third party" because "public policy dictates that attorneys must
15 remain free to counsel their clients without fear of subjecting themselves to liability
16 as a result of the proper discharge of their professional obligations," that "[c]lients
17 as well must feel free to seek out an attorney's advice on any issue at any time," and
18 "[a]ny rule to the contrary would constitute a serious impairment to the attorney-
19 client relationship, and a resulting deleterious effect on the administration of
20 justice.").

21     For these reasons, MACOM's allegations establish all elements of ██
22 ██████████████████. MACOM's ██████████████████ should be dismissed
23 under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

24     **3.    MACOM's claim for ██████████████ relies on**
25            **conclusory legal conclusions and thus does not allege enough**
26            **facts to state a claim to which relief can be granted.**

27     To survive a Rule 12(b)(6) motion to dismiss, MACOM must allege "enough
28 facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

- 21 -

1  556.  Courts "are not bound to accept as true a legal conclusion couched as a factual
2  allegation."  *Id.* at 555 (internal quotation and citation omitted); *see also In re*
3  *Gilead,* 536 F.3d at 1055; *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir.1992)
4  MACOM's complaint improperly relies on conclusory legal conclusions
5  unsupported by factual allegations.

6  For example, MACOM alleges that "[o]n information and belief, . . .

13  ███████████  Complaint at ¶¶ 180-81.  There are no specific factual allegations in
14  support of these conclusory legal conclusions.  MACOM's allegations are "merely
15  conclusory," based on "unwarranted deductions of fact" and "unreasonable
16  inferences."  *In re Gilead Sciences*, 536 F.3d at 1055.

26  For these reasons, MACOM failed to state a claim upon which relief may be
27  granted, and its complaint against Infineon AG should be dismissed under
28  Rule 12(b)(6).

**III.   MACOM's** ████████████████████████████████████

████████   **should be dismissed for lack of subject matter jurisdiction.**

MACOM cannot establish a case or controversy with Infineon AG over its

███████████████████████████████████████████████████████

███████████████████████████████████     ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████   *See supra*

Section II.A.  As a result, an actual controversy does not exist between MACOM

and Infineon AG with respect MACOM's five ████████████.  *See Caldera*

*Pharmaceuticals, Inc. v. Los Alamos Nat. Sec., L.L.C.*, 777 F.Supp.2d 1125, 1126

(N.D. Ill. 2011) (finding lack of subject-matter jurisdiction for breach of contract

claim where defendant was not party to the contract at issue).

MACOM also cannot establish an actual controversy in support of its

██████████████████████.  MACOM cannot establish a case or

controversy for all the reasons discussed in Infineon America's motion to dismiss

(filed on the same day as this motion and hereby incorporated by reference).  In

addition, MACOM also cannot establish an actual controversy with Infineon AG

because, as stated above, ████████████████████████.  *See supra*

Section II.B. ████████████████████, Infineon Americas.  Thus,

there is no "case or actual controversy" between Infineon AG and MACOM as

required by the Declaratory Judgment Act, and accordingly, there is no subject-

matter jurisdiction for this Court.  *See* 28 U.S.C. § 2201; *Certainteed Corp.*, 849

F.Supp.2d at 72 (finding lack of subject-matter jurisdiction for declaratory

judgment of non-infringement where the defendant did not own the patent at issue);

*Aetna Life Ins.*, 300 U.S. at 239-40.

- 23 -

1

**CONCLUSION**

Infineon AG respectfully requests that the Court dismiss MACOM's

complaint against Infineon AG for lack of personal jurisdiction, for failure to state a

claim upon which relief can be granted, and for lack of subject matter jurisdiction.

Dated:  July 5, 2016

JEFFERY D. BAXTER
BAKER BOTTS LLP


By: /s/ *Jeffery D. Baxter*
Jeffery D. Baxter
Attorneys for Defendant
Infineon Technologies AG

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT