Linda M. Burrow, Bar No. 194668
burrow@caldwell-leslie.com
Alison M. Mackenzie, Bar No. 242280
mackenzie@caldwell-leslie.com
CALDWELL LESLIE AND PROCTOR PC
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040
Facsimile: 213-629-9022

David G. Wille (*pro hac vice*)
david.wille@bakerbotts.com
Jeffery D. Baxter (*pro hac vice*)
jeff.baxter@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
James C. Williams (*pro hac vice*)
james.williams@bakerbotts.com
Charles Yeh (*pro hac vice*)
charles.yeh@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500
Facsimile:  214.953.6503

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and NITRONEX, LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>INFINEON TECHNOLOGIES AG and INFINEON TECHNOLOGIES AMERICAS CORP.,<br><br>                    Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**NOTICE OF MOTION AND INFINEON TECHNOLOGIES AMERICAS CORP.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**Hon. Christina A. Snyder**<br><br>**Date:    October 17, 2016**<br>**Time:    10:00 a.m.**<br>**Crtrm.: 5**<br><br>**Proposed Order lodged concurrently herewith** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Christina A. Snyder, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Infineon Technologies Americas Corp. ("Infineon Americas") will and hereby does move this Court to dismiss the First Amended Complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM").

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; and the following grounds:

First, MACOM's second claim for relief (breach of contract ███████ ████████████████████████████████████████████████████ ██████████████████████ should be dismissed under Rule 12(b)(6). MACOM alleges that ███████████████████████████████████████ However, MACOM has not alleged that ████████████████████ ████████████████████████████████████████. As a result, MACOM's second claim for relief should be dismissed because MACOM does not state a claim upon which relief can be granted.

Second, MACOM's fifth claim for relief (declaratory judgment of non-infringement) should be dismissed under Rule 12(b)(1) because MACOM fails to establish that this Court has subject matter jurisdiction to adjudicate the claim. MACOM seeks a declaratory judgment of non-infringement ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████. Nor does MACOM explain ███████████████████████ ███████████████. Furthermore, MACOM does not ████████████ ████████████████████████████████████████████.

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1       Independently, MACOM's fifth claim for relief (declaratory judgment of

2 non-infringement) should be dismissed under Rule 12(b)(6) ████████████████

3 ████████████. As discussed above, MACOM seeks a declaratory judgment of

4 non-infringement ██████████████████████████████████████

5 ████████████████████████████████. As a result, MACOM does not provide

6 fair notice ████████████████████████████████████████

7 ██████████.

8       The parties discussed, by email and telephone, the grounds of Infineon

9 Americas's motion to dismiss on August 10. The parties could not reach a

10 resolution, and this Motion is opposed.

11 DATED: August 17, 2016

12

13 By:  /s/ Jeffery D. Baxter

14 David G. Wille
Texas State Bar No. 00785250
15 E-mail: david.wille@bakerbotts.com
Jeffery D. Baxter
16 Texas State Bar No. 24006816
E-mail: jeff.baxter@bakerbotts.com
17 Brian D. Johnston
Texas State Bar No. 24080965
18 E-mail: brian.johnston@bakerbotts.com
James C. Williams
19 Texas State Bar No. 24075284
E-mail: james.williams@bakerbotts.com
20 Charles Yeh
Texas State Bar No. 24075319
21 E-mail: charles.yeh@bakerbotts.com

22 BAKER BOTTS L.L.P.
2001 Ross Avenue
23 Dallas, Texas 75201
Telephone: (214) 953-6791
24 Facsimile: (214) 953-6503

25 Attorneys for Infineon Technologies
Americas Corp.

26

27

28

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS .................................................................................. 2

    A.    MACOM's second claim for relief (breach of contract ███████ █████████████████████████████████████ ............... 2

    B.    MACOM's fifth claim for relief (declaratory judgment of non-infringement) .......................................................................... 3

LEGAL STANDARDS ....................................................................................... 4

    A.    Lack of subject matter jurisdiction under Rule 12(b)(1) ...................... 4

    B.    Failure to state claim upon which relief can be granted under Rule 12(b)(6) .......................................................................... 5

