LINDA M. BURROW, Bar No. 194668
  burrow@caldwell-leslie.com
ALISON MACKENZIE, Bar No. 242280
  mackenzie@caldwell-leslie.com
CALDWELL LESLIE AND PROCTOR PC
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040 / Fax:  213-629-9022

DAVID G. WILLE (admitted *pro hac vice*)
  david.wille@bakerbotts.com
JEFFERY D. BAXTER (admitted *pro hac vice*)
  jeff.baxter@bakerbotts.com
BRIAN D. JOHNSTON (admitted *pro hac vice*)
  brian.johnston@bakerbotts.com
JAMES C. WILLIAMS (admitted *pro hac vice*)
  james.williams@bakerbotts.com
CHARLES YEH (admitted *pro hac vice*)
  charles.yeh@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500 / Fax:  214.953.6503

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and NITRONEX, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> INFINEON TECHNOLOGIES AG, *et al.*, <br><br> Defendants. | Case No. CV 16-02859 CAS (PLAx) <br><br> **DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT UNDER RULES 12(b)(1), 12(b)(2), AND 12(b)(6)** <br><br> **[Declarations and Exhibits thereto filed concurrently herewith; [Proposed] Order Granting Motion to Dismiss lodged concurrently herewith]** <br><br> **Hon. Christina A. Snyder** <br> **Date:      October 17, 2016** <br> **Time:     10:00 a.m.** <br> **Ctrm.:   5** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2016, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Christina A. Snyder, located in the United States Courthouse, 312 N. Spring Street, Los Angeles, CA 90012, Defendant Infineon Technologies AG ("Infineon AG") will and hereby does move this Court to dismiss the First Amended Complaint of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM").

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and is based on the following grounds:

*First*, the Court should dismiss MACOM's first amended complaint against Infineon AG for lack of personal jurisdiction under Rule 12(b)(2).   MACOM cannot establish general jurisdiction over Infineon AG (*see infra* Section I.A-B) or specific jurisdiction with respect to each of MACOM's different claims for relief (*see infra* Sections II.A, III.A, and IV.A).   MACOM bears the burden of establishing personal jurisdiction under Rule 12(b)(2) by a preponderance of the evidence and cannot carry this burden on "information and belief" where, as here, the jurisdictional facts are both conclusory and disputed, and Infineon AG and Infineon Americas have provided declarations refuting MACOM's allegations.

*Second*, in addition to lack of personal jurisdiction, the Court should also dismiss MACOM's first, second, third, fourth, sixth, and seventh claims for relief (the "contract claims") for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *See infra* Section II.B ███████████████████████ ████████████████████████████████████████ ██████████████████████ *See infra* Section II.A-B.   As a result, with respect MACOM's six contract claims, MACOM cannot show an actual controversy exists between MACOM and Infineon AG so as to establish subject-

2

matter jurisdiction.  In addition, MACOM fails to state a claim upon which relief can be granted.

*Third*, in addition to lack of personal jurisdiction, the Court should dismiss MACOM's fifth claim for relief (declaratory judgment of non-infringement) for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *See infra* Section III.B.  ███████████████

████████████████████████████  As a result, MACOM cannot show an actual controversy exists between MACOM and Infineon AG as to ███████████ ██████████  so as to establish subject-matter jurisdiction.  In addition, MACOM fails to state a claim upon which relief can be granted.

*Fourth*, in addition to lack of personal jurisdiction, the Court should dismiss MACOM's eighth claim for relief (intentional interference with contractual relations) for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  *See infra* Section IV.B.  Based on the allegations in MACOM's first amended complaint, the financial interest privilege and manager's privilege bar MACOM's claim against Infineon AG for intentional interference with contractual relations.  Thus, MACOM fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declarations of James C. Williams, Ulrich Pelzer, and Robert LeFort and Exhibits thereto filed concurrently herewith; all of the pleadings and other documents on file in this case; all other matters of which the Court may take judicial notice; and any further argument or evidence that may be received by the Court at the hearing.

The parties discussed, by email and telephone, the grounds of Infineon AG and Infineon America's motions to dismiss on Wednesday, August 10.  The parties could not reach a resolution and this Motion is opposed.

DATED:  August 17, 2016          JEFFERY D. BAXTER
                                 BAKER BOTTS LLP




                              By   _/s/ Jeffery D. Baxter_
                                   Jeffery D. Baxter
                                   Attorney for Defendant
                                   Infineon Technologies AG

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................. 2

    A.    The Defendant Parties .................................................................. 2

    B.    MACOM's First Amended Complaint (FAC) ........................... 3

LEGAL STANDARDS ...................................................................................... 5

    A.    Lack of personal jurisdiction under Rule 12(b)(2) ................... 5

    B.    Lack of subject-matter jurisdiction under Rule 12(b)(1) .......... 6

    C.    Failure to state a claim upon which relief can be granted under
        Rule 12(b)(6) .............................................................................. 7

ARGUMENT ...................................................................................................... 7

I.    MACOM cannot establish general jurisdiction over Infineon AG. ............... 7

    A.    Infineon AG's California contacts are insufficient to establish
        general jurisdiction. .................................................................... 7

    B.    MACOM cannot impute Infineon Americas' contacts to
        Infineon AG to establish personal jurisdiction. ........................ 8

II.    MACOM's six contract claims should be dismissed. ................................... 11

    A.    MACOM cannot establish specific jurisdiction for its six
        contract claims. ........................................................................ 11

    B.    MACOM cannot show an actual case or controversy and fails to
        state a claim upon which relief can be granted. ...................... 12

    C.    MACOM cannot save its six contract claims with its new,
        unsupported alter ego, agency, and ratification theories. .................. 13

III.    MACOM's declaratory judgment of non-infringement should be
    dismissed. .................................................................................................... 16

    A.    MACOM cannot establish specific jurisdiction for its claim for
        declaratory judgment of non-infringement. ........................... 16

i

B.     MACOM cannot show an actual case or controversy and fails to state a claim upon which relief can be granted. ................................. 17

IV.  MACOM's claim for intentional interference with contractual relations should be dismissed. ...................................................................... 17

A.     MACOM cannot establish specific jurisdiction for its claim for intentional interference with contractual relations ............................ 17

B.     MACOM fails to state a claim upon which relief can be granted. ..... 19

1.     The financial interest privilege bars MACOM's claim for intentional interference with contractual relations. ................. 20

2.     The manager's privilege bars MACOM's claim for intentional interference with contractual relations. .................. 22

3.     MACOM's does not allege sufficient facts in support of its conclusory legal conclusions ............................................... 25

CONCLUSION ................................................................................................ 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Aaron v. Aguirre,*
    Case No. 506-cv-1451-H(POR) ................................................................12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..............................................................................7

*AT&T Co. v. Compagnie Bruxelles Lamber,*
    94 F.3d 586 (9th Cir. 1996) ..................................................................8

*Barrous v. BP P.L.C.,*
    10-cv-02944-LHK, 2011 WL 459205 (N.D. Cal. Oct. 3, 2011) ................14

*Bell Atlantic Corporation v. Twombly,*
    550 U.S. 544 (2007) .........................................................................7, 25

