Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Jonathan M. James (admitted *pro hac vice*)
JJames@perkinscoie.com
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**ATTORNEYS FOR PLAINTIFFS**
(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**MACOM'S RESPONSE TO INFINEON'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AMANDA TESSAR** |

133170198.1

1  Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC

2  (collectively, "MACOM"), hereby submit their response to the Evidentiary

3  Objections to Declaration of Amanda Tessar (ECF No. 121-6) filed by Defendants

4  Infineon Technologies AG ("Infineon AG") and Infineon Technologies Americas

5  Corp. ("Infineon Americas") (collectively, "Infineon").

6  **RESPONSE TO INFINEON'S OBJECTIONS**

7  Infineon objects to a single sentence in Paragraph 2 of Ms. Tessar's

8  declaration, which states "Mr. Michlovich told me to contact Michael

9  Guntersdorfer at Infineon AG in Germany to discuss the agreements, because

10  Infineon AG was in charge of and controlling the decisions relating to them."

11  Infineon's only objection is that it claims this statement is hearsay.  This argument

12  is meritless.

13  **1.     The Statement Of A Party Opponent Is Not Hearsay**

14  Fed. R. Evid. 801 provides that a statement offered against an opposing party

15  is not hearsay if it "was made by a person whom the party authorized to make a

16  statement on the subject" or "was made by the party's agent or employee on a

17  matter within the scope of that relationship and while it existed."  Both exceptions

18  apply here.

19  **a.     Infineon Americas And Mr. Michlovich Are Agents Of Infineon AG**

20  Mr. Michlovich's statement is not hearsay as to Infineon AG pursuant to Fed.

21  R. Evid. 801(d)(2)(D) because Mr. Michlovich and Infineon Americas are agents of

22  Infineon AG, and it was within the scope of Mr. Michlovich's employment as in-

23  house counsel to Infineon Americas to tell MACOM's counsel who they should

24  speak to regarding the relevant agreements.  "The statement of a subsidiary may be

25  attributed to its corporate parent, consistent with agency theory, where the parent

26  dominates the activities of the subsidiary."  *Big Apple BMW, Inc. v. BMW of N.A.,*

27  *Inc.*, 974 F.2d 1358, 1373 (3d Cir. 1992) (reversing summary judgment because

28

1    court should have admitted statements of subsidiary which created issues of fact

2    that precluded summary judgment for parent).  MACOM has set forth extensive

3    allegations and supporting evidence regarding the agency relationship between

4    Infineon AG and Infineon Americas.  [FAC at ¶¶18-38; ECF No. 114 at 3-4, 13-

5    20.]  These allegations are supported by significant evidence, including Infineon

6    AG's public statements and actions, such as its statements in its annual report and

7    press releases indicating that it has taken over the business of International Rectifier

8    ("IR") and now holds the rights to IR's patents.  [FAC at ¶¶20-25; *see also id.*at

9    ¶¶113-29.].  The agency relationship is further demonstrated by Infineon AG's

10    arguments ***in its motion to dismiss*** that it has an agency relationship with Infineon

11    Americas.  [ECF No. 114 at 22-23 (describing Infineon AG's argument that it is

12    privileged to interfere with Infineon Americas due to agency relationship).]

13       At this stage, the existence of an agency relationship rendering the statement

14    admissible is a question pursuant to Fed. R. Evid. 104(a).  Fed. R. Evid. 104(a) (in

15    deciding admissibility of evidence "the court is not bound by evidence rules, except

16    those on privilege").  Agency need not be proved by a preponderance of evidence,

17    but rather mere "substantial evidence."  *Hilao v. Est. of Marcos*, 103 F.3d 767, 775

18    (9th Cir. 1996) (existence of an agency relationship under Rule 104(a) must be

19    proved by "substantial evidence but not by a preponderance of the evidence").  As

20    described above, MACOM's response to Infineon AG's motion to dismiss sets

21    forth more than "substantial" evidence demonstrating Infineon AG and Infineon

22    Americas' agency relationship.

23       The only case Infineon cites in support of its argument is a 1980 case from

24    the Eastern District of Pennsylvania that involved determinations on the

25    admissibility of evidence at trial related to core liability issues in an antitrust case—

26    not a motion to dismiss for lack of jurisdiction where the parties have not yet had

27    opportunity for discovery.  *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*,

28    505 F. Supp. 1190, 1210 (E.D. Pa. 1980), *aff'd in part, rev'd in part sub nom.  In re*

*Japanese Elec. Products Antitrust Litig.*, 723 F.2d 238 (3d Cir. 1983), *rev'd sub nom. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This procedural posture in *Zenith* was quite different from this case, and, in any event, other courts have rejected the analysis in *Zenith*, finding it "too stringent and confining." *U.S. v. Am. Tel. and Tel. Co.*, 74-1698, 1981 WL 2047, at *4–5 (D.D.C. Apr. 9, 1981) (finding that there was a "close functional relationship" among the subsidiaries of a parent corporation and that it would be "highly artificial" to separate out statements of employees of various subsidiaries).

**b.      Mr. Michlovich Was Authorized To Make Statements On Behalf Of Infineon AG About The Parties' Agreements**

Mr. Michlovich's statement is also admissible under Fed. R. Evid. 801(d)(2)(C) because Mr. Michlovich had the authority from Infineon AG to tell MACOM that he lacked the authority to negotiate the agreements, and that MACOM's counsel should speak to Infineon AG. This is evident from the documents Infineon AG has submitted, for example, showing Mr. Michlovich directing MACOM's counsel to contact Infineon AG. [*See* Williams Decl., Ex. 21.] In addition, MACOM presented evidence that Mr. Michlovich was the party who directed MACOM to add two Infineon AG employees as signatories to the agreement involving Infineon AG attached as Exhibit 3 to MACOM's First Amended Complaint. [Tessar Decl. ¶4.] In its objection, Infineon AG points to no evidence controverting the fact that Mr. Michlovich had authority to speak on behalf of Infineon AG, at least with respect to who MACOM's counsel should speak with at Infineon AG regarding the agreements, nor does it point to any evidence that Mr. Michlovich was acting outside the scope of his employment when he made the statement. Accordingly, Mr. Michlovich's statement is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(C).

**2.      Mr. Michlovich's Statement Should Be Admitted Under Fed. R. Evid. 807**

Finally, Mr. Michlovich's statement should be admitted under Rule 807.

Statements may be admitted under this rule where (1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice. Fed. R. Evid. 807.  Here, all of these requirements are met.  As to (1), Mr. Michlovich's statement has guarantees of trustworthiness given that Infineon did not submit any evidence—including testimony from the only other party to the conversation, Mr. Michlovich—refuting that Mr. Michlovich made that statement. Furthermore, the statement is supported by documentary and other evidence showing that Mr. Michlovich was speaking on behalf of Infineon AG.  [*See* Williams Decl., Ex. 21, Tessar Decl. ¶4.]  As to (2), Mr. Michlovich's statements about Infineon AG's control over the parties' agreements are highly material to the issues raised in Infineon AG's motion to dismiss.  Further, as to (3), Mr. Michlovich's statement is one of the most probative pieces of evidence MACOM could obtain in light of the stage of this case, where no discovery has yet been taken.  Finally, as to (4), admitting this statement will serve the interests of justice. MACOM has not yet been able to take any discovery, and Infineon should not be permitted to use a technicality and a corporate shell game to avoid being held accountable for its actions, particularly where it has failed to present any testimony from Mr. Michlovich (or any other evidence for that matter) refuting that he made this statement.

DATED:  October 11, 2016      **PERKINS COIE LLP**

By: */s/ Amanda Tessar*
     Lara J. Dueppen, Bar No. 259075
     LDueppen@perkinscoie.com
     PERKINS COIE LLP
     1888 Century Park East, Suite 1700
     Los Angeles, CA 90067-1721
     Telephone:  310.788.9900
     Facsimile:  310.788.3399

     Jonathan M. James (*pro hac vice*)
     JJames@perkinscoie.com
     PERKINS COIE LLP
     2901 North Central Avenue, Suite 2000
     Phoenix, AZ  85012-2788
     Telephone:  602.351.8000
     Facsimile:  602.648.7000

     Amanda Tessar (*pro hac vice*)
     ATessar@perkinscoie.com
     Elizabeth Banzhoff (*pro hac vice*)
     EBanzhoff @perkinscoie.com
     PERKINS COIE LLP
     1900 Sixteenth Street, Suite 1400
     Denver, CO  80202-5255
     Telephone:  303.291.2300
     Facsimile:  303.291.2400

     Philip A. Morin, Bar No. 256864
     PMorin@perkinscoie.com
     PERKINS COIE LLP
     11988 El Camino Real, Suite 350
     San Diego, CA  92130-2594
     Telephone:  858.720.5700
     Facsimile:  858.720.5799

     Daniel T. Keese, Bar No. 280683
     DKeese@perkinscoie.com
     PERKINS COIE LLP
     1120 N.W. Couch Street, 10th Floor
     Portland, OR  97209-4128
     Telephone:  503.727.2000
     Facsimile:  503.727.2222

     Morgan Chu (State Bar No. 70446)
     (mchu@irell.com)
     Joseph M. Lipner (State Bar No. 155735)
     (jlipner@irell.com)
     Ellisen Turner (State Bar No. 224842)
     (eturner@irell.com)
     IRELL & MANELLA LLP
     1800 Avenue of the Stars, Suite 900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Los Angeles, CA 90067-4276
Telephone:  310-277-1010
Facsimile:  310-203-7199

Nima Hefazi (State Bar No. 272816)
(nhefazi@irell.com)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Telephone:  949-760-0991
Facsimile:  949-760-5200

**ATTORNEYS FOR PLAINTIFFS**