UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) [REDACTED] PLAINTIFFS MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. AND NITRONEX, LLC'S MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY (Dkt. 224, filed January 30, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of March 20, 2017 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On April 26, 2016, plaintiffs MACOM Technology Solutions Holdings, Inc. ("MACOM"), and Nitronex, LLC filed the instant action against defendants Infineon Technologies AG ("AG") and Infineon Technologies Americas Corp. ("Americas"). Dkt. 1. The gravamen of plaintiffs' complaint is that defendants breached the intellectual property purchase agreement and the license agreement entered into in 2010 by Nitronex Corporation (the predecessor-in-interest to MACOM) and International Rectifier Corporation (the predecessor-in-interest to Americas).[1]

In their first amended complaint ("FAC"), plaintiffs asserted eight claims for relief: (1) breach of contract for wrongful termination of a 2010 license agreement; (2) breach of contract for marketing and preparing for sale of products within plaintiffs' "exclusive field" under the terms of to the 2010 license agreement; (3) a declaration that the 2010 license agreement has not been terminated; (4) breach of the covenant of good faith and

---

[1] On February 13, 2014, MACOM announced its acquisition of Nitronex; Nitronex became a wholly-owned subsidiary of MACOM. Dkt. 170 ¶ 101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

fair dealing implied in the 2010 license and intellectual property ("IP") purchase agreements; (5) a declaration of non-infringement; (6) breach of the 2010 intellectual IP purchase agreement; (7) a declaration that defendants may not transfer to a third party the patents covered by the 2010 agreements without MACOM's consent; and (8) if AG is not subject to plaintiffs' breach of contract claims, intentional interference with contractual relations against AG.  Dkt. 65 ("FAC").

On October 31, 2016, the Court issued an order in which the Court: (a) denied AG's motion to dismiss plaintiffs' FAC to the extent AG argued that the Court lacked personal jurisdiction; (b) granted without prejudice AG's motion to dismiss plaintiffs' first, second, third, fourth, fifth, and seventh claims for relief; (c) granted without prejudice Americas' motion to dismiss plaintiffs' fifth claim for relief to the extent the claim relied on unidentified products; (d) otherwise denied Americas' motion to dismiss plaintiffs' fifth claim for relief; (e) denied AG's motion to dismiss plaintiffs' eighth claim for relief; and (f) denied Americas' motion to dismiss plaintiffs' second claim for relief. Dkt. 140.  In addition, the Court granted plaintiffs' request for a preliminary injunction against Americas and directed plaintiffs to submit a proposed order detailing the injunctive relief plaintiffs sought.  Id.

On November 16, 2016, the Court issued a proposed injunction and requested that the parties serve any objections.  Dkt. 158.  After receiving briefing on the Court's proposed order, the Court issued a preliminary injunction against Americas on December 7, 2016.  Dkt. 177 ("Original Preliminary Injunction").  On January 3, 2017, Americas appealed to the Federal Circuit Court of Appeals this Court's order granting plaintiffs' motion for a preliminary injunction.  Dkt. 193.

On November 28, 2016, plaintiffs filed the operative second amended complaint. Dkt. 170 ("SAC").  On December 30, 2016, Americas and AG filed motions to dismiss certain claims in the SAC.  Dkts. 186, 187.  On February 28, 2017, the Court issued an order (a) denying Americas' motion to dismiss plaintiffs' second and fifth claims for relief, along with plaintiffs' contingent claims for the relief based on rescission; and (b) denying AG's motion to dismiss plaintiffs' eighth claim for relief.  Dkt. 271.  The Court ordered defendants to file an answer within fourteen days of the date of its order. Id.  On March 9, 2017, defendants filed an ex parte application to continue the deadline to answer by ten days.  Dkt. 280.  On March 10, 2017, the Court granted defendants' ex parte request for a continuance.  Dkt. 281.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

On January 5, 2017, Americas filed a motion to stay pending appeal or to modify a portion of the Court's Original Preliminary Injunction. Dkt. 200. On March 6, 2017, the Court denied Americas' request to stay the injunction. Dkt. 277. However, the Court granted Americas' motion to modify the injunction and issued a Modified Preliminary Injunction. Id.

On January 30, 2017, plaintiffs filed a motion for leave to take expedited discovery regarding defendants' potential violations of the preliminary injunction. Dkt. 224 ("Motion"). Defendants filed their opposition on March 2, 2017, dkt. 268 ("Opp'n"), and plaintiffs filed their reply on March 6, 2017, dkt. 274 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

## II.   LEGAL STANDARDS

"Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)." Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." In re Countrywide, 542 F. Supp. 2d at 1179; Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); see also Qwest Commc'ns Int'l, Inc., 213 F.R.D. at 419 ("[A] party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."); Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Expedited discovery is not the norm. Plaintiff must make some *prima facie* showing of the *need* for the expedited discovery.").

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" In re Countrywide, 542 F. Supp. 2d at 1179 (quoting Semitool, Inc., 208 F.R.D. at 276). In

---

[2] The Court and the parties are familiar with the facts of the case, which are set forth in detail in the Court's prior orders. See dkts. 271, 277.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012)

### III. DISCUSSION

Plaintiffs request that the Court permit them to take expedited discovery regarding defendants' potential violations of the Court's preliminary injunction. The Modified Preliminary Injunction provides, in relevant part:

> [T]he 2010 License Agreement shall remain in full force and effect and that defendant Infineon Technologies Americas Corp.'s purported termination of that agreement on March 22, 2016 shall have no effect.
>
> . . .
>
> Consistent with existence of a valid License Agreement, Infineon Americas may not offer to sell, sell, or service products in MACOM's Exclusive Field (as defined by the under-seal 2010 License Agreement) that practice the Nitronex Patents, nor may Infineon Americas directly or indirectly market, sell, or service products in the Exclusive Field that practice the Nitronex Patents.[3] In addition, Infineon Americas may not grant licenses or sublicenses to the Licensed Patents (identified in Schedule A to the 2010 License Agreement) to design, develop, make, have made, use, market, sell or service products in the Exclusive Field or Field of Use (as defined by the 2010 License Agreement) that practice the Nitronex Patents, including but not limited to the grant of such licenses to its corporate affiliates. In accordance with the positions set forth in the parties' briefs, nothing in this order shall prevent Infineon Americas from designing, making, having made, using, offering to sell, selling, or servicing gallium nitride-on-silicon

---

[3] Before modification on March 6, 2017, Americas was also prohibited from designing or developing products in the Exclusive Field. See Original Preliminary Injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

carbide (GaN-on-SiC) products, or from directly or indirectly marketing, selling, or servicing such products.

Dkt. 277 at 25–26 (footnote added). Plaintiffs seek to make discovery requests related to:

(1) Infineon's statements, representations, and communications to customers, the media, investors (and investment analysts), and affiliates since October 31, 2016 relating to GaN-on-Si products, Infineon's intellectual property rights, and/or MACOM generally; and

(2) Infineon's design, development, manufacturing, and marketing activities related to GaN-on-Si RF products since October 31, 2016, including the design of and its actual and intended uses for applications and any GaN-on-Si products and wafers.

Motion at 14.

Plaintiffs argue that good cause exists for expedited discovery into the activities listed above because defendants' communications to the public and to Infineon and MACOM's mutual customers "create substantial questions about whether Infineon is complying with the Preliminary Injunction." Id. at 10–11. Plaintiffs point to the following evidence suggesting that Infineon is marketing products within MACOM's exclusive field, in contravention of both the Original and Modified Preliminary Injunction:

- **\*\*\* [REDACTED] \*\*\***

- On February 27, 2017, Infineon issued a press release marketing GaN-on-Si RF power amplifier products for cellular basestations. Reply at 2; Dkt 272-4 ("February Press Release"). The press release provides:

    > Infineon Technologies AG . . . now leverages the 4G experience and enables the 5G vision for cellular infrastructure and mobile devices by providing the leading RF technologies and key building blocks. Infineon provides the highly efficient and integrated architecture that 5G systems demand. As proprietary of the broadest portfolio available in the market serving the wide 5G

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

> frequencies spectrum, Infineon combines: *High efficiency RF power technologies*, namely GaN-on-SiC and *GaN-on-Si* for integrated architectures above 6 GHz[4] and LDMOS for price competitive and high ruggedness sub 6 GHz systems.

February Press Release (footnote and emphasis added).

- Infineon has reportedly marketed GaN-on-Si basestation products at a trade show in Barcelona, Spain. Reply at 3. On its website, Infineon invited people to attend the Mobile World Congress—"the largest gathering for the mobile industry"—where Infineon asserted that it would host a "5G RF power demo," i.e., a demonstration of Infineon's "5G . . . base station/transmitter[.]" Dkts. 272-6, 274-7. A trade news website, Compound Semiconductor, reported that Infineon planned to show "high efficiency RF power technologies including GaN-on-SiC and *GaN-on-Si*" at the Mobile World Congress. Dkt. 272-5 (emphasis added).

Plaintiffs also point to indirect evidence suggesting that defendants are attempting to create the misimpression that MACOM lacks the necessary license rights to sell GaN-on-Si RF products. Motion at 4. For example, on December 20, 2016, Infineon issued a press release stating: "Infineon Americas terminated Macom's license in March 2016." Dkt. 222-3. However, the press release does not state that the Court ordered that the purported termination of the License Agreement has no effect. *** [REDACTED] ***

Plaintiffs contend that defendants conceded, in their motion to stay or modify the Original Preliminary Injunction, that Americas has engaged in design and development activity in contravention of the Original Preliminary Injunction. Motion at 7. For example, Americas sought "to stay or modify only the portion of the Court's order that limits Infineon Americas's design and development activities. This limited stay or modification is necessary to protect Infineon Americas's ongoing activities." Dkt. 200 at 21; see also id. at 22, 23 (referring to Americas' need to protect its "ongoing design and development activities").

---

[4] Six GHz is equivalent to 6000 MHz. MACOM's Exclusive Field includes most RF applications in the Field of Use that operate above 100 MHz in frequency, including cellular telephone infrastructure base stations and repeaters. SAC ¶¶ 89–90; dkt. 170-2 ("License Agreement") § 1.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

Finally, Plaintiffs express concern about Infineon Americas' opening of a new GaN manufacturing area within its epi wafer fabrication facility in Mesa, Arizona. Motion at 8. According to plaintiffs, defendants have failed to respond to MACOM's letter inquiring as to how the GaN wafers made at the Mesa facility would be used. Id.

Defendants broadly raise two arguments in opposition to plaintiffs' motion. First, defendants argue that expedited discovery is unwarranted because plaintiffs have failed to demonstrate that defendants have engaged in activities in violation of the Court's injunction. More specifically, defendants contend that MACOM is responsible for any uncertainty surrounding its intellectual property rights because MACOM has publicly stated that the outcome of this litigation could affect MACOM's rights associated with GaN-on-Si technology. Opp'n at 4; 9–10. Defendants also question the reliability of Virk's testimony. Id. at 11. *** [REDACTED] *** Defendants assert that none of the evidence plaintiffs put forth suggests that Americas has violated the Court's injunction at its Mesa facility. Id. at 17–18. Finally, defendants assert that Americas did not concede, in its motion to stay or modify the Original Preliminary Injunction, that it is developing GaN-on-Si products. Id. at 20. According to defendants, plaintiffs' request for discovery regarding defendants' design and development activity is mooted by the Court's modification of the Original Preliminary Injunction. Id. at 20–21.

Second, defendants contend that plaintiffs' request for discovery is overbroad, in part because plaintiffs fails to provide the actual discovery requests they intend to serve. Opp'n at 5–6; 15, 22. Defendants note, for example, that plaintiffs seek Infineon's statements not only to customers, but also to defendants' own corporate affiliates, without explaining why plaintiffs require discovery into internal communications among Infineon subsidiaries. Id. at 15. Plaintiffs also seek statements regarding "Infineon's intellectual property rights" and do not limit their inquiry to the licensed patents that are the subject of the Court's injunction. Id. at 16. Defendants argue that the timeframe of plaintiffs' requested discovery is too broad because plaintiffs seek statements made since October 31, 2016 – before the Original Preliminary Injunction was issued on December 7, 2016. Id. Finally, defendants argue that plaintiffs' discovery inquiry regarding "design of and its actual and intended uses for applications and any GaN-on-Si products and wafers" improperly includes GaN-on-Si *power management* products, which are outside the Field of Use and the Exclusive Field, and therefore not subject to the Court's injunction. Id. at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

Having carefully considered the evidence that plaintiffs set forth—and keeping in mind defendants' request to continue the deadline to file an answer—the Court concludes that good cause exists for expedited discovery. Particularly, the Court finds that plaintiffs have demonstrated that defendants may have violated the Court's injunctions by (a) designing and developing products in MACOM's Exclusive Field while the Court's Original Preliminary Injunction was in effect; and (b) marketing products in MACOM's Exclusive Field.

However, the Court agrees with defendants that plaintiffs' request for discovery is overbroad. Accordingly, plaintiffs may conduct discovery directed to the following subjects:

(1) Americas' design and development activities related to GaN-on-Si RF products in MACOM's Exclusive Field from December 7, 2016 through March 6, 2017;

(2) Defendants' statements, representations, and communications to customers, the media, investors (and investment analysts) relating to GaN-on-Si RF products in MACOM's Exclusive Field since December 7, 2016; and

(3) Defendants' marketing activities related to GaN-on-Si RF products in MACOM's Exclusive Field since December 7, 2016.

Plaintiffs may serve up to fifteen requests for production concerning these issues. The fifteen requests are defined to include any subparts to the requests. Defendants shall have one week to respond to plaintiffs' written requests and two additional weeks to complete its production of responsive documents. In addition, plaintiffs shall have up to twenty hours of depositions on the expedited discovery topics. The parties are directed to confer in good faith regarding the timing and location of depositions, which should be set promptly upon a request by plaintiffs.

Plaintiffs request that the Court make clear that MACOM may make discovery requests of AG, along with Americas (which is the subject of the injunction), because AG is on notice that it is prohibited from acting in concert with Americas to violate the injunction. Motion at 15. In addition, plaintiffs ask the Court to clarify that Americas and AG may not refuse to produce documents or witnesses based on arguments that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | March 17, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

requested materials are in possession of, or the requested employees are employed by, other Infineon entities. Id. The questions of whether AG has acted in concert with Americas to violate Court's injunction and whether defendants are in control of the materials and employees relevant to plaintiffs' discovery requests are not presently before the Court. The Court therefore finds it inappropriate to address these issues preemptively.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion, subject to the limitations identified above.

IT IS SO ORDERED.

                                                              00 : 00
Initials of Preparer         CMJ