**[REDACTED] CIVIL MINUTES – GENERAL    'O'**

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) - **[REDACTED]** MACOM'S MOTION FOR CIVIL CONTEMPT AND SANCTIONS FOR INFINEON AMERICAS' VIOLATION OF PRELIMINARY INJUNCTION (Filed July 24, 2017, dkt. 341)

## I.    INTRODUCTION

On April 26, 2016, plaintiffs MACOM Technology Solutions Holdings, Inc. ("MACOM"), and Nitronex, LLC filed the instant action against defendants Infineon Technologies AG ("Infineon AG") and Infineon Technologies Americas Corp. ("Infineon Americas"). Dkt. 1. The gravamen of plaintiffs' complaint is that defendants breached an intellectual property ("IP") purchase agreement and license agreement entered into in 2010 by Nitronex (the predecessor-in-interest to MACOM) and International Rectifier Corporation ("IR") (the predecessor-in-interest to Infineon Americas).

On October 31, 2016, the Court granted plaintiffs' request for a preliminary injunction against Infineon Americas. Dkt. 140. The Court entered the preliminary injunction on December 7, 2016. Dkt. 177. On January 3, 2017, Infineon Americas appealed this Court's order granting plaintiffs' motion for a preliminary injunction to the Federal Circuit Court of Appeals. Dkt. 193. On January 5, 2017, Infineon Americas filed a motion to stay pending appeal or modify a portion of the Court's preliminary injunction. Dkt. 200. On March 6, 2017, the Court denied the stay request but granted Infineon Americas' motion to modify the preliminary injunction. Dkt. 277.

On March 17, 2017, the Court granted plaintiffs' motion for leave to take expedited discovery concerning potential preliminary injunction violations by Infineon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL             'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

Americas. Dkt. 284. On August 7, 2017, plaintiffs' filed the instant motion for civil contempt and sanctions. Dkt. 363 ("Mot."). On August 11, 2017, Infineon Americas filed its opposition, dkt. 369 ("Opp'n"), and plaintiffs filed a reply on August 17, 2017, dkt. 376 ("Reply"). With the Court's permission, Infineon Americas filed a surreply on August 21, 2017, dkt. 377, and plaintiffs filed a rebuttal on August 22, 2017, dkt. 379. The Court held a hearing on August 28, 2017. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The Court and parties are familiar with the facts alleged by plaintiffs and the procedural history of this case. Nonetheless, the Court will summarize plaintiffs' allegations in the operative second amended complaint ("SAC") and review the preliminary injunction orders before addressing the instant motion.

### A. The Allegations in the SAC

Nitronex Corporation (the predecessor-in-interest to MACOM) developed a semiconductor (material that conducts electrical current only under certain conditions) using gallium nitride ("GaN") to form the epitaxial layer of the semiconductor and silicon ("Si") to form the substrate (or wafer) for the semiconductor ("GaN-on-Si" or "GaN/Si"). Dkt. 170 ("SAC") ¶¶ 1, 40-41, 52-53. Nitronex used GaN-on-Si semiconductors to develop radio frequency ("RF") devices for use in mobile communications. Id. ¶¶ 54-59. Nitronex obtained more than 35 U.S. patents based on its work with gallium nitride. Id. ¶ 63.

In 2010, Nitronex and IR (the predecessor-in-interest to Infineon Americas) entered into an IP purchase agreement and license agreement. Id. ¶ 78; dkt. 170-1 ("IP Purchase Agreement"). The IP Purchase Agreement assigns to IR 54 U.S. and international patents and applications and the right to file related applications and requires Nitronex and IR to work together to enforce the Nitronex Patents.[1] SAC ¶¶ 79-83. The 2010 license agreement provides Nitronex a license to the Nitronex Patents, and a sole right to sublicense them. Id. ¶ 88; dkt. 170-2 ("License Agreement"). The License

---

[1] Thirty-two U.S. patents and applications, along with related applications filed by IR and any patents that issued from these applications comprise the "Nitronex Patents." SAC ¶ 85.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

Agreement permits *only* Nitronex and IR to practice in certain parts of the "Field of Use" for GaN-on-Si RF devices. SAC ¶ 88; License Agreement. The License Agreement also provides Nitronex with the exclusive right to practice the Nitronex Patents, including as against IR, within Nitronex's "Exclusive Field." SAC ¶ 89; License Agreement. Nitronex's Exclusive Field includes most RF applications in the Field of Use, except those that operate solely below 100MHz in frequency, including cellular telephone base stations. SAC ¶¶ 89-90; License Agreement. The License Agreement prohibits either party to the agreement from assigning, selling, or otherwise transferring an interest or obligation under the License Agreement without the consent of the other party. Any assignment in violation of that provision is void. License Agreement § 12.12.

The License Agreement also includes a negative covenant with respect to IR: "IR itself may not directly or indirectly market, sell or service Products in the Exclusive Field and IR may not grant further licenses or sublicenses to any other party under the Licensed Patents to design, develop, make, have made, use, market, sell or service Products in the Field of Use." License Agreement § 2.1; SAC ¶ 91. The License Agreement does not include a negative covenant in which Nitronex promises to refrain from practicing the Nitronex Patents outside its fields of use. SAC ¶ 92. Nitronex and IR may terminate the License Agreement only for a material breach that is not cured within 30 days of receipt of written notice of such a breach. Id. ¶ 95; License Agreement § 7.1.

In June 2012, Nitronex was acquired by GaAs Labs, converted into a limited liability company and renamed Nitronex LLC. SAC ¶ 99. On February 13, 2014, MACOM announced the purchase of Nitronex, LLC from GaAs Labs and Nitronex LLC became a wholly-owned subsidiary of MACOM. Id. ¶ 101. MACOM had been selling gallium nitride-on-silicon carbide ("GaN-on-SiC") products since 2011, before its acquisition of Nitronex. Id. ¶ 126. On January 13, 2015, Infineon AG acquired IR. Id. ¶ 109. IR changed its name to Infineon Technologies Americas Corp. Id. ¶ 17. Infineon Americas is a wholly owned subsidiary of Infineon AG. Id.

Plaintiffs allege that after Infineon AG acquired IR, Infineon AG attempted to disrupt or renegotiate the Nitronex–IR agreements. Id. ¶ 113. During telephone calls between the parties, plaintiffs allege that Infineon representatives stated that Infineon believed MACOM was infringing on unidentified Nitronex Patents by selling GaN-onSiC devices. Id. ¶ 124. In a February 2, 2016 letter to MACOM, Infineon complained of MACOM's GaN-on-SiC sales and asserted that such sales were a material breach of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

License Agreement that would allow Infineon to terminate that agreement. Id. ¶ 143. In a letter dated March 22, 2016, Infineon purportedly terminated the License Agreement. Id. ¶ 147. Soon thereafter, plaintiffs initiated this action. Plaintiffs allege that Infineon's purported termination was without cause, done in bad faith, and pretextual. Id. ¶ 148. Plaintiffs further allege that Infineon has been promoting and/or marketing GaN-on-Si RF products for use in cellular base station applications—activities that are within MACOM's Exclusive Field—in violation of the License Agreement. Id. ¶ 163-64.

### B. The Preliminary Injunction

On October 31, 2016, the Court issued an order which, inter alia, granted plaintiffs' request for a preliminary injunction against Infineon Americas. Dkt. 140 (the "October 2016 Order").[2] The Court further ordered that, pending trial, Infineon Americas may not take "any action inconsistent with existence of a valid License Agreement." Id.

On November 16, 2016, the Court issued a proposed injunction and requested that the parties serve any objections. Dkt. 158. On December 7, 2016, after receiving briefing on the Court's proposed injunction, the Court issued a preliminary injunction against Infineon Americas. Dkt. 177 ("Original Preliminary Injunction"). On January 5, 2017, Infineon Americas filed a motion to stay pending appeal or to modify a portion of the Court's Original Preliminary Injunction. Dkt. 200. On March 6, 2017, the Court denied Infineon Americas' request to stay the injunction. Dkt. 277. However, the Court granted its motion to modify the injunction and issued a Modified Preliminary Injunction. Id. The Modified Preliminary Injunction provides, in relevant part:

> [T]he 2010 License Agreement shall remain in full force and effect and that defendant Infineon Technologies Americas Corp.'s purported termination of that agreement on March 22, 2016 shall have no effect.
>
> . . .

---

[2] In addition, as relevant here, the Court denied Infineon AG's motion to dismiss for lack of personal jurisdiction. However, the Court granted Infineon AG's motion to dismiss based on lack of subject matter jurisdiction because Infineon AG was not a signatory to the IP Purchase and License Agreements and plaintiffs failed to adequately allege that Infineon AG may be held liable for the actions of its subsidiary, Infineon Americas, under an alter ego, agency, or ratification theory. See October 2016 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **[REDACTED] CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

*Consistent with existence of a valid License Agreement, Infineon Americas may not offer to sell, sell, or service products in MACOM's Exclusive Field* (as defined by the under-seal 2010 License Agreement) *that practice the Nitronex Patents, nor may Infineon Americas directly or indirectly market, sell, or service products in the Exclusive Field that practice the Nitronex Patents*. In addition, Infineon Americas may not grant licenses or sublicenses to the Licensed Patents (identified in Schedule A to the 2010 License Agreement) to design, develop, make, have made, use, market, sell or service products in the Exclusive Field or Field of Use (as defined by the 2010 License Agreement) that practice the Nitronex Patents, including but not limited to the grant of such licenses to its corporate affiliates. Nothing in this order shall prevent Infineon Americas from designing, making, having made, using, offering to sell, selling, or servicing gallium nitride-on-silicon carbide (GaN-on-SiC) products, or from directly or indirectly marketing, selling, or servicing such products.

*Infineon shall, within ten days from the date of issuance of this Preliminary Injunction, provide notice and a copy of this Preliminary Injunction to all subsidiaries, affiliates, officers, directors, employees, principals, agents, customers, and attorneys that may have any involvement whatsoever in designing, developing, making, having made, using, marketing, selling, servicing, or licensing products in the Exclusive Field or Field of Use that use the Nitronex Patents*, as well as any other person or entity acting in active concert or participation with Infineon Americas with respect to any of the activities enjoined here.

Dkt. 277 (emphasis added). Before the preliminary injunction was modified on March 6, 2017, Infineon Americas was also prohibited from designing or developing products in the Exclusive Field that practice the Nitronex Patents. See Original Preliminary Injunction.

### C. Expedited Discovery

On March 17, 2017, the Court granted plaintiffs' motion for leave to take expedited discovery concerning potential preliminary injunction violations by Infineon Americas. Dkt. 284. Plaintiffs offer the following evidence in support of the instant motion to hold Infineon Americas in contempt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **[REDACTED] CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

*** [REDACTED] ***

## III. LEGAL STANDARDS

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." California Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)). A party requesting an adjudication of civil contempt must establish "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." Stone v. City and County of San Francisco, 968 F.2d 850, 856 n.9 (9th Cir. 1992). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." Id. The respondent's conduct "need not be willful" to violate a court order, and there is "no good faith exception to the requirement of obedience." In re Dual–Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993) (Dual–Deck). However, a respondent may avoid being found in contempt by demonstrating that their failure to comply with a court order was "based on a good faith and reasonable interpretation of the order." Id. Substantial compliance also is a defense; "[i]f a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in paragraphs (A) or (B). "A party may also be held liable for knowingly aiding and abetting another to violate a court order." Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y (Sea Shepherd), 774 F.3d 935, 945 (9th Cir. 2014) (citing Regal Knitwear Co. v. NLRB, 324 U.S. 9, 14 (1945). "As a result, a party to an injunction who assists others in performing forbidden conduct may be held in contempt, even if the court's order did not explicitly forbid his specific acts of assistance." Id. at 948.

## IV. DISCUSSION

Plaintiffs contend Infineon Americas should be held in contempt for violating the preliminary injunction on several grounds. First, plaintiffs argue that Infineon Americas

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

has attempted to sidestep the injunction by shifting prohibited marketing and development of GaN-on-Si RF products overseas and by aiding and abetting its foreign affiliates. Mot. at 3-10, 17-20. Second, plaintiffs allege Infineon Americas and its affiliates have engaged in "false negative marketing" in violation of the preliminary injunction by making misleading statements to the public and its customers. Id. at 13-15. Third, plaintiffs argue that Infineon Americas failed to provide adequate notice of the preliminary injunction to any of its customers. Id. at 12-13. Plaintiffs allege that these violations harmed MACOM and warrant severe corrective, financial, and evidentiary sanctions. Id. at 24-25. The Court addresses plaintiffs' allegations in turn.

### A. Aiding and Abetting Corporate Affiliates' Allegedly Prohibited Marketing and Development Activities

Plaintiffs argue that Infineon Americas cannot circumvent the preliminary injunction by shifting prohibited GaN-on-Si RF development and marketing activities to its foreign corporate affiliates, which plaintiffs contend acted with Infineon Americas' knowledge, approval, and cooperation. Plaintiffs argue clear and convincing evidence demonstrates that Infineon Americas knowingly aided and abetted prohibited activities by its affiliates. Mot. at 17-18; see also Sea Shepherd, 774 F.3d at 940-52 (holding conservation organization in contempt for aiding and abetting violation of injunction prohibiting it and any party acting in concert with it from physically attacking or approaching whalers' vessels; the organization provided material support to its foreign affiliates including vessels and funds with the intent to cause a violation of the injunction, and its assistance proximately caused those violations).

Infineon Americas contends that plaintiffs fail to prove any violation of the preliminary injunction by clear and convincing evidence because none of the allegedly prohibited activities involved GaN-on-Si RF "products" within the Exclusive Field that practice the Nitronex Patents. Opp'n at 11-18. *** [REDACTED] *** Second, Infineon Americas argues that the GaN-on-Si wafer design analyzed by plaintiffs' expert does not qualify as a "product" with the Exclusive Field, which is limited to "RF devices that . . . have the primary functions of transmission, reception, generation, and/or detection of RF signals." License Agreement §§ 1.2, 1.3; Opp'n 12-13. Third, Infineon Americas argues that plaintiffs' infringement analysis of the wafer design is flawed, and accordingly plaintiffs fail to prove that any potential future GaN-on-Si RF product would practice the Nitronex Patents. Opp'n 13-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

Infineon Americas notes that to resolve plaintiffs' contempt motion, "this Court must engage in a claim construction analysis." Opp'n at 13 fn. 15. Plaintiffs do not dispute this contention, and the parties accordingly submitted expert declarations and have briefed the claim construction issues at length. See Schubert Decl. ¶¶ 99-216; Shealy Decl. ¶ 86, 112-135; Opp'n at 13-16; Reply at 14-21; Surreply at 5-10; Rebuttal at 2-7. At oral argument, Infineon Americas argued that the Court could deny the motion, without reference to the patent claims, on the ground that plaintiffs failed to prove any marketing or development of a "product" within the Exclusive Field. However, at this juncture, the Court finds that it must construe the relevant Nitronex patent claims before it can determine whether Infineon Americas or its corporate parent and affiliates violated the preliminary injunction by engaging in allegedly prohibited GaN-on-Si RF product development and marketing. The Court declines to do so until it receives guidance from the Federal Circuit regarding the preliminary injunction at issue. Accordingly, the Court denies plaintiffs' motion for contempt on these grounds without prejudice, to being renewed after the Federal Circuit has issued its decision.

### B. "False Negative Marketing" and Conduct Inconsistent with the Existence of a Valid License Agreement

Plaintiffs also argue that Infineon Americas should be held in contempt for making "false and misleading" statements to customers by way of its December 20, 2016 press release *** [REDACTED] *** However, the preliminary injunction does not include any language prohibiting Infineon Americas from issuing press releases or discussing this case with customers. Nevertheless, plaintiffs allege that Infineon Americas' actions constitute "false, negative marketing" in violation of the injunction. Id. at 12-13. The Court finds no such prohibition in the injunction. Plaintiffs also indicate that the Court— in granting plaintiffs' motion for a preliminary injunction on October 31, 2016— ordered that, "pending trial, Infineon Americas not take any action inconsistent with existence of a valid License Agreement." October 2016 Order; Reply at 12. The Court's October 2016 Order was intended to preserve the status quo until the Court could finalize the preliminary injunction on December 7, 2016. The Court therefore declines to consider holding Infineon Americas in contempt for actions that postdated issuance of the preliminary injunction and were not specifically prohibited under its terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

## C. Failure to Give Notice of the Preliminary Injunction to Customers

\*\*\* [REDACTED] \*\*\* Infineon Americas failed to produce any other documents demonstrating that it provided notice of the injunction to other customers at any time. Infineon Americas effectively concedes this point, and instead asserts that it "had no duty to provide the injunction to any customers." Opp'n at 23. The preliminary injunction requires notice "to all . . . customers . . . that may have any involvement whatsoever in designing, developing, making, having made, using, marketing, selling, servicing, or licensing products in the Exclusive Field or Field of Use that use the Nitronex Patents." Modified Preliminary Injunction.

\*\*\* [REDACTED] \*\*\*

Infineon America's contention that it never "marketed" GaN-on-Si RF "products" to any customers is inconsistent with the plain meaning of the preliminary injunction.[3] It is also inconsistent with the Infineon website's own description of its "marketing" activities: "Our colleagues in Product Marketing are involved in many things: from price settings to product developments, and always close to the customer." Ex. 73. In addition, the License Agreement broadly defines "products" as "devices, components, modules, systems, semiconductor dies, packaged semiconductor devices, system-on-chip devices or parts that are made for applications with the Field of Use." License Agreement § 1.7. \*\*\* [REDACTED] \*\*\* This type of interaction constitutes "marketing" of a "product" under any reasonable interpretation of the preliminary injunction.

The Court also disagrees that it must construe the patent claims to resolve whether Infineon Americas violated the preliminary injunction's notice requirement. This provision was drafted in the broadest possible terms consistent with the License Agreement. It applies to all customers that "*may* have any involvement whatsoever in designing, developing, making, having made, using, marketing, selling, servicing, or

---

[3] "Marketing" is defined as the "process or technique of promoting, selling, and distributing a product or service." *Marketing*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/marketing (last accessed August 28, 2017). A "product" is defined as "something produced by physical or intellectual effort." *Product*, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/product (last accessed August 28, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

licensing products in the Exclusive Field or Field of Use that use the Nitronex Patents." Modified Preliminary Injunction (emphasis added). This phrase is broad enough to include any current or prospective customers of GaN-on-Si RF products that may operate within Exclusive Field and that the Court may later determine practice the Nitronex Patents after the claims are construed. Infineon Americas did not seek clarification from the Court regarding its notice obligations. See Dkt. 200. Instead, Infineon Americas chose noncompliance and now attempts to avoid the plain meaning of the injunction by determining for itself who should have received notice based on its own claim constructions and restrictive definitions of "product" and "marketing."

The Court finds clear and convincing evidence that Infineon Americas failed to comply with the preliminary injunction's notice requirements. However, Court declines to hold Infineon Americas in contempt at this time. The Court nonetheless orders Infineon Americas to provide notice and a copy of the preliminary injunction as modified on March 6, 2017 to all customers "that may have any involvement whatsoever in designing, developing, making, having made, using, marketing, selling, servicing, or licensing products in the Exclusive Field or Field of Use that use the Nitronex Patents." This includes all current and prospective customers of GaN-on-Si RF products that may operate within the Exclusive Field, including but not limited to Ericsson, Huawei, and Nokia. The letter proposed by plaintiffs is overly broad. Accordingly, the parties are directed to meet and confer to draft a letter that complies with the preliminary injunction's notice provision.

## V.     CONCLUSION

For the reasons discussed herein, plaintiffs' motion for contempt and sanctions is **DENIED without prejudice** until Infineon Americas' appeal to the Federal Circuit has been decided, at which time plaintiffs may re-new their motion.

The parties are directed to meet and confer to draft a letter that Infineon Americas shall send, with a copy of the preliminary injunction as modified on March 6, 2017, to those customers covered by the preliminary injunction's notice provision, including but not limited to Ericsson, Huawei, and Nokia. The parties are directed to submit the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **[REDACTED] CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-02859-CAS(PLAx) | Date | September 1, 2017 |
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. V. INFINEON TECHNOLOGIES AG ET AL. | | |

proposed letter, form of the preliminary injunction, and a list of recipients to the Court by September 8, 2017.

**IT IS SO ORDERED.**

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |