UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:16-CV-02859-CAS(PLAx) | Date | February 7, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

   Amanda Tessar

   Daniel Keese

Attorneys Present for Defendants:

   Jeffrey Baxter

**Proceedings:** STATUS CONFERENCE ORDER RE: MATTERS DISCUSSED ON CLAIM CONSTRUCTION

On February 7, 2018, the parties appeared for a Status Conference on Claim Construction. Based on the discussion with the parties at the Status Conference, the Court rules the following:

The parties are ORDERED to meet and confer by February 12, 2018 to discuss whether they can agree to narrow the number of proposed terms for construction and streamline their disputes regarding claim construction.

The parties are ORDERED to file a Supplemental Joint Report Regarding Claim Construction by noon on February 14, 2018. The Supplemental Joint Report should identify whether the parties have reached agreement on any additional claim construction disputes. The Supplemental Joint Report should also explain each parties' position regarding if and why construction of each of Infineon's Proposed Claim Terms 5, 7, 8, 9, 11, 13, 14, and 15 is necessary. In explaining their respective positions regarding each these claim terms, each party should explain whether the construction of the particular term is dispositive of any matters in controversy in the case. Such an explanation will likely require each party to explain the relevance of its proposed construction to its infringement/non-infringement position and/or its validity/invalidity position.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-CV-02859-CAS(PLAx) | Date | February 7, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

The parties are ORDERED to exchange claim construction evidence disclosures by February 16, 2018. In those disclosures, each party should identify all references from the specification or prosecution history that support each of its proposed constructions and designate any supporting extrinsic evidence. Any extrinsic evidence identified in the disclosures should be either identified by production number or produced if not previously produced. These disclosures should also include an identification of any expert witness that a party intends to rely on to support its claim construction positions and a description of the substance of that witness' proposed testimony.

In response to a request for guidance on appropriate page limits for the parties' claim construction briefs, the Court sets the following page limits:

- Each party's memorandum in support of its opening claim construction brief may not exceed thirty pages;
- Each party's expert declarations in support of its opening claim construction brief may not exceed thirty pages *cumulatively*;
- Each party's memorandum in support of its responsive claim construction brief may not exceed fifteen pages;
- To the extent a party deem it necessary to submit rebuttal expert declaration(s) in support of its responsive claim construction brief, any rebuttal declarations may not exceed fifteen pages *cumulatively*.

If a party desires to bring an expert witness to provide live testimony at the Claim Construction Hearing, that party must file a request with the Court at least seven days before the Hearing.

While the Court declines to address the parties' estoppel dispute at this time, the Court nonetheless finds that there is a relevant claim construction issue regarding the bases of any arguments by Infineon that a particular claim term is indefinite. As part of the parties' claim construction briefs, each party should state its position as to why the indefiniteness arguments could not have been presented prior to the Supreme Court's determination in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120, 189 L. Ed. 2d 37 (2014).

IT IS SO ORDERED.

|  | 00 : 27 |
|---|---|
| Initials of Preparer | CMJ |