Amanda Tessar (*pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**ATTORNEY FOR PLAINTIFFS**
(Additional Counsel Listed on Signature Page)

DAVID G. WILLE (*pro hac vice*)
  david.wille@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: 214.953.6500 Fax: 214.953.6503

**ATTORNEY FOR DEFENDANTS**
(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation, and,<br><br>Defendants. | Case No. CV16-02859-CAS (PLAx)<br><br>**SUPPLEMENTAL JOINT REPORT REGARDING CLAIM CONSTRUCTION**<br><br>Hearing Date: February 7, 2018<br><br>Complaint Filed:       April 26, 2016<br>Discovery Cutoff:     June 29, 2018<br>Pre-Trial Conference: Feb. 4, 2019<br>Trial Date:                 Feb. 26, 2019 |

Pursuant to the Court's order dated February 9, 2018 (Dkt. 423), Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively, "MACOM") and Defendants Infineon Technologies Americas Corp. and Infineon Technologies AG (collectively, "Defendants") respectfully submit the following Supplemental Joint Report Regarding Claim Construction.

Below, the two sides present a single dispute regarding whether Defendants' Disputed Term 9 should be included in the terms for construction. In addition, both sides jointly present options for a revised claim construction schedule, depending on the Court's preferences with respect to whether it wishes to hear live expert testimony.

## I. Terms for Construction

### A. MACOM's Position

In the parties' joint report to the Court dated January 19, 2018, Infineon proposed that the Court construe fifteen separate claim terms—*i.e.*, at least one for every one of the fifteen patent claims that MACOM asserts. In essence, Infineon took the position that *every single one* of the fifteen claims has one or more terms that are ambiguous or need special definition. MACOM, by contrast, proposed that the Court construe one claim term. Infineon's approach is one that is commonly attempted by accused infringers, who typically wish to find ways to construe every claim asserted against them narrowly, in hopes of creating noninfringement arguments for themselves. Nevertheless, courts have discretion to limit the number of terms to be construed, and it need not agree to hear either any particular number of disputes or "disputes" that are not plausible. *MyMedical Records, Inc. v. Walgreen Co.*, No. 2:13–cv–00631–ODW, 2014 WL 2931695 at *1 (C.D. Cal. June 27, 2014) (citing In re Katz Interactive Call Processing Patent Litig., 693 F.3d 1303, 1313 (Fed. Cir. 2011) (district courts have inherent power to control their dockets, including by limiting the number of claim terms for construction); *see also*

*e.g., Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902-903 (Fed. Cir. 2011)); *Sparks Networks USA, LLC v. Humor Rainbow, Inc.*, No. 2:11–cv–01430–JHN–JEMx, 2011 WL 7277589 at *3-*4 (C.D. Cal. July 7, 2011) (ordering the parties to limit the number of terms for construction to no more than five terms in claim construction connected to summary judgment briefing).

At the hearing on Wednesday, February 7th, the Court questioned the need for it to construe each of the many terms that Infineon had proposed and ordered the parties to confer again regarding Infineon's proposed term numbers 5, 7-9, 11, and 13-15. In effect, the Court was asking whether there are ***legitimate*** disputes as to the meaning of those terms. The parties have now conferred, and Infineon has agreed to not to seek construction for claim terms 5, 7-8, 11, and 13-15 at this time. But it maintains that claim term 9 ("an amorphous silicon nitride-based material layer formed directly on the entire top surface of the silicon substrate"), which is found in claim 41 of the '015 patent, needs to be construed. MACOM disagrees.

The "term" that Infineon proposes for construction is not a "term" at all. Nor is it even properly described as a "phrase." It is instead eighteen words long (longer than many sentences) and comprises almost an entire claim element. (*See* '015 patent, at Claim 36, 41.) Although the goal of claim construction is to resolve questions or disputes that may exist about the meaning of a particular claim term, it is not credible to suggest that an entire claim element should be wholesale construed—and permitting this approach would unnecessarily burden and drag down these proceedings.

This is particularly true given that the Court *has* agreed to construe a portion of Infineon's proposed "term" number 9 that falls within it ("on the entire top surface of the silicon substrate")—*i.e.*, MACOM's single term proposed for construction. Infineon's claim term 9 includes that language, along with other words that surround it. Thus, in part, any alleged need for Infineon's longer claim

term 9 is subsumed by the Court's confirmation that it will construe the shorter term.

Defendants suggest that the "term" 9 nevertheless needs to be construed because the parties agree that there is more than one way to form an amorphous silicon nitride layer. That is true, but misses the point. The goal of any claim construction proceeding is to determine what claim terms mean, either because there is some ambiguity or because the patentee has acted as her own lexicographer and attributed a special meaning to particular words or because there is otherwise some objective uncertainty about the scope of a claim term. ***Infineon does not and cannot credibly allege that any of those situations exists here.*** Instead, it simply hopes to obtain an insupportably narrow and results-driven construction that is divorced from the language of the patent by limiting Claim 41 to a specific formation technique (construing "formed" to mean only one type of formation). It will then presumably argue that it does not infringe because it uses a different formation technique than the one now required under its unduly narrow proposed construction. But, merely announcing that there is a dispute as to scope does not mean that there is a legitimate dispute, nor does it obligate this Court to construe any particular claim term. *See, e.g., Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) (distinguishing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008) and finding no error by district court in declining to construe term where no construction was needed because the plain and ordinary meaning of the disputed claim language was clear); *see also, e.g.*, *Warner Chilcott Co., LLC v. Mylan Inc.*, CIV.A. 11-6844 JAP, 2013 WL 3336872, at *3 (D.N.J. July 2, 2013) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); U.S. Surgical Corp. v. Ethicon, Inc., 103 F.3d 1554, 1568 (Fed.Cir.1997)) ("A court is not required to construe a claim term where there is not an actual dispute with respect to that term."); *Natl. Oilwell Varco, L.P. v. Auto-Dril, Inc.,* 5:09CV85, 2011 WL

3648532, at *6 (E.D. Tex. Aug. 16, 2011) ("While it is a district court's duty is to construe the claims, part of this duty is to determine the extent which to construction is even necessary. With regard to meaning, where additional language may be unduly limiting, confusing, or redundant, it is in a court's power to determine that no construction is necessary."). It is perhaps understandable that Infineon hopes to use claim construction here to try to obtain narrow constructions that support hoped-for noninfringement arguments, but there is no legitimate dispute as to the meaning of the Infineon's proposed term 9, and MACOM therefore asks the Court to decline to construe it.[1]

### B. Defendants' Position

At the hearing on Wednesday, February 7, the Court indicated that it would address Defendants' Disputed Terms 1–4, 6, 10, and 12 listed in the Joint Report Regarding Claims Construction (Dkt. 418). In addition to those terms, Defendants ask that the Court also address Defendants' Disputed Term 9. That term and the parties' proposed constructions are reproduced below.

| Term | MACOM's Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "an amorphous silicon nitride-based material layer formed directly on the entire top surface of the silicon substrate"<br><br>'015 Patent Claim 41 | A non-crystalline silicon nitride-based material layer formed on essentially the entire top surface of the silicon substrate, with no intervening layer, although minor defects might exist. | An amorphous silicon nitride-based material deposited as a separate layer on the entire top surface of the substrate rather than converting the top surface of the |

---

[1] MACOM also asks the Court to reject the suggestion made in Infineon's footnote 3 below that it need not separately focus on the one and only term that MACOM proposed for construction because that issue can supposedly be resolved within the wider context of the issue that Infineon, instead, wishes to present. MACOM has submitted only one term for construction, and Infineon's tactics to eliminate or minimize attention on that single issue in favor of its over-long list of narrowing constructions should be rejected.

| | | substrate to silicon nitride-based material. |
|---|---|---|

Term 9 embodies a significant, substantive dispute that the Court should resolve. As both sides explained in their technology tutorials, the specification of the '015 Patent describes two processes for forming a silicon nitride layer: (1) conversion and (2) deposition. The parties, however, dispute whether Claim 41 covers both those processes. Defendants contend that Term 9 is directed to deposition and does not cover conversion. MACOM contends that Term 9 encompasses both conversion and deposition. This dispute as to whether Claim 41 is limited to deposition is significant because Defendants contemplate that their manufacturing process will not use deposition. If Claim 41 is limited to deposition as Defendants contend, such a construction would be dispositive as to all asserted claims[2] of the '015 Patent.[3]

MACOM does not deny there exists a dispute as to whether Claim 41 covers only deposition as Defendants contends or covers both deposition and conversion as MACOM contends. MACOM also does not deny that resolution of this dispute may be dispositive as to the underlying infringement issues.

---

[2] The only asserted claims of the '015 Patent are Claims 14 and 41. Claim 14 uses similar language and thus embodies the same conversion/deposition dispute. *See* Term 8 in the Joint Report Regarding Claim Construction, Dkt. 418. By construing Claim 41, the Court would also resolve the same dispute about conversion and deposition with respect to Claim 14.

[3] MACOM has requested that the Court construe only a portion of Term 9, "on the entire surface of the silicon substrate." Although the Court could construe that language separately, the Court could also address that language in the context of Term 9. Indeed, MACOM's construction of Term 9 includes its construction of "on the entire surface of the silicon substrate." Thus, by addressing Term 9, the Court can resolve the above dispute about conversion and deposition, as well as MACOM's attempt to substitute "essentially the entire" for "the entire" in the phrase "on the entire surface of the silicon substrate."

Because the parties present an actual dispute regarding the scope of this claim term—and one that would be dispositive of MACOM's infringement claims—the Court has a duty to resolve the dispute through claim construction. In *O2 Micro Int'l Ltd. v. Beyond Innovation Technology Co.*, the Federal Circuit found that a district court erred by refusing to resolve the parties' dispute at to claim scope. 521 F.3d 1351, 1360-63 (Fed. Cir. 2008). The court explained that, under *Markman*, "[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, ***must*** resolve that dispute." *Id.* at 1360 (emphasis added); *see id.* at 1362 ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). MACOM invites error by leaving unresolved substantive disputes regarding claim scope

MACOM wrongly argues that Term 9 has too many words to be construed. Contrary to MACOM's argument, the dispute in *O2 Micro* related to an even longer limitation, "a feedback control loop circuit . . . adapted to generate a second signal pulse signal for controlling . . . [the] switches only if said feedback signal is above a predetermined threshold." *Id.* at 1356; *see also id.* at 1361 ("O2 Micro contends that this 'only if' limitation only applies during 'steady state operation,' while Defendants–Appellants contend that the 'only if' limitation applies at all times without exception.").

MACOM also wrongly argues that the parties' dispute about whether Claim 41 covers both conversion and deposition can be resolved in the context of the shorter phrase "on the entire surface of the silicon substrate." That makes no sense because the conversion and deposition dispute arises from the Term 9 language (which includes the word "formed"). That is why the only construction that addresses the conversion and deposition dispute is Defendants' construction of Term 9. MACOM's construction of the smaller term is focused solely on the meaning of "entire."

Third, MACOM wrongly argues that Defendants must show some special

lexicography or attribute some special meaning to the particular words of the claim language. MACOM's argument is plainly inconsistent with *O2 Micro*. In *02 Micro*, the Federal Circuit held that even if the words of a claim have an ordinary meaning, that may not resolve the parties' dispute as to the scope that should be given that claim language. *Id.* at 1361. Thus, Defendants do not have to show that any special meaning must be given to any particular words. The key issue is that there is a dispute as to the ***claim scope***: Defendants contend that Term 9 is limited to deposition and does not cover conversion, and MACOM apparently contends that Term 9 covers conversion. Unless MACOM agrees with Defendants that Term 9 is limited to deposition and does not cover conversion, there is a dispute as to claim scope that the Court must resolve.

Finally, because it cannot escape the fact that there is a real and significant dispute regarding claim scope, MACOM resorts to asking the Court to prejudge the merits of the parties' claim construction dispute without full briefing. In so doing, MACOM falsely characterizes Defendants' position as simply construing "formed" to mean one type of formation. That is not Defendants' position. Defendants' construction is based on the plain meaning of the entire limitation of Term 9 as a whole, as well as the specification. The Court should not deprive Defendants of the opportunity to present this dispute based on MACOM's cursory assessment of the merits of Defendants' position.

## II. Revised Claim Construction Schedule

Both sides agree that the claim construction schedule should be revised to allow an additional week for submission of opening claim construction briefs.[4] The Court's Status Conference Order (Dkt. 423) inserted a new deadline in the claim

---

[4] More accurately, Infineon requested extensions for the schedule, and MACOM agreed not to contest such extensions. MACOM's agreement is premised on the understanding that these short extensions to the claim construction proceedings will not be used as a pretext to extend the fact discovery cut-off or the broader case schedule.

construction schedule: the parties must exchange claim construction evidence by Friday, February 16.

The parties request that the deadline for opening claim construction briefs be moved one week from Friday February 23 to Friday, March 2. This additional time is necessary to accommodate the exchange of evidence and to adjust the opening expert declarations and briefs based on the Court's response to this Supplemental Report. This one-week extension will give the parties two weeks to complete opening expert declaration and briefs, just as the parties' schedule had originally contemplated. The below proposed schedules also allow an extra week for rebuttal briefs to accommodate spring break vacations for Defendants' counsel previously scheduled for the week of March 12.

The parties have also conferred regarding their preference for expert testimony at the Markman hearing. As the Court acknowledged at the February 7th status conference, such extrinsic evidence generally weighs less heavily in the claim construction analysis than the intrinsic record. Therefore, left to their own devices, the parties are willing to forgo such live hearing testimony completely. But—to the extent that the Court wishes to have experts testify in person, as was suggested might be the case at the February 7th status conference—the parties wish to accommodate that request. If experts will testify, however, the parties will correspondingly need the opportunity to depose them in advance, which would require additional time in the schedule. And, in that scenario, the parties have agreed that it makes sense to exchange rebuttal expert declarations in advance of any deposition and to hold the depositions prior to filing their rebuttal claim construction briefing.

The parties therefore seek the Court's guidance as to which path that it prefers: they can present live expert testimony if the Court will find that beneficial (although they would otherwise agree not to do so) or they can skip such testimony. Depending on which approach that the Court prefers, two different proposed

schedules – either of which would be acceptable to both parties – are presented below.  The attached proposed order provides the Court with the option of either schedule (as well as a blank to be filled in for the claim construction hearing, depending on the Court's availability and preferences).

|  | **Current Schedule** | **Proposed Schedule Without Live Testimony** | **Proposed Schedule With Live Testimony (if Court prefers)** |
|---|---|---|---|
| Exchange evidence disclosures | Fri. Feb. 16 | | |
| Opening claim construction brief and opening expert declarations | Fri. Feb. 23 | Fri. Mar. 2 | Fri. Mar. 2 |
| Parties exchange rebuttal expert declaration | Fri Mar. 9 | Fri Mar 23 (with rebuttal briefs) | Wed. Mar. 14th (in advance of rebuttal briefs and expert depositions) |
| Expert depositions complete |  | None | By Fri. Mar 23 (in advance of rebuttal briefs) |
| Rebuttal claim construction brief | Fri. Mar. 9 | Fri. Mar. 23 | Fri Mar. 30 |
| Claim construction hearing | Mon. Mar. 26 | Week of Apr. 9 (TBD based on Court's availability) | Week of Apr. 16 (TBD based on Court's availability) |

Note: "Exchange evidence disclosures" row: "Fri. Feb. 16" spans all three schedule columns.

Dated: February 14, 2018

By:  */s/ David G. Wille*
David G. Wille
Texas State Bar No. 00785250
E-mail: david.wille@bakerbotts.com
Jeffery D. Baxter
Texas State Bar No. 24006816

By:  */s/ Amanda Tessar*
Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

| | | |
|---|---|---|
| 1 | E-mail:  jeff.baxter@bakerbotts.com<br>Brian D. Johnston | Telephone: 310.788.9900<br>Facsimile: 310.788.3399 |
| 2 | Texas State Bar No. 24080965<br>E-mail:  brian.johnston@bakerbotts.com | Amanda Tessar (pro hac vice) |
| 3 | James C. Williams<br>Texas State Bar No. 24075284 | ATessar@perkinscoie.com<br>Elizabeth Banzhoff (pro hac vice) |
| 4 | E-mail: james.williams@bakerbotts.com<br>Charles Yeh | EBanzhoff @perkinscoie.com<br>PERKINS COIE LLP |
| 5 | Texas State Bar No. 24075319<br>E-mail:  charles.yeh@bakerbotts.com | 1900 Sixteenth Street, Suite 1400<br>Denver, CO 80202-5255 |
| 6 | BAKER BOTTS L.L.P.<br>2001 Ross Avenue | Telephone: 303.291.2300<br>Facsimile: 303.291.2400 |
| 7 | Dallas, Texas 75201<br>Telephone: (214) 953-6791 | Philip A. Morin, Bar No. 256864 |
| 8 | Facsimile:  (214) 953-6503 | PMorin@perkinscoie.com<br>PERKINS COIE LLP |
| 9 | Lind M. Burrow, Bar No. 194668<br>  *burrow@caldwell-leslie.com* | 11988 El Camino Real, Suite 350<br>San Diego, CA 92130-2594 |
| 10 | Alison Mackenzie, Bar No. 242280 | Telephone: 858.720.5700<br>Facsimile: 858.720.5799 |
| 11 |   *mackenzie@caldwell-leslie.com* | Daniel T. Keese, Bar No. 280683 |
| 12 | BOIES SCHILLER FLEXNER LLP<br>725 South Figueroa Street 31st Floor | DKeese@perkinscoie.com<br>PERKINS COIE LLP |
| 13 | Los Angeles, CA  90017-5524<br>Telephone:213-629-9040 | 1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128 |
| 14 | Fax:213-629-9022 | Telephone: 503.727.2000<br>Facsimile: 503.727.2222 |
| 15 | **ATTORNEYS FOR INFINEON**<br>**TECHNOLOGIES AMERICAS** | Morgan Chu (State Bar No. 70446) |
| 16 | **CORP. AND INFINEON**<br>**TECHNOLOGIES AG** | (mchu@irell.com)<br>Joseph M. Lipner (State Bar No. |
| 17 | | 155735)<br>(jlipner@irell.com) |
| 18 | | Ellisen Turner (State Bar No. 224842)<br>(eturner@irell.com) |
| 19 | | IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900 |
| 20 | | Los Angeles, CA 90067-4276<br>Telephone: 310-277-1010 |
| 21 | | Facsimile: 310-203-7199 |
| 22 | | Nima Hefazi (State Bar No. 272816)<br>(nhefazi@irell.com) |
| 23 | | IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400 |
| 24 | | Newport Beach, CA 92660<br>Telephone: 949-760-0991 |
| 25 | | Facsimile: 949-760-5200 |
| 26 | | **ATTORNEYS FOR PLAINTIFFS**<br>**MACOM TECHNOLOGY** |
| 27 | | **SOLUTIONS HOLDINGS, INC.**<br>**AND NITRONEX, LLC** |
| 28 | | |