1   Linda M. Burrow, Bar No. 194668
    burrow@caldwell-leslie.com
2   Alison M. Mackenzie, Bar No. 242280
    mackenzie@caldwell-leslie.com
3   CALDWELL LESLIE AND PROCTOR PC
    725 South Figueroa Street 31st Floor
4   Los Angeles, CA  90017-5524
    Telephone:  213-629-9040
5   Facsimile: 213-629-9022

6   David G. Wille (*pro hac vice*)
    david.wille@bakerbotts.com
7   Jeffery D. Baxter (*pro hac vice*)
    jeff.baxter@bakerbotts.com
8   Brian D. Johnston (*pro hac vice*)
    brian.johnston@bakerbotts.com
9   James C. Williams (*pro hac vice*)
    james.williams@bakerbotts.com
10  Charles Yeh (*pro hac vice*)
    charles.yeh@bakerbotts.com
11  BAKER BOTTS L.L.P.
    2001 Ross Avenue, Suite 600
12  Dallas, TX 75201
    Telephone:  214.953.6500
13  Facsimile:  214.953.6503

14  Attorneys for Defendants

15

16              IN THE UNITED STATES DISTRICT COURT

17           FOR THE CENTRAL DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and NITRONEX, LLC, | Case No. CV 16-02859 CAS (PLAx) |
| Plaintiffs, | **INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| v. | |
| INFINEON TECHNOLOGIES AG and INFINEON TECHNOLOGIES AMERICAS CORP., | **Hon. Christina A. Snyder** |
| Defendants. | |

1

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Defendant Infineon Technologies AG. ("Infineon AG") files this Answer and Affirmative Defenses ("Answer") to the Third Amended Complaint ("TAC") of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "Plaintiffs").[1]

## SUMMARY OF THE CASE

1.     Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 1 of the TAC, and therefore denies them.

2.     In 2010, Nitronex Corporation ("Nitronex") and International Rectifier Corporation ("IR") entered into an intellectual property purchase agreement (the "2010 IP Purchase Agreement") and a license agreement (the "2010 License Agreement").   Under the 2010 IP Purchase Agreement, Nitronex assigned to IR certain United States Patents and Patent Applications (the "Licensed Patents"). Under the 2010 License Agreement, IR granted Nitronex a license to use the Licensed Patents to develop certain technology.  The 2010 IP Purchase Agreement also contained provisions for ████████████████████.  Infineon AG denies the remaining allegations in paragraph 2 of the TAC.

3.     IR did develop GaN-on-Si power management products.  Infineon AG denies the remaining allegations in paragraph 3 of the TAC.

4.     Infineon AG purchased IR in 2015.     Infineon AG denies the remaining allegations in paragraph 4 of the TAC.

---

[1] Plaintiffs' original complaint and first amended complaint alleged breach of contract and declaratory judgment claims against both Infineon AG and Infineon Technologies Americas Corp. ("Infineon Americas") and an alternative claim for intentional interference with contract against Infineon AG.  The Court's order dated October 31, 2016 granted without prejudice Infineon AG's motion to dismiss the breach of contract and declaratory judgment claims against it for lack of subject matter jurisdiction.  Infineon Americas denies the remaining allegations in footnote 1 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

5.     On February 2, 2016, Infineon Technologies Americas Corp. ("Infineon Americas") notified Plaintiffs that their unlicensed activity relating to GaN-on-SiC products was a material breach of the 2010 License Agreement. Plaintiffs denied that their activity relating to GaN-on-SiC products was a material breach of that agreement on February 11, 2016. On March 22, 2016, Infineon Americas terminated the 2010 License Agreement. Infineon AG denies the remaining allegations in paragraph 5 of the TAC.

6.     Infineon AG denies the allegations in paragraph 6 of the TAC.

7.     Infineon AG denies the allegations in paragraph 7 of the TAC.

8.     Infineon AG denies the allegations in paragraph 8 of the TAC.

9.     Infineon AG denies the allegations in paragraph 9 of the TAC.

10.    Under the 2010 IP Purchase Agreement, Nitronex assigned to IR certain United States Patents and Patent Applications (the "Licensed Patents"). Infineon AG denies the remaining allegations in paragraph 10 of the TAC.

## PARTIES

11.    MACOM is a Delaware corporation having its headquarters at 100 Chelmsford Street, Lowell Massachusetts. Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations set forth in paragraph 11 of the TAC, and therefore denies them

12.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 12 of the TAC, and therefore denies them.

13.    Infineon AG is a German corporation, an Aktiengesellschaft, having its headquarters and principal place of business at Am Campeon 1-12 85579 Neubiberg, Bavaria, Germany.

14.    Infineon Americas is a Delaware corporation having a principal place of business at the former IR headquarters at 101 N. Sepulveda Boulevard, El

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Segundo, California.  Infineon Americas is a wholly owned subsidiary of Infineon AG.[2]

## JURISDICTION AND VENUE

15. The TAC includes a claim for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

16. Plaintiffs seek declaratory relief under 28 U.S.C. §§ 2201 and 2202.

17. Infineon AG denies the allegations in paragraph 17 of the TAC.

### Infineon Americas

18. Infineon AG denies the allegations in paragraph 18 of the TAC.

### Infineon AG

19. Infineon AG denies the allegations in paragraph 19 of the TAC.

20. Infineon AG denies the allegations in paragraph 20 of the TAC.

21. In Infineon AG's 2015 Annual Report, Infineon AG states, "We acquired International Rectifier with the goal to systematically combine the strengths of the two groups."  Infineon AG also states in its 2015 Annual Report, "our first step was to merge the sales structures of the two businesses, a milestone that was achieved by the end of March."  Infineon AG states in its 2015 Annual Report, "Effective October 1, 2015, International Rectifier has been fully absorbed within the three segments, Automotive, Industrial Power Control, and Power Management & Multimarket."  Infineon AG also states in its 2015 Annual Report, "Another important aspect of integrating International Rectifier is to combine all development activities relating to GaN-based power semiconductors.  International Rectifier is a global leader in applying GaN layers onto standard silicon wafers."  Infineon AG denies the remaining allegations in paragraph 21 of the TAC.

---

[2] Plaintiff's original complaint named another defendant, International Rectifier Corporation.  International Rectifier Corporation changed its name to Infineon Technologies Americas Corp.  Infineon Americas is the owner of the Licensed Patents.  Infineon AG denies the remaining allegations of footnote 2 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

22.     Infineon AG denies the allegations in paragraph 22 of the TAC.

23.     In a January 13, 2015 press release, Infineon AG states, "Infineon Technologies AG (FSE: IFX / OTCQX: IFNNY) announced today the closing of the acquisition of International Rectifier.  With effect from today, the El Segundo based company has become part of Infineon following the approval of all necessary regulatory authorities and International Rectifier's shareholders."   That press release includes a press photograph of A. Mittal, R. Ploss, and D. Asam.  In its 2015 Annual Report, Infineon AG states, "Another important aspect of integrating International Rectifier is to combine all development activities relating to GaN-based power semiconductors."   Infineon AG denies the remaining allegations in paragraph 23 of the TAC.

24.     Infineon AG denies the allegations in paragraph 24 of the TAC.

25.     In its 2015 Annual Report, Infineon AG states, "Infineon's patent portfolio worldwide comprised approximately 25,000 patents and patent applications at the end of the 2015 fiscal year, compared with around 21,000 patents and applications at the end of the previous year, not including International Rectifier.  The figure includes 2,100 patents and applications that we acquired through the acquisition of International Rectifier."   Infineon AG denies the remaining allegations in paragraph 25 of the TAC.

26.     In a September 8, 2015 press release, Infineon AG states, "Earlier this year, Infineon described its broadened patent portfolio related to GaN and announced the expansion of its GaN-on-Silicon (GaN/Si) offering, GaN/Si epitaxy process and 100 V-600 V technologies resulting from the acquisition of International Rectifier." Infineon AG denies the remaining allegations in paragraph 26 of the TAC.

27.     Infineon AG denies the allegations in paragraph 27 of the TAC.

28.     Infineon AG lawyers in Germany and Infineon Americas employees in California participated in discussions with Plaintiffs regarding the 2010 IP Purchase

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Agreement and 2010 License Agreement entered between Nitronex and IR. Infineon AG denies the remaining allegations in paragraph 28 of the TAC.

29.     International Rectifier Corporation, Infineon Technologies AG, Nitronex, LLC, and M/A-COM Technology Solutions signed a Common Interest Agreement in 2015.  Infineon AG denies the remaining allegations in paragraph 29 of the TAC.

30.     Infineon AG denies the allegations in paragraph 30 of the TAC.

31.     Infineon AG denies the allegations in paragraph 31 of the TAC.

32.     Infineon AG denies the allegations in paragraph 32 of the TAC.

33.     Infineon AG denies the allegations in paragraph 33 of the TAC.

34.     Infineon AG denies the allegations in paragraph 34 of the TAC.

35.     Infineon AG denies the allegations in paragraph 35 of the TAC.

36.     Infineon AG denies the allegations in paragraph 36 of the TAC.

37.     Infineon AG denies the allegations in paragraph 37 of the TAC.

38.     Infineon AG denies the allegations in paragraph 38 of the TAC.

## Venue

39.     Venue is appropriate in this Court for Infineon Americas.   Infineon AG denies the remaining allegations in paragraph 39 of the TAC.

## FACTUAL BACKGROUND

40.     Nitronex sold certain patents to IR in 2010.  IR granted Nitronex a license to use those patents with certain restrictions.   Infineon AG denies the remaining allegations in paragraph 40 of the TAC.

41.     Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 41 of the TAC, and therefore denies them.

42.     Infineon AG denies the allegations in paragraph 42 of the TAC.

43.     Infineon AG denies the allegations in paragraph 43 of the TAC.

44.     Infineon AG denies the allegations in paragraph 44 of the TAC.

6

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

1    45.    Infineon AG denies the allegations in paragraph 45 of the TAC.

2    46.    Infineon AG denies the allegations in paragraph 46 of the TAC.

3    47.    Infineon AG denies the allegations in paragraph 47 of the TAC.

4    48.    Infineon AG denies the allegations in paragraph 48 of the TAC.

5    49.    Infineon AG denies the allegations in paragraph 49 of the TAC.

6    50.    Infineon AG denies the allegations in paragraph 50 of the TAC.

7    51.    Infineon AG denies the allegations in paragraph 51 of the TAC.

8    52.    Infineon AG lacks knowledge or information sufficient to form a
9    belief as the truth or falsity of the allegations set forth in paragraph 52 of the TAC,
10   and therefore denies them.

11   53.    Infineon AG lacks knowledge or information sufficient to form a
12   belief as the truth or falsity of the allegations set forth in paragraph 53 of the TAC,
13   and therefore denies them.

14   54.    Infineon AG lacks knowledge or information sufficient to form a
15   belief as the truth or falsity of the allegations set forth in paragraph 54 of the TAC,
16   and therefore denies them.

17   55.    Infineon AG lacks knowledge or information sufficient to form a
18   belief as the truth or falsity of the allegations set forth in paragraph 55 of the TAC,
19   and therefore denies them.

20   56.    Infineon AG lacks knowledge or information sufficient to form a
21   belief as the truth or falsity of the allegations set forth in paragraph 56 of the TAC,
22   and therefore denies them.

23   57.    Infineon AG lacks knowledge or information sufficient to form a
24   belief as the truth or falsity of the allegations set forth in paragraph 57 of the TAC,
25   and therefore denies them.

26   58.    Infineon AG lacks knowledge or information sufficient to form a
27   belief as the truth or falsity of the allegations set forth in paragraph 58 of the TAC,
28   and therefore denies them.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

59.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 59 of the TAC, and therefore denies them.

60.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 60 of the TAC, and therefore denies them.

61.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 61 of the TAC, and therefore denies them.

62.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 62 of the TAC, and therefore denies them.

63.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 63 of the TAC, and therefore denies them.

64.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 64 of the TAC, and therefore denies them.

65.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 65 of the TAC, and therefore denies them.

66.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 66 of the TAC, and therefore denies them.

67.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 67 of the TAC, and therefore denies them.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1    68.    As of 2004, IR was a well-established company in power management
2    as well as other fields.  Infineon AG denies the remaining allegations in paragraph
3    68 of the TAC.

4    69.    Infineon AG lacks knowledge or information sufficient to form a
5    belief as the truth or falsity of the allegations set forth in paragraph 69 of the TAC,
6    and therefore denies them.

7    70.    Infineon AG denies the allegations in paragraph 70 of the TAC.

8    71.    In 2004, IR and Nitronex entered into a Technology Transfer
9    Agreement (the "2004 Technology Transfer Agreement") and a License Agreement
10   (the "2004 License Agreement").  Infineon AG denies the remaining allegations in
11   paragraph 71 of the TAC.

12   72.    The 2004 License Agreement states, "███████████████████
13   ████████████████████████████████████████████████████
14   ████████████████████████████████████████████
15   ███████████████████████████████████████████████
16   ████████████████████████████████"   The 2004
17   Technology Transfer Agreement states, "█████████████████████
18   ████████████████████████████████████████████████████
19   ████████████████████████████"   Infineon AG denies the
20   remaining allegations in paragraph 72 of the TAC.

21   73.    Infineon AG denies the allegations in paragraph 73 of the TAC.

22   74.    Infineon AG denies the allegations in paragraph 74 of the TAC.

23   75.    Infineon AG denies the allegations in paragraph 75 of the TAC.

24   76.    Infineon AG denies the allegations in paragraph 76 of the TAC.

25   77.    Infineon AG lacks knowledge or information sufficient to form a
26   belief as the truth or falsity of the allegations set forth in paragraph 77 of the TAC,
27   and therefore denies them.

28

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

78.    Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 78 of the TAC, and therefore denies them.

79.    IR and Nitronex entered into the 2010 IP Purchase Agreement and the 2010 License Agreement.   Infineon AG denies the remaining allegations in paragraph 79 of the TAC.

80.    The 2010 IP Purchase Agreement states, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" The 2010 IP Purchase Agreement also states, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Infineon AG denies the remaining allegations in paragraph 80 of the TAC.

81.    Section 4.02 of the 2010 IP Purchase Agreement states, "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 ██████████████████████" Infineon AG denies the remaining allegations in

25 paragraph 81 of the TAC.

26     82.    Infineon AG repeats the allegations in paragraph 80 of this Answer.

27 Infineon AG denies the remaining allegations in paragraph 82 of the TAC.

28

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

83.   Section 3.01 of the 2010 IP Purchase Agreement states, "███████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████" Infineon Americas repeats the allegations in paragraph 80 of this Answer.  Infineon AG denies the remaining allegations in paragraph 83 of the TAC.

84.   Section 4.01 of the 2010 IP Purchase Agreement states, "███████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████" Infineon AG denies the remaining allegations in paragraph 84 of the TAC.

85.   Infineon AG denies the allegations in paragraph 85 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

86.     The Licensed Patents include U.S. Patents Nos. 6,649,287; 6,617,060; 8,105,921; 8,344,417; 8,592,862; 8,937,335; 8,928,034; 8,928,035; 9,064,775; 9,437,686; 9,461,119; 9,943,687; 6,611,002; 7,233,028; 6,956,250; 7,135,720; 7,352,016; 7,569,871; 7,994,540; 7,071,498; 7,361,946; 7,339,205; 7,352,015; 12/023,480; 8,748,298; 7,247,889; 7,365,374; 7,791,106; 7,566,913; 8,067,786; 8,343,856; 8,859,400; 8,350,288; 8,680,570; 8,946,765; 7,687,827; 8,368,117; 9,608,102; 8,026,596; 7,745,848; 8,026,581; 8,358,005; 8,343,824; and 8,629,453, and U.S. Patent Applications Nos. 11/261,942; 11/543,010; 14/926,279; 15/240,789; and 15/433,473.   Infineon AG denies the remaining allegations in paragraph 86 of the TAC.

87.     Section 12.02 of the 2020 IP Purchase Agreement states, "

Infineon AG denies the remaining allegations in paragraph 87 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

88.    Section 2.1 of the 2010 License Agreement states, "IR hereby grants to Nitronex the following: a) a worldwide, royalty-free, fully paid exclusive license in the Field of Use only, with right to sublicense in the Field of Use only, to use the Licensed Patents to design, develop, make, have made, use, offer to sell, sell and service Products; and b) a worldwide, royalty-free, fully paid exclusive license, including as against IR, in the Exclusive Field only, with right to sublicense in the Exclusive Field only, and subject to the foregoing provision (a), to use the Licensed Patents to design, develop, make, have made, use, offer to sell, sell and service Products. Notwithstanding the foregoing, IR retains the right, under the Licensed Patents, to design, develop, make, have made, use, offer to sell, sell and service any and all IR products in the Field of Use, provided that IR itself may not directly or indirectly market, sell or service Products in the Exclusive Field and IR may not grant further licenses or sublicenses to any other party under the Licensed Patents to design, develop, make, have made, use, market, sell or service Products in the Field of Use."  Infineon AG denies the remaining allegations in paragraph 88 of the TAC.

89.    Sections 1.3, 1.4 and 2.1 of the 2010 License Agreement state as follows:



INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1
2
3
4
5
6
7
8
9
10
11

> 2.1    IR hereby grants to Nitronex the following: a) a worldwide, royalty-free, fully paid exclusive license in the Field of Use only, with right to sublicense in the Field of Use only, to use the Licensed Patents to design, develop, make, have made, use, offer to sell, sell and service Products; and b) a worldwide, royalty-free, fully paid exclusive license, including as against IR, in the Exclusive Field only, with right to sublicense in the Exclusive Field only, and subject to the foregoing provision (a), to use the Licensed Patents to design, develop, make, have made, use, offer to sell, sell and service Products. Notwithstanding the foregoing, IR retains the right, under the Licensed Patents, to design, develop, make, have made, use, offer to sell, sell and service any and all IR products in the Field of Use, provided that IR itself may not directly or indirectly market, sell or service Products in the Exclusive Field and IR may not grant further licenses or sublicenses to any other party under the Licensed Patents to design, develop, make, have made, use, market, sell or service Products in the Field of Use.

12   Infineon AG denies the remaining allegations in paragraph 89 of the TAC.

13        90.    Infineon AG repeats the allegations in paragraph 89 of this Answer.

14   Infineon Americas denies the remaining allegations in paragraph 90 of the TAC.

15        91.    Section 1.2 of the 2010 License Agreement states:

16
17
18
19
20
21
22
23
24
25
26
27
28



15

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

[REDACTED]

Infineon AG denies the remaining allegations in paragraph 90 of the TAC.

92.     Infineon AG repeats the allegations in paragraph 89 of this Answer.
Infineon AG denies the remaining allegations in paragraph 92 of the TAC.

93.     Infineon AG repeats the allegations in paragraph 89 of this Answer.
Infineon AG denies the remaining allegations in paragraph 93 of the TAC.

94.     Infineon AG denies the allegations in paragraph 94 of the TAC.

95.     Sections 6.1 and 6.2 of the 2010 License Agreement state:

[REDACTED]

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2

3

4

5

6  Infineon AG denies the remaining allegations in paragraph 95 of the TAC.

7      96.    Section 7.1 of the 2010 License Agreement states:

8

9

10

11

12  Infineon Americas denies the remaining allegations in paragraph 96 of the TAC.

13      97.    Section 10.11 of the 2010 License Agreement states:

14

15

16

17  Infineon Americas denies the remaining allegations in paragraph 97 of the TAC.

18      98.    Infineon AG denies the allegations in paragraph 98 of the TAC.

19      99.    Infineon AG denies the allegations in paragraph 99 of the TAC.

20      100.   Infineon AG lacks knowledge or information sufficient to form a

21  belief as the truth or falsity of the allegations set forth in paragraph 100 of the TAC,

22  and therefore denies them.

23      101.   Infineon AG lacks knowledge or information sufficient to form a

24  belief as the truth or falsity of the allegations set forth in paragraph 101 of the TAC,

25  and therefore denies them.

26      102.   On February 13, 2014, MACOM stated in a press release, "MACOM

27  purchased Nitronex from GaAs Labs, LLC for approximately $26 million in cash,

28  subject to potential post-closing adjustments. MACOM financed the transaction

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

through a draw of additional indebtedness from its revolving credit facility." Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations set forth in paragraph 102 of the TAC, and therefore denies them.

103.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 103 of the TAC, and therefore denies them.

104.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 104 of the TAC, and therefore denies them.

105.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 105 of the TAC, and therefore denies them.

106.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 106 of the TAC, and therefore denies them.

107.   In a press release on August 20, 2014, Infineon AG states, "Infineon Technologies AG (FSE: IFX / OTCQX: IFNNY) and International Rectifier Corporation (NYSE: IRF) today announced that they have signed a definitive agreement under which Infineon will acquire International Rectifier for US-Dollar 40 per share in an all-cash transaction valued at approximately US-Dollar 3 billion."   Infineon AG denies the remaining allegations in paragraph 107 of the TAC.

108.   In a press release on August 20, 2014, Infineon AG states:

> Integration complements Infineon's expertise in power semiconductors and adds system know-how in power conversion, while expanding its expertise in compound semiconductors (Gallium Nitride on Silicon) and driving greater economies of scale in production" and

> ***

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2       With International Rectifier, Infineon acquires an
        advanced manufacturer in Gallium Nitride on Silicon
3       (GaN) based power semiconductors. This combination
        will accelerate and solidify Infineon's position in GaN
4       discretes and GaN system solutions, improving its ability
        to pursue this strategically important technology platform
5       with significant future growth potential. The transaction
        will result in a broad range of products creating a
6       comprehensive provider in the market for silicon-, silicon-
        carbide- and gallium-nitride-based power devices and
7       integrated circuits (ICs).

8   Infineon AG denies the remaining allegations in paragraph 108 of the TAC.

9       109.   In a January 13, 2015 press release, Infineon AG states:

10      International Rectifier is highly complementary to
        Infineon: the combined company gains greater scope in
11      product portfolio and regions, especially with small and
        medium enterprise customers in the US and Asia. The
12      merger taps additional system know-how in power
        management. It expands the expertise in power
13      semiconductors, also combining leading knowledge in
        compound semiconductors, namely Gallium Nitride.
14      Furthermore, the acquisition will drive greater economies
        of scale in production, strengthening the competitiveness
15      of the combined company.

16  Infineon AG denies the remaining allegations in paragraph 109 of the TAC.

17      110.   In a January 13, 2015 press release, Infineon AG states,

18      Infineon Technologies AG (FSE: IFX / OTCQX: IFNNY)
        announced today the closing of the acquisition of
19      International Rectifier. With effect from today, the El
        Segundo based company has become part of Infineon
20      following the approval of all necessary regulatory
        authorities and International Rectifier's shareholders.

21  Infineon AG denies the remaining allegations in paragraph 110 of the TAC.

22      111.   International Rectifier changed its name to Infineon Technologies

23  Americas Corp. in 2015.   Infineon AG denies the remaining allegations in

24  paragraph 111 of the TAC.

25      112.   Infineon Americas is the owner of the Licensed Patents.  Infineon AG

26  denies the remaining allegations in paragraph 112 of the TAC.

27      113.   Infineon AG acquired IR. Infineon AG denies the allegations in

28  paragraph 113 of the TAC.

19

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

114.   Infineon AG denies the allegations in paragraph 114 of the TAC.

115.   Infineon AG denies the allegations in paragraph 115 of the TAC.

116.   Infineon AG denies the allegations in paragraph 116 of the TAC.

117.   On January 27, 2015, IR wrote to MACOM and/or Nitronex:

As you know, International Rectifier (IR) entered into two agreements with Nitronex Corporation in July of 2010. One agreement was entered into for the purpose of IR's purchase of Intellectual Property from Nitronex generally described in that agreement as GaN on Silicon Technology. The second agreement, entitled the License Agreement, was entered into for the purpose of allowing Nitronex to exploit, on a limited basis, the intellectual property which IR acquired from Nitronex and such exploitation was limited to the field of radio frequency and such exploitation specifically excluded power management as a field of use in the future by Nitronex.

MACOM's press release announcing an IP licensing program for Gallium Nitride on Silicon technology has come to our attention. We are concerned by the language of the press release and, in particular, by the language in the release in two particular areas. First, we are concerned about the license and epi wafer supply agreement with IQE that you have announced which, to use your words, will 'enable IQE, the world's largest supplier of compound semiconductor epi, to manufacture GaN-on-Silicon epi at 4, 6, and 8-inch diameters in high volume for RF applications.' Second, the press release goes on to say that 'MACOM announced that it is in active discussions to make GaN-on-Silicon technology available to select companies for use in RF applications.'

We believe that these statements, depending on what MACOM actually means by them and plans to do about them, may run afoul of the restrictions imposed upon Nitronex (and therefore now MACOM), restrictions which are still in effect in both the IP Purchase Agreement and the License Agreement.

In the License Agreement with Nitronex, Nitronex was granted the rights to exploit GaN-on-Silicon Technology in RF applications for its own direct benefit as a manufacturer of RF devices. It was not granted the right to further license and transfer the technology for profit to other firms. As a consequence, to the extent that your press release announces only that IQE will be a foundry for the benefit of MACOM, IR has no issue with such a relationship, subject, of course, to reasonable assurances, protections and controls that both MACOM and IR would require of IQE to protect the proprietary information of IR. On the other hand, if the purpose of the

20

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

> IQE relationship is to license IQE to make RF devices
> containing GaN-on-Silicon Technology for its own
> benefit and for other customers of IQE, IR believes that
> such technology transfer is not permissible under the
> operative agreements between IR and Nitronex.
>
> Moreover, your broader press release
> announcement of making GaN-on-Silicon technology
> available to 'select companies' concerns IR as well. This
> statement, if true, appears to directly contravene the
> terms, conditions of the operative contracts as well as
> being wholly inconsistent with the intention of the parties
> in making and entering into the contracts.
>
> We wish to avoid disputes wherever possible and
> send this letter in the spirit of discussing these matters
> between our companies and hopefully reaching consensus
> as to how to proceed from here. Please call me to arrange
> a convenient time to discuss IR's concerns and the
> amicable resolution of them.

Infineon AG denies the remaining allegations in paragraph 117 of the TAC.

118.    Infineon AG denies the allegations in paragraph 118 of the TAC.

119.    Infineon AG denies the allegations in paragraph 119 of the TAC.

120.    Infineon AG denies the allegations in paragraph 120 of the TAC.

121.    Infineon AG denies the allegations in paragraph 121 of the TAC.

122.    Infineon AG denies the allegations in paragraph 122 of the TAC.

123.    Infineon AG denies the allegations in paragraph 123 of the TAC.

124.    Infineon AG denies the allegations in paragraph 124 of the TAC.

125.    Infineon AG denies the allegations in paragraph 125 of the TAC.

126.    International Rectifier Corporation, Infineon Technologies AG, Nitronex, LLC, and M/A-COM Technology Solutions signed a Common Interest Agreement in 2015. Infineon AG denies the remaining allegations in paragraph 126 of the TAC.

127.    MACOM and/or Nitronex materially breached the 2010 License Agreement by selling GaN-on-SiC products and devices. There are differences between GaN-on-SiC technology and GaN-on-Si technology. Infineon AG denies the remaining allegations in paragraph 127 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

128.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 128 of the TAC, and therefore denies them.

129.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 129 of the TAC, and therefore denies them.

130.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 130 of the TAC, and therefore denies them.

131.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 131 of the TAC, and therefore denies them.

132.   Infineon AG denies the allegations in paragraph 132 of the TAC.

133.   In late 2015, Infineon Americas informed Plaintiffs that Infineon Americas was contemplating assigning one or more Nitronex Patents to an undisclosed third party.  Infineon AG denies the allegations in paragraph 133 of the TAC.

134.   Infineon AG denies the allegations in paragraph 134 of the TAC.

135.   Section 12.12 of the 2010 IP Purchase Agreement states:



INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Infineon AG denies the remaining allegations in paragraph 135 of the TAC.

136.   Infineon AG denies the allegations in paragraph 136 of the TAC.

137.   Infineon AG denies the allegations in paragraph 137 of the TAC.

138.   Infineon AG denies the allegations in paragraph 138 of the TAC.

139.   Infineon AG denies the allegations in paragraph 139 of the TAC.

140.   Infineon AG denies the allegations in paragraph 140 of the TAC.

141.   Infineon AG denies the allegations in paragraph 141 of the TAC.

142.   Infineon AG denies the allegations in paragraph 142 of the TAC.

143.   Infineon AG has not assigned and is under no obligation to assign to MACOM U.S. Patents Nos. 6,649,287; 6,617,060; 8,105,921; 8,344,417; 8,592,862; 9,064,775; 7,596,871; 7,071,498; 7,687,827; 8,368,117; 6,956,250; 8,937,335; 8,928,034; 8,928,035; 8,026,596; 9,461,119; 9,437,686; 7,135,720; 7,352,016; and 7,994,540.

144.   In a letter dated February 2, 2016, Infineon Americas notified MACOM and/or Nitronex that its unlicensed use of the Licensed Patents to manufacture GaN-on-SIC devices constitutes a material breach of the 2010 License Agreement.   Infineon Americas asked MACOM and/or Nitronex to remedy its breach.   Infineon AG denies the remaining allegations in paragraph 144 of the TAC.

145.   Infineon AG denies the allegations in paragraph 145 of the TAC.

146.   Infineon AG denies the allegations in paragraph 146 of the TAC.

147.   Infineon AG denies the allegations in paragraph 147 of the TAC.

148.   Infineon AG denies the allegations in paragraph 148 of the TAC.

149.   Infineon AG denies the allegations in paragraph 149 of the TAC.

150.   In a letter dated March 22, 2016, Infineon Americas sent MACOM and/or Nitronex a formal notice of termination of the 2010 License Agreement, stating:

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

This letter constitutes Infineon's formal notice of termination of the License Agreement between International Rectifier Corporation ("IR") and Nitronex Corporation ("Nitronex") of July 30, 2010 (the "License Agreement") under§ 7.1.

As raised on several occasions over the past six months and formally notified on February 2, 2016, MACOM/Nitronex has designed, tested, manufactured, produced and sold infringing devices manufactured by using technology for fabricating gallium nitride on silicon carbide, which constitutes a material breach of the License Agreement. In your response of February 11, 2016, you raised the concern that our notice lacked specificity, while, on different occasion, you requested that we abstain from creating a potentially unprivileged record about the parties' views on patent scope and infringement to protect the portfolio. We try to honor your requests but struggle with the contradiction.

We have offered to explain MACOM' s infringement in more detail in a face-to-face meeting at MACOM's offices or another place of your convenience several times over the past months, and we hereby re-extend this offer, but so far you have declined.  In an abundance of caution that this letter may indeed be viewed as unprivileged under certain circumstances by a court despite our common and continuous interest in finding an amicable solution for a new licensing arrangement, we will keep the infringement discussion herein general.  Solely by way of example, and without any limitations, some previously mentioned patents that are infringed by, e.g., MACOM's MAGX-000025-150000 products, include U.S. Patents Nos. 7,071,498; 7,352,016; 7,569,871; and 7,994,540.

You also suggested that these products are going to be discontinued ("MACOM confirms that it has EOLed all of its GaN -on-SiC products"), but you neither provided evidence in support of this statement (e.g., copies of end-of-life notifications to your customers) nor did you indicate any time frame when MACOM would stop shipping infringing products. Instead, MACOM/Nitronex appears to continue to ship or sell infringing GaN-on-SiC products.

Infineon AG denies the remaining allegations in paragraph 150 of the TAC.

151.   Infineon AG denies the allegations in paragraph 151 of the TAC.

152.   Infineon AG denies the allegations in paragraph 152 of the TAC.

153.   In a letter dated April 1, 2016, MACOM sent Infineon Americas a letter stating:

24

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

> I write in response to your March 22, 2016 letter, in which Infineon purports to give "formal notice of termination" of the International Rectifier/Nitronex License Agreement.   As explained below and in MACOM's letter dated February 15, 2016, Infineon has no basis to terminate the License Agreement. The "notice of termination" is therefore without effect.   MACOM intends to continue to exercise its full rights under the License Agreement[.]

Infineon AG denies the remaining allegations in paragraph 153 of the TAC.

154.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 154 of the TAC, and therefore denies them.

155.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 155 of the TAC, and therefore denies them.

156.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 156 of the TAC, and therefore denies them.

157.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 157 of the TAC, and therefore denies them.

158.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 158 of the TAC, and therefore denies them.

159.   Infineon AG denies the allegations in paragraph 159 of the TAC.

160.   Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 160 of the TAC, and therefore denies them.

161.   Infineon AG denies the allegations in paragraph 161 of the TAC.

162.   Infineon AG denies the allegations in paragraph 162 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1     163.   Infineon AG denies the allegations in paragraph 163 of the TAC.

2     164.   Infineon AG denies the allegations in paragraph 164 of the TAC.

3     165.   ████████████████████████████████████

4   ████████████████████████████████████████████████

5   ████████   Infineon AG denies the remaining allegations in paragraph 165 of

6   the TAC

7     166.   Infineon AG denies the allegations in paragraph 166 of the TAC.

8     167.   Infineon AG denies the allegations in paragraph 167 of the TAC.

9     168.   Infineon AG denies the allegations in paragraph 168 of the TAC.

10     169.   Infineon Americas has filed counterclaims of patent infringement
11 against MACOM and/or Nitronex for one or more of products infringing at least
12 one claim of each of U.S. Patent Nos. 7,071,498; 7,135,720; 7,352,016; 7,569,871;
13 and 7,994,540. Infineon AG denies the remaining allegations in paragraph 169 of
14 the TAC.

15     170.   Infineon Americas and Infineon AG have defended against Plaintiffs'
16 claims by taking the position that certain patent claims that Plaintiffs have asserted
17 against Defendants are invalid. Infineon AG denies the remaining allegations in
18 paragraph 170 of the TAC.

19     171.   Infineon AG denies the allegations in paragraph 171 of the TAC.

20     172.   Infineon AG denies the allegations in paragraph 172 of the TAC.

21     173.   Infineon AG lacks knowledge or information sufficient to form a
22 belief as the truth or falsity of the allegations set forth in paragraph 173 of the TAC,
23 and therefore denies them.

24     174.   Infineon AG acquired IR. Infineon AG denies the remaining
25 allegations in paragraph 174 of the TAC.

26     175.   The Licensed Patents were assigned to IR, which is now named
27 Infineon Americas. Infineon Americas is an Applicant for applications being

28

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1  prosecuted for which Infineon Americas has the right to be an Applicant. Infineon
2  AG denies the remaining allegations of paragraph 175 of the TAC.

3      176.   Infineon AG denies the allegations in paragraph 176 of the TAC.

4      177.   Infineon AG denies the allegations in paragraph 177 of the TAC

5                    **PLAINTIFFS' FIRST CLAIM FOR RELIEF**

6      178.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
7  the Court, and Infineon AG does not provide a response to paragraph 178 of the
8  TAC.

9      179.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
10 the Court, and Infineon AG does not provide a response to paragraph 179 of the
11 TAC.

12     180.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
13 the Court, and Infineon AG does not provide a response to paragraph 180 of the
14 TAC.

15     181.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
16 the Court, and Infineon AG does not provide a response to paragraph 181 of the
17 TAC.

18     182.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
19 the Court, and Infineon AG does not provide a response to paragraph 182 of the
20 TAC.

21     183.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
22 the Court, and Infineon AG does not provide a response to paragraph 183 of the
23 TAC.

24     184.   Plaintiffs' first claim for relief against Infineon AG was dismissed by
25 the Court, and Infineon AG does not provide a response to paragraph 184 of the
26 TAC.

27

28

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

185. Plaintiffs' first claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 185 of the TAC.

186. Plaintiffs' first claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 186 of the TAC.

187. Plaintiffs' first claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 187 of the TAC.

188. Plaintiffs' first claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 188 of the TAC.

189. Plaintiffs' first claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 189 of the TAC.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

190. Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 190 of the TAC.

191. Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 191 of the TAC.

192. Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 192 of the TAC.

193. Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 193 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

194.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 194 of the TAC.

195.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 195 of the TAC.

196.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 196 of the TAC.

197.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 197 of the TAC.

198.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 198 of the TAC.

199.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 199 of the TAC

200.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 200 of the TAC.

201.   Plaintiffs' second claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 201 of the TAC.

**PLAINTIFFS' THIRD CLAIM FOR RELIEF**

202.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 202 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

203.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 203 of the TAC.

204.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 204 of the TAC.

205.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 205 of the TAC.

206.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 206 of the TAC.

207.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 207 of the TAC.

208.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 208 of the TAC.

209.   Plaintiffs' third claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 209 of the TAC.

## PLAINTIFFS' FOURTH CLAIM FOR RELIEF

210.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 210 of the TAC.

211.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 211 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

212.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 212 of the TAC.

213.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 213 of the TAC.

214.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 214 of the TAC.

215.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 215 of the TAC.

216.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 216 of the TAC.

217.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 217 of the TAC.

218.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 218 of the TAC.

219.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 19 of the TAC

220.   Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 220 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

221. Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 221 of the TAC.

222. Plaintiffs' fourth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 222 of the TAC.

**PLAINTIFFS' FIFTH CLAIM FOR RELIEF**

223. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 223 of the TAC.

224. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 224 of the TAC.

225. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 225 of the TAC.

226. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 226 of the TAC.

227. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 227 of the TAC.

228. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 228 of the TAC.

229. Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 229 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT
REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

230.   Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 230 of the TAC.

231.   Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 231 of the TAC.

232.   Plaintiffs' fifth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 232 of the TAC.

**PLAINTIFFS' SIXTH CLAIM FOR RELIEF**

233.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 233 of the TAC.

234.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 234 of the TAC.

235.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 235 of the TAC.

236.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 236 of the TAC.

237.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 237 of the TAC.

238.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 238 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

239.   Plaintiffs' sixth claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 239 of the TAC.

## PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

240.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 240 of the TAC.

241.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 241 of the TAC.

242.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 242 of the TAC.

243.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 243 of the TAC.

244.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 244 of the TAC.

245.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to 245 of the TAC.

246.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 246 of the TAC.

247.   Plaintiffs' seventh claim for relief against Infineon AG was dismissed by the Court, and Infineon AG does not provide a response to paragraph 247 of the TAC.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

**PLAINTIFFS' EIGHTH CLAIM FOR RELIEF**

248.  The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

249.  Infineon AG lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 249 of the TAC, and therefore denies them.

250.  Infineon AG denies the allegations in paragraph 250 of the TAC.[3]

251.  Infineon AG lawyers in Germany and Infineon Americas employees in California participated in discussions with MACOM and/or Nitronex regarding the 2010 IP Purchase Agreement and 2010 License Agreement. Infineon AG denies the remaining allegations in paragraph 251 of the TAC.

252.  Infineon AG denies the allegations in paragraph 252 of the TAC.

253.  Infineon AG denies the allegations in paragraph 253 of the TAC.

254.  Infineon AG denies the allegations in paragraph 254 of the TAC.

255.  Infineon AG denies the allegations in paragraph 255 of the TAC.

256.  Infineon AG denies the allegations in paragraph 256 of the TAC.

257.  Infineon AG denies the allegations in paragraph 257 of the TAC.

258.  Infineon AG denies the allegations in paragraph 258 of the TAC.

259.  Infineon AG denies the allegations in paragraph 259 of the TAC.

260.  Paragraph 260 sets forth requests for relief to which no response is required. Infineon AG denies any remaining allegations in paragraph 260 of the TAC.

**PLAINTIFFS' PRAYER FOR RELIEF**

261.  Infineon AG denies the allegations contained in Plaintiffs' Prayer for Relief, and Infineon AG further denies that Plaintiffs is entitled to any relief whatsoever, including any of the relief sought in paragraphs A–Q of its Prayer For

---

[3] Infineon AG denies the allegations in footnote 4 of the TAC.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Relief.  Plaintiffs' Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing.

* * *

To the extent not expressly addressed above, the factual allegations in the TAC are denied.  Infineon AG reserves the right to amend its answer as discovery progresses and as Plaintiffs clarifies the nature of its claims.

## INFINEON AG'S AFFIRMATIVE DEFENSES

In further answering Plaintiffs' TAC, Infineon AG pleads the following affirmative and other defenses, without conceding that any of the following defenses must be pled as affirmative defenses and without assuming any burden of proof that Infineon AG would not otherwise have:

### First Affirmative Defense
### Failure to State a Claim

262.   The TAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### Plaintiffs' Breach of Contract

263.   Plaintiffs' claims are barred because of Plaintiffs' nonperformance and/or breach of the agreements at issue.  For example, Plaintiffs have breached Sections 4.02, 6.01, and/or 12.12 of the 2010 IP Purchase Agreement, Sections 2.1, 5.3, and/or 6.1 of the 2010 License Agreement, and/or implied covenants, including the implied covenant of good faith and fair dealing under one or both of those agreements.

264.   Section 2.1 of the 2010 License Agreement limits Nitronex's rights to practice the Licensed Patents to "the Field of Use only."

265.   Under the 2010 License Agreement, Nitronex does not have any rights to practice the Licensed Patents outside the Field of Use.

266.   Section 1.3 defines the Field of Use as limited to "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

267.   GaN-on-SiC products do not fall within the Field of Use.

268.   Under the 2010 License Agreement, Plaintiffs do not have any rights to make, use, offer to sell, or sell GaN-on-SiC products that practice the Licensed Patents.

269.   MACOM and/or Nitronex has made, used, offered to sell, and/or sold GaN-on-SiC products that practice the Licensed Patents.

270.   By making, using, offering to sell, and/or selling GaN-on-SiC products that practice the Licensed Patents, MACOM and/or Nitronex has breached the 2010 License Agreement and/or the implied covenant of good faith and fair dealing in the 2010 License Agreement.   By acting unreasonably, MACOM and/or Nitronex denied Infineon Americas benefits under the 2010 License Agreement.

271.   When Infineon Americas confronted MACOM and/or Nitronex about its GaN-on-SiC products, MACOM and/or Nitronex admitted that there were sales of GaN-on-SiC products beyond the scope of Nitronex's license, but took the position that these sales should be disregarded because the sales were *de minimis*.

272.   Under Section 7.1 of the 2010 License Agreement, ███████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████.

273.   Infineon Americas notified MACOM and/or Nitronex of the material breach on February 2, 2016.   MACOM and/or Nitronex failed to remedy the breach, instead taking the position that the sales of GaN-on-SiC products should be disregarded as *de minimis*.

274.   Because MACOM and/or Nitronex failed to remedy the material breach, Infineon Americas properly terminated the 2010 License Agreement.  All or some of Plaintiffs' claims for relief are barred, in whole or in part, due to MACOM's and/or Nitronex's breach of the 2010 License Agreement and/or the implied covenant of good faith and fair dealing in the 2010 License Agreement.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

**Third Affirmative Defense**
**Non-Infringement**

275.   All or some of Plaintiffs' claims for relief are barred, in whole or in part, because Infineon Americas has not engaged in any activities with respect to GaN-on-Si RF Products in the Exclusive Field that constitute infringement of any valid and enforceable claim of the Licensed Patents, as properly construed.

**Fourth Affirmative Defense**
**Prosecution History Estoppel**

276.   To the extent that any of Plaintiff's allegations of infringement are construed or asserted to be allegations of infringement under the judicially enunciated doctrine of equivalents, on information and belief, all or some of Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**Fifth Affirmative Defense**
**Invalidity**

277.   All or some of Plaintiffs' claims for relief are barred, in whole or in part, because one or more claims of the Licensed Patent are invalid and/or unenforceable for failure to meet one or more of the statutory requirements for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, 116, 119 and/or 120, and the requirements of The Code of Federal Regulations.

**Sixth Affirmative Defense**
**Illegality/Unenforceability of Section 2.1**

278.   One or more of Plaintiffs' claims are barred because Section 2.1 of the License Agreement or at least portions of Section 2.1 are unenforceable and/or void.  For example, to the extent that Plaintiffs contend that Section 2.1 of the 2010 License Activity restricts any activities that would not otherwise constitute infringement of the Licensed Patents, that interpretation would render some or all of Section 2.1 invalid, illegal, and/or unenforceable under federal law, European law, and/or California law (including but not limited to Cal. Bus. & Prof. Code, § 16600.

INFINEON AG'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

**Seventh Affirmative Defense**
**Financial Interest Privilege**

279.   Infineon AG is not liable for Plaintiffs' eight claim for relief due to the financial interest privilege to intentional interference with contractual relations.

**Eighth Affirmative Defense**
**Advisor's Privilege**

280.   Infineon AG is not liable for Plaintiffs' eight claim for relief due to the advisor's privilege to intentional interference with contractual relations.

**Ninth Affirmative Defense**
**Competitor's Privilege**

281.   Infineon AG is not liable for Plaintiffs' eight claim for relief due to the competitor's privilege to intentional interference with contractual relations.

**Tenth Affirmative Defense**
**Equitable Defense**

282.   On information and belief, all or some of Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

**Eleventh Affirmative Defense**
**Adequate Remedy at Law**

283.   Plaintiffs are not entitled to injunctive relief because any alleged injury to MACOM is not immediate or irreparable, and Plaintiffs have an adequate remedy at law, if any remedy is appropriate.

**Twelfth Affirmative Defense**
**Failure to Mitigate Damages**

284.   To the extent that Plaintiffs are entitled to any damages or other relief, they are barred or limited due to Plaintiffs' failure to mitigate damages.

**Thirteenth Affirmative Defense**
**Attorneys' Fees Not Recoverable**

285.   Plaintiffs are not entitled to attorneys' fees because there is no contract provision or law that entitles Plaintiffs to recover attorneys' fees.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2

### Fourteenth Affirmative Defense
### Limitations on Damages

3

4

5

286.   One or more of Plaintiffs' claims for damages are barred due to the limitations on recover set forth in the agreements at issue and/or limitations on recovery of damages under California law.

6

287.   For example, ███████████████████████████████

7

████████████████████████████████████████████████████████

8

███████████████████████████████

9

████████████████████████

10

██████████████████████████████

11

████████████████████████████████████████████████████████

12

████████████████████████████

13

██████████████████████████████████████████████████████

14

████████████████████████████████████████████████████████

15

██████████████████████████

16

██████████████████████████████████████████████████████

17

███████████████████████

18

19

### Sixteenth Affirmative Defense
### Lack of Standing

20

291.   One or more of Plaintiffs' claims are barred due to lack of standing.

21

22

292.   For example, MACOM's claims for damages are barred because it has no contractual relationship with Infineon Americas, Infineon AG, or any other Infineon entity.

23

24

### Seventeenth Affirmative Defense
### No Causation

25

26

27

28

293.   One or more of Plaintiffs' claims for damages are barred because Plaintiffs did not suffer any actual injury and/or because Plaintiffs cannot show causation.   For example, Plaintiffs cannot show that any actual injuries were actually or proximately caused by any illegal activity by Defendants.

40

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

### Eighteenth Affirmative Defense
### No Speculative Damages

294.   One or more of Plaintiffs' claims for damages are barred because Plaintiffs' alleged damages claims are speculative.

### PRAYER FOR RELIEF

For these reasons, Infineon AG prays for the following relief:

a.      That the Court dismiss Plaintiffs' claims in its TAC against Infineon AG with prejudice, and enter judgment on the TAC in favor of Infineon AG and against Plaintiffs;

b.      That the Court deny all relief from Infineon AG requested by Plaintiffs in their TAC, such that Plaintiffs takes nothing;

c.      That the Court find and enter an order that this case is exceptional pursuant to 35 U.S.C. § 285 and/or other applicable laws and award Infineon AG its reasonable attorneys' fees;

d.      That the Court award Infineon AG its costs of suit incurred in this action and reasonable attorneys' fees; and

e.      That the Court award Infineon AG such other and further relief as the Court deems just, equitable, and proper.

### JURY DEMAND

Infineon AG demands a trial by jury on all issues so triable.

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2

Dated: March 28, 2018

3

By:___/s/ Jeffery D. Baxter_____
David G. Wille

4

Texas State Bar No.  00785250
E-mail:  david.wille@bakerbotts.com

5

Jeffery D. Baxter
Texas State Bar No. 24006816
E-mail:  jeff.baxter@bakerbotts.com

6

Brian D. Johnston

7

Texas State Bar No. 24080965
E-mail:  brian.johnston@bakerbotts.com

8

James C. Williams
Texas State Bar No. 24075284
E-mail:  james.williams@bakerbotts.com

9

Charles Yeh

10

Texas State Bar No. 24075319
E-mail:  charles.yeh@bakerbotts.com

11

BAKER BOTTS L.L.P.

12

2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6791

13

Facsimile:  (214) 953-6503

14

Attorneys for Infineon Technologies AG.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

42

INFINEON AG'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS'
THIRD AMENDED COMPLAINT