LINDA M. BURROW, Bar No. 194668
  *lburrow@bsfllp.com*
ALISON M. MACKENZIE, Bar No. 242280
  *amackenzie@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040 / Fax:  213-629-9022

DAVID G. WILLE (admitted *pro hac vice*)
  *david.wille@bakerbotts.com*
JEFFERY D. BAXTER (admitted *pro hac vice*)
  *jeff.baxter@bakerbotts.com*
BRIAN D. JOHNSTON (admitted *pro hac vice*)
  *brian.johnston@bakerbotts.com*
JAMES C. WILLIAMS (admitted *pro hac vice*)
  *james.williams@bakerbotts.com*
CHARLES YEH (admitted *pro hac vice*)
  *charles.yeh@bakerbotts.com*
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500 / Fax:  214.953.6503

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. and NITRONEX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG and INFINEON TECHNOLOGIES AMERICAS CORP.,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**Hon. Christina A. Snyder** |

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Defendant Infineon Technologies Americas Corp. ("Infineon Americas") files this Third Amended Answer and Counterclaims ("Answer") to the Third Amended Complaint ("TAC") of Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively "Plaintiffs").[1]

## SUMMARY OF THE CASE

1.      Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 1 of the TAC, and therefore denies them.

2.      In 2010, Nitronex Corporation ("Nitronex") and International Rectifier Corporation ("IR") entered into an intellectual property purchase agreement (the "2010 IP Purchase Agreement") and a license agreement (the "2010 License Agreement").  Under the 2010 IP Purchase Agreement, Nitronex assigned to IR certain United States Patents and Patent Applications (the "Licensed Patents").  Under the 2010 License Agreement, IR granted Nitronex a license to use the Licensed Patents to develop certain technology.  The 2010 IP Purchase Agreement also contained provisions for ████████████████████████  Infineon Americas denies the remaining allegations in paragraph 2 of the TAC.

3.      IR did develop GaN-on-Si power management products.  Infineon Americas denies the remaining allegations in paragraph 3 of the TAC.

4.      Infineon Technologies AG ("Infineon AG") purchased IR in 2015.  Infineon Americas denies the remaining allegations in paragraph 4 of the TAC.

---

[1] Plaintiffs' original complaint and first amended complaint alleged breach of contract and declaratory judgment claims against both Infineon AG and Infineon Americas and an alternative claim for intentional interference with contract against Infineon AG.  The Court's order dated October 31, 2016 granted without prejudice Infineon AG's motion to dismiss the breach of contract and declaratory judgment claims against it for lack of subject matter jurisdiction.  Infineon Americas denies the remaining allegations in footnote 1 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

5.      On February 2, 2016, Infineon Americas notified Plaintiffs that their unlicensed activity relating to GaN-on-SiC products was a material breach of the 2010 License Agreement.  Plaintiffs denied that their activity relating to GaN-on-SiC products was a material breach of that agreement on February 11, 2016.  On March 22, 2016, Infineon Americas terminated the 2010 License Agreement. Infineon Americas denies the remaining allegations in paragraph 5 of the TAC.

6.      Infineon Americas denies the allegations in paragraph 6 of the TAC.

7.      Infineon Americas denies the allegations in paragraph 7 of the TACT.

8.      Infineon Americas denies the allegations in paragraph 8 of the TAC.

9.      Infineon Americas denies the allegations in paragraph 9 of the TAC.

10.     Under the 2010 IP Purchase Agreement, Nitronex assigned to IR certain United States Patents and Patent Applications (the "Licensed Patents"). Infineon Americas denies the remaining allegations in paragraph 10 of the TAC.

## PARTIES

11.     MACOM is a Delaware corporation having its headquarters at 100 Chelmsford Street, Lowell Massachusetts.  Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations set forth in paragraph 11 of the TAC, and therefore denies them

12.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 12 of the TAC, and therefore denies them.

13.     Infineon AG is a German corporation, an Aktiengesellschaft, having its headquarters and principal place of business at Am Campeon 1-12, 85579 Neubiberg, Bavaria, Germany.

14.     Infineon Americas is a Delaware corporation having a principal place of business at the former IR headquarters at 101 N. Sepulveda Boulevard, El

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

Segundo, California.  Infineon Americas is a wholly owned subsidiary of Infineon AG.[2]

## JURISDICTION AND VENUE

15.    The TAC includes a claim for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

16.    Plaintiffs seek declaratory relief under 28 U.S.C. §§ 2201 and 2202.

17.    Infineon Americas denies the allegations in paragraph 17 of the TAC.

### Infineon Americas

18.    This Court has personal jurisdiction over Infineon Americas.  Venue is appropriate in this Court.

### Infineon AG

19.    Infineon Americas denies the allegations in paragraph 19 of the TAC.

20.    Infineon Americas denies the allegations in paragraph 20 of the TAC.

21.    In Infineon AG's 2015 Annual Report, Infineon AG states, "We acquired International Rectifier with the goal to systematically combine the strengths of the two groups."  Infineon AG also states in its 2015 Annual Report, "our first step was to merge the sales structures of the two businesses, a milestone that was achieved by the end of March."  Infineon AG states in its 2015 Annual Report, "Effective October 1, 2015, International Rectifier has been fully absorbed within the three segments, Automotive, Industrial Power Control, and Power Management & Multimarket."  Infineon AG also states in its 2015 Annual Report, "Another important aspect of integrating International Rectifier is to combine all development activities relating to GaN-based power semiconductors.  International

---

[2] Plaintiffs' original complaint named another defendant, International Rectifier Corporation.  International Rectifier Corporation changed its name to "Infineon Technologies Americas Corp."  Infineon Americas is the owner of the Licensed Patents.  Infineon Americas denies the remaining allegations of footnote 2 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1  Rectifier is a global leader in applying GaN layers onto standard silicon wafers."
2  Infineon Americas denies the remaining allegations in paragraph 21 of the TAC.

3      22.     Infineon Americas denies the allegations in paragraph 22 of the TAC.

4      23.     In a January 13, 2015 press release, Infineon AG states, "Infineon
5  Technologies AG (FSE: IFX / OTCQX: IFNNY) announced today the closing of
6  the acquisition of International Rectifier.  With effect from today, the El Segundo
7  based company has become part of Infineon following the approval of all necessary
8  regulatory authorities and International Rectifier's shareholders."  That press
9  release includes a press photograph of A. Mittal, R. Ploss, and D. Asam.  In its
10  2015 Annual Report, Infineon AG states, "Another important aspect of integrating
11  International Rectifier is to combine all development activities relating to GaN-
12  based power semiconductors."  Infineon Americas denies the remaining allegations
13  in paragraph 23 of the TAC.

14      24.     Infineon Americas denies the allegations in paragraph 24 of the TAC.

15      25.     In its 2015 Annual Report, Infineon AG states, "Infineon's patent
16  portfolio worldwide comprised approximately 25,000 patents and patent
17  applications at the end of the 2015 fiscal year, compared with around 21,000
18  patents and applications at the end of the previous year, not including International
19  Rectifier.  The figure includes 2,100 patents and applications that we acquired
20  through the acquisition of International Rectifier."  Infineon Americas denies the
21  remaining allegations in paragraph 25 of the TAC.

22      26.     In a September 8, 2015 press release, Infineon AG states, "Earlier this
23  year, Infineon described its broadened patent portfolio related to GaN and
24  announced the expansion of its GaN-on-Silicon (GaN/Si) offering, GaN/Si epitaxy
25  process and 100 V-600 V technologies resulting from the acquisition of
26  International Rectifier."  Infineon Americas denies the remaining allegations in
27  paragraph 26 of the TAC.

28      27.     Infineon Americas denies the allegations in paragraph 27 of the TAC.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

28.     Infineon AG lawyers in Germany and Infineon Americas employees in California participated in discussions with Plaintiffs regarding the 2010 IP Purchase Agreement and 2010 License Agreement entered between Nitronex and IR. Infineon Americas denies the remaining allegations in paragraph 28 of the TAC.

29.     International Rectifier Corporation, Infineon Technologies AG, Nitronex, LLC, and M/A-COM Technology Solutions signed a Common Interest Agreement in 2015.    Infineon Americas denies the remaining allegations in paragraph 29 of the TAC.

30.     Infineon Americas denies the allegations in paragraph 30 of the TAC.

31.     Infineon Americas denies the allegations in paragraph 31 of the TAC.

32.     Infineon Americas denies the allegations in paragraph 32 of the TAC.

33.     Infineon Americas denies the allegations in paragraph 33 of the TAC.

34.     Infineon Americas denies the allegations in paragraph 34 of the TAC.

35.     Infineon Americas denies the allegations in paragraph 35 of the TAC.

36.     Infineon Americas denies the allegations in paragraph 36 of the TAC.

37.     Infineon Americas denies the allegations in paragraph 37 of the TAC.

38.     Infineon Americas denies the allegations in paragraph 38 of the TAC.

## <u>Venue</u>

39.     Venue is appropriate in this Court for Infineon Americas.    Infineon Americas denies the remaining allegations in paragraph 39 of the TAC.

## FACTUAL BACKGROUND

40.     Nitronex sold certain patents to IR in 2010.  IR granted Nitronex a license to use those patents with certain restrictions.  Infineon Americas denies the remaining allegations in paragraph 40 of the TAC.

41.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 41 of the TAC, and therefore denies them.

42.     Infineon Americas denies the allegations in paragraph 42 of the TAC.

6

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

43.     Infineon Americas denies the allegations in paragraph 43 of the TAC.

44.     Infineon Americas denies the allegations in paragraph 44 of the TAC.

45.     Infineon Americas denies the allegations in paragraph 45 of the TAC.

46.     Infineon Americas denies the allegations in paragraph 46 of the TAC.

47.     Infineon Americas denies the allegations in paragraph 47 of the TAC.

48.     Infineon Americas denies the allegations in paragraph 48 of the TAC.

49.     Infineon Americas denies the allegations in paragraph 49 of the TAC.

50.     Infineon Americas denies the allegations in paragraph 50 of the TAC.

51.     Infineon Americas denies the allegations in paragraph 51 of the TAC.

52.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 52 of the TAC, and therefore denies them.

53.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 53 of the TAC, and therefore denies them.

54.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 54 of the TAC, and therefore denies them.

55.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 55 of the TAC, and therefore denies them.

56.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 56 of the TAC, and therefore denies them.

57.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 57 of the TAC, and therefore denies them.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

58. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 58 of the TAC, and therefore denies them.

59. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 59 of the TAC, and therefore denies them.

60. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 60 of the TAC, and therefore denies them.

61. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 61 of the TAC, and therefore denies them.

62. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 62 of the TAC, and therefore denies them.

63. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 63 of the TAC, and therefore denies them.

64. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 64 of the TAC, and therefore denies them.

65. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 65 of the TAC, and therefore denies them.

66. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 66 of the TAC, and therefore denies them.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

67.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 67 of the TAC, and therefore denies them.

68.     As of 2004, IR was a well-established company in power management as well as other fields.   Infineon Americas denies the remaining allegations in paragraph 68 of the TAC.

69.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 69 of the TAC, and therefore denies them.

70.     Infineon Americas denies the allegations in paragraph 70 of the TAC.

71.     In 2004, IR and Nitronex entered into a Technology Transfer Agreement (the "2004 Technology Transfer Agreement") and a License Agreement (the "2004 License Agreement").   Infineon Americas denies the remaining allegations in paragraph 71 of the TAC.

72.     The 2004 License Agreement states, "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."   The 2004 Technology Transfer Agreement states, "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████" Infineon Americas denies the remaining allegations in paragraph 72 of the TAC.

73.     Infineon Americas denies the allegations in paragraph 73 of the TAC.

74.     Infineon Americas denies the allegations in paragraph 74 of the TAC.

75.     In 2008, IR marketed GaN-based power devices using the name "GaNpowIR."   Infineon Americas denies the remaining allegations in paragraph 75 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

76.     Infineon Americas denies the allegations in paragraph 76 of the TAC.

77.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 77 of the TAC, and therefore denies them.

78.     Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 78 of the TAC, and therefore denies them.

79.     IR and Nitronex entered into the 2010 IP Purchase Agreement and the 2010 License Agreement.  Infineon Americas denies the remaining allegations in paragraph 79 of the TAC.

80.     The 2010 IP Purchase Agreement states, "███████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ████████████████████████████████"   The 2010 IP Purchase Agreement also states, "████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████."   Infineon Americas denies the remaining allegations in paragraph 80 of the TAC.

81.     Section 4.02 of the 2010 IP Purchase Agreement states, "████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████

10

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

1    ███████████████████████.”   Infineon Americas denies the remaining

2    allegations in paragraph 81 of the TAC.

3        82.    Infineon Americas repeats the allegations in paragraph 80 of this

4    Answer.  Infineon Americas denies the remaining allegations in paragraph 82 of the

5    TAC.

6        83.    Section 3.01 of the 2010 IP Purchase Agreement states, "█████████

7    ██████████████████████████████████████████████████████████

8    ██████████████████████████████████████████████████████████

9    ██████████████████████████████████████████████████████████

10   ██████████████████████████████████████████████████████████

11   ████████████████.”   Infineon Americas repeats the allegations in paragraph 80

12   of this Answer.  Infineon Americas denies the remaining allegations in paragraph

13   83 of the TAC.

14       84.    Section 4.01 of the 2010 IP Purchase Agreement states, "██████

15   ██████████████████████████████████████████████████████████

16   ██████████████████████████████████████████████████████████

17   ██████████████████████████████████████████████████████████

18   ██████████████████████████████████████████████████████████

19   ██████████████████████████████████████████████████████████

20   ██████████████████████████████████████████████████████████

21   ██████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████████

23   ██████████████████████████████████████████████████████████

24   ██████████████████████████████████████████████████████████

25   ██████████████████████████████████████████████████████████

26   ██████████████████████████████████████████████████████████

27   ██████████████████████████████████████████████████████████

28   ██████████████████████████████████████████████████████████

12

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

1 ███████████████████████████████████████████████

2 ████████████████████████████████████████."  Infineon Americas

3 denies the remaining allegations in paragraph 84 of the TAC.

4       85.    Infineon Americas denies the allegations in paragraph 85 of the TAC.

5       86.    The Licensed Patents include U.S. Patents Nos. 6,649,287; 6,617,060;

6 8,105,921;  8,344,417;  8,592,862;  8,937,335;  8,928,034;  8,928,035;  9,064,775;

7 9,437,686;  9,461,119;  9,943,687;  6,611,002;  7,233,028;  6,956,250;  7,135,720;

8 7,352,016;  7,569,871;  7,994,540;  7,071,498;  7,361,946;  7,339,205;  7,352,015;

9 12/023,480;  8,748,298;  7,247,889;  7,365,374;  7,791,106;  7,566,913;  8,067,786;

10 8,343,856;  8,859,400;  8,350,288;  8,680,570;  8,946,765;  7,687,827;  8,368,117;

11 9,608,102;  8,026,596;  7,745,848;  8,026,581;  8,358,005;  8,343,824;  and 8,629,453,

12 and  U.S.  Patent  Applications  Nos.  11/261,942;  11/543,010;;  14/926,279;

13 15/240,789; and 15/433,473.  Infineon Americas denies the remaining allegations

14 in paragraph 86 of the TAC.

15       87.    Section 12.02 of the 2020 IP Purchase Agreement states, "████████

16 ███████████████████████████████████████████████

17 ███████████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ███████████████████████████████████████████████

20 ███████████████████████████████████████████████

21 ███████████████████████████████████████████████

22 ███████████████████████████████████████████████

23 ███████████████████████████████████████████████

24 ███████████████████████████████████████████████

25 ███████████████████████████████████████████████

26 ███████████████████████████████████████████████

27 ███████████████████████████████████████████████

28 ███████████████████████████████████████████████

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

1 ████████████████████████████████████████████████

2 ██████████████████████████████████████████████"

3 Infineon Americas denies the remaining allegations in paragraph 87 of the TAC.

4      88.   Section 2.1 of the 2010 License Agreement states, "IR hereby grants to

5 Nitronex the following: a) a worldwide, royalty-free, fully paid exclusive license in

6 the Field of Use only, with right to sublicense in the Field of Use only, to use the

7 Licensed Patents to design, develop, make, have made, use, offer to sell, sell and

8 service Products; and b) a worldwide, royalty-free, fully paid exclusive license,

9 including as against IR, in the Exclusive Field only, with right to sublicense in the

10 Exclusive Field only, and subject to the foregoing provision (a), to use the Licensed

11 Patents to design, develop, make, have made, use, offer to sell, sell and service

12 Products. Notwithstanding the foregoing, IR retains the right, under the Licensed

13 Patents, to design, develop, make, have made, use, offer to sell, sell and service any

14 and all IR products in the Field of Use, provided that IR itself may not directly or

15 indirectly market, sell or service Products in the Exclusive Field and IR may not

16 grant further licenses or sublicenses to any other party under the Licensed Patents to

17 design, develop, make, have made, use, market, sell or service Products in the Field

18 of Use." Infineon Americas denies the remaining allegations in paragraph 88 of the

19 TAC.

20      89.   Sections 1.3, 1.4 and 2.1 of the 2010 License Agreement state as

21 follows:



INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018



> 2.1    IR hereby grants to Nitronex the following:
> a) a worldwide, royalty-free, fully exclusive license
> in the Field of Use only, with right to sublicense in the
> Field of Use only, to use the Licensed Patents to design,
> develop, make, have made, use, offer to sell, sell and
> service Products; and b) a worldwide, royalty-free, fully
> paid exclusive license, including as against IR, in the
> Exclusive Field only, with right to sublicense in the
> Exclusive Field only, and subject to the foregoing
> provision (a), to use the Licensed Patents to design,
> develop, make, have made, use, offer to sell, sell and
> service Products. Notwithstanding the foregoing, IR
> retains the right, under the Licensed Patents, to design,
> develop, make, have made, use, offer to sell, sell and
> service any and all IR products in the Field of Use,
> provided that IR itself may not directly or indirectly
> market, sell or service Products in the Exclusive Field and
> IR may not grant further licenses or sublicenses to any
> other party under the Licensed Patents to design, develop,
> make, have made, use, market, sell or service Products in
> the Field of Use.

Infineon Americas denies the remaining allegations in paragraph 89 of the TAC.

90.    Infineon Americas repeats the allegations in paragraph 88 of this Answer.  Infineon Americas denies the remaining allegations in paragraph 90 of the TAC.

91.    Section 1.2 of the 2010 License Agreement states:

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Infineon Americas denies the remaining allegations in paragraph 91 of the TAC.

23

92.    Infineon Americas repeats the allegations in paragraph 88 of this Answer.  Infineon Americas denies the remaining allegations in paragraph 92 of the TAC.

24

25

26

27

28

16

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

93.     Infineon Americas repeats the allegations in paragraph 88 of this Answer.  Infineon Americas denies the remaining allegations in paragraph 93 of the TAC.

94.     Infineon Americas denies the allegations in paragraph 94 of the TAC.

95.     Sections 6.1 and 6.2 of the 2010 License Agreement state:

Infineon Americas denies the remaining allegations in paragraph 95 of the TAC.

96.     Section 7.1 of the 2010 License Agreement states:

Infineon Americas denies the remaining allegations in paragraph 96 of the TAC.

97.     Section 10.11 of the 2010 License Agreement states:

Infineon Americas denies the remaining allegations in paragraph 97 of the TAC.

98.     Infineon Americas denies the allegations in paragraph 98 of the TAC.

17

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

99.   Infineon Americas denies the allegations in paragraph 99 of the TAC.

100.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 100 of the TAC, and therefore denies them.

101.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 101 of the TAC, and therefore denies them.

102.   On February 13, 2014, MACOM stated in a press release, "MACOM purchased Nitronex from GaAs Labs, LLC for approximately $26 million in cash, subject to potential post-closing adjustments.   MACOM financed the transaction through a draw of additional indebtedness from its revolving credit facility." Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations set forth in paragraph 102 of the TAC, and therefore denies them.

103.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 103 of the TAC, and therefore denies them.

104.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 104 of the TAC, and therefore denies them.

105.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 105 of the TAC, and therefore denies them.

106.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 106 of the TAC, and therefore denies them.

107.   In a press release on August 20, 2014, Infineon AG states, "Infineon Technologies AG (FSE: IFX / OTCQX: IFNNY) and International Rectifier

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

Corporation (NYSE: IRF) today announced that they have signed a definitive agreement under which Infineon will acquire International Rectifier for US-Dollar 40 per share in an all-cash transaction valued at approximately US-Dollar 3 billion." Infineon Americas denies the remaining allegations in paragraph 107 of the TAC.

108.   In a press release on August 20, 2014, Infineon AG states:

Integration complements Infineon's expertise in power semiconductors and adds system know-how in power conversion, while expanding its expertise in compound semiconductors (Gallium Nitride on Silicon) and driving greater economies of scale in production" and

***

With International Rectifier, Infineon acquires an advanced manufacturer in Gallium Nitride on Silicon (GaN) based power semiconductors. This combination will accelerate and solidify Infineon's position in GaN discretes and GaN system solutions, improving its ability to pursue this strategically important technology platform with significant future growth potential.  The transaction will result in a broad range of products creating a comprehensive provider in the market for silicon-, silicon-carbide- and gallium-nitride-based power devices and integrated circuits (ICs).

Infineon Americas denies the remaining allegations in paragraph 108 of the TAC.

109.   In a January 13, 2015 press release, Infineon AG states:

International Rectifier is highly complementary to Infineon: the combined company gains greater scope in product portfolio and regions, especially with small and medium enterprise customers in the US and Asia. The merger taps additional system know-how in power management.  It expands the expertise in power semiconductors, also combining leading knowledge in compound semiconductors, namely Gallium Nitride. Furthermore, the acquisition will drive greater economies of scale in production, strengthening the competitiveness of the combined company.

Infineon Americas denies the remaining allegations in paragraph 109 of the TAC.

110.   In a January 13, 2015 press release, Infineon AG states,

Infineon Technologies AG (FSE: IFX / OTCQX: IFNNY) announced today the closing of the acquisition of International Rectifier. With effect from today, the El

19

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

Segundo based company has become part of Infineon following the approval of all necessary regulatory authorities and International Rectifier's shareholders.

Infineon Americas denies the remaining allegations in paragraph 110 of the TAC.

111. International Rectifier changed its name to Infineon Technologies Americas Corp. in 2015. Infineon Americas denies the remaining allegations in paragraph 111 of the TAC.

112. Infineon Americas is the owner of the Licensed Patents. Infineon Americas denies the remaining allegations in paragraph 112 of the TAC.

113. Infineon AG acquired IR. Infineon Americas denies the remaining allegations in paragraph 113 of the TAC.

114. Infineon Americas denies the allegations in paragraph 114 of the TAC.

115. Infineon Americas denies the allegations in paragraph 115 of the TAC.

116. Infineon Americas denies the allegations in paragraph 116 of the TAC.

117. On January 27, 2015, IR wrote to MACOM and/or Nitronex:

As you know, International Rectifier (IR) entered into two agreements with Nitronex Corporation in July of 2010. One agreement was entered into for the purpose of IR's purchase of Intellectual Property from Nitronex generally described in that agreement as GaN on Silicon Technology. The second agreement, entitled the License Agreement, was entered into for the purpose of allowing Nitronex to exploit, on a limited basis, the intellectual property which IR acquired from Nitronex and such exploitation was limited to the field of radio frequency and such exploitation specifically excluded power management as a field of use in the future by Nitronex.

MACOM's press release announcing an IP licensing program for Gallium Nitride on Silicon technology has come to our attention. We are concerned by the language of the press release and, in particular, by the language in the release in two particular areas. First, we are concerned about the license and epi wafer supply agreement with IQE that you have announced which, to use your words, will 'enable IQE, the world's largest supplier of compound semiconductor epi, to manufacture GaN-on-Silicon epi at 4, 6, and 8-inch diameters in high volume for RF applications.' Second, the press release goes on to say that 'MACOM announced that it is in active discussions to make GaN-on-Silicon technology available to select companies for use in RF applications.'

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

We believe that these statements, depending on what MACOM actually means by them and plans to do about them, may run afoul of the restrictions imposed upon Nitronex (and therefore now MACOM), restrictions which are still in effect in both the IP Purchase Agreement and the License Agreement.

In the License Agreement with Nitronex, Nitronex was granted the rights to exploit GaN-on-Silicon Technology in RF applications for its own direct benefit as a manufacturer of RF devices. It was not granted the right to further license and transfer the technology for profit to other firms. As a consequence, to the extent that your press release announces only that IQE will be a foundry for the benefit of MACOM, IR has no issue with such a relationship, subject, of course, to reasonable assurances, protections and controls that both MACOM and IR would require of IQE to protect the proprietary information of IR. On the other hand, if the purpose of the IQE relationship is to license IQE to make RF devices containing GaN-on-Silicon Technology for its own benefit and for other customers of IQE, IR believes that such technology transfer is not permissible under the operative agreements between IR and Nitronex.

Moreover, your broader press release announcement of making GaN-on-Silicon technology available to 'select companies' concerns IR as well. This statement, if true, appears to directly contravene the terms, conditions of the operative contracts as well as being wholly inconsistent with the intention of the parties in making and entering into the contracts.

We wish to avoid disputes wherever possible and send this letter in the spirit of discussing these matters between our companies and hopefully reaching consensus as to how to proceed from here. Please call me to arrange a convenient time to discuss IR's concerns and the amicable resolution of them.

Infineon Americas denies the allegations in paragraph 117 of the TAC.

118.   Infineon Americas denies the allegations in paragraph 118 of the TAC.

119.   Infineon Americas denies the allegations in paragraph 119 of the TAC.

120.   Infineon Americas denies the allegations in paragraph 120 of the TAC.

121.   Infineon Americas denies the allegations in paragraph 121 of the TAC.

122.   Infineon Americas denies the allegations in paragraph 122 of the TAC.

123.   Infineon Americas denies the allegations in paragraph 123 of the TAC.

21

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

124.   Infineon Americas denies the allegations in paragraph 124 of the TAC.

125.   Infineon Americas denies the allegations in paragraph 125 of the TAC.

126.   International Rectifier Corporation, Infineon Technologies AG, Nitronex, LLC, and M/A-COM Technology Solutions signed a Common Interest Agreement in 2015.   Infineon Americas denies the remaining allegations in paragraph 126 of the TAC.

127.   MACOM and/or Nitronex materially breached the 2010 License Agreement by selling GaN-on-SiC products and devices.   There are differences between GaN-on-SiC technology and GaN-on-Si technology.   Infineon Americas denies the remaining allegations in paragraph 127 of the TAC.

128.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 128 of the TAC, and therefore denies them.

129.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 129 of the TAC, and therefore denies them.

130.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 130 of the TAC, and therefore denies them.

131.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 131 of the TAC, and therefore denies them.

132.   Infineon Americas denies the allegations in paragraph 132 of the TAC.

133.   In late 2015, Infineon Americas informed Plaintiffs that Infineon Americas was contemplating assigning one or more Nitronex Patents to an undisclosed third party.  Infineon Americas denies the allegations in paragraph 133 of the TAC.

134.   Infineon Americas denies the allegations in paragraph 134 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

135.   Section 12.12 of the 2010 IP Purchase Agreement states:



Infineon Americas denies the remaining allegations in paragraph 135 of the TAC.

136.   Infineon Americas denies the allegations in paragraph 136 of the TAC.

137.   Infineon Americas denies the allegations in paragraph 137 of the TAC.

138.   Infineon Americas denies the allegations in paragraph 138 of the TAC.

139.   Infineon Americas denies the allegations in paragraph 139 of the TAC.

140.   Infineon Americas denies the allegations in paragraph 140 of the TAC.

141.   Infineon Americas denies the allegations in paragraph 141 of the TAC.

142.   Infineon Americas denies the allegations in paragraph 142 of the TAC.

143.   Infineon Americas has not assigned and is under no obligation to assign to MACOM U.S. Patents Nos. 6,649,287; 6,617,060; 8,105,921; 8,344,417; 8,592,862; 9,064,775; 7,596,871; 7,071,498; 7,687,827; 8,368,117; 6,956,250; 8,937,335; 8,928,034; 8,928,035; 8,026,596; 9,461,119; 9,437,686; 7,135,720; 7,352,016; and 7,994,540.

144.   In a letter dated February 2, 2016, Infineon Americas notified MACOM and/or Nitronex that its unlicensed use of the Licensed Patents to manufacture GaN-on-SIC devices constitutes a material breach of the 2010 License Agreement.   Infineon Americas asked MACOM and/or Nitronex to remedy its

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

breach.  Infineon Americas denies the remaining allegations in paragraph 144 of the TAC.

145.   Infineon Americas denies the allegations in paragraph 145 of the TAC.

146.   Infineon Americas denies the allegations in paragraph 146 of the TAC.

147.   Infineon Americas denies the allegations in paragraph 147 of the TAC.

148.   Infineon Americas denies the allegations in paragraph 148 of the TAC.

149.   Infineon Americas denies the allegations in paragraph 149 of the TAC.

150.   In a letter dated March 22, 2016, Infineon Americas sent MACOM and/or Nitronex a formal notice of termination of the 2010 License Agreement, stating:

> This letter constitutes Infineon's formal notice of termination of the License Agreement between International Rectifier Corporation ("IR") and Nitronex Corporation ("Nitronex") of July 30, 2010 (the "License Agreement") under § 7.1.
>
> As raised on several occasions over the past six months and formally notified on February 2, 2016, MACOM/Nitronex has designed, tested, manufactured, produced and sold infringing devices manufactured by using technology for fabricating gallium nitride on silicon carbide, which constitutes a material breach of the License Agreement. In your response of February 11, 2016, you raised the concern that our notice lacked specificity, while, on different occasion, you requested that we abstain from creating a potentially unprivileged record about the parties' views on patent scope and infringement to protect the portfolio. We try to honor your requests but struggle with the contradiction.
>
> We have offered to explain MACOM's infringement in more detail in a face-to-face meeting at MACOM's offices or another place of your convenience several times over the past months, and we hereby re-extend this offer, but so far you have declined.  In an abundance of caution that this letter may indeed be viewed as unprivileged under certain circumstances by a court despite our common and continuous interest in finding an amicable solution for a new licensing arrangement, we will keep the infringement discussion herein general.  Solely by way of example, and without any limitations, some previously mentioned patents that are infringed by, e.g., MACOM's MAGX-000025-150000 products, include U.S. Patents Nos. 7,071,498; 7,352,016; 7,569,871; and 7,994,540.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

> You also suggested that these products are going to be discontinued ("MACOM confirms that it has EOLed all of its GaN -on-SiC products"), but you neither provided evidence in support of this statement (e.g., copies of end-of-life notifications to your customers) nor did you indicate any time frame when MACOM would stop shipping infringing products. Instead, MACOM/Nitronex appears to continue to ship or sell infringing GaN-on-SiC products.

Infineon Americas denies the remaining allegations in paragraph 150 of the TAC.

151.   Infineon Americas denies the allegations in paragraph 151 of the TAC.

152.   Infineon Americas denies the allegations in paragraph 152 of the TAC.

153.   In a letter dated April 1, 2016, MACOM sent Infineon Americas a letter stating:

> I write in response to your March 22, 2016 letter, in which Infineon purports to give "formal notice of termination" of the International Rectifier/Nitronex License Agreement.   As explained below and in MACOM's letter dated February 15, 2016, Infineon has no basis to terminate the License Agreement. The "notice of termination" is therefore without effect.   MACOM intends to continue to exercise its full rights under the License Agreement[.]

Infineon Americas denies the remaining allegations in paragraph 153 of the TAC.

154.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 154 of the TAC, and therefore denies them.

155.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 155 of the TAC, and therefore denies them.

156.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 156 of the TAC, and therefore denies them.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

157.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 157 of the TAC, and therefore denies them.

158.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 158 of the TAC, and therefore denies them.

159.   Infineon Americas denies the allegations in paragraph 159 of the TAC.

160.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 160 of the TAC, and therefore denies them.

161.   Infineon Americas denies the allegations in paragraph 161 of the TAC.

162.   Infineon Americas denies the allegations in paragraph 162 of the TAC.

163.   Infineon Americas denies the allegations in paragraph 163 of the TAC.

164.   Infineon Americas denies the allegations in paragraph 164 of the TAC.

165.   ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████. Infineon Americas denies the remaining allegations in paragraph 165 of the TAC.

166.   Infineon Americas denies the allegations in paragraph 166 of the TAC.

167.   Infineon Americas denies the allegations in paragraph 167 of the TAC.

168.   Infineon Americas denies the allegations in paragraph 168 of the TAC.

169.   Infineon Americas has filed counterclaims of patent infringement against MACOM and/or Nitronex for one or more of products infringing at least one claim of each of U.S. Patent Nos. 7,071,498; 7,135,720; 7,352,016; 7,569,871; and 7,994,540. Infineon Americas denies the remaining allegations in paragraph 169 of the TAC.

170.   Infineon Americas and Infineon AG have defended against Plaintiffs' claims by taking the position that certain patent claims that Plaintiffs have asserted

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

against Defendants are invalid. Infineon Americas denies the remaining allegations in paragraph 170 of the TAC.

171.   Infineon Americas denies the allegations in paragraph 171 of the TAC.

172.   Infineon Americas denies the allegations in paragraph 172 of the TAC.

173.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 173 of the TAC, and therefore denies them.

174.   Infineon AG acquired IR. Infineon Americas denies the remaining allegations in paragraph 174 of the TAC.

175.   The Licensed Patents were assigned to IR, which is now named Infineon Americas. Infineon Americas is an Applicant for applications being prosecuted for which Infineon Americas has the right to be an Applicant. Infineon Americas denies the remaining allegations of paragraph 175 of the TAC.

176.   Infineon Americas denies the allegations in paragraph 176 of the TAC.

177.   Infineon Americas denies the allegations in paragraph 177 of the TAC

**PLAINTIFFS' FIRST CLAIM FOR RELIEF**

178.   The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

179.   Nitronex and IR entered into the 2010 License Agreement.

180.   Infineon Americas denies the allegations in paragraph 180 of the TAC.

181.   Infineon Americas denies the allegations in paragraph 181 of the TAC.

182.   Infineon Americas denies the allegations in paragraph 182 of the TAC.

183.   Infineon Americas denies the allegations in paragraph 183 of the TAC.

184.   Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 184 of the TAC, and therefore denies them.

185.   Infineon Americas denies the allegations in paragraph 185 of the TAC.

186.   Infineon Americas denies the allegations in paragraph 186 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

187.   Infineon Americas denies the allegations in paragraph 187 of the TAC.

188.   Infineon Americas denies the allegations in paragraph 188 of the TAC.

189.   Paragraph 189 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 189 of the TAC.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

190.   The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

191.   Nitronex and IR entered into the 2010 License Agreement.

192.   Infineon Americas denies the allegations in paragraph 192 of the TAC.

193.   Infineon Americas denies the allegations in paragraph 193 of the TAC.

194.   Infineon Americas denies the allegations in paragraph 194 of the TAC.

195.   Infineon Americas denies the allegations in paragraph 195 of the TAC.

196.   Infineon Americas denies the allegations in paragraph 196 of the TAC.

197.   Infineon Americas denies the allegations in paragraph 197 of the TAC.

198.   Infineon Americas denies the allegations in paragraph 198 of the TAC

199.   Infineon Americas denies the allegations in paragraph 199 of the TAC.

200.   Infineon Americas denies the allegations in paragraph 200 of the TAC.

201.   Paragraphs 201 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 201 of the TAC.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF

202.   The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

203.   An actual and justiciable case or controversy exists between Plaintiffs and Infineon Americas regarding termination of the 2010 License Agreement. Infineon Americas denies the remaining allegations in paragraph 203 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

204.   Infineon Americas has terminated the 2010 License Agreement. Infineon Americas denies the remaining allegations in paragraph 204 of the TAC.

205.   Infineon Americas denies the allegations in paragraph 205 of the TAC.

206.   Infineon Americas denies the allegations in paragraph 206 of the TAC.

207.   Infineon Americas denies the allegations in paragraph 207 of the TAC.

208.   Infineon Americas denies the allegations in paragraph 208 of the TAC.

209.   Paragraph 209 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 209 of the TAC.

## PLAINTIFFS' FOURTH CLAIM FOR RELIEF

210.   The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

211.   Nitronex and IR entered into the 2010 License Agreement.

212.   Infineon Americas denies the allegations in paragraph 212 of the TAC.

213.   Nitronex and IR entered into the 2010 IP Purchase Agreement.

214.   Admit.

215.   Infineon Americas denies the allegations in paragraph 215 of the TAC.

216.   Infineon Americas denies the allegations in paragraph 216 of the TAC.

217.   Infineon Americas denies the allegations in paragraph 217 of the TAC.

218.   Infineon Americas denies the allegations in paragraph 218 of the TAC.

219.   Infineon Americas denies the allegations in paragraph 219 of the TAC.

220.   Infineon Americas denies the allegations in paragraph 220 of the TAC.

221.   Infineon Americas denies the allegations in paragraph 221 of the TAC.

222.   Paragraph 222 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 222 of the TAC.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

## PLAINTIFFS' FIFTH CLAIM FOR RELIEF

223. The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

224. Infineon Americas denies the allegations in paragraph 224 of the TAC.

225. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 225 of the TAC, and therefore denies them.

226. Infineon Americas lacks knowledge or information sufficient to form a belief as the truth or falsity of the allegations set forth in paragraph 226 of the TAC, and therefore denies them.

227. Infineon Americas has terminated the 2010 License Agreement. Infineon Americas denies the remaining allegations in paragraph 227 of the TAC.

228. Infineon Americas denies the allegations in paragraph 228 of the TAC.

229. Infineon Americas denies the allegations in paragraph 229 of the TAC.

230. Infineon Americas denies the allegations in paragraph 230 of the TAC.

231. Paragraph 231 sets forth requests for relief to which no response is required. Infineon Americas denies any remaining allegations in paragraph 231 of the TAC.

232. Paragraph 232 sets forth requests for relief to which no response is required. Infineon Americas denies any remaining allegations in paragraph 232 of the TAC.

## PLAINTIFFS' SIXTH CLAIM FOR RELIEF

233. The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

234. Nitronex and IR entered into the 2010 IP Purchase Agreement.

235. Admit.

236. Nitronex Corporation transferred the Licensed Patents to IR. Infineon Americas denies the remaining allegations in paragraph 236 of the TAC.

30

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

237.   Infineon Americas denies the allegations in paragraph 237 of the TAC.

238.   Infineon Americas denies the allegations in paragraph 238 of the TAC.

239.   Paragraph 239 sets forth requests for relief to which no response is required.  Infineon Americas denies the remaining allegations in paragraph 239 of the TAC.

## SEVENTH CLAIM FOR RELIEF

240.   The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

241.   Infineon Americas denies the allegations in paragraph 241 of the TAC.

242.   Infineon Americas denies the allegations in paragraph 242 of the TAC.

243.   Infineon Americas denies the allegations in paragraph 243 of the TAC.

244.   Infineon Americas denies the allegations in paragraph 244 of the TAC.

245.   Infineon Americas denies the allegations in paragraph 245 of the TAC.

246.   Paragraph 246 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 246 of the TAC.

247.   Paragraph 247 sets forth requests for relief to which no response is required.  Infineon Americas denies any remaining allegations in paragraph 247 of the TAC.

## EIGHTH CLAIM FOR RELIEF

248.   Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and Infineon Americas is not required to respond to Paragraphs 248-260.  The allegations in the preceding paragraphs of this Answer are incorporated herein by reference.

249.   Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

31

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

250.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraph 248-260.  Infineon Americas denies any remaining allegations.

251.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

252.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

253.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

254.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

255.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

256.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

257.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

258.  Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

259.   Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

260.   Paragraphs 248-260 set forth allegations for a claim against a different party (Infineon AG), and thus, Infineon Americas is not required to respond to Paragraphs 248-260.  Infineon Americas denies any remaining allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

261.   Infineon Americas denies the allegations contained in Plaintiffs' Prayer for Relief, and Infineon Americas further denies that Plaintiffs are entitled to any relief whatsoever, including any of the relief sought in paragraphs A–Q of its Prayer For Relief.  Plaintiffs' Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Plaintiffs should take nothing.

\* \* \*

To the extent not expressly addressed above, the factual allegations in the TAC are denied.  Infineon Americas reserves the right to amend its answer as discovery progresses and as Plaintiffs clarifies the nature of its claims.

## INFINEON AMERICAS'S AFFIRMATIVE DEFENSES

In further answering Plaintiffs' TAC, Infineon Americas pleads the following affirmative and other defenses, without conceding that any of the following defenses must be pled as affirmative defenses and without assuming any burden of proof that Infineon Americas would not otherwise have:

### First Affirmative Defense
### Failure to State a Claim

262.   The TAC fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### Plaintiffs' Breach of Contract

263.   Plaintiffs' claims are barred because of Plaintiffs' nonperformance and/or breach of the agreements at issue.  For example, Plaintiffs have breached Sections 4.02, 6.01, and/or 12.12 of the 2010 IP Purchase Agreement, Sections 2.1,

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

5.3, and/or 6.1 of the 2010 License Agreement, and/or implied covenants, including the implied covenant of good faith and fair dealing under one or both of those agreements.

264.   Section 2.1 of the 2010 License Agreement limits Nitronex's rights to practice the Licensed Patents to "the Field of Use only."

265.   Under the 2010 License Agreement, Nitronex does not have any rights to practice the Licensed Patents outside the Field of Use.

266.   Section 1.3 defines the Field of Use as limited to "██████████ ██████████."

267.   GaN-on-SiC products do not fall within the Field of Use.

268.   Under the 2010 License Agreement, Plaintiffs do not have any rights to make, use, offer to sell, or sell GaN-on-SiC products that practice the Licensed Patents.

269.   MACOM and/or Nitronex has made, used, offered to sell, and/or sold GaN-on-SiC products that practice the Licensed Patents.

270.   By making, using, offering to sell, and/or selling GaN-on-SiC products that practice the Licensed Patents, MACOM and/or Nitronex has breached the 2010 License Agreement and/or the implied covenant of good faith and fair dealing in the 2010 License Agreement.   By acting unreasonably, MACOM and/or Nitronex denied Infineon Americas benefits under the 2010 License Agreement.

271.   When Infineon Americas confronted MACOM and/or Nitronex about its GaN-on-SiC products, MACOM and/or Nitronex admitted that there were sales of GaN-on-SiC products beyond the scope of Nitronex's license, but took the position that these sales should be disregarded because the sales were *de minimis*.

272.   Under Section 7.1 of the 2010 License Agreement, ██████████ ██████████████████████████████████████████████ ██████████████████████████████████████████.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

273. Infineon Americas notified MACOM and/or Nitronex of the material breach on February 2, 2016. MACOM and/or Nitronex failed to remedy the breach, instead taking the position that the sales of GaN-on-SiC products should be disregarded as *de minimis*.

274. Because MACOM and/or Nitronex failed to remedy the material breach, Infineon Americas properly terminated the 2010 License Agreement. All or some of Plaintiffs' claims for relief are barred, in whole or in part, due to MACOM and/or Nitronex's breach of the 2010 License Agreement and/or the implied covenant of good faith and fair dealing in the 2010 License Agreement.

## Third Affirmative Defense
## Non-Infringement

275. All or some of Plaintiffs' claims for relief are barred, in whole or in part, because Infineon Americas has not engaged in any activities with respect to GaN-on-Si RF Products in the Exclusive Field that constitute infringement of any valid and enforceable claim of the Licensed Patents, as properly construed.

## Fourth Affirmative Defense
## Prosecution History Estoppel

276. To the extent that any of Plaintiff's allegations of infringement are construed or asserted to be allegations of infringement under the judicially enunciated doctrine of equivalents, on information and belief, all or some of Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

## Fifth Affirmative Defense
## Invalidity

277. All or some of Plaintiffs' claims for relief are barred, in whole or in part, because one or more claims of the Licensed Patents are invalid and/or unenforceable for failure to meet one or more of the statutory requirements for patentability set forth in Title 35 of the United States Code, including without

35

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

limitation §§ 101, 102, 103, 112, 116, 119 and/or 120, and the requirements of The Code of Federal Regulations.

### Sixth Affirmative Defense
### Illegality/Unenforceability of Section 2.1

278.   One or more of Plaintiffs' claims are barred because Section 2.1 of the License Agreement or at least portions of Section 2.1 are unenforceable and/or void.  For example, to the extent that Plaintiffs contend that Section 2.1 of the 2010 License Activity restricts any activities that would not otherwise constitute infringement of the Licensed Patents, that interpretation would render some or all of Section 2.1 invalid, illegal, and/or unenforceable under federal law, European law, and/or California law (including but not limited to Cal. Bus. & Prof. Code, § 16600).

### Seventh Affirmative Defense
### Equitable Defense

279.   On information and belief, all or some of Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

### Eighth Affirmative Defense
### Adequate Remedy at Law

280.   Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law, if any remedy is appropriate.

### Ninth Affirmative Defense
### Attorneys' Fees Not Recoverable

281.   Plaintiffs are not entitled to attorneys' fees because there is no contract provision or law that entitles Plaintiffs to recover attorneys' fees.

### Tenth Affirmative Defense
### Failure to Mitigate Damages

282.   To the extent that Plaintiffs are entitled to any damages or other relief, they are barred or limited due to Plaintiffs' failure to mitigate damages.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

## Eleventh Affirmative Defense
## Limitations on Damages

283.   One or more of Plaintiffs' claims for damages are barred due to the limitations on recovery set forth in the agreements at issue and/or limitations on recovery of damages under California law.

284.   For example, ███████████████████

## Thirteenth Affirmative Defense
## Lack of Standing

288.   One or more of Plaintiffs' claims are barred due to lack of standing.

289.   For example, MACOM's claims for damages are barred because it has no contractual relationship with Infineon Americas, Infineon AG, or any other Infineon entity.

## Fourteenth Affirmative Defense
## No Causation

290.   One or more of Plaintiffs' claims for damages are barred because Plaintiffs did not suffer any actual injury and/or because Plaintiffs cannot show causation.   For example, Plaintiffs cannot show that any actual injuries were actually or proximately caused by any illegal activity by Defendants.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

**Fifteenth Affirmative Defense**
**No Speculative Damages**

291.   One or more of Plaintiffs' claims for damages are barred because Plaintiffs' alleged damages claims are speculative.

\* \* \*

Infineon Americas's investigation of its defenses is ongoing.   Infineon Americas expressly reserves the right to allege and assert any additional defenses, at law or in equity, that may exist now or may be available in the future based on discovery and further investigation in this action.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs, Infineon Americas alleges as follows:

292.   Infineon Americas incorporates by reference all of the allegations of the preceding paragraphs.

293.   These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States set forth in Title 35 of the United States Code and in Title 37 of the Code of Federal Regulations.   This Court has jurisdiction over the remaining counterclaims pleaded in this action that do not arise under the patent laws pursuant to 28 U.S.C. § 1367, insofar as they are related to the other claims or counterclaims in the action and form part of the same case or controversy.

294.   This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).   Venue is based on 28 U.S.C. §§ 1391(b) and (c). This Court has personal jurisdiction over Plaintiffs.   Plaintiffs have consented to venue in this Court by bringing this action and thus venue for Infineon Americas's Counterclaims is proper in this district.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

**Count One:**
**Patent Infringement—MACOM's GaN-on-SiC Products**

295.   Infineon Americas restates and incorporates by reference all of the allegations of the preceding paragraphs.

296.   Infineon Americas is the sole owner of all right, title and interest in and to United States Patent No. 7,071,498 ("the '498 patent"), entitled "GALLIUM NITRIDE MATERIAL DEVICES INCLUDING AN ELECTRODE-DEFINING LAYER AND METHODS OF FORMING THE SAME," which was duly and legally issued on July 4, 2006.  A copy of the '498 patent is attached as Exhibit A.

297.   Infineon is the sole owner of all right, title and interest in and to United States Patent No. 7,135,720 ("the '720 patent"), entitled "GALLIUM NITRIDE MATERIAL TRANSISTORS AND METHODS ASSOCIATED WITH THE SAME," which was duly and legally issued on November 14, 2006.  A copy of the '720 patent is attached as Exhibit B.

298.   Infineon Americas is the sole owner of all right, title and interest in and to United States Patent No. 7,352,016 ("the '016 patent"), entitled "GALLIUM NITRIDE MATERIAL TRANSISTORS AND METHODS ASSOCIATED WITH THE SAME," which was duly and legally issued on April 1, 2008.  A copy of the '016 patent is attached as Exhibit C.

299.   Infineon Americas is the sole owner of all right, title and interest in and to United States Patent No. 7,569,871 ("the '871 patent"), entitled "GALLIUM NITRIDE MATERIAL TRANSISTORS AND METHODS ASSOCIATED WITH THE SAME," which was duly and legally issued on August 4, 2009.  A copy of the '871 patent is attached as Exhibit D.

300.   Infineon is the sole owner of all right, title and interest in and to United States Patent No. 7,994,540 ("the '540 patent"), entitled "GALLIUM NITRIDE MATERIAL TRANSISTORS AND METHODS ASSOCIATED WITH THE

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

1  SAME," which was duly and legally issued on August 9, 2011.  A copy of the '540

2  patent is attached as Exhibit E.

3      301.  MACOM and/or Nitronex maintains a website at www.macom.com.

4      302.  On that website in 2016, MACOM and/or Nitronex described its

5  gallium-nitride-on-silicon-carbide ("GaN-on-SiC") RF products: "At MACOM we

6  offer a broad range of GaN on SiC RF power transistor products as discrete devices,

7  modules, and pallets designed to operate from DC to 3.5 GHz. Our high power

8  transistors are ideal for civil avionics, communications, networks, radar, industrial,

9  scientific, and medical applications. Our product portfolio leverages MACOM's

10  more than 60-year heritage of providing both standard and custom solutions using

11  state of the art GaN technologies to meet our customers' most demanding needs.

12  Our GaN on Silicon Carbide (SiC) products, offered as transistors, modules and

13  pallets, utilize a 0.5 micron HEMT process and exhibit excellent RF performance

14  with respect to power, gain, gain flatness, efficiency, and ruggedness over wide

15  operating bandwidths."     http://www.macom.com/products/rf-power-products/rf-

16  power-transisters---gan

17      303.  MACOM and/or Nitronex claims that its GaN-on-SiC RF products

18  provide numerous advantages to its customers, such as "high breakdown voltage,"

19  "superior power density," "high RF gain and efficiency," "multi-octave

20  bandwidth," "high frequency operation," and "excellent thermal conductivity."

21  http://www.macom.com/files/live/sites/ma/files/pdf/GaN%20brochure_080415_hr.

22  pdf

23      304.  MACOM and/or Nitronex states that "key applications" for its gallium

24  nitride RF power products "include industrial, scientific and medical, civil and

25  military radar, and communications" markets.

26  https://www.macom.com/files/live/sites/ma/files/pdf/PSG2015_Aug_complete_081

27  915_mr.pdf

28

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

305.   MACOM and/or Nitronex created a datasheet for the MAGX-000025-150000 device, a copy of which is attached as Exhibit F.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as a "GaN on SiC HEMT Power Transistor" and states as follows: "The MAGX-000025-150000 is a gold-metalized Gallium Nitride (GaN) on Silicon Carbide (SiC) RF power transistor suitable for a variety of RF power amplifier applications. Using state of the art wafer fabrication processes, these high performance transistors provide high gain, efficiency, bandwidth, and ruggedness over a wide bandwidth for today's demanding application needs. High breakdown voltages allow for reliable and stable operation under more extreme mismatch load conditions compared with older semiconductor technologies." *See* Ex. F at 1.

306.   MACOM and/or Nitronex has directly infringed and is still directly infringing the '498, 720, '016, '871, and '540 patents by making, using, importing, offering to sell, and/or selling in the United States MACOM and/or Nitronex's GaN-on-SiC products ("the infringing MACOM products"), including MAGX-000025-150000.

307.   As a result, MACOM and/or Nitronex has been and still is infringing one or more claims of the '498 patent as defined by 35 U.S.C. § 271(a), including without limitation Claim 53.

308.   Claim 53 is directed to a "semiconductor structure."

309.   The MAGX-000025-150000 includes a semiconductor structure fabricated on a Gallium Nitride on Silicon Carbide wafer.

310.   Claim 53 requires "a gallium nitride material region."

311.   Below is a cross-sectional image of a MAGX-000025-150000 device showing that the MAGX-000025-150000 includes a gallium nitride material region.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018



312.  Claim 53 requires "an electrode-defining layer formed over the gallium nitride material region and including a via formed therein, a cross-sectional area at a top of the via being greater than a cross-sectional area at a bottom of the via."

313.  As depicted above, the MAGX-000025-150000 includes an electrode-defining layer formed over the gallium nitride region.  A via is formed within the electrode-defining layer having a greater cross-sectional area at the top than at the bottom.

314.  Claim 53 requires "a gate electrode formed on the gallium nitride material region and in the via, wherein the electrode length is defined at the bottom of the via."

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

315. As depicted above, the MAGX-000025-150000 includes a gate electrode formed on the gallium nitride material region and in the via. The electrode length is defined at the bottom of the via.

316. Claim 53 requires "a source electrode formed on the gallium nitride material region."

317. Below is another cross-sectional image of a MAGX-000025-150000 device, showing a source electrode formed on the gallium nitride material region.



318. Claim 53 requires "a drain electrode formed on the gallium nitride material region."

319. As depicted above, the MAGX-000025-150000 includes a drain electrode formed on the gallium nitride material region.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

320.   Claim 53 requires that "the gate electrode extends over a portion of the top surface of the electrode-defining layer a distance, in a direction of the drain electrode, of between about 2% and about 60% of a distance between the gate electrode and the drain electrode."

321.   As depicted above, the MAGX-000025-150000 includes a gate electrode that extends over a portion of the top surface of the electrode-defining layer a distance of approximately 5% of the distance between the gate electrode and the drain electrode.

322.   Claim 53 requires that "the gate electrode extends over a portion of the top surface of the electrode-defining layer a distance in a direction of the drain electrode greater than a distance in a direction of the source electrode."

323.   Below is another cross-sectional image of a MAGX-000025-150000 showing that the gate electrode extends over a portion of the top surface of the electrode-defining layer a distance in the direction of the drain electrode greater than a distance in the direction of the source electrode.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018



324.   MACOM and/or Nitronex has been and still is infringing one or more claims of the '720 patent as defined by 35 U.S.C. § 271(a), including without limitation Claim 1.

325.   Claim 1 is directed to a "device adapted to receive an input signal and to transmit an output signal."

326.   The MAGX-000025-150000 is a device adapted to receive an input signal and to transmit an output signal.  As shown in the functional schematic in MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 (reproduced below), the device includes two input pins and two output pins.  *See* Ex. F at 1.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

# Functional Schematic



| Pin No. | Function |
|---------|----------|
| 1 | Vgg/RF Input |
| 2 | Vdd/RF Output |
| 3 | Vgg/RF Input |
| 4 | Vdd/RF Output |

327.  Claim 1 requires "at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region."

328.  The MAGX-000025-150000 includes at least one transistor to receive the input signal.  MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor."  *See* Ex. F at 1.  Below is a cross-sectional image of a MAGX-000025-150000 device showing that it includes a transistor including at least one active region formed in a gallium nitride material region.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



329.   Claim 1 requires that the "at least one transistor structure" is "adapted to amplify the input signal to form the output signal."

330.   The MAGX-000025-150000 includes a transistor that is adapted to amplify the input signal to form the output signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor suitable for a variety of RF power amplifier applications" and depicts the device as including input pins and output pins, as shown above. *See* Ex. F at 1.

331.   Claim 1 requires that "the output signal, when transmitted, has an adjacent channel power ratio (ACPR) of less than or equal to -20 dBc at a device efficiency of greater than or equal to 20%."

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

332.   The MAGX-000025-150000 is adapted to amplify the input signal to form an output signal that when transmitted, has an ACPR of less than or equal to -20dBc at a device efficiency of greater than or equal to 20%.  For example, for a WCDMA input signal at 2.14 GHz, a drain voltage of 50 V, a drain current of 450 mA, and an output power of 43 dBm, the output signal has an ACPR of approximately -35dBc at a device efficiency of approximately 33%.

333.   MACOM and/or Nitronex has been and still is infringing one or more claims of the '016 patent as defined by 35 U.S.C. § 271(a), including without limitation Claim 1.

334.   Claim 1 is directed to a "device adapted to receive an input signal and to transmit an output signal."

335.   The MAGX-000025-150000 is a device adapted to receive an input signal and to transmit an output signal.  As shown in the functional schematic in MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 (reproduced below), the device includes two input pins and two output pins.  *See* Ex. F at 1.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018



336.   Claim 1 requires "at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region."

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

337.   The MAGX-000025-150000 includes at least one transistor to receive the input signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor."   *See* Ex. F at 1.   Below is a cross-sectional image of a MAGX-000025-150000 device showing that it includes a transistor including at least one active region formed in a gallium nitride material



region.

338.   Claim 1 requires that the "at least one transistor structure" is "adapted to amplify the input signal to form the output signal."

339.   The MAGX-000025-150000 includes a transistor that is adapted to amplify the input signal to form the output signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor suitable

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

for a variety of RF power amplifier applications" and depicts the device as including input pins and output pins, as shown above.

340.   Claim 1 requires that "the output signal, when transmitted, has an adjacent channel power ratio (ACPR) of less than or equal to -20 dBc."

341.   The MAGX-000025-150000 is adapted to amplify the input signal to form an output signal that when transmitted, has an ACPR of less than or equal to -20dBc.  For example, for a WCDMA input signal at 2.14 GHz, a drain voltage of 50 V, a drain current of 450 mA, and an output power of 43 dBm, the output signal has an ACPR of approximately -35dBc.

342.   MACOM and/or Nitronex has been and still is infringing one or more claims of the '871 patent as defined by 35 U.S.C. § 271(a), including without limitation Claim 1.

343.   Claim 1 is directed to a "device adapted to receive an input signal and to transmit an output signal."

344.   The MAGX-000025-150000 is a device adapted to receive an input signal and to transmit an output signal.  As shown in the functional schematic in MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 (reproduced



**Functional Schematic**

| Pin No. | Function |
|---------|----------------|
| 1 | Vgg/RF Input |
| 2 | Vdd/RF Output |
| 3 | Vgg/RF Input |
| 4 | Vdd/RF Output |

below), the device includes two input pins and two output pins. *See* Ex. F at 1.

345. Claim 1 requires "at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region."

346. The MAGX-000025-150000 includes at least one transistor to receive the input signal. MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor." *See* Ex. F at 1. Below is a cross-sectional image of a MAGX-000025-150000 device showing that it includes a transistor including at least one active region formed in a gallium nitride material region.



INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

347.   Claim 1 requires that the "at least one transistor structure" is "adapted to amplify the input signal to form the output signal."

348.   The MAGX-000025-150000 includes a transistor that is adapted to amplify the input signal to form the output signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor suitable for a variety of RF power amplifier applications" and depicts the device as including input pins and output pins, as shown above.   *See* Ex. F at 1.

349.   Claim 1 requires that "the device has a gain of greater than 5 dB and an output impedance between 1 and 50 Ohms"

350.   The MAGX-000025-150000 has a gain of greater than 5 dB and an output impedance between 1 and 50 Ohms.   Under the heading "Typical RF Characteristics," MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 specifies a typical gain of 12.5 dB for a drain voltage of 50 V at 2500 MHz. Ex. F at 2.   MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 specifies an output impedance of 3.1 + j1.4 Ohms at 2500 MHz.   Ex. F at 4.

351.   MACOM and/or Nitronex has been and still is infringing one or more claims of the '540 patent as defined by 35 U.S.C. § 271(a), including without limitation Claim 11.

352.   Claim 11 is directed to a "device adapted to receive an input signal and to transmit an output signal."

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

353.   The MAGX-000025-150000 is a device adapted to receive an input signal and to transmit an output signal.  As shown in the functional schematic in MACOM and/or Nitronex's datasheet for the MAGX-000025-150000 (reproduced below), the device includes two input pins and two output pins.  *See* Ex. F at 1.



354.   Claim 11 requires "at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region."

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

355.   The MAGX-000025-150000 includes at least one transistor to receive the input signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor."   *See* Ex. F at 1.   Below is a cross-sectional image of a MAGX-000025-150000 device showing that it includes a transistor including at least one active region formed in a gallium nitride material



region.

356.   Claim 11 requires that the "at least one transistor structure" is "adapted to amplify the input signal to form the output signal."

357.   The MAGX-000025-150000 includes a transistor that is adapted to amplify the input signal to form the output signal.   MACOM and/or Nitronex's datasheet describes the MAGX-000025-150000 as an "RF power transistor suitable

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

for a variety of RF power amplifier applications" and depicts the device as including input pins and output pins, as shown above. *See* Ex. F at 1.

358.   Claim 11 requires that "the device has an efficiency of greater than 20% when operated at a power density of greater than or equal to 0.1 W/mm."

359.   The MAGX-000025-150000 has an efficiency of greater than 20% when operated at a power density of greater than or equal to 0.1 W/mm.   For example, for an WCDMA input signal at 2.14 GHz, a drain voltage of 50 V, a drain current of 450 mA, the MAGX-000025-150000 has an efficiency of approximately 33% when operated at a power density of approximately 1.4 W/mm.

360.   MACOM and/or Nitronex has induced infringement and still is inducing infringement of the '498, '720, '016, '871, and '540 patents.

361.   MACOM and/or Nitronex had knowledge of the '498, '720, '016, and '871 by at least July 30, 2010.

362.   MACOM and/or Nitronex had knowledge of the '540 patents by at least August 9, 2011.

363.   After gaining knowledge of the '498, '720, '016, '871, and '540 patents, MACOM and/or Nitronex is believed to have offered for sale and/or sold the infringing MACOM products to one or more of its customers and/or distributors, including without limitation distributors such as Mouser Electronics.

364.   Customers and/or distributors of MACOM and/or Nitronex directly infringe the '498, '720, '016, '871, and '540 patents by making, using, importing, offering to sell, and/or selling the infringing MACOM products, or products that incorporate the infringing MACOM products, in the United States.   MACOM and/or Nitronex knows that this activity by its customers and/or distributors directly infringes the '498, '720, '016, '871, and '540 patents, or is willfully blind to the fact that this activity by its customers and/or distributors directly infringes the '498, '720, '016, '871, and '540 patents.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

365.   End users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers which incorporate the infringing MACOM products, also directly infringe the '498, '720, '016, '871, and '540 patents by using these products in the United States.  MACOM and/or Nitronex knew that this activity by end users directly infringed the '498, '720, '016, '871, and '540 patents, or were willfully blind to the fact that this activity by end users directly infringed the '498, '720, '016, '871, and '540 patents.

366.   As set forth above, MACOM and/or Nitronex knowingly and intentionally designs, manufactures, and markets its infringing products for applications such as industrial, scientific and medical, civil and military radar, and communications markets.  Additionally, MACOM and/or Nitronex knows that the infringing MACOM products are subsequently incorporated into the infringing products of its customers, and that these infringing products are made, used, imported, offered for sale, and/or sold by its customers in the United States, and used by end users in the United States.

367.   As set forth above, MACOM and/or Nitronex claims that its products provide numerous benefits to its customers' products, including: "high breakdown voltage," "superior power density," "high RF gain and efficiency," "multi-octave bandwidth," "high frequency operation," "excellent thermal conductivity," and "excellent RF performance with respect to power, gain, gain flatness, efficiency, and ruggedness over wide operating bandwidths."  MACOM and/or Nitronex knows that many of these and other purported benefits are achieved because its products, and its customers' products, infringe the '498, '720, '016, '871, and '540 patents.

368.   MACOM and/or Nitronex knowingly and actively aided and abetted the direct infringement of the '498, '720, '016, '871, and '540 patents by offering for sale and selling the infringing MACOM products to third-parties such that those third-parties may use, offer for sale, sell, and/or import the infringing MACOM

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

products in a manner that directly infringes the '498, '720, '016, '871, and '540 patents.  For example, MACOM and/or Nitronex engaged in such activity by virtue of offering for sale and selling to its customers, the infringing MACOM products with knowledge that its customers' subsequent conduct would directly infringe the '498, '720, '016, '871, and '540 patents.

369.  MACOM and/or Nitronex's marketing materials assure its customers, "Our team works with you, engineer-to-engineer, to identify solutions and inspire success in markets from Aerospace to Automotive, Infrastructure to Industrial, and Military to Medical."

370.  MACOM and/or Nitronex works with companies in the U.S. to obtain design win awards and sales for the infringing MACOM products.  It does so by sending employees to visit and consult with these customers to promote the infringing technical aspects of its products.  It is believed that MACOM and/or Nitronex provides one or more of data sheets, reference schematics, test reports, and evaluation boards to its customers to encourage the use of the infringing MACOM products.

371.  Furthermore, it is believed that MACOM and/or Nitronex performs demonstrations of the infringing MACOM products to its customers to encourage the use of the infringing MACOM products.  Upon information and belief, MACOM and/or Nitronex provides technical assistance to its customers to help them to incorporate the infringing MACOM products into their own infringing products that MACOM and/or Nitronex knows will be imported into, used, offered for sale, and/or sold in the United States.  Thus, MACOM and/or Nitronex induces its customers' infringing conduct knowing that its customers' infringing products will be made, used, imported, offered for sale, and/or sold in the United States.

372.  MACOM and/or Nitronex possessed the specific intent to encourage the direct infringement of the '498, '720, '016, '871, and '540 patents by its customers.  For example, with full knowledge of the '498, 720, '016, '871, and

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

'540 patents, MACOM and/or Nitronex intentionally and knowingly encouraged the direct infringement of the '498, 720, '016, '871, and '540 patents by its customers by performing the activities set forth above.

373. By actively inducing direct infringement by its customers and end users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing MACOM products), MACOM and/or Nitronex has been and still is infringing one or more claims of the '498 patent under 35 U.S.C. § 271(b), including without limitation Claim 53.

374. By actively inducing direct infringement by its customers and end users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing MACOM products), MACOM and/or Nitronex has been and still is infringing one or more claims of the '720 patent under 35 U.S.C. § 271(b), including without limitation Claim 1.

375. By actively inducing direct infringement by its customers and end users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing MACOM products), MACOM and/or Nitronex has been and still is infringing one or more claims of the '016 patent under 35 U.S.C. § 271(b), including without limitation Claim 1.

376. By actively inducing direct infringement by its customers and end users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing MACOM products), MACOM and/or Nitronex has been and still is infringing one or more claims of the '871 patent under 35 U.S.C. § 271(b), including without limitation Claim 1.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

377.   By actively inducing direct infringement by its customers and end users of the infringing MACOM products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing MACOM products), MACOM and/or Nitronex has been and still is infringing one or more claims of the '540 patent under 35 U.S.C. § 271(b), including without limitation Claim 11.

378.   MACOM and/or Nitronex has continued its infringing activities after receiving notice of the '498, 720, '016, '871, and '540 patents and, therefore, MACOM and/or Nitronex's infringement is willful, entitling Infineon Americas to the recovery of increased damages under 35 U.S.C. § 284.

379.   Infineon Americas has suffered damage by MACOM's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

380.   MACOM and/or Nitronex will continue to infringe Infineon Americas's patent unless enjoined by this Court.   MACOM and/or Nitronex's infringing activity causes Infineon irreparable harm and will continue to cause such harm without the issuance of an injunction

381.   This is an "exceptional case" justifying an award of attorneys' fees and costs to Infineon Americas under 35 U.S.C. § 285.

**Count Two:**
**Patent Infringement—MACOM's GaN-on-Si Products**

382.   Plaintiffs' Fifth Claim for Relief is for declaratory judgment of non-infringement of the Licensed Patents by MACOM and/or Nitronex's GaN-on-Si RF products.   Infineon Americas moved to dismiss that claim for lack of subject matter jurisdiction due to lack of case or controversy.   The Court refused to dismiss that Plaintiffs' claim.   Without waiving Infineon Americas's jurisdictional arguments (either here or on appeal), Infineon Americas bring this counterclaim for patent infringement as a conditional counterclaim.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

383. Infineon Americas restates and incorporates by reference all of the allegations of the preceding paragraphs.

384. Plaintiffs alleges that the products identified in paragraph 151 of the TAC practice one or more claims of the Licensed Patents. For example, Plaintiffs argued to the Court that "[i]t is impossible to imagine . . . designing, manufacturing, selling, and offering to sell GaN-on-Si RF power amplifiers without using the inventions of one or more Nitronex Patents." Dkt. 126 at 21. As such, Plaintiffs do not dispute that its own GaN-on-Si products practice the Licensed Patents.

385. The Court has acknowledged that Plaintiffs allege that these products practice the Licensed Patents. Order, Dkt. No. 140, p. 27.

386. By making, using, offering to sell, and selling its GaN-on-Si RF products (including but not limited to the products identified in paragraph 151 of the TAC), MACOM and/or Nitronex has infringed one or more claims of the Licensed Patents.

387. MACOM and/or Nitronex had knowledge of each of the Licensed Patents since July 30, 2010 or the issue date of the particular Licensed Patent, whichever is later in time.

388. After gaining knowledge of the Licensed Patents, MACOM and/or Nitronex is believed to have offered for sale and/or sold the infringing GaN-on-Si RF products to one or more of its customers and/or distributors, including without limitation distributors such as Mouser Electronics.

389. Customers and/or distributors of MACOM and/or Nitronex directly infringe the Licensed Patents by making, using, importing, offering to sell, and/or selling the infringing MACOM products, or products that incorporate the infringing GaN-on-Si RF products, in the United States. MACOM and/or Nitronex knows that this activity by its customers and/or distributors directly infringes the Licensed Patents, or is willfully blind to the fact that this activity by its customers and/or distributors directly infringes the Licensed Patents.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

390.  End users of the infringing GaN-on-Si RF products and/or the infringing products of MACOM and/or Nitronex's customers which incorporate the infringing GaN-on-Si RF products, also directly infringe the Licensed Patents by using these products in the United States.  MACOM and/or Nitronex knew that this activity by end users directly infringed the Licensed Patents, or were willfully blind to the fact that this activity by end users directly infringed the Licensed Patents.

391.  MACOM and/or Nitronex knowingly and intentionally designs, manufactures, and markets its infringing GaN-on-Si RF products for applications such as industrial, scientific and medical, civil and military radar, and communications markets.  Additionally, MACOM and/or Nitronex knows that the infringing GaN-on-Si RF products are subsequently incorporated into the infringing products of its customers, and that these infringing products are made, used, imported, offered for sale, and/or sold by its customers in the United States, and used by end users in the United States.

392.  MACOM and/or Nitronex claims that its products provide numerous benefits to its customers' products, including: "high breakdown voltage," "superior power density," "high RF gain and efficiency," "high frequency operation," "excellent thermal conductivity," and "excellent RF performance with respect to power, gain, gain flatness, efficiency, and ruggedness for applications up to 3.5 GHz" https://www.macom.com/files/live/sites/ma/files/contributed/Gan/GaN%20brochure%20for%20website_Aug2014_LR.pdf   MACOM and/or Nitronex knows that many of these and other purported benefits are achieved because its products, and its customers' products, infringe the Licensed Patents.

393.  MACOM and/or Nitronex knowingly and actively aided and abetted the direct infringement of the Licensed Patents by offering for sale and selling the infringing GaN-on-Si RF products to third-parties such that those third-parties may use, offer for sale, sell, and/or import the infringing GaN-on-Si RF products in a

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

manner that directly infringes the Licensed Patents.  For example, MACOM and/or Nitronex engaged in such activity by virtue of offering for sale and selling to its customers, the infringing GaN-on-Si RF products with knowledge that its customers' subsequent conduct would directly infringe the Licensed Patents.

394.   MACOM and/or Nitronex's marketing materials assure its customers, "Our team works with you, engineer-to-engineer, to identify solutions and inspire success in markets from Aerospace to Automotive, Infrastructure to Industrial, and Military to Medical."

395.   MACOM and/or Nitronex works with companies in the U.S. to obtain design win awards and sales for the infringing GaN-on-Si RF products.  It does so by sending employees to visit and consult with these customers to promote the infringing technical aspects of its products.  It is believed that MACOM and/or Nitronex provides one or more of data sheets, reference schematics, test reports, and evaluation boards to its customers to encourage the use of the infringing MACOM products.

396.   Furthermore, it is believed that MACOM and/or Nitronex performs demonstrations of the infringing GaN-on-Si RF products to its customers to encourage the use of the infringing GaN-on-Si RF products.  Upon information and belief, MACOM and/or Nitronex provides technical assistance to its customers to help them to incorporate the infringing GaN-on-Si RF products into their own infringing products that MACOM and/or Nitronex knows will be imported into, used, offered for sale, and/or sold in the United States.  Thus, MACOM and/or Nitronex induces its customers' infringing conduct knowing that its customers' infringing products will be made, used, imported, offered for sale, and/or sold in the United States.

397.   MACOM and/or Nitronex possessed the specific intent to encourage the direct infringement of the Licensed Patents by its customers.  For example, with full knowledge of the Licensed Patents, MACOM and/or Nitronex intentionally and

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

knowingly encouraged the direct infringement of the Licensed Patents by its customers by performing the activities set forth above.

398.   By actively inducing direct infringement by its customers and end users of the infringing GaN-on-Si RF products and/or the infringing products of MACOM and/or Nitronex's customers (which incorporate the infringing GaN-on-Si RF products), MACOM and/or Nitronex has been and still is infringing one or more claims of the Licensed Patents under 35 U.S.C. § 271(b).

399.   MACOM and/or Nitronex has continued its infringing activities after receiving notice of the Licensed Patents and, therefore, MACOM and/or Nitronex's infringement is willful, entitling Infineon Americas to the recovery of increased damages under 35 U.S.C. § 284.

400.   Infineon Americas has suffered damage by MACOM and/or Nitronex's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

401.   MACOM and/or Nitronex will continue to infringe Infineon Americas's patent unless enjoined by this Court.   MACOM and/or Nitronex's infringing activity causes Infineon irreparable harm and will continue to cause such harm without the issuance of an injunction

402.   This is an "exceptional case" justifying an award of attorneys' fees and costs to Infineon Americas under 35 U.S.C. § 285.

**Count Three:**
**Breach of the 2010 License Agreement**

403.   Infineon Americas restates and incorporates by reference all of the allegations of the preceding paragraphs.

404.   Section 2.1 of the 2010 License Agreement limits Nitronex's rights to practice the Licensed Patents to "the Field of Use only."

405.   Under the 2010 License Agreement, Nitronex does not have any rights to practice the Licensed Patents outside the Field of Use.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

406.   Section 1.3 defines the Field of Use as limited to " █████████
███████ ,"

407.   GaN-on-SiC products do not fall within the Field of Use.

408.   Under the 2010 License Agreement, Nitronex does not have any rights to make, use, offer to sell, or sell GaN-on-SiC products that practice the Licensed Patents.

409.   MACOM and/or Nitronex has made, used, offered to sell, and/or sold GaN-on-SiC products that practice the Licensed Patents.

410.   Upon information and belief, MACOM and/or Nitronex continues to make, use, offer to sell, and/or sell GaN-on-SiC products that practice the Licensed Patents.

411.   When Infineon Americas confronted MACOM and/or Nitronex about its GaN-on-SiC products, MACOM and/or Nitronex admitted that it was selling GaN-on-SiC products beyond the scope of the license, but took the position that these sales should be disregarded because MACOM and/or Nitronex earned *de minimis* revenues from these sales.

412.   By making, using, offering to sell, and/or selling GaN-on-SiC products that practice the Licensed Patents, MACOM and/or Nitronex has breached the 2010 License Agreement and/or the implied covenant of good faith and fair dealing in the 2010 License Agreement.

413.   As the direct and proximate result of this breach, Infineon Americas has suffered and will continue to suffer irreparable harm and damages, including in the form of diminished value and lost profits from sales of GaN-on-SiC products.

414.   Infineon Americas is entitled to relief, including damages and injunctive relief.

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

## Count Four:
## Declaratory Judgment of Termination of the 2010 License Agreement

415.   Infineon Americas restates and incorporates by reference all of the allegations of the preceding paragraphs.

416.   An actual and justiciable case or controversy exists between Plaintiffs and Infineon Americas regarding the 2010 License Agreement and Infineon Americas's termination of that agreement

417.   Because MACOM and/or Nitronex failed to remedy its material breach, Infineon Americas properly terminated the 2010 License Agreement.

418.   Infineon Americas is entitled to a judgment declaring that (a) MACOM and/or Nitronex breached the 2010 License Agreement; (b) Infineon Americas properly terminated the 2010 License Agreement; and (c) the 2010 License Agreement is terminated.

## PRAYER FOR RELIEF

For these reasons, Infineon Americas prays for the following relief:

a.      That the Court dismiss Plaintiffs' claims in its TAC against Infineon Americas with prejudice, and enter judgment on the TAC in favor of Infineon Americas and against Plaintiffs;

b.      That the Court deny all relief from Infineon Americas requested by Plaintiffs in its TAC, such that Plaintiffs takes nothing;

c.      That the Court enter judgment in favor of Infineon Americas and against Plaintiffs on Infineon Americas's Counterclaims;

d.      That the Court find and enter judgment that MACOM and/or Nitronex has infringed the Licensed Patents and that Defendant's infringement was willful;

e.      That the Court enjoin and restrain MACOM and/or Nitronex and its agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or participating with them from directly or indirectly infringing the Licensed Patents;

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

f.      That the Court award Infineon Americas damages, not less than a reasonable royalty, for MACOM and/or Nitronex's infringement including costs, prejudgment interest, post-judgment interest, and reasonable attorneys' fees as allowed by law.

g.      That the Court find and enter an order that this case is exceptional pursuant to 35 U.S.C. § 285 and/or other applicable laws and award Infineon Americas its reasonable attorneys' fees;

h.      That the Court find and enter judgment that MACOM and/or Nitronex has breached the 2010 License Agreement.

i.      That the Court award Infineon Americas damages to compensate the losses suffered by Infineon Americas due to MACOM and/or Nitronex's breach of the 2010 License Agreement and breach of the covenant of good faith and fairing dealing.

j.      That the Court award Infineon Americas its costs of suit incurred in this action, all other damages in an amount to be proven at trial, pre-judgment interest at the highest legal rate on all such damages, post-judgment interest, and reasonable attorneys' fees; and

k.      That the Court award Infineon Americas such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Infineon Americas demands a trial by jury on all issues so triable.

INFINEON AMERICAS'S ANSWER AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED MARCH 29, 2018

1

2

Dated: March 28, 2018

3

By:___/s/ Jeffery D. Baxter_____
David G. Wille

4

Texas State Bar No.  00785250
E-mail:  david.wille@bakerbotts.com

5

Jeffery D. Baxter
Texas State Bar No. 24006816
E-mail:  jeff.baxter@bakerbotts.com

6

Brian D. Johnston

7

Texas State Bar No. 24080965
E-mail:  brian.johnston@bakerbotts.com

8

James C. Williams
Texas State Bar No. 24075284
E-mail:  james.williams@bakerbotts.com

9

Charles Yeh

10

Texas State Bar No. 24075319
E-mail:  charles.yeh@bakerbotts.com

11

BAKER BOTTS L.L.P.

12

2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6791

13

Facsimile: (214) 953-6503

14

Attorneys for Infineon Technologies

15

Americas Corp.

16

17

18

19

20

21

22

23

24

25

26

27

28

68

INFINEON AMERICAS'S ANSWER AND
COUNTERCLAIMS TO THIRD AMENDED
COMPLAINT