Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Amanda Tessar (*Admitted pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400

**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation, and,<br><br>Defendants. | Case No. CV16-02859-CAS (PLAx)<br><br>**PLAINTIFFS' ANSWER TO INFINEON AMERICAS' COUNTERCLAIMS TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

1    Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC
2  (collectively, "MACOM," unless otherwise specified) hereby respond to Infineon
3  Technologies Americas Corp.'s ("Defendant's" or "Infineon Americas'")
4  counterclaims in its Third Amended Answer And Counterclaims To Plaintiffs'
5  Third Amended Complaint (Dkt. 454-1) as follows:

6                          **COUNTERCLAIMS**

7    292.   MACOM incorporates by reference all of the allegations set forth in its
8  Third Amended Complaint.

9    293.   This paragraph contains a legal conclusion to which no response is
10  required.  To the extent a response is required, MACOM admits that Infineon
11  Americas purports to assert counterclaims that arise under the Federal Declaratory
12  Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United
13  States set forth in Title 35 of the United States Code and Title 37 of the Code of
14  Federal Regulations.  MACOM admits that the Court has jurisdiction over Infineon
15  Americas' counterclaims in this action that do not arise under the patent laws.

16    294.   MACOM admits that the requirements for venue and personal
17  jurisdiction are satisfied in this case because the parties consented to submit to the
18  jurisdiction and venue of this Court in the 2010 License and IP Purchase
19  Agreements.  MACOM admits that this Court also has subject matter jurisdiction
20  over Americas' counterclaims.  Except as expressly admitted, MACOM denies the
21  allegations of Paragraph 294.

22                          <u>**Count One:**</u>
23       <u>**Alleged Patent Infringement—MACOM's GaN-on-SiC Products**</u>

24    295.   MACOM incorporates by reference all of the preceding paragraphs,
25  including the allegations set forth in its Third Amended Complaint.

26    296.   MACOM admits that a copy of U.S. Patent No. 7,071,498 ("the '498
27  patent") is attached to Infineon Americas' counterclaims as Exhibit A, that the '498
28  patent was issued on July 4, 2006, and that it is entitled "Gallium Nitride Material

1  Devices Including an Electrode-Defining Layer and Methods of Forming the

2  Same." MACOM denies the remainder of the allegations in Paragraph 296.

3      297.  MACOM admits that a copy of U.S. Patent No. 7,135,720 ("the '720

4  patent") is attached to Infineon Americas' counterclaims as Exhibit B, that the '720

5  patent was issued on November 14, 2006, and that it is entitled "Gallium Nitride

6  Material Transistors and Methods Associated with the Same." Except as expressly

7  admitted, the allegations of Paragraph 297 are denied.

8      298.  MACOM admits that a copy of U.S. Patent No. 7,352,016 ("the '016

9  patent") is attached to Infineon Americas' counterclaims as Exhibit C, that the '016

10  patent was issued on April 1, 2008, and that it is entitled "Gallium Nitride Material

11  Transistors and Methods Associated with the Same." Except as expressly admitted,

12  the allegations of Paragraph 298 are denied.

13      299.  MACOM admits that a copy of U.S. Patent No. 7,569,871 ("the '871

14  patent") is attached to Infineon Americas' counterclaims as Exhibit D, that the '871

15  patent was issued on August 4, 2009, and that it is entitled "Gallium Nitride

16  Material Transistors and Methods Associated with the Same." Except as expressly

17  admitted, the allegations of Paragraph 299 are denied.

18      300.  MACOM admits that a copy of U.S. Patent No. 7,994,540 ("the '540

19  patent") is attached to Infineon Americas' counterclaims as Exhibit E, that the '540

20  patent was issued on August 9, 2011, and that it is entitled "Gallium Nitride

21  Material Transistors and Methods Associated with the Same." Except as expressly

22  admitted, the allegations of Paragraph 300 are denied.

23      301.  MACOM admits that it or others in its corporate family maintain a

24  website at www.macom.com.

25      302.  MACOM admits that it or others in its corporate family described

26  certain GaN-on-SiC products on the website www.macom.com, including as quoted

27  in Paragraph 302, on or before April 25, 2016. Except as expressly admitted, the

28  allegations of Paragraph 302 are denied.

-2-

303.   MACOM admits that it or others in its corporate family described certain GaN-on-SiC products on the website www.macom.com or in materials that could be downloaded from that website on or before April 25, 2016.  MACOM admits that MACOM previously stated that the advantages of MACOM "GaN" transistors generally, without stating "GaN-on-Si" or "GaN-on-SiC," include high breakdown voltage, superior power density, high RF gain and efficiency, superior broadband capability, high frequency operation, and excellent thermal conductivity. Except as expressly admitted, the allegations of Paragraph 303 are denied.

304.   MACOM admits that it or others in its corporate family described certain GaN-on-SiC products on the website www.macom.com on or before April 25, 2016, and that the applications for MACOM's various GaN RF products (including GaN-on-Si and GaN-on-SiC) include industrial, scientific and medical, radar, and communications applications.  Except as expressly admitted, the allegations of Paragraph 304 are denied.

305.   MACOM admits that it or others in its corporate family created a datasheet for the MAGX-000025-150000 device.  MACOM admits that this data sheet speaks for itself.  MACOM denies that the MAGX-000025-150000 device is currently available for sale or has been available for since on or before approximately April 25, 2016.  Except as expressly admitted, the allegations of Paragraph 305 are denied.

306.   Denied.

307.   Denied.

308.   MACOM admits that Claim 53 of the '498 patent provides:

A semiconductor structure comprising:

a gallium nitride material region;

an electrode-defining layer formed over the gallium nitride material region and including a via formed therein, a cross-sectional area at a top of the via being greater than a cross-sectional area at a bottom of the via;

-3-

a gate electrode formed on the gallium nitride material region and in the via, wherein the electrode length is defined at the bottom of the via;

a source electrode formed on the gallium nitride material region; and

a drain electrode formed on the gallium nitride material region,

wherein the gate electrode extends over a portion of the top surface of the electrode-defining layer a distance, in a direction of the drain electrode, of between about 2% and about 60% of a distance between the gate electrode and the drain electrode and the gate electrode extends over a portion of the top surface of the electrode-defining layer a distance in a direction of the drain electrode greater than a distance in a direction of the source electrode.

To the extent that the Paragraph 308 contains any other legal or factual conclusion regarding the meaning or requirements of Claim 53, such allegations are denied.

309.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM admits that it or others in its corporate family previously, before April 25, 2016, sold MAGX-000025-150000 products that included a semiconductor structure fabricated on a GaN-on-SiC wafer.  Except as expressly admitted, the allegations of Paragraph 309 are denied.

310.   Paragraph 310 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

311.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 311 and therefore denies the same.

312.   Paragraph 312 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

-4-

313.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 313 and therefore denies the same.

314.   Paragraph 314 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

315.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 315 and therefore denies the same.

316.   Paragraph 316 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

317.   MACOM lacks sufficient information to admit or deny the allegations of Paragraph 317 and therefore denies the same.

318.   Paragraph 318 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

319.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 319 and therefore denies the same.

320.   Paragraph 320 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 308 above.

321.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 321 and therefore denies the same.

322.   Paragraph 322 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response

to Paragraph 308 above.

323.   MACOM lacks sufficient information to admit or deny the allegations of Paragraph 323 and therefore denies the same.

324.   Denied.

325.   MACOM admits that Claim 1 of the '720 patent provides:

> A device adapted to receive an input signal and to transmit an output signal, the device comprising:
>
> at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region, the at least one transistor structure being adapted to amplify the input signal to form the output signal, wherein the output signal, when transmitted, has an adjacent channel power ratio (ACPR) of less than or equal to -20 dBc at a device efficiency of greater than or equal to 20%.

To the extent that Paragraph 325 contains any other legal or factual conclusion regarding the meaning or requirements of Claim 1, such allegations are denied.

326.   MACOM denies that the MAGX-000025-150000 is a current product that "is adapted" to do anything.  MACOM admits that the datasheet shown in Exhibit F depicted two input pins and two output pins.  Except as expressly admitted, the allegations of Paragraph 326 are denied.

327.   Paragraph 327 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 301 above.

328.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM admits that the datasheet in Exhibit F described the MAGX-000025-150000 as an "RF power transistor."  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 328 and therefore denies the same.

329.   Paragraph 329 contains a legal conclusion to which no response is

1   required.  To the extent a response is required, MACOM incorporates its response

2   to Paragraph 325 above.

3       330.   MACOM admits that the datasheet in Exhibit F described the MAGX-

4   000025-150000 as an "RF power transistor suitable for a variety of RF power

5   amplifier applications" and depicted the device as including input pins and output

6   pins.  MACOM denies that the MAGX-000025-150000 is a current product that

7   "includes" anything.  MACOM lacks sufficient information to admit or deny the

8   remaining allegations of Paragraph 330 and therefore denies the same.

9       331.   Paragraph 331 contains a legal conclusion to which no response is

10   required.  To the extent a response is required, MACOM incorporates its response

11   to Paragraph 325 above.

12       332.   MACOM denies that the MAGX-000025-150000 is a current product

13   that "is adapted" to do anything.  MACOM lacks sufficient information to admit or

14   deny the remaining allegations of Paragraph 332 and therefore denies the same.

15       333.   Denied.

16       334.   MACOM admits that Claim 1 of the '016 patent provides:

17       A device adapted to receive an input signal and to transmit
        an output signal, the device comprising:

18

19       at least one transistor structure to receive the input signal,
        the at least one transistor including at least one active
20       region formed in a gallium nitride material region, the at
        least one transistor structure being adapted to amplify the
21       input signal to form the output signal, wherein the output
        signal, when transmitted, has an adjacent channel power
22       ratio (ACPR) of less than or equal to -20 dBc.

23   To the extent that Paragraph 334 contains any other legal or factual conclusion

24   regarding the meaning or requirements of Claim 1, such allegations are denied.

25       335.   MACOM denies that the MAGX-000025-150000 is a current product

26   that "is adapted" to do anything.  MACOM admits that the datasheet in Exhibit F

27   depicted two input pins and two output pins.  MACOM lacks sufficient information

28   to admit or deny the remaining allegations of Paragraph 335 and therefore denies

the same.

336.   Paragraph 336 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 310 above.

337.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM admits that the datasheet in Exhibit F described the MAGX-000025-150000 as an "RF power transistor."  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 337 and therefore denies the same.

338.   Paragraph 338 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 334 above.

339.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM admits that the datasheet contained in Exhibit F described the MAGX-000025-150000 as an "RF power transistor suitable for a variety of RF power amplifier applications" and depicted input pins and output pins.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 339 and therefore denies the same.

340.   Paragraph 340 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 334 above.

341.   MACOM denies that the MAGX-000025-150000 is a current product that "is adapted" to do anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 341 and therefore denies the same.

342.   Denied.

343.   MACOM admits that Claim 1 of the '871 patent provides:

> A device adapted to receive an input signal and to transmit
> an output signal, the device comprising:

at least one transistor structure to receive the input signal,
the at least one transistor including at least one active
region formed in a gallium nitride material region, the at
least one transistor structure being adapted to amplify the
input signal to form the output signal,

wherein the device has a gain of greater than 5 dB and an
output impedance between 1 and 50 Ohms.

To the extent that Paragraph 343 contains any other legal or factual conclusion
regarding the meaning or requirements of Claim 1, such allegations are denied.

344.   MACOM denies that the MAGX-000025-150000 is a current product
that "is adapted" to do anything.  MACOM admits that the datasheet in Exhibit F
depicted two input pins and two output pins.  MACOM lacks sufficient information
to admit or deny the remaining allegations of Paragraph 344 and therefore denies
the same.

345.   Paragraph 345 contains a legal conclusion to which no response is
required.  To the extent a response is required, MACOM incorporates its response
to Paragraph 319 above.

346.   MACOM denies that the MAGX-000025-150000 is a current product
that "includes" anything.  MACOM admits that the datasheet in Exhibit F described
the MAGX-000025-150000 as an "RF power transistor."  MACOM lacks sufficient
information to admit or deny the remaining allegations of Paragraph 346 and
therefore denies the same.

347.   Paragraph 347 contains a legal conclusion to which no response is
required.  To the extent a response is required, MACOM incorporates its response
to Paragraph 343 above.

348.   MACOM denies that the MAGX-000025-150000 is a current product
that "includes" anything.  MACOM admits that the datasheet in Exhibit F described
the MAGX-000025-150000 as an "RF power transistor suitable for a variety of RF
power amplifier applications" and depicted input pins and output pins.  MACOM

lacks sufficient information to admit or deny the remaining allegations of Paragraph 348 and therefore denies the same.

349.   Paragraph 349 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 343 above.

350.   MACOM denies that the MAGX-000025-150000 is a current product that "has" anything.  MACOM admits that the datasheet in Exhibit F referred a typical gain of 12.5 dB for a drain voltage of 50 V at 2500 MHz and an output impedance of 3.1 + j1.4 Ohms at 2500 MHz.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 350 and therefore denies the same.

351.   Denied.

352.   MACOM admits that Claim 11 of the '540 patent provides:

> A device adapted to receive an input signal and to transmit an output signal, the device comprising:
>
> at least one transistor structure to receive the input signal, the at least one transistor including at least one active region formed in a gallium nitride material region, the at least one transistor structure being adapted to amplify the input signal to form the output signal, wherein the device has an efficiency of greater than 20% when operated at a power density of greater than or equal to 0.1 W/mm.

To the extent that Paragraph 352 contains any other legal or factual conclusion regarding the meaning or requirements of Claim 11, such allegations are denied.

353.   MACOM denies that the MAGX-000025-150000 is a current product that "is … adapted" to do anything.  MACOM admits that the datasheet contained in Exhibit F depicted two input pins and two output pins.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 353 and therefore denies the same.

354.   Paragraph 354 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 352 above.

355.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything.  MACOM admits that the datasheet in Exhibit F referred to the MAGX-000025-150000 as an "RF power transistor."  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 355 and therefore denies the same.

356.   Paragraph 356 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 352 above.

357.   MACOM denies that the MAGX-000025-150000 is a current product that "includes" anything or "is adapted" to do anything.  MACOM admits that the datasheet in Exhibit F referred to the MAGX-000025-150000 as an "RF power transistor suitable for a variety of RF power amplifier applications" and depicted input pins and output pins.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 357 and therefore denies the same.

358.   Paragraph 358 contains a legal conclusion to which no response is required.  To the extent a response is required, MACOM incorporates its response to Paragraph 352 above.

359.   MACOM denies that the MAGX-000025-150000 is a current product that "has" anything.  MACOM lacks sufficient information to admit or deny the remaining allegations of Paragraph 359 and therefore denies the same.

360.   Denied.

361.   MACOM admits that Nitronex Corporation, the predecessor to Nitronex LLC, had knowledge of the '498, '720, '016, and '871 patents as of July 30, 2010.  Except as expressly admitted, MACOM denies the allegations of Paragraph 361.

362.  Denied.

363.  Denied.

364.  Denied.

365.  Denied.

366.  Denied.

367.  MACOM admits that it or its corporate affiliates' various current and past products provide numerous benefits to customers, which vary by product. Except as expressly admitted, MACOM denies the allegations of Paragraph 367.

368.  Denied.

369.  MACOM admits that its or its corporate affiliates' product selection guide states, "Our team works with you, engineer-to-engineer, to identify solutions and inspire success in markets from Aerospace to Automotive, Infrastructure to Industrial, and Military to Medical."  MACOM denies that its or its corporate affiliates' current product selection guide includes GaN-on-SiC products.  Except as expressly admitted, MACOM denies the allegations of Paragraph 369.

370.  Denied.

371.  Denied.

372.  Denied.

373.  Denied.

374.  Denied.

375.  Denied.

376.  Denied.

377.  Denied.

378.  Denied.

379.  Denied.

380.  Denied.

381.  Denied.

**Count Two:**

**Alleged Patent Infringement—MACOM's GaN-on-Si Products**

382.   MACOM admits that its Fifth Claim for Relief is for declaratory judgment of non-infringement of the Nitronex Patents by MACOM's GaN-on-Si RF Products, that Infineon Americas moved to dismiss this claim, and that the Court refused to dismiss that claim.  MACOM admits that Infineon Americas purports to bring this counterclaim for patent infringement as a conditional counterclaim.  MACOM denies the remainder of the allegations contained in Paragraph 382, and denies that Infineon Americas is entitled to any relief.

383.   MACOM incorporates by reference all of the preceding paragraphs, including the allegations set forth in its Third Amended Complaint.

384.   The statements contained in MACOM's Third Amended Complaint and Reply in Support of its Motion for Preliminary Injunction (Dkt. 126) speak for themselves.  MACOM admits that at least one of its GaN-on-Si products practice at least one of the Nitronex Patents.  Except as expressly admitted, MACOM denies the allegations of Paragraph 384.

385.   MACOM admits that the Court's orders speak for themselves. Except as expressly admitted, MACOM denies the allegations of Paragraph 385.

386.   Denied.  MACOM is licensed to practice the Nitronex Patents.

387.   MACOM admits that Nitronex Corporation, predecessor to Nitronex LLC, had knowledge of the Nitronex Patents that had issued as of July 30, 2010. Except as expressly admitted, MACOM denies the allegations of Paragraph 387.

388.   Denied.

389.   Denied.

390.   Denied.

391.   Denied.

392.   MACOM admits that it or its corporate affiliates' various current and past products provide numerous benefits to customers, which vary by product.

-13-

1   Except as expressly admitted, MACOM denies the allegations of Paragraph 392.

2   393.   Denied.

3   394.   MACOM admits that its or its corporate affiliates' product selection

4   guide states, "Our team works with you, engineer-to-engineer, to identify solutions

5   and inspire success in markets from Aerospace to Automotive, Infrastructure to

6   Industrial, and Military to Medical."  Except as expressly admitted, MACOM

7   denies the allegations of Paragraph 394.

8   395.   Denied.

9   396.   Denied.

10   397.   Denied.

11   398.   Denied.

12   399.   Denied.

13   400.   Denied.

14   401.   Denied.

15   402.   Denied.

16   **Count Three:**

17   **Alleged Breach of the 2010 License Agreement**

18   403.   MACOM incorporates by reference the preceding paragraphs,

19   including the allegations set forth in its Third Amended Complaint.

20   404.   Paragraph 404 calls for a legal conclusion to which no response is

21   required.  To the extent a response is required, the 2010 License Agreement speaks

22   for itself.  Except as expressly admitted, the allegations of Paragraph 404 are

23   denied.

24   405.   Paragraph 405 calls for a legal conclusion to which no response is

25   required.  To the extent a response is required, the 2010 License Agreement speaks

26   for itself.  Except as expressly admitted, the allegations of Paragraph 405 are

27   denied.

28   406.   Paragraph 406 calls for a legal conclusion to which no response is

1    required.  To the extent a response is required, the 2010 License Agreement speaks

2    for itself.  Except as expressly admitted, the allegations of Paragraph 406 are

3    denied.

4         407.   Paragraph 407 calls for a legal conclusion to which no response is

5    required.  To the extent a response is required, the 2010 License Agreement speaks

6    for itself.

7         408.   Paragraph 408 calls for a legal conclusion to which no response is

8    required.  To the extent a response is required, the 2010 License Agreement speaks

9    for itself.

10        409.   Denied.

11        410.   Denied.

12        411.   MACOM admits that it or its corporate affiliates have made *de*

13   *minimis* revenues from the sale of GaN-on-SiC products before approximately

14   April 25, 2016 and no revenues from the sale of GaN-on-SiC products since

15   approximately April 25, 2016.  Except as expressly admitted, the allegations of

16   Paragraph 411 are denied.

17        412.   Denied.

18        413.   Denied.

19        414.   Denied.

20                          <u>Count Four:</u>

21   <u>Declaratory Judgment of Termination of the 2010 License Agreement</u>

22        415.   MACOM incorporates by reference the preceding paragraphs,

23   including the allegations set forth in its Third Amended Complaint.

24        416.   Paragraph 416 calls for a legal conclusion to which no response is

25   required.  To the extent a response is required, Paragraph 416 is admitted.

26        417.   Denied.

27        418.   Denied.

28

## MACOM'S RESPONSE TO INFINEON AMERICAS' PRAYER FOR RELIEF

MACOM denies that Infineon Americas is entitled to any form of relief. MACOM seeks the following relief in connection with Infineon Americas' counterclaims:

    A.    that Infineon Americas' counterclaims be dismissed with prejudice;

    B.    that all remedies and relief sought by Infineon Americas be denied;

    C.    that judgment be entered awarding MACOM its costs incurred in the defense of Infineon Americas' counterclaims;

    D.    that judgment be entered awarding MACOM such other and further relief as the Court may deem just and proper, and

    E.    That the Court find that this case is exceptional pursuant to 35 U.S.C. § 285 and/or other applicable laws and award MACOM its attorneys' fees.

### MACOM'S JURY DEMAND

MACOM also demands a trial by jury on all issues so triable.

### MACOM'S AFFIRMATIVE DEFENSES

MACOM asserts the following defenses, without assuming the burden of proof when such burden would otherwise fall to Infineon Americas. MACOM reserves the right to amend its defenses as additional information becomes available.

### First Defense

419.    Infineon Americas' counterclaims fail to state facts upon which relief can be granted against MACOM.

### Second Defense

420.    MACOM is licensed to practice the Nitronex Patents, barring any relief from Infineon Americas' second (conditional) counterclaim relating to GaN-on-Si products.

**Third Defense**

421.   The equitable doctrines of waiver, estoppel, unclean hands, and/or laches bar some or all of Infineon Americas' counterclaims for damages or other relief.

**Fourth Defense**

422.   Infineon Americas is not entitled to enhanced damages or attorneys' fees for willful infringement.

**Fifth Defense**

423.   Infineon Americas' alleged right to seek damages or other relief is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

**Sixth Defense**

424.   One or more of Infineon Americas' counterclaims are barred by 28 U.S.C. § 1498, 15 C.F.R. § 700.90, 50 U.S.C. § 4501 *et seq.*, and/or E.O. 13603.

**Seventh Defense**

425.   Infineon Americas is not entitled to injunctive relief, including, but not limited to, because any alleged injury to Infineon is not immediate or irreparable, Infineon Americas has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**Eighth Defense**

426.   Infineon Americas is barred from challenging the validity of the Nitronex Patents by the doctrine of assignee estoppel.

**Ninth Defense**

427.   Infineon Americas' claims are barred because MACOM's GaN-on-Si and GaN-on-SiC products do not all practice each Nitronex patent.

**Tenth Defense**

428.   To the extent that Infineon Americas is entitled to damages, its damages are barred in whole or in part by Infineon Americas' failure to mitigate its alleged damages.

1

2   DATED: April 23, 2018.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**PERKINS COIE LLP**

By:/s/ *Amanda Tessar*

    Amanda Tessar

**ATTORNEYS FOR PLAINTIFFS**

-18-