ARGUMENT ...................................................................................................... 6

I.    MACOM's second claim for relief should be dismissed because it fails to ████████████████████████████████ ███████████████████ ..................... 6

    A.    MACOM fails to ████████████████████ ███████████████ ........................... 6

    B.    MACOM's reliance on ████████████████████ ██████████ ..................................... 8

    C.    MACOM fails to ████████████████████ ██████████ ........................................ 10

II.    MACOM's fifth claim for relief should be dismissed. ................................ 11

    A.    MACOM's allegations do not ████████████████ █████████ ................................. 12

    B.    MACOM fails to establish jurisdiction ████████████ ██████ ................................ 15

INFINEON AMERICAS'S MOTION TO
DISMISS 1ST AMENDED COMPLAINT

C.    MACOM fails to state a claim for which relief can be granted █ ███████████████████████ .................................................. 17

CONCLUSION .................................................................................... 19

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ...............................................................................................5

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007) ........................................................................................5, 17

*Benitec Austl., Ltd. v. Nucleonics, Inc.,*
 495 F.3d 1340 (Fed. Cir. 2007) .........................................................................4, 9

*Essai, Inc. v. Delta Design, Inc.,*
 No. 3:13-cv-02356, 2013 WL 6248393 (N.D. Cal. Dec. 3, 2013) ...............5, 15, 16

*Excelstor Tech., Inc. v. Papst Licensing GMBH,*
 No. C 09-2055, 2010 WL 2560481 (N.D. Cal. June 22, 2010) .....................5, 13, 16

*MedImmune, Inc. v. Genentech, Inc.,*
 549 U.S. 118 (2007) ..............................................................................................4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
 420 F.3d 1369 (Fed. Cir. 2005) .........................................................................9, 10

*Microsoft Corp. v. DataTern, Inc.,*
 755 F.3d 899 (Fed. Cir. 2014) ..........................................................................4, 15

*Panavise Prods., Inc. v. Nat'l Prods., Inc.,*
 306 F. App'x 570 (Fed. Circ. 2009) .............................................................4, 12, 14

*Safe Air for Everyone v. Meyer,*
 373 F.3d 1035 (9th Cir. 2004) ................................................................................4

*Unisense Fertilitech A/S v. Auxogyn, Inc.,*
 896 F. Supp. 2d 822 (N.D. Cal. 2012) ...............................................................5, 13

*Wistron Corp. v. Phillip M. Adams & Assocs.,*
 No. 3:10-cv-04458, 2011 WL 1654466 (N.D. Cal. April 28, 2011)...............6, 17, 18

*Xilinx, Inc. v. Invention Inv. Fund I LP,*
 No. C 11-0671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ...............................18

STATUTES

35 U.S.C. § 271 .............................................................................................................8, 9

iii

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)...........................................................................................................4

Fed. R. Civ. P. 12(b)(6)...........................................................................................................5

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

# INTRODUCTION

Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM") filed a Complaint for Breach of Contract and Declaratory Judgment (Dkt. No. 1) on April 26, 2016.  On July 5, 2016, Defendant Infineon Technologies Americas Corp. ("Infineon Americas") moved to dismiss certain claims of MACOM's complaint.  Dkt. No. 45.  MACOM filed its First Amended Complaint for Breach of Contract and Declaratory Judgment (Dkt. No. 63) ("FAC") on July 19, 2016 to address the issues raised in Infineon Americas' motion to dismiss.[1]  Despite these amendments, MACOM's claims continue to suffer from fatal defects and should be dismissed.  Thus, Infineon Americas seeks to dismiss MACOM's second and fifth claims for relief.

In its second claim for relief, MACOM fails to plead facts that make its breach of contract claim plausible.  MACOM alleges that Infineon Americas ███████████████████████████████████████████████████████.  To show ███████████████████████████████████████████████████████ ████████████████████████████████████████████.  But MACOM fails to allege that ██████████████████████████████████. MACOM merely alleges that ████████████████████████████████ █████████████████████████████████████.  MACOM does not allege that ████████████████████████████████████.  Moreover, the conduct of which MACOM complains █████████████████ is not the type of activity covered by a patent, and thus, ████████████████████████████ ████████████████████████████████.

As to its fifth claim for relief, MACOM seeks to invoke declaratory judgment jurisdiction to adjudicate non-infringement of ████████ patents despite

---

[1] For example, MACOM dismissed an improperly named party and corrected the name of another named party.

INFINEON AMERICAS'S MOTION TO DISMISS 1ST AMENDED COMPLAINT

1    (a) failing to plead facts establishing that █████████████████████████

2    ████████████████████████████████████████████████████████████████████

3    █████████████████████████; (b) failing to plead facts that establish the

4    plausibility of non-infringement; and (c) failing to ████████████████████

5    ████████.  MACOM seeks a declaration of non-infringement ██████████████

6    ████████████████████████████████████████████████████████████████████

7    But MACOM alleges no facts creating a case or controversy █████████████

8    ██████████████████████████████████████████████.  MACOM refers

9    to ████████████████████████████████████████████████████████████████

10   ████████████████████.  Moreover, MACOM does not ███████████████████

11   ███████████████████████████████████—a defect that has caused other

12   courts to dismiss for lack of subject matter jurisdiction.

13          Additionally, because MACOM does not █████████████████████████

14   ████████████████████████████████████, MACOM fails to state a claim

15   upon which relief can be granted ██████████████████████.  Under *Twombly,*

16   MACOM must provide fair notice of what its claim is and the grounds for the

17   claim.  MACOM has done neither because, again, ███████████████████████

18   ██████████████████████████████████████.

**STATEMENT OF FACTS**

20          **A.** ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████████

22          MACOM's second claim for relief is for breach of contract.  FAC at ¶¶ 177–

23   187.  The contract is ███████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████████

25   ███████████████████████████████████████  MACOM alleges that ██████████

26   ████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████

28   ███████████████████████████████████████  In particular, MACOM alleges that

2

1 ████████████████████████████████████████████████████████

2 ███████████████████████████████████ However, MACOM

3 does not allege that ████████████████████████████████

4 ███████████████████████████. In addition, MACOM does not

5 allege that ████████████████████████████████████████

6 ██████████████████████████████████████████████████████.

7 MACOM's allegations are ██████████████████████████████

8 ██████████████████████████████████████████████████████

9 █████████████████████.

## B. MACOM's fifth claim for relief (declaratory judgment of non-infringement)

MACOM's fifth claim for relief is for declaratory judgment of non-infringement. FAC at ¶¶ 208–217. ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███ MACOM seeks a declaration of non-infringement ████████████

████████████████████████████████████████████ Although

MACOM's claim for relief involves ███████████████████████

███████████████████████████████████. Instead, MACOM

provides ████████████████████████████████████████████

████████████████████████████████████.

Additionally, MACOM's complaint does not allege that ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████.

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1    MACOM's complaint also does not ███████████████████████████████████

2    ██████████████████████████████████.   MACOM alleges that

3    █████████████████████████████████████████████████████████████████████

4    █████████████████████████████████████████████████████████████████████

5    █████████████████████████████████████████████████████████████████████

6    █████████████████████████████████████████████████████████████████████

7    ███████████████████████████████████.

8                              **LEGAL STANDARDS**

9        **A.    Lack of subject matter jurisdiction under Rule 12(b)(1)**

10       A party may move to dismiss a complaint for lack of subject matter

11   jurisdiction under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  A party moving to

12   dismiss under Rule 12(b)(1) may make a facial attack on jurisdiction to challenge

13   the sufficiency of the jurisdictional allegations in a complaint.   *Safe Air for*

14   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

15       Here, MACOM, as the party claiming declaratory judgment jurisdiction, has

16   the burden of establishing that an Article III case or controversy existed at the time

17   that the claim for declaratory relief was filed and that it has continued since.

18   *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).  To

19   satisfy the actual controversy requirement, the facts alleged must "show that there is

20   a substantial controversy, between parties having adverse legal interests, of

21   sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

22   *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

23       In the context of a declaratory judgment of non-infringement, jurisdiction

24   must be evaluated on a product-by-product basis. *Microsoft Corp. v. DataTern,*

25   *Inc.*, 755 F.3d 899, 911 (Fed. Cir. 2014).  Therefore, absent identification of the

26   specific products accused of infringement or specific allegations of infringement,

27   there is no substantial controversy to support jurisdiction.  *See Panavise Prods.,*

28   *Inc. v. Nat'l Prods., Inc.*, 306 F. App'x 570, 573 (Fed. Circ. 2009) (finding that

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

plaintiff did not establish a substantial controversy because it simply alleged that a product potentially infringes a patent-in-suit but failed to present any evidence that it was similar to other products that the defendant accused of infringement); *Essai, Inc. v. Delta Design, Inc.*, No. 3:13-cv-02356, 2013 WL 6248393, at *3 (N.D. Cal. Dec. 3, 2013) (finding no substantial controversy because defendant did not accuse plaintiff's products of infringement and plaintiff did not identify any particular product in its complaint); *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896 F. Supp. 2d 822, 830 (N.D. Cal. 2012) (finding no substantial controversy because the defendant did not accuse a product of infringement); *Excelstor Tech., Inc. v. Papst Licensing GMBH*, No. C 09-2055, 2010 WL 2560481, at *6 (N.D. Cal. June 22, 2010) (finding no substantial controversy because the plaintiff did not identify any product accused of infringement, did not explain why any particular product might be accused of infringement, and did not allege activity that would expose it to liability for infringement).

## B.   Failure to state claim upon which relief can be granted under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In the context of a declaratory judgment of non-infringement, the complaint must identify the specific products accused of infringement in order for the complaint to survive a motion to

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1   dismiss.  *See Wistron Corp. v. Phillip M. Adams & Assocs.*, No. 3:10-cv-04458,

2   2011 WL 1654466, at *12 (N.D. Cal. April 28, 2011).

3   **ARGUMENT**

4   **I.**  ████████████████████████████████████████████████████

5   ████████████████████████████████

6   MACOM  states  that  ████████████████████████████████

7   ████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ████  Even  assuming  that,  as  MACOM  alleges,  ████████████

10   ████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████

13   ████████████████████████████████  But, MACOM

14   has  not  alleged  that  ████████████████████████████.  As a

15   result, MACOM's second claim for relief should be dismissed because MACOM

16   does not state a claim upon which relief can be granted.

17   **A.**  ████████████████████████████████████████

18   ████████████████████████████

19   ████████████████████████████████████████████

20   ████████████████████████████████████████████████████

21   ████████████████  ████████████████████████████████

22   ████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████

27   ████████████  ████████████████████████████████████

28   ████████████████████████████████████████████████████

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

1  ██████████████████████████████████████████████████████████

2  ████████████████████

3  ████████████████████████████████████████████████

4

5

6

7

8

9

10

11

12

13

14  ██████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████████

16  ████████████████████████████

17      MACOM fails to allege that ██████████████████████████████.

18  MACOM merely alleges that ████████████████████████████████

19  ████████████████████████████████████████████████████████.

20  MACOM does not allege that ████████████████████████████████

21  ███████████████████████. MACOM's allegations do not even ████████

22  ██████████████████. Because MACOM has failed to allege that ████████

23  ██████████████████████████████████████████████████████████

24  ██████████████████████████████████.

25

26

27

28

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

**B.     MACOM** ███████████████████████████████████ se ████.

Furthermore, even if MACOM had alleged that ████████████████ ████████████████████████, MACOM still does not state a claim upon which relief can be granted because MACOM also failed to allege that ████████████ ████████████████████████████████████████████. ████████████████████████████████████ ████████████████████████. For example, a U.S. patent allows the patent owner to exclude others from making, using, offering to sell, selling, or importing a patented invention within the United States.  35 U.S.C. § 271.[2] ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████

MACOM does not allege conduct that corresponds to making, using, offering to sell, selling, or importing.  At most, MACOM alleges that ███████████████ ███████████████████████████.[3]   However, ████████████████ ████████████████████████████████████████████████████

_____

[2] ██████████████████████████████████████████████████████████████ Because MACOM's complaint fails to ████████████████████████████████████████ ██████████████████████████████████████████████. For purposes of explanation in this motion, ████████████████████████████████. ██████████████████████████.

[3] For example, MACOM alleges that ██████████████████ ████████████████████████████████████████████

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1  ██████████.[4]  *See* 35 U.S.C. § 271; ████████████.  Similarly, although

2  MACOM alleges that ████████████████████████████████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████

6  ████████████████████.[5]  MACOM, however, provides no such allegations.

7  To the extent that MACOM argues that any alleged activities constitute ██

8  ████████████████████████████, MACOM's allegations continue to

9  be deficient and should be dismissed.  "The meaning of 'offer to sell' in § 271(a) is

10  the offer of common law contracts."  *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495

11  F.3d 1340, 1348 (Fed. Cir. 2007).  Thus, to make an offer to sell, a party must

12  "communicate a manifestation of willingness to enter into a bargain, so made as to

13  justify another person in understanding that his assent to that bargain is invited and

14  will conclude it."  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon*

15  *Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005).  Because MACOM does not ██████

16  ████████████████████████, MACOM's claim should be dismissed.

17  In *MEMC*, the plaintiff accused the defendant of infringing a patent by

18  making offers to sell infringing silicon wafers in the United States.  *Id*. at 1372.

19  The plaintiff relied on a (1) series of emails in which the defendant provided a third

20  party in the United States with detailed test data on the wafers and (2) evidence

21  suggesting that the defendant made several on-site visits to the third party.  *Id*. at

---

22  [4]  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  █████████████.  The grant of a patent license cannot extend to activity that is not covered by a patent.

25  [5]  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████

28

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

1374.  The district court granted summary judgment of non-infringement finding no offer to sell based on this evidence.  *Id*. at 1372.  On appeal, the Federal Circuit affirmed the district court.  *Id*. at 1376–77.  The Federal Circuit explained that the evidence showed no negotiations occurring in the United States between the defendant and the third party.  *Id*. at 1376.  Additionally, although the emails between the defendant and the third party included technical data, such emails do not constitute an offer to sell.  *Id*.  Notably, the Federal Circuit stressed that the emails were not offers to sell because they did not contain any price terms.  *Id*.

MACOM's complaint alleges █████████████████████████████████████.  MACOM merely alleges that █████████████████████████████████████████████████████████████████████████████████████████████████.  However, as in *MEMC*, MACOM does not allege that ████████████████████████████████████████████████████████.  Additionally, even if █████████████████████████████████████████████████████████████████████████████.  As a result, MACOM's allegations do not make it plausible that ████████████████████████████████████████.

**C.** ████████████████████████████████████

Furthermore, MACOM's allegations are also insufficient because they do not ████████████████████████████████████████████████████████████.  For example, a U.S. patent generally covers activities only within the United States.  Thus, ████████████████████████████████████████████████████

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████.

3 Because MACOM failed to ████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ██████████████████████████████████████████.

6      For all of the above reasons, MACOM fails to plead sufficient facts to

7 establish that ████████████████████████████████████████████████.

8 MACOM's failure to ██████████████████████████████████████

9 ███████████████████████.  And its failure to ████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████  As a result, MACOM's breach

12 of contract claim should be dismissed for failure to state a claim upon which relief

13 can be granted.

## II.    MACOM's fifth claim for relief should be dismissed.

15      MACOM's claim for declaratory judgment of non-infringement should be

16 dismissed on two independent bases.  First, MACOM's claim should be dismissed

17 for lack of subject matter jurisdiction because MACOM's complaint fails to allege

18 sufficient facts to establish an actual controversy.  MACOM seeks a declaration of

19 non-infringement ██████████████████████████ but, as MACOM's

20 complaint recognizes, ██████████████████████████████████████

21 ████████████████████████████████████████.  As MACOM recently

22 stated in its ████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████ MACOM

25 does not ██████████████████████████████████████████████████

26 ████████████████████████████████.  Second, MACOM's claim should be

27 dismissed for failure to state a claim upon which relief can be granted because

28 ████████████████████████████████████████████████████████.

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

**A.** ███████████████ **do not** ███████████████████████████
██████████████████████.

MACOM does not allege that ████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████. Rather, as MACOM's complaint
recognizes, ████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████ Accordingly, MACOM fails to establish an actual controversy regarding infringement that could support subject matter jurisdiction for its declaratory judgment claim.

Courts have dismissed complaints in similar circumstances. In *Panavise Products, Inc. v. National Products Inc.*, the Federal Circuit found that there was no actual controversy when the plaintiff sought declaratory judgment of non-infringement for a mounting device that was not accused of infringement. *Panavise Prods., Inc. v. Nat'l Prods., Inc.*, 306 F. App'x 570, 572 (Fed. Cir. 2009). In that case, the plaintiff merely alleged that that mounting device "potentially" infringes a patent-in-suit, but the plaintiff presented no evidence that that mounting device was similar to other devices that the defendant had accused of infringement. *See id.* at 573. The court explained that the plaintiff's allegations amounted to nothing more than speculative "assumptions about a threat of future injury" and dismissed the claim. *Id*. MACOM's complaint presents an even stronger basis for dismissal than the facts in *Panavise* because MACOM's complaint alleges that ████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████

Similarly, in *Unisense Fertilitech A/S v. Auxogyn, Inc.*, the Northern District of California found no actual controversy because the defendants did not even

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

1  suggest in any of the many letters exchanged between the parties that plaintiff's

2  products at issue infringed a patent.  *Unisense Fertilitech A/S v. Auxogyn, Inc.*, 896

3  F. Supp. 2d 822, 830 (N.D. Cal. 2012).  As a result, the court found that there was

4  no substantial controversy established for those products.  ████████████

5  ████████████████████████████████████████████

6  ███████████████████████████.  Thus, MACOM does not

7  allege any facts showing that ████████████████████████

8  ██████████████████████████████████.

9       And in *Excelstor Tech., Inc. v. Papst Licensing GMBH* , the Northern District

10  of California found no actual controversy because the plaintiff did not explain why

11  any particular hard drive product might be accused of infringement, nor did it allege

12  activity that would expose it to liability for infringement.  *Excelstor Tech., Inc. v.*

13  *Papst Licensing GMBH*, No. C 09-2055, 2010 WL 2560481, at *6 (N.D. Cal. June

14  22, 2010).  ██████████████████████████████

15  ██████████████████████████████████████████

16  ██████████████████████████████████████████

17  ██████████████████████████████████████████

18  ███████████████████████████████████████.

19  As MACOM's complaint even alleges, ████████████████████

20  ████████████████████████████████████████.

21  Thus, MACOM's allegations do not establish that ██████████████

22  ████████████████████████████████████████

23  ██████.

24       MACOM appears to simply assume that ████████████████

25  ████████████████████████████████████████████

26  █████████████████████.  That is not the case.  MACOM

27  alleges that ███████████████████████████████████

28  ████████████████████████████████████████████

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT

1    Even if ██████████████████████████████████████████████

2    ████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████

4    ████████████████████████████████████.  MACOM's argument

5    would grossly overextend declaratory judgment jurisdiction, essentially establishing

6    a *per se* rule that ███████████████████████████████████████

7    ████████████████████████████████████████████████████████

8    ████████████████████████████████████.   The case or

9    controversy requirement demands more.   It exists precisely to prevent such

10   harassing lawsuits seeking advisory non-infringement opinions.

11        Additionally, MACOM alleges that ██████████████████████

12   ████████████████████████████████████████████████████████

13   ██████████████████████████████ Even if this allegation were true, it does

14   not establish that █████████████████████████████████████████

15   ████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████

19   ████████████████████████████████████████████████████████

20   ████████████████████████████████████████ Such allegations

21   skirt the critical issue—███████████████████████████████████

22   ████████████████████. ███████████████████████████████████

23   ████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████

26   ████████████████████████████████████████████ ███

27   Therefore, MACOM's claim should be dismissed because MACOM does not

28   ██████████████████████████████████████████████.

14



For these reasons, MACOM's fifth claim for relief (declaratory judgment of non-infringement) should be dismissed for lack of subject matter jurisdiction. MACOM has not alleged that ███████████████████████████████ ███████████████████████, and MACOM itself does not allege that ███ ████████████████████████ MACOM relies on ████████████████████ ███████████████████████████████████████████, but MACOM's argument leads to the absurd (and abusive) result that any time ████████ █████████████████████████████████████████████████████ █████████████████████████████████████████████████████ █████████████████████████████████████████. The Court should dismiss MACOM's claim for declaratory judgment of non-infringement.

**B.**     ████████████**ils to establish jurisdiction** ██████████████ ████████████.

To establish jurisdiction for a declaratory judgment of non-infringement, MACOM must establish that there is an actual controversy on a product-by-product basis. MACOM's original complaint did not ████████████████████ ██████████████████████████████. MACOM amended its complaint to ██████████████████████████████████████ ████████████ Because MACOM does not ████████████████████ ██████████, MACOM fails to establish jurisdiction ████████████████████. As a result, MACOM's claim should be dismissed ████████████████████ ████████████████.

Jurisdiction and standing for a declaratory judgment of non-infringement must be evaluated on a product-by-product basis. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 911 (Fed. Cir. 2014). Therefore, when a complaint identifies some but not all of the products that are accused of infringement, the complaint fails to establish an actual controversy over those unidentified products. S*ee Essai, Inc. v. Delta Design, Inc.*, No. 3:13-cv-02356, 2013 WL 6248393, at *3 (N.D. Cal.

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

Dec. 3, 2013) (finding no actual controversy because defendant did not accuse plaintiff's products of infringement and plaintiff did not identify particular products in its complaint); *Excelsior Tech., Inc. v. Papst Licensing GMBH*, No. C 09-2055, 2010 WL 2560481, at *6 (N.D. Cal. June 22, 2010) (finding no substantial controversy because the plaintiff did not identify products accused of infringement, did not explain why particular products might be accused of infringement, and did not allege activity that would expose it to liability for infringement).

In *Essai, Inc. v. Delta Design, Inc.*, the Northern District of California dismissed a similar complaint for lack of subject matter jurisdiction.  In *Essai*, the plaintiff filed a claim for declaratory judgment of non-infringement for its "thermal control units."  *Essai*, 2013 WL 6248393, at *1.  Despite this reference to a category of products, the court dismissed the claim because the plaintiff did not identify a "particular product in its complaint for declaratory relief."  *Id*. at *3.

In *Excelstor Tech., Inc. v. Papst Licensing GMBH*, the Northern District of California similarly dismissed for lack of subject matter jurisdiction.  The plaintiff sought a declaratory judgment of non-infringement for a patent covering hard drive technology.  *Excelstor*, 2010 WL 2560481, at *2.  The court dismissed the claim because the plaintiff did not identify a "product that it makes or sells that has been accused of infringing [the patent], or explained why any particular product might be accused of infringing [the patent]."  *Id*. at *6.  Therefore, a claim for declaratory judgment of non-infringement is deficient when it does not identify the particular products for which the declaration is sought.

██████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████.  MACOM seeks a declaratory judgment of non-infringement ████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1   ██████ ██   ████████████████████.   Because jurisdiction must be established on a

2   product-by-product basis, MACOM's refusal to ██████████████████████████

3   ███████████████████████████████████████████████████

4   ████████████████████.   Therefore, as in *Essai* and *Excelstor*, MACOM's

5   declaratory judgment claim should be dismissed ██████████████████████.

6   **C.**   ████████████████████**hich relief can be granted** ████

7   ████████████████████████████**.**

8        To state a claim for relief, MACOM must give Infineon Americas "fair

9   notice of what the claim is and the grounds upon which it rests.'"   *Twombly*, 550

10  U.S. at 555.   MACOM's complaint fails to provide fair notice because the

11  complaint does not ████████████████████████████████████

12  ██████████████████   As described above, ████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ██████████████████████.   As a result, MACOM's claim

17  should be dismissed ████████████████   because MACOM has not

18  provided Infineon Americas fair notice of MACOM's claim ██████████████

19  ████████████.

20       In *Wistron Corp. v. Phillip M. Adams & Associates*, the Northern District of

21  California dismissed a claim for declaratory judgment of non-infringement because

22  the complaint failed to identify the products at issue.   *Wistron Corp. v. Phillip M.*

23  *Adams & Assocs.*, No. 3:10-cv-04458, 2011 WL 1654466, at *12 (N.D. Cal. April

24  28, 2011).   The complaint identified various categories of products such as

25

26      6  ███████████████████████████████████████████████████████

27  ██████████████████████████████████████████████████████

28  ████████████████████████████████████████████████.

"notebook computers" and "computer chips, motherboards, computers and other products."[7]  *Id*. at *1–*2.  The Court, however, still found that the complaint failed to state a claim for declaratory relief on infringement because it failed to identify any specific product:

> [W]ithout identifying the accused products, there simply is no way to adjudicate an infringement claim.  Absent identification of the products accused of infringement, there is no concrete case or controversy of sufficient specificity to satisfy *Twombly*."

*Id*. at *12.  Therefore, the court dismissed the declaratory judgment claim under Rule 12(b)(6).

Likewise, in *Xilinx, Inc. v. Invention Invest. Fund I LP*, the Northern District of California again dismissed a claim for declaratory judgment of non-infringement because the complaint failed to identify the products at issue.  *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011).  The plaintiff identified a category of products (integrated circuits), but the court still found that the complaint failed to state a claim for declaratory relief on non-infringement because the plaintiff failed to identify a single accused product.  *Id*.  The court stressed that "[i]n an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe . . . Without this level of specificity, there is no way to adjudicate an infringement or non-infringement claim."  *Id*.  Therefore, a plaintiff fails to state a claim for declaratory judgment of non-infringement when the plaintiff merely identifies a category of products instead of identifying the specific products at issue.

---

[7] This quoted list of products is from the defendants' patent infringement complaint, which was included as an exhibit to plaintiff's first amended complaint for declaratory judgment.  *Id*. at *2.  The defendants had filed their patent infringement complaint in another jurisdiction after the plaintiffs' original complaint for declaratory judgment of non-infringement.  *Id*.

INFINEON AMERICAS' MOTION TO DISMISS 1ST AMENDED COMPLAINT

1  ██████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████

7  ██████████████████████████████.   Therefore, MACOM does not provide

8  fair notice ████████████████████████████, and MACOM's claim

9  should be dismissed ██████████████████.

10  ██████████████████████████ is particularly unfair to Infineon

11  Americas in the circumstances here.   Unlike other declaratory judgment cases,

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ██████████████████████████████.

20                                    **CONCLUSION**

21          Infineon Americas respectfully requests that the Court dismiss MACOM's

22  second claim for relief because MACOM fails to state a claim upon which relief

23  can be granted.   In addition, Infineon Americas respectfully requests that the Court

24  dismiss MACOM's fifth claim for relief because MACOM fails to establish that the

25  Court has subject matter jurisdiction to adjudicate this claim and because MACOM

26  fails to state a claim upon which relief can be granted.

27

28

1

2

Dated: August 17, 2016

3

By: __/s/ Jeffery D. Baxter_____
David G. Wille
Texas State Bar No.  00785250

4

E-mail:  david.wille@bakerbotts.com
Jeffery D. Baxter

5

Texas State Bar No. 24006816
E-mail:  jeff.baxter@bakerbotts.com

6

Brian D. Johnston
Texas State Bar No. 24080965

7

E-mail:  brian.johnston@bakerbotts.com
James C. Williams

8

Texas State Bar No. 24075284
E-mail:  james.williams@bakerbotts.com

9

Charles Yeh
Texas State Bar No. 24075319

10

E-mail:  charles.yeh@bakerbotts.com

11

BAKER BOTTS L.L.P.
2001 Ross Avenue

12

Dallas, Texas 75201
Telephone: (214) 953-6791

13

Facsimile:  (214) 953-6503

14

Attorneys for Infineon Technologies
Americas Corp.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFINEON AMERICAS' MOTION TO
DISMISS 1ST AMENDED COMPLAINT