*Boulevard Assoc. v. Sovereign Hotels, Inc.,*
    72 F.3d 1029 (2d Cir. 1995) ................................................................22

*Cabanas v. Gloodt Assocs.,*
    942 F. Supp. 1295 (E.D. Cal. 1996) .....................................................20

*Caldera Pharmaceuticals, Inc. v. Los Alamos Nat. Sec., L.L.C.,*
    777 F. Supp. 2d 1125 (N.D. Ill. 2011) .................................................12

*Certainteed Corp. v. Knauf Insulation, SPRL,*
    849 F. Supp. 2d 67 (D.D.C. 2012) ......................................................17

*Clemens v. Am. Warranty Corp.,*
    193 Cal. App. 3d 444 (Cal. Ct. App. 1987) ..........................................12

*Collins v. Vickter Manor, Inc.,*
    47 Cal. 2d 875 (Cal. Ct. App. 1957) ...................................................20

*Culcal Styleco, Inc. v. Vornado, Inc.,*
    26 Cal App. 3d 879 (Cal. Ct. App. 1972) .......................................20, 21

*Daimler AG v. Bauman,*
    134 S. Ct. 746 (2014) ...........................................................5, 7, 8, 10, 14

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ...........................................................8, 9, 16

iii

*E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*,
  Case No. 03-5412, 2008 WL 2220396 (E.D. Cal. May 27, 2008)............................13

*Flynt Distributing Co., Inc. v. Harvey*,
  734 F.2d 1389 (9th Cir. 1984)......................................................................6, 19

*Gold v. Gibbons*,
  178 Cal. App. 2d 517 (Cal. Ct. App. 1960) ............................................................12

*Harrison Ventures, L.L.C. v. Alta Mira Treatment Center L.L.C.*,
  No. C 10-00188 RS, 2010 WL 1929566 (N.D. Cal. May 12, 2010) .................23, 24

*Holden v. Hagopian*,
  978 F.2d 1115 (9th Cir. 1992)..............................................................................25

*In re Automobile Antitrust Cases I & II*,
  135 Cal. App. 4th 100 (Cal. Ct. App. 2005) ..........................................................9

*In re Gilead Sciences Securities Litigation*,
  536 F.3d 1049 (9th Cir. 2008)...........................................................7, 16, 19, 25

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and
  Placement*,
  326 U.S. 310 (1945)..............................................................................................12

*J. McIntyre Mach., Ltd. v. Nicastro*,
  131 S. Ct. 2780 (2011) ...........................................................................................5

*Kabushiki Kaisha Stone Corp. v. Affliction, Inc.*,
  Case No. 09-2742, 2010 WL 890018 (N.D. Cal. 2010) .........................................12

*Kozlowsky v. Westminster Nat'l Bank*,
  6 Cal. App. 3d 593 (Cal. Ct. App. 1970) ...............................................................20

*Lexmark Intern., Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014) ............................................................................................7

*Los Angeles Airways, Inc. v. Davis*,
  687 F.2d 321 (9th Cir. 1982)......................................................................18, 23, 24

*Market/Media Research, Inc. v. Union Tribune Publ'g*,
  951 F.2d 102 (6th Cir. 1991)..................................................................................18

*Matthau v. Super. Ct.*,
  151 Cal. App. 4th 593 (Cal. Ct. App. 2007) .........................................................12

*Nielson v. Union Bank of California*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ................................................................16

iv

*Ohio Edison Co. v. Frontier North Inc.*,
   No. 5:14-cv-321, 2014 WL 6389564 (N.D. Ohio Nov. 14, 2014)..........................................11

*Rakestraw v. Rodrigues*,
   8 Cal. 3d 67 (Cal. 1972)..................................................................................................14, 15

*Ramondetta v. Philips Electronics Ltd.*,
   No. C-07-3329, 2007 WL 4209443 (N.D. Cal. Nov. 27, 2007) .....................................6, 10

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015).........................................................................................8, 14

*Sade Shoe Co. v. Oschin & Snyder*,
   162 Cal. App. 3d 1174 (Cal. Ct. App. 1984) ....................................................................20

*Schick v. Lerner*,
   193 Cal. App. 3d 1321 (Cal. Ct. App. 1987) ....................................................................24

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990).........................................................................................18

*Stonebrae, L.P. v. Toll Bros., Inc.*,
   No. C-08-221 EMC, 2008 WL 2157000 (N.D. Cal. May 21, 2008) ........................20, 21, 22

*T.P. Leasing Corp. v. Baker Leasing Corp.*,
   732 S.W.2d 480 (Ark. 1987)............................................................................................22

*Tomaselli v. Transamerica Ins. Co.*,
   25 Cal. App. 4th 1269 (Cal. Ct. App. 1994) .....................................................................9

*Walden v. Fiore*,
   134 S. Ct. 1115 (2014).....................................................................................................5

*Washington Shoe Co. v. A-z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012)...........................................................................................17

*Waste Conversion Sys., Inc. v. Greenstone Indus.*,
   33 S.W.3d 779 (Tenn. 2000)............................................................................................23

*whiteCryption Corp. v. Arxan Techs., Inc.*,
   No. 15-CV-00754-WHO, 2015 WL 3799585 (N.D. Cal. June 18, 2015) ...............7, 13, 14, 16

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) (en banc)........................................................................6, 16

v

**OTHER AUTHORITIES**

Rule 12(b)(1) of the Federal Rules of Civil Procedure ...................................................6

Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) .................................2

Rule 12(b)(2) of the Federal Rules of Civil Procedure ...................................................5

Rule 12(b)(6) of the Federal Rules of Civil Procedure ...................................................7

Restatement (First) of Torts § 769 ...............................................................................20

Restatement (Second) of Torts § 769, comment d .........................................................21

Rule 12(b)(1) ...............................................................................................................2, 3, 6

Rule 12(b)(2) ...............................................................................................................2, 5

Rule 12(b)(6) ...............................................................................................2, 3, 7, 23, 24, 25

P. 12(b)(1). Article III of the U.S. Constitution ..............................................................6

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "MACOM") filed a Complaint for Breach of Contract and Declaratory Judgment on April 26, 2016.  Dkt. No. 1.  On July 5, 2016, Defendant Infineon Technologies AG ("Infineon AG") moved to dismiss MACOM's complaint.  Dkt. 46-2.  Infineon AG pointed out that MACOM could not establish personal jurisdiction over Infineon AG because MACOM had improperly relied on the California contacts of Infineon AG's indirect subsidiary, Infineon Technologies Americas Corp. ("Infineon Americas").  In addition, Infineon AG showed that MACOM failed to distinguish between the two named defendants in its various claims for relief.  As a result, MACOM had improperly sued ███████████ ██████████████████████████████████████████████  Similarly, MACOM had also improperly sued Infineon AG for a declaration that MACOM does not infringe patents that Infineon AG does not own.  The proper defendant for those claims is Infineon Americas because ████████████████████████████ ████████████████████████

To try to fix these and other problems identified in Infineon AG's motion to dismiss, MACOM filed its First Amended Complaint for Breach of Contract and Declaratory Judgment ("FAC") on July 19, 2016.  Dkt. No. 65.  Despite these amendments, MACOM's claims continue to suffer from fatal defects and should be dismissed.

MACOM still cannot establish personal jurisdiction over Infineon AG.  MACOM tries to impute the contacts of Infineon Americas to Infineon AG based a new alter ego theory.  But MACOM cannot satisfy the alter ego test.

MACOM's first seven claims for relief still fail to distinguish between the two named defendants.  Dkt. 65 at ¶¶ 165-232.  Those claims for relief are against "Infineon" or "Defendants," which are terms that MACOM defined to refer

1  collectively to both Infineon AG and its indirect subsidiary Infineon Technologies

2  Americas Corp. ("Infineon Americas"). Dkt. 65 at p. 1 (defining "Infineon" and

3  "Defendants"). As a result, MACOM continues to sue Infineon AG for breach of

4  contract based on ████████████████████████████, and for a

5  declaration that MACOM does not infringe patents ████████████████

6  The proper defendant for MACOM's first seven claims is Infineon Americas

7  because ████████████████████████████████████████████

8  ██████ Moreover, MACOM's conclusory allegations attempting to invoke

9  theories of alter ego, agency, and ratification to impute Infineon Americas' actions

10  to Infineon AG are legally insufficient. Thus, with respect to those seven claims for

11  relief, MACOM cannot establish an actual case or controversy between MACOM

12  and Infineon AG, and MACOM's complaint fails to state a claim against Infineon

13  AG upon which relief can be granted.

14      MACOM's eighth and final claim against Infineon AG is for intentional

15  interference with contractual relations. Dkt. 65 at ¶¶ 233-245. However, with that

16  claim, MACOM is improperly trying to transform its breach of contract claims

17  (which should have been brought against only Infineon Americas) into a tort claim

18  against Infineon AG. A number of doctrines, including the financial interest

19  privilege and the manager's privilege, apply to Infineon AG's alleged conduct and

20  thus bar MACOM's claims for intentional interference with contract relations.

21  Therefore, with respect to this final claim for relief, MACOM again fails to state a

22  claim upon which relief can be granted.

23                          **STATEMENT OF FACTS**

24      **A.    The Defendant Parties**

25      Infineon AG is German corporation with its principal place of business in

26  Germany. Pelzer Decl. at ¶ 2.

27

28

2

International Rectifier Corporation ("International Rectifier") was a Delaware corporation with its headquarters and principal place of business in California, but it now operates under a different name, Infineon Americas.  LeFort Decl. at ¶ 3; Pelzer Decl. at ¶ 5.  On January 13, 2015, Infineon Technologies AG acquired International Rectifier, which became an indirect, wholly-owned subsidiary of Infineon AG.  LeFort Decl. at ¶ 3; Pelzer Decl. at 4.  On October 1, 2015, the name of International Rectifier was changed to Infineon Americas in connection with a merger involving an affiliate, Infineon Technologies North America Corp.  LeFort Decl. at ¶ 4; Pelzer Decl. at ¶ 5.

### B.  MACOM's First Amended Complaint (FAC)

MACOM's FAC includes eight claims for relief.  Dkt. 65 at ¶¶ 165-245.  For this motion, Infineon AG has divided those eight claims into three groups:

**(1) The six contract claims.**  MACOM's first, second, third, fourth, sixth, and seventh claims for relief relate to ███████████████████████████████ ████████████████████████████████████████████████████████████.  Dkt. 65 at Ex. 1 at 1 and Ex. 2 at 1.  ████████████████████████████████ ███████████████████████████████████████████████████████████████ ███   ███████████████████████████████████████████████████ ████████████████████████   MACOM's contract claims include three claims for breach of ███████████ (claim nos. 1, 2, and 6), one claim for breach of the covenant of good faith and fair dealing (claim no. 4), and two claims for declaratory judgment of rights under ███████████ (claim nos. 3 and 7).  Dkt. 65 at ¶¶ 165-207 and 218-232.

MACOM brought these contract claims against Infineon AG despite the fact that Infineon AG ████████████████████████████.  Dkt. 65 at p. 1 (defining "Infineon" and "Defendants" to include Infineon AG); ¶¶ 172, 184, 192, 202, 213-217, 222, and 231; Pelzer Decl. at ¶¶ 7-9.   Instead, Infineon AG's indirect

3

1    subsidiary Infineon Americas ████████████████████ (LeFort Decl. at ¶ 6),

2    and it is the only party against whom MACOM can bring its six contract claims.

3         To try to support its contract claims against Infineon AG based ███

4    ████████████████████████████████████████, MACOM amended its

5    complaint to plead, in conclusory fashion, three legal theories under which

6    California courts have recognized that a parent corporation may be held liable for

7    the acts of its subsidiary:  alter ego, agency and ratification.  Dkt. 65 at p. 54 fn. 3;

8    ¶¶ 7, 36.   However, MACOM has not pled sufficient facts in support of these

9    theories, and it cannot present evidence to establish jurisdiction.

10        **(2)  Declaratory judgment of non-infringement.**  MACOM's fifth claim

11   for relief is for declaratory judgment of non-infringement of patents ████████

12   ████████████  Dkt. 65 at ¶¶ 208-217; Pelzer Decl. at ¶ 9.  █████████

13   ████████████████████████████████████████████████████████████

14   ██████████████████████████████████████████████████  Dkt. 65

15   at ¶¶ 1, 79-98.  Infineon AG's indirect subsidiary Infineon Americas ████████

16   ████  (LeFort Decl. at ¶ 6), and thus, it is the only party against whom MACOM

17   can bring its claim for declaratory judgment of non-infringement.

18        **(3)  Intentional interference with contractual relations.**  The eighth and

19   final claim for relief is for intentional interference with contractual relations.  Dkt.

20   65 at ¶¶ 233-245.  MACOM is improperly trying to transform its breach of contract

21   claims (which should have been brought against only Infineon Americas) into a tort

22   claim against Infineon AG.  MACOM alleges, ████████████████████████

23   ████████████████████████████████████████████████████████████

24   ██████████████████████████████████████████  *Id.* at ¶¶ 19, 26,

25   33,  and  237-240.  ██████████████████████████████████████████

26   ████████████████████████████████████████████████████████████

27   ████████  *Id.* at ¶¶ 6, 8, 155-163, 175, 186, 194, 206, 214, and 244.  MACOM's

28   baseless allegations are not sufficient to support personal jurisdiction and are

4

████████████████████████████████████  Furthermore, even if accepted as true, those allegations fail to state a claim upon which relief can be granted because the financial interest privilege and the manager's privilege apply to Infineon AG's alleged conduct and bar MACOM's claims for intentional interference with contract relations.

## LEGAL STANDARDS

### A.    Lack of personal jurisdiction under Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a party to move a court to dismiss a complaint for lack of personal jurisdiction.  Before a forum can exercise personal jurisdiction over a non-resident defendant, the Due Process Clause requires that the defendant must have purposefully availed itself of the benefits and protections of the forum's laws by establishing minimum contacts with the state.  *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011).  There are two theories under which a defendant's contacts with the forum are analyzed — general and specific jurisdiction.  *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 fn. 6 (2014).

A court has general jurisdiction when the defendant's contacts with the forum are so continuous and systematic as to render it essentially "at home" in the forum state.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014).  A corporate defendant will be considered "at home" where it is incorporated and where it has its principal place of business.  *Id*. at 760.  A defendant is subject to general jurisdiction outside its place of incorporation or principal place of business only in exceptional circumstances in which a corporate defendant's contacts are so substantial as to render it "at home."  *See id.* at 761 fn. 19.

A court has specific jurisdiction when a plaintiff's cause of action arises from or is directly related to the defendant's contacts with the forum.  *J. McIntyre*, 131 S. Ct. at 2788.  In the Ninth Circuit, specific jurisdiction is analyzed under a three

prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum state or a resident of the forum state, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim alleged is one that arises out of or relates to the defendant's forum-related contacts, and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'antisemitisme*, 433 F.3d 1199, 1205-206 (9th Cir. 2006) (en banc) (citing *Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004)). A plaintiff bringing multiple claims arising from different contacts of the defendant must establish specific jurisdiction for each claim. *See Ramondetta v. Philips Electronics Ltd.*, No. C-07-3329, 2007 WL 4209443, at *2 fn. 3 (N.D. Cal. Nov. 27, 2007) ("If a court lacks general jurisdiction over a defendant, then there must be specific jurisdiction for each claim asserted against the defendant) (citing Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1351).

MACOM bears the burden of establishing personal jurisdiction by a preponderance of the evidence. *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). With respect to the three-prong test for specific jurisdiction, MACOM bears the burden of establishing each of the first two prongs. *Schwarzenegger*, 374 F.3d at 802. Only if MACOM succeeds in establishing both prongs does the burden shift to Infineon AG to establish that the exercise of jurisdiction would be unreasonable. *Id.*

## B.   Lack of subject-matter jurisdiction under Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Article III of the U.S. Constitution limits the subject-matter

jurisdiction of Federal Courts to resolving actual cases or controversies.  *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014).

### C.   Failure to state a claim upon which relief can be granted under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The plaintiff's complaint must allege "enough facts to state a claim to relief" that "allow[s] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *whiteCryption Corp. v. Arxan Techs., Inc.,* No. 15-CV-00754-WHO, 2015 WL 3799585, at *1-2 (N.D. Cal. June 18, 2015) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than a sheer possibility that a defendant has acted unlawfully" and must allege facts sufficient to "raise a right to relief above the speculative level."  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 545.  "Threadbare recitals of elements of a cause of action, supported by mere conclusory statement, do not suffice."  *Iqbal*, 556 U.S. at 678.  The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008).

### ARGUMENT

### I.   MACOM cannot establish general jurisdiction over Infineon AG.

#### A.   Infineon AG's California contacts are insufficient to establish general jurisdiction.

Because Infineon AG's place of incorporation and principal place of business are outside of California (Pelzer Decl. at ¶ 2), MACOM must establish that this is "an exceptional case" where Infineon AG's California contacts are "so substantial and of such a nature as to render the corporation at home" in the forum.  *Daimler AG*, 134 S. Ct. at 761 fn. 19.  However, ███████████

7

██████████████████████████████████████████████

████████. Pelzer Decl. at ¶ 3. Thus, Infineon AG's California contacts are insufficient to establish general jurisdiction.

**B.     MACOM cannot impute Infineon Americas' contacts to Infineon AG to establish personal jurisdiction.**

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *See Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). For that reason, MACOM appears to rely on an alter ego theory to try to impute Infineon Americas' California contacts to Infineon AG to establish personal jurisdiction.[1] Dkt. 65 at ¶¶ 19-34. To satisfy the alter ego test, MACOM "must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of Infineon AG and Infineon Americas] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Unocal Corp.*, 248 F.3d at 926 (quoting *AT&T Co. v. Compagnie Bruxelles Lamber*, 94 F.3d 586, 591 (9th Cir. 1996)).

MACOM cannot meet the unity of interest and ownership prong of the test. That prong requires that MACOM show that Infineon AG "dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation." *Id.* Even assuming that Infineon AG is heavily involved in the macro-management of its subsidiaries, that does not show that Infineon AG directed Infineon Americas' day-to-day operations. *Id.* at 927-30; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1074-75 (9th Cir. 2015). The alleged facts on which MACOM relies do not establish more than the "direction and oversight" that is "normal and

---

[1] Although MACOM's complaint also refers to an agency theory, agency theory cannot be used to establish personal jurisdiction over Infineon AG. *Daimler*, 134 S. Ct. at 759-60; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015).

1    expected" for a foreign parent to exercise over a local subsidiary. *See In re*

2    *Automobile Antitrust Cases I & II*, 135 Cal. App. 4th 100, 120, fn. 10 (Cal. Ct. App.

3    2005) (holding "common characteristics such as interlocking directors and officers,

4    consolidated reporting and shared professional services" are "normal and expected"

5    "direction and oversight" for a foreign parent to exercise over a local subsidiary);

6    *Tomaselli v. Transamerica Ins. Co.,* 25 Cal. App. 4th 1269, 1285 (Cal. Ct. App.

7    1994) (describing as falling "woefully short" for the purposes of imposing alter-ego

8    liability allegations that "the parent company owned 100 percent of the subsidiary's

9    stock, it shared office space and policy manuals with the subsidiary, they had some

10   common personnel, and they had consolidated financial statements").  Although

11   MACOM cites descriptions of integrating International Rectifier's business in

12   Infineon AG's 2015 Annual Report, those general statements are not sufficient to

13   show the type of oversight of day-to-day operations necessary to meet the unity of

14   interest and ownership prong. *Hickory Travel Systems, Inc.*, 213 F.R.D. 547, 554

15   (N.D. Cal. 2003) (no alter ego where parent referred to wholly owned subsidiaries

16   as "divisions," reported their earning in annual statements, boasted of corporate

17   integration, and made decisions about restructuring subsidiaries' businesses).

18       Moreover, MACOM also cannot meet the unity of interest and ownership

19   prong of the test because it cannot show that Infineon AG and Infineon Americas

20   failed to observe their respective corporate formalities.   In *Unocal*, the Ninth

21   Circuit held that a plaintiff did not meet the unity of interest and ownership prong

22   where the evidence showed "an active parent corporation involved directly in

23   decision-making about its subsidiaries' holding," but each entity "observed all of

24   the corporate formalities necessary to maintain corporate separateness."   *Unocal*,

25   248 F.3d at 928.  MACOM misleadingly contends that there was a failure to respect

26   corporate formalities because ███████████████████

27   █████████████████████████ Dkt. 65 at ¶¶ 28, 123.  Contrary to

28   MACOM's argument, both Infineon AG and the entity now named Infineon

9

Americas ███████████████████████████████████████████

███████████   Dkt. 65, Ex. 3.   At that time, the entity now known as Infineon

Americas was named International Rectifier.[2]   For that reason, ████████████

███████████████████████████████████████████████████████████

████████████████   *Id.*   Therefore, contrary to MACOM's misleading assertion, ███

██████████████████████   is an example of Infineon AG and Infineon Americas

observing their respective corporate formalities.

Furthermore, MACOM cannot meet the second prong of the alter ego test which requires showing that treating the Defendants as separate entities would result in a fraud or injustice.   MACOM could have sued Infineon AG in a constitutionally proper jurisdiction, and its failure to do so does not constitute an injustice.   Moreover, MACOM does not allege that Infineon Americas is undercapitalized so as to prevent MACOM from obtaining relief.   Because MACOM cannot satisfy either prong of the alter ego test, MACOM cannot attribute Infineon Americas' contacts to Infineon AG for the purpose of personal jurisdiction.[3]

Because general jurisdiction is lacking, MACOM must establish specific jurisdiction for each of its eight claims for relief.   *Ramondetta*, 2007 WL 4209443, at *2 fn. 3.   It cannot do so.   Infineon AG has organized MACOM's eight claims into the three groups described above in the Statement of Facts and analyzed each group separately below to explain why specific jurisdiction is also lacking.

---

[2] It was not until two months later, in October 2015, that International Rectifier Corporation was renamed Infineon Americas.   LeFort Decl. at ¶ 4; Pelzer Decl. at ¶ 5.

[3] Furthermore, even if Infineon Americas' California contacts were attributed to Infineon AG, those California contacts are not so pervasive as to render Infineon AG "essentially at home" in California.   *Daimler*, 134 S.Ct. 762 fn. 20 (explaining that the general jurisdiction inquiry examines a corporation's activities worldwide—not just the extent of the contacts in the forum states—to determine where it can be rightly considered at home).

10

## II.     MACOM's six contract claims should be dismissed.

MACOM's six contract claims ███████████████████████████████

██████████████████████████████████████████████████████████

████████████ Dkt. 65 at Ex. 1 at 1 and Ex. 2 at 1. ████████████

██████████████████████████████████████████████████████████

███████████████ Pelzer Decl. at ¶¶ 7-9; LeFort Decl. at ¶ 6.  MACOM's contract claims should be dismissed for three independent reasons.  First, MACOM cannot establish specific jurisdiction over Infineon AG.  Second, MACOM cannot show an actual case or controversy so as to establish subject-matter jurisdiction.   Third, MACOM's complaint fails to state a claim upon which relief can be granted.   In addition, MACOM's second claim for relief should also be dismissed for the reasons discussed in Infineon America's motion to dismiss (filed on the same day as this motion and incorporated by reference).

### A.     MACOM cannot establish specific jurisdiction for its six contract claims.

Because Infineon AG ████████████████████████████████ (Pelzer Decl. at ¶¶ 7-9; LeFort Decl. at ¶ 6), MACOM cannot point to any contacts by Infineon AG out of which MACOM's contract claims arise.  *Ohio Edison Co. v. Frontier North Inc.*, No. 5:14-cv-321, 2014 WL 6389564 at *2, 8 (N.D. Ohio Nov. 14, 2014) (finding lack of personal jurisdiction over a defendant in an action for breach of contract where the defendant was not a party to the contract).

Also, because Infineon AG ████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████ In its original complaint, MACOM admitted that

██████████████████████████████████████████████████████████

████████████████████████████████████████████████ Dkt. 1 at ¶ 18.  As Infineon AG stated in its prior motion to dismiss, ███████████████

11

1 ███████████████████████████████████████████████████

2 Pelzer Decl. at ¶¶ 7-9.

3      Accordingly, MACOM has failed to establish that Infineon AG maintains

4 sufficient minimum contacts such that exercise of jurisdiction in this case would not

5 "offend traditional notions of fair play and substantial justice."  *See Int'l Shoe Co.*

6 *v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S.

7 310, 316 (1945).

8      **B.     MACOM cannot show an actual case or controversy and fails to
         state a claim upon which relief can be granted.**

9

10      Because Infineon AG ████████████████████████████ MACOM

11 cannot show an actual case or controversy, and its complaint fails to state a claim

12 upon which relief can be granted.

13      It is a basic proposition of contract law that "only a signatory to a contract

14 may be liable for any breach."  *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d

15 444, 452 (Cal. Ct. App. 1987).  "Breach of contract cannot be made the basis of an

16 action for damages against defendants who did not execute it" unless the

17 nonsignatory has expressly assumed the contract.  *Gold v. Gibbons*, 178

18 Cal. App. 2d 517, 519 (Cal. Ct. App. 1960); *Kabushiki Kaisha Stone Corp. v.*

19 *Affliction, Inc.*, Case No. 09-2742, 2010 WL 890018, at *1 (N.D. Cal. 2010); *Aaron*

20 *v. Aguirre*, Case No. 506-cv-1451-H(POR).  Merely because a related party assisted

21 in performance, management, or accepted the benefits of the contract, that does not

22 bind the party to its terms.  *See, e.g., Matthau v. Super. Ct.,* 151 Cal. App. 4th 593,

23 603 (Cal. Ct. App. 2007) (refusing to bind a nonsignatory to a contract merely

24 because it benefited or assisted performance, finding the proposition "unsupported

25 by law").

26      As a result, there is no actual controversy between MACOM and Infineon

27 AG—and thus no subject-matter jurisdiction—with respect MACOM's six contract

28 claims.  *See Caldera Pharmaceuticals, Inc. v. Los Alamos Nat. Sec., L.L.C.*, 777

F. Supp. 2d 1125, 1126 (N.D. Ill. 2011) (finding lack of subject-matter jurisdiction for breach of contract claim where defendant was not party to the contract at issue). In addition, MACOM fails to state a claim upon which relief can be granted.

### C. MACOM cannot save its six contract claims with its new, unsupported alter ego, agency, and ratification theories.

To try save its contract claims against Infineon AG, MACOM amended its complaint to plead theories under which it alleges ███████████████████ ██████████████████████████████████ Federal courts in California have recognized three "unusual situations" where a parent corporation may be held liable for the acts of its subsidiary:  "(i) Where the circumstances of the organization of the two entities are such that the corporate form should be disregarded ('alter ego' liability); (ii) where the subsidiary acts as an agent of the parent corporation; or (iii) where the parent corporation . . . ratifies the acts of the subsidiary corporation." *whiteCryption Corp. v. Arxan Techs., Inc.*, Case No. 15-cv-00754, 2015 WL 3799585, at *2 (N.D. Cal. Jun. 18, 2015) (citing *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, Case No. 03-5412, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008)).  Lacking any theory supported by the relevant facts, MACOM amended its complaint to plead, in conclusory fashion, all three of these "unusual" theories. Dkt. 65 at p. 54 fn. 3; ¶¶ 7, 36.  MACOM fails to present sufficient evidence in support or these three new theories so as to establish personal jurisdiction or subject-matter jurisdiction.  Moreover, setting aside the jurisdictional defects, the conclusory allegations supporting these theories are insufficient to state a plausible claim for relief.

First, MACOM cannot avail itself of any of the three pleaded theories to establish subject-matter jurisdiction or specific personal jurisdiction over Infineon AG.  As explained above, MACOM fails to present sufficient evidence in support of its alter ego theory.  *See supra* Section I.B.

As for its agency theory, MACOM cannot rely on agency to establish personal jurisdiction over Infineon AG.  *See Daimler*, 134 S. Ct. at 759-60; *Ranza v. Nike, Inc.*, 793 F.3d at 1071.  MACOM's agency theory also does not overcome the lack of subject-matter jurisdiction because MACOM fails to present sufficient evidence in support.  Similar to alter ego, agency requires MACOM to show that Infineon AG so controls Infineon Americas that it is has become merely the instrumentality of Infineon AG.  *whiteCryption*, 2015 WL 3799585, at *2.  "To meet this standard, 'the parent must be shown to have moved beyond the establishment of general policy and direction for the subsidiary and in effect taken over performance of the subsidiary's *day-to-day* operations in carrying out that policy.'"  *Id.* (quoting *Barrous v. BP P.L.C.*, 10-cv-02944-LHK, 2011 WL 459205, at *4 (N.D. Cal. Oct. 3, 2011)).  As explained above with reference to alter ego, MACOM has not shown that Infineon AG has taken over Infineon America's day-to-day operation.  *See supra* Section I.B.  This is particularly true with respect to the conduct that gives rise to MACOM's contract claims.  *See id.* ("The agency inquiry 'should focus on relationship between the parent and subsidiary corporation surrounding the conduct that gives rise to the plaintiff's claim.'") (quoting *Barrous*, 2011 WL 45920, at *5).  ██████████████████████

████████████████████████████████████████████████████

International Rectifier was in no way acting at Infineon AG's agent at that time.

MACOM's ratification theory also lacks sufficient evidentiary support.  "Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him."  *Rakestraw v. Rodrigues*, 8 Cal. 3d 67, 73 (Cal. 1972).  Like agency, MACOM's ratification theory makes no sense because ██████████████ ████████ before Infineon AG acquired International Rectifier.  International Rectifier could not ██████████████████████████, and it

14

1   would not have been reasonable to believe that ███████████████

2   ██████████████████████████████████████████████████.

3         MACOM also wrongly alleges that ████████████████████████

4   ████████████████████████████████████████████████████.

5   Dkt. 65 at ¶ 35.  MACOM misleadingly characterizes the parties' 2015 and 2016

6   discussions as involving ████████  Dkt. 65 at ¶¶ 114, 116, 130, 134, 139, 141,

7   145, 147, 150.   In fact, the correspondence to which MACOM refers actually

8   involves ██████████████████████████████████████████[4]

9   *See* Williams Decl., Exs. 1-10.  ███████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ███████████████████████████████████.[5]  Lefort Decl. at

13  ¶¶ 7-8; Pelzer Decl. at ¶¶ 10-13.   Also contrary to MACOM's unsupported

14  allegations, ██████████████████████████████████████████

15  ████████████████.[6]  Lefort Decl. at ¶¶ 7-8; Pelzer Decl. at ¶¶ 10-13.  For these

16  reasons, MACOM has not presented sufficient evidence that ██████████████

17  ██████████████ under California law.  *See Rakestraw*, 8 Cal. 3d at 73.

18        Second, even beyond the jurisdictional issues, MACOM fails to plead

19  sufficient facts in support of its alter ego, agency, and ratification theories to state a

20  plausible claim upon which relief can be granted.  For example, MACOM's alter

21  _____

22  [4] MACOM amended its complaint to obfuscate these facts.  For example,
    MACO███████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24

25  [5] A ██████████████████████████████████████████████████

26  ███████████████████████████

27  [6] Furthermore, even ███████████████████████████████████

28  ████████████████████████████████████████████████████████

1  ego allegations are conclusory.  "Conclusory allegations of 'alter ego' status are

2  insufficient to state a claim" and "a plaintiff must allege specifically both elements

3  of alter ego liability as well as facts supporting each."  *Nielson v. Union Bank of*

4  *California*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  With respect to the

5  second prong of the alter ego test, MACOM alleges only that "[f]ailure to disregard

6  Infineon AG and Infineon Americas' purported separate identities would result in

7  an injustice to MACOM."  Dkt. 65 at ¶ 32.  MACOM does not allege any facts

8  supporting this conclusory allegation.  Because MACOM is also bringing its

9  contract  claims  against  █████████████████████████████████████████

10  ████████████████, there is no inequitable result.  In deciding whether MACOM

11  has stated a claim upon which relief can be granted, the Court is not required to

12  accept as true "allegations that are merely conclusory, unwarranted deductions of

13  fact, or unreasonable inferences."  *whiteCryption*, 2015 WL 3799585, at *2 (citing

14  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).  MACOM's

15  conclusory allegations cannot withstand a motion to dismiss.  *See, e.g.,* Dkt. 65 at

16  ¶¶ 19, 31, 32, 35.

17  **III.  MACOM's  declaratory  judgment  of  non-infringement  should  be**
18  **dismissed.**

19  **A.  MACOM cannot establish specific jurisdiction for its claim for**
    **declaratory judgment of non-infringement.**

20  MACOM cannot establish specific jurisdiction for its claim for declaratory

21  judgment of non-infringement (the fifth claim for relief) because MACOM cannot

22  point to any contacts by Infineon AG in the forum out of which MACOM's claim

23  arises.  *See Yahoo!*, 433 F.3d at 1205-206.  Claims arise out of forum-related

24  activities if the claims would not have arisen "but for" the defendant's contacts with

25  the forum.  *Unocal,* 248 F.3d at 924.  ████████████████████████████████

26  ████████████████  Pelzer Decl. at ¶ 9.  ████████████████████████████

27  ███████████████████████████████████████████████████████████████████

28

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

LeFort Decl. at ¶ 6. ██████████████████████████████

████████████ cannot have any contact that constitutes a "but for" cause of MACOM's claim for declaratory judgment of non-infringement. *See Certainteed Corp. v. Knauf Insulation, SPRL*, 849 F. Supp. 2d 67, 76 (D.D.C. 2012) (finding lack of personal jurisdiction over a defendant in a declaratory judgment action for non-infringement where the defendant did not own the patents at issue).

### B. MACOM cannot show an actual case or controversy and fails to state a claim upon which relief can be granted.

████████████████████████████████████, MACOM also cannot show an actual case or controversy involving Infineon AG over MACOM's claim for declaratory judgment of non-infringement. *See Certainteed Corp.*, 849 F. Supp. 2d at 76. For the same reason, MACOM fails to states a claim upon which relief can be granted. In addition, MACOM's fifth claim for relief should also be dismissed for the reasons discussed in Infineon America's motion to dismiss (filed on the same day as this motion and incorporated by reference).

## IV. MACOM's claim for intentional interference with contractual relations should be dismissed.

### A. MACOM cannot establish specific jurisdiction for its claim for intentional interference with contractual relations.

MACOM improperly tries to transform a claim for breach of contract against Infineon Americas into a tort claim against its indirect parent corporation Infineon AG. As with the other claims, MACOM cannot establish specific jurisdiction for its claim for intentional interference with contractual relations because MACOM cannot point to any contacts by Infineon AG in the forum, out of which MACOM's claim arises. Specific jurisdiction based on an intentional tort "requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Washington Shoe Co. v. A-z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012).

1    Although MACOM alleges in its FAC that ███████████████████

2    ████████████████████████████████████████████████

3    (Dkt. 65 at ¶ 27), ██████████████████████████████

4    ████████████████████████████████████████████████

5    ████████    Moreover, MACOM does not even allege ██████████

6    █████████████████    Even if MACOM could establish those two things,

7    merely making telephone calls to a forum is insufficient for specific jurisdiction.

8    *Sher v. Johnson*, 911 F.2d 1357, 1362-63 (9th Cir. 1990); *see also Market/Media*

9    *Research, Inc. v. Union Tribune Publ'g*, 951 F.2d 102, 105-06 (6th Cir. 1991).

10   Moreover, █████████████████████████████████████

11   ████████████████████████████████████████████████

12   ███████████████████████████████████    LeFort Decl. at

13   ¶¶ 7-8; Pelzer Decl. at ¶¶ 10-13.   Thus, ██████████████

14   ██████████████    for purposes of specific jurisdiction.   In addition,

15   MACOM's tortious interference claim cannot arise from ███████████

16   ████████████████████████████████████████████████

17   ████████    *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)

18   (holding that when "an advisor," such as an attorney, "is motivated in part by a

19   desire to benefit his principal, his conduct in inducing a breach of contract should

20   be privileged.").

21   MACOM alleges that Infineon AG purposefully availed itself of this

22   jurisdiction by ████████████████████████████████████

23   ██████████████████████████    As explained above, ██████████

24   ████████████████████████████████████████████████

25   ████████████████    *See supra* Section II.A.   Moreover, ██████████ do not

26   constitute a contact by Infineon AG with California and thus cannot be used to

27   establish specific jurisdiction.   *See* LeFort Decl. at ¶¶ 7-8; Pelzer Decl. at ¶¶ 10-13;

28   *Los Angeles Airways*, 687 F.2d at 328 .

18

1    Furthermore, █████████████████████████████████████████

2    ████████████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████

4    ██████████████████████████████████   Williams Decl. at Ex. 8.   MACOM

5    alleges "[o]n information and belief" that ████████████████████████

6    ████████████████████████████████████████████████████████████

7    ███████████   Dkt. 65 at ¶¶ 237-240.   Because MACOM fails to allege facts in

8    support of these conclusory allegations, the Court should not treat these allegations

9    as true.  *In re Gilead,* 536 F.3d at 1055.   Further, ███████████████████

10   ████████████████████████████████████████████████████████████

11   ███████████████████████████████████   LeFort Decl. at ¶¶ 7-8; Pelzer

12   Decl. at ¶¶ 10-13.   Similarly, ████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ███████████████████████████████████   (Dkt. 65 at ¶¶ 237-240).

15   LeFort Decl. at ¶¶ 7-8; Pelzer Decl. at ¶¶ 10-13.   MACOM bears the burden of

16   establishing personal jurisdiction by a preponderance of the evidence and cannot

17   carry this burden on "information and belief" where, as here, the jurisdictional facts

18   are both conclusory and disputed, ██████████████████████████████

19   █████████████████████   *See Flynt*, 734 F.2d at 1392.

20   **B.    MACOM fails to state a claim upon which relief can be granted.**

21   Even accepting MACOM's allegations as true, Infineon AG's actions with

22   respect to ██████████████████████   cannot amount to intentional tortious

23   interference as a matter of law for two independent reasons.   First, the financial

24   interest privilege bars MACOM's claim against Infineon AG.     Second, the

25   manager's privilege bars MACOM's claim against Infineon AG.

26

27

28

19

**1.    The financial interest privilege bars MACOM's claim for intentional interference with contractual relations.**

The financial interest privilege bars MACOM's claim against Infineon AG for intentional interference with contractual relations.   The financial interest privilege provides that "[o]ne who has a financial interest in the business of another is privileged purposely to cause him not to enter into or continue a relation with a third person in that business if the actor (a) does not employ improper means, and (b) acts to protect his interest from being prejudiced by the relation." *Sade Shoe Co. v. Oschin & Snyder*, 162 Cal. App. 3d 1174, 1181 (Cal. Ct. App. 1984) (quoting Restatement (First) of Torts § 769).[7]   California authorities apply the financial interest privilege to claims for intentional interference with contract.  *See Collins v. Vickter Manor, Inc.*, 47 Cal. 2d 875, 883 (Cal. Ct. App. 1957); *Sade Shoe Co.*, 162 Cal. App. 3d at 1180-81; *Culcal Styleco, Inc. v. Vornado, Inc.*, 26 Cal App. 3d 879, 882-83 (Cal. Ct. App. 1972);  *Kozlowsky v. Westminster Nat'l Bank*, 6 Cal. App. 3d 593, 598-99 (Cal. Ct. App. 1970).  Federal district courts in the Ninth Circuit  have  applied  the  financial  interest  privilege  to  claims  for  tortious interference with contract.  *See Stonebrae, L.P. v. Toll Bros., Inc.*, No. C-08-221 EMC, 2008 WL 2157000, *8 (N.D. Cal. May 21, 2008) (analyzing California law); *Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1306 (E.D. Cal. 1996).

Infineon AG has a "financial interest" in the business of Infineon Americas. Infineon AG is an indirect parent company to Infineon Americas.  LeFort Decl. at ¶¶ 2-4.  MACOM alleges that the Infineon Americas is a  subsidiary of Infineon AG.  Dkt. 65 at ¶ 13 ("Infineon Americas is a wholly-owned subsidiary of Infineon AG.").   Infineon AG's ownership interest in Infineon Americas is the kind of financial interest that satisfies the privilege.  *See Stonebrae*, 2008 WL 2157000 at *6 (holding that a parent company's ownership interest in a subsidiary satisfies the

---

[7] Plaintiffs brings their claim under California state law.  Dkt. 65 at ¶ 7.

privilege);  *Culcal Stylco, Inc.*, 26 Cal. App. 3d 879, 882-83 (Cal. Ct. App. 1972) (concluding that parent had a financial interest in subsidiary so as to render alleged interference with subsidiary's license agreement privileged).

Based on the allegations in MACOM's FAC, both elements of the financial interest privilege are satisfied.  First, ████████████████████████████████████ ██████████████████████████████████████.  "Improper means" means something more than a parent directing the conduct of its subsidiary. *Stonebrae*, 2008 WL 2157000 at *5-8.  It refers to conduct, "such as by pressuring the person influenced by an illegal boycott or abusing a fiduciary relationship."  *Id.* (citing Restatement (Second) of Torts § 769, comment d).  Although MACOM alleges that ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████ Dkt. 65 at ¶ 235. Thus, if MACOM's allegations are accepted as true, ██████████████████ ████████████████████████████████████████████ ████

Based on MACOM's FAC, ████████████████████████████ ████████████████████████████████████████████ ██████████████████████████ In its FAC, MACOM alleges that ████████████████████████████████████████████████ Dkt. 65 at ¶ 6. ████████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████

21

Dkt. 65 at ¶ 148.  Again, MACOM's allegations are precisely the kind of purposes that meet the intent requirements of the financial interest privilege.

These facts are analogous to *Stonebrae, L.P. v. Toll Brothers, Inc.*   In *Stonebrae*, the plaintiff sued two affiliated companies:  it sued a subsidiary for breach of contract and the subsidiary's parent for having induced the subsidiary to breach the contract.  *Stonebrae*, 2008 WL 2157000 at *1.  The Northern District of California dismissed the claim against the parent because, based on the facts appearing on the face of the complaint, the financial interest privilege applied to the actions of the parent.  *Id.* at *5-8.  As in *Stonebrae*, MACOM fails to state a claim against Infineon AG for interference with contractual relations because, based on MACOM's FAC, the financial interest privilege applies to Infineon AG.

### 2. The manager's privilege bars MACOM's claim for intentional interference with contractual relations.

Affiliated corporations may consult and counsel one another regarding a contract to which one of them is a party.  For this reasons, courts generally have held that a parent corporation cannot be held liable for tortious interference with contract when the parent directs its wholly-owned subsidiary to breach a contract that is no longer in the subsidiary's economic interest to perform unless the parent corporation employs wrongful means or acts with an improper purpose.  *See, e.g., Boulevard Assoc. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1036 (2d Cir. 1995) (collecting case law and noting that courts have "uniformly found that a parent company does not engage in tortious conduct when it directs its wholly-owned subsidiary to breach a contract that is no longer in the subsidiary's economic interest to perform," and recognizing an exception when the plaintiff proves improper motive or improper means); *T.P. Leasing Corp. v. Baker Leasing Corp.*,

22

732 S.W.2d 480, 483 (Ark. 1987) ("[A] parent corporation's privilege permits it to interfere with another's contractual relations when the contract threatens a present economic interest of its wholly owned subsidiary, absent clear evidence that the parent employed wrongful means or acted with an improper purpose"); *Waste Conversion Sys., Inc. v. Greenstone Indus.*, 33 S.W.3d 779, 784 (Tenn. 2000) (holding that a parent corporation has a privilege to cause a wholly-owned subsidiary to breach a contract and, further, that the parent loses its privilege if it acts contrary to its subsidiary's economic interests or employs wrongful means).

California courts have applied a so-called "manager's privilege" in this context.  For example, in *Harrison Ventures, L.L.C. v. Alta Mira Treatment Center L.L.C.*, the plaintiff sued Alta Mira Treatment Center (AMTC) for breach of several lease agreements and AMTC's parent company, Dual Diagnosis Management, for tortious interference with those lease agreements.  *Harrison Ventures, L.L.C. v. Alta Mira Treatment Center L.L.C.*, No. C 10-00188 RS, 2010 WL 1929566,*1-2 (N.D. Cal. May 12, 2010).  The Northern District of California dismissed the claim for tortious interference under Rule 12(b)(6) because the manager's privilege applied to the parent company's actions.  *Id.* at *7.  The court held that "the privilege applies anytime a business advisor counsels his principal to breach a contract that he reasonably believes to be harmful to his principal's best interest."  *Id.* at *6 (internal quotation omitted).  Moreover, "the privilege applies even when 'the advisor is motivated **in part** by a desire to benefit his principal.'"  *Id.* (quoting *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)).  Because the complaint alleged that the parent company owned and controlled the subsidiary, the court found that these allegations are "undoubtedly sufficient" to position the parent company as the type of advisor to whom the manager privilege generally applies. *Harrison Ventures,* 2010 WL 1929566 at *6.  In addition, the court found that the complaint also established the mental state by alleging that the decision to terminate

1    was made for business purposes.  *Id.*   Thus, the court dismissed the intentional

2    interference claim under Rule 12(b)(6).

3          Similarly, MACOM's intentional interference claim should be dismissed

4    under Rule 12(b)(6) because MACOM's FAC establishes all the elements of the

5    manager's privilege.   First, ██████████████████████████████████████████

6    ███████████████████████████████████████████████████████████████████████

7    █████████████████████████████████   Dkt. 65 at ¶¶ 121, 235.  As in *Harrison*

8    *Ventures*, these allegations are sufficient to make Infineon AG the type of advisor

9    to whom the manager's privilege applies.   Second, MACOM's FAC alleges that

10   ███████████████████████████████████████████████.  Dkt. 65 at ¶¶ 4,

11   6,34, 112, 148. 155-163, 175, and 239.

12         Furthermore, given that MACOM's only specific factual allegations in

13   support of its claim for intentional interference relate to ████████████████████

14   █████████████████████████████████████, MACOM's FAC provides

15   an even stronger case of the application of the manager's privilege.  *See* Dkt. 65 at

16   ¶¶ 121-122; Pelzer Decl. at ¶¶ 10-13.  California courts have clearly held that such

17   legal advice is protected under the manager's (also referred to as advisor's)

18   privilege.  *See Los Angeles Airways*, 687 F.2d at 326 (holding that an attorney can

19   claim the protection of the privilege to induce breach of contract when he "provides

20   his advice in the course or his representation of a client" because "[a]ttorneys are

21   frequently called upon by their clients to provide advice regarding the validity of

22   contracts and the consequences of their breach."); *Schick v. Lerner*, 193 Cal. App.

23   3d 1321, 1329 (Cal. Ct. App. 1987) (holding that "absent extraordinary

24   circumstances, an attorney may not be held liable for urging a client to breach a

25   contract with some third party" because "public policy dictates that attorneys must

26   remain free to counsel their clients without fear of subjecting themselves to liability

27   as a result of the proper discharge of their professional obligations," that "[c]lients

28   as well must feel free to seek out an attorney's advice on any issue at any time," and

24

"[a]ny rule to the contrary would constitute a serious impairment to the attorney-client relationship, and a resulting deleterious effect on the administration of justice.").

For these reasons, MACOM's allegations establish all elements of the manager's privilege.  MACOM's intentional interference claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### 3.   MACOM's does not allege sufficient facts in support of its conclusory legal conclusions

To survive a Rule 12(b)(6) motion to dismiss, MACOM must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id* at 555 (internal quotation and citation omitted); *see also In re Gilead,* 536 F.3d at 1055; *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).   MACOM's FAC improperly relies on conclusory legal conclusions unsupported by factual allegations.  For example, MACOM alleges that ███████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████  Dkt. 65 at ¶ 238.  There are no specific factual allegations in support of these conclusory legal conclusions.  The Court should reject MACOM's allegations that are "merely conclusory," based on "unwarranted deductions of fact" and "unreasonable inferences." *In re Gilead Sciences*, 536 F.3d at 1055.

### CONCLUSION

Infineon AG respectfully requests that the Court dismiss MACOM's FAC against Infineon AG for lack of personal jurisdiction, for lack of subject-matter jurisdiction, and for failure to state a claim upon which relief can be granted.

1

2    Dated:  August 17, 2016          JEFFERY D. BAXTER
                                      BAKER BOTTS LLP

3

4

5                                     By: /s/ *Jeffery D. Baxter*
                                          Jeffery D. Baxter

6                                         Attorney for Defendant

7                                         Infineon Technologies AG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT INFINEON TECHNOLOGIES AG'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT