LINDA M. BURROW, Bar No. 194668
  *lburrow@bsfllp.com*
ALISON MACKENZIE, Bar No. 242280
  *amackenzie@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street 31st Floor
Los Angeles, CA  90017-5524
Telephone:  213-629-9040 / Fax:  213-629-9022

DAVID G. WILLE (admitted *pro hac vice*)
  *david.wille@bakerbotts.com*
JEFFERY D. BAXTER (admitted *pro hac vice*)
  *jeff.baxter@bakerbotts.com*
BRIAN D. JOHNSTON (admitted *pro hac vice*)
  *brian.johnston@bakerbotts.com*
JAMES C. WILLIAMS (admitted *pro hac vice*)
  *james.williams@bakerbotts.com*
CHARLES YEH (admitted *pro hac vice*)
  *charles.yeh@bakerbotts.com*
JOSUE CABALLERO (admitted *pro hac vice*)
  *josue.caballero@bakerbotts.com*
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone:  214.953.6500 / Fax:  214.953.6503
Attorneys for Defendants

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS INC. and NITRONEX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, *et al.*,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO IMPOSE LIMITS ON THE NUMBER OF REQUESTS FOR ADMISSION**<br><br>Mag. Judge: Hon. Paul L. Abrams |

## I.    INTRODUCTION

Pursuant to Civil Local Rule 37-2.3, Defendants Infineon Technologies AG ("Infineon AG") and Infineon Technologies Americas Corporation ("Infineon Americas") (collectively, "Defendants") file this supplemental memorandum of law in support of Defendants' Motion to Impose Limits on the Number of Requests for Admission that May Be Propounded.

Defendants' motion seeks a ruling on a discrete issue: a limit on the number of requests for admission. When the parties filed their Joint Rule 26(f) Report, both sides agreed that there should be a limit, with Plaintiffs proposing 100 admission requests and Defendants proposing 25 admission requests. Dkt. 350 at 4-5. Specifying the limit will further Judge Synder's stated policy at the hearing of avoiding undue burden and preventing unnecessary disputes that will occupy judicial resources. The Court should limit the number of admission requests to 25, as Plaintiffs have already sought to exploit the absence of an express ruling by serving 181 requests for admission and attempting to utilize such requests to exceed the Court's express limit on the number of interrogatories.

Plaintiffs seek to shift the focus away from this straightforward issue on which Defendants have moved. First, Plaintiffs seek to excuse their 181 requests for admission by blaming an interrogatory response that Plaintiffs did not even have in hand at the time they served their 181 requests. But the propriety of Defendants' interrogatory response is not before the Court on this motion. Indeed, Plaintiffs have not even requested a meet and confer on that response. Second, Plaintiffs seek to use *Defendants'* motion as a springboard to seek relief on a host of other issues that are not ripe for the Court's consideration. For example, Plaintiffs seek to transform Defendants' motion on admission limits into their own motion to compel on various requests, such as Interrogatories 12 and 13. The sole issue before the Court is whether there should be a limit on the number of admission requests. There should, just as the parties previously agreed. The Court should limit each side to 25 admission requests.

## II.   ARGUMENT

### A.   Express Limits on the Number of Requests for Admission are Necessary and Appropriate.

Plaintiffs twice proposed a limit of 100 admission requests and Defendants proposed a limit of 25.  Dkt. 324 at 28 and Dkt. 350 at 4.  The Parties thus agreed that some limit on the number of admission requests is necessary.  Defendants seek a ruling on the Parties' previously proposed limits because Plaintiffs are trying to exploit the absence of an express ruling.  The Court should impose a limit of 25 admission requests because such a limit comports with the Court's goal of preventing written discovery from "turn[ing] into an undue burden and becom[ing] problematic."  Ex. 1 to Joint Stipulation at 15-16.

As requests for admission "are not to be treated as substitutes for discovery processes to uncover evidence," a reasonable limit would be 25 admission requests.  *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (quoting *People of State of California v. The Jules Fribourg*, 19 F.R.D. 431, 436 (N.D. Cal. 1955)).  Contrary to Plaintiffs' arguments, the mere fact that this case involves patent infringement issues does not excuse a large number of admission requests.  In *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, a patent infringement suit involving competitors, the court found that an excessive number of requests for admission (251) had been served and held that only six of the requests needed to be admitted or denied.  No. SACV 12-0329 AG (JPRx), 2015 WL 12733442, at *1, 7 (C.D. Cal, March 10, 2015) (citing Dkt. No. 151 ("The Court grants the motion as to requests 100, and 247-251. . . . The motion is denied as to all other requests, as stated on the record."))  And in *In re Pabst Licensing GmbH Patent Litigation*, a case involving patent and licensing agreements, the court denied a motion to compel 421 admission requests and limited admission requests to 25.  No. Civ. A. 99-MD-1298, 2001 WL 797315, at *1, 20 (E.D. La, July 12, 2001).

Plaintiffs' suggestion that the complexity of the matter warrants an excessive

number of admission requests also fails.  In *Minnesota Mining & Manufacturing Co. v. Norton Co.*, another patent case, the court observed that it was "an important and complex case," but the 370 admission requests served by plaintiff were "at best, irresponsible . . . [as] [t]he rule is supposed to be a time saver." 36 F.R.D. 1, 1-2 (N.D. Ohio 1964).  The court found that the requests for admission were oppressive and burdensome and sustained Defendants' objections. *Id.* at 4.  It is important to note that when Judge Snyder set a limit of 25 interrogatories, it dismissed Plaintiffs' suggestion that because this is a "fairly complicated case," the Court should permit higher limits of "discovery at the outset." Ex. 1 to Joint Stipulation at 15-16.  Because the same reasoning supports a narrow limit on the number of requests for admissions, the Court should also expressly limit admission requests to 25.

An additional reason for imposing a limit of 25 admission requests is that Plaintiffs improperly attempt to use excessive admission requests to sidestep Judge Synder's ruling limiting the number of interrogatories.  Plaintiffs' Interrogatory No. 13 requests all factual and legal bases for each denial of Requests for Admission Nos. 5-181.  Plaintiffs attack a straw man, arguing that such an interrogatory is not *per se* improper. *Joint Stipulation* at 15.  Defendants never advanced a *per se* rule, and the proprietary of Interrogatory No. 13 is not presently before the Court.  The issue before the Court is the appropriate limit on requests for admissions.  In deciding that issue, the fact that Plaintiffs are attempting to exploit the lack of a limit on admission requests to end-run around the limit on interrogatories is highly relevant.  "Utilizing interrogatories disguised as requests for admission in an attempt to circumvent a local rule limiting the number of interrogatories is an abuse of the discovery process." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445-446 (C.D. Cal. 1998).[1]

---

[1] Plaintiffs cited authority is not to the contrary.  The court in *Chapman v. Cal. Dept. of Educ.* followed *Safeco*'s rule that "an interrogatory asking for the basis for denial of any requests for admission is treated as many interrogatories as there are requests for admission." No. C-01-2780 CRB (EMC), 2002 WL 32854376, at *2 (N.D. Cal. Feb. 6, 2002) (citations omitted).  Further, *B. Braun Medical Inc. v. Abbott*

Plaintiffs' service of 181 Requests for Admission concurrently with Interrogatory No. 13 plainly seeks to circumvent the Court's 25-interrogatory limit. A parallel limit on the number admissions request will provide a safeguard against Plaintiffs' abuse of the discovery process and attempts to sidestep the Court's interrogatory limit.

### B.   Plaintiffs' arguments about the necessity of the 181 admission requests ring hollow.

To justify its excessive requests for admissions, Plaintiffs contend that its 181 admission requests were necessary to learn Defendants' non-infringement positions. Plaintiffs' justification lacks logic. First, requests for admission are not a proper means to learn of the other sides' contentions in the first instance. *Safeco*, 181 F.R.D. at 445 (holding that requests for admission "are not to be treated as substitutes for discovery processes to uncover evidence"). Rather, requests for admissions are intended to eliminate matters for trial *after* using other discovery procedures to learn of the other side's contentions and determining that there is no genuine dispute. Here, by their own admission, Plaintiffs were improperly using their admission requests.

Furthermore, even if requests for admission could be a legitimate means to learn of Defendants' non-infringement positions, the timing of Plaintiffs' requests contradict Plaintiffs' purported motivation. Plaintiffs' 181 requests for admission could not have possibly been tied to their inability to seek Defendants' non-infringement contentions using interrogatories. Plaintiffs served their excessive requests for admission just two days after they served Interrogatory No. 12 asking for Defendants' non-infringement contentions. Thus, Plaintiffs did not even have Defendants' response to Interrogatory No. 12 at the time it served its 181 admission requests. Moreover, since Defendants served their response to Interrogatory No. 12,

---

*Laboratories* did not deal with how to count interrogatories asking for the basis for denial, but with whether those interrogatories should be answered. 155 F.R.D. 525, 528 (E.D. Pa. 1994). Finally, *Synonpsys, Inc. v. ATopTech, Inc.* does not address interrogatories asking for the basis of a denial of requests for admission. 319 F.R.D. 293 (N.D. Cal. 2016).

Plaintiffs have not asked for a meet and confer on Interrogatory No. 12 or filed a motion to compel a response.

**C.    Plaintiffs should not be permitted to hijack Defendants' motion to seek relief on discovery issues not yet properly raised.**

In opposing Defendants' motion for limits on the number of admission requests, Plaintiffs seek their own relief from the Court on issues that are not ripe for decision. Plaintiffs' demand that Defendants should be required to respond to Plaintiffs requests for admissions is premature. The parties agreed to extend the deadline for Defendants to respond to Plaintiffs' Requests for Admission 3-181 until 2 weeks after the Court rules on Defendants' instant motion seeking limits on admission requests. As a result, Defendants have not yet served objections and responses to Plaintiffs' requests. There is no reason to depart from the parties' agreed procedure. Defendants intend to respond to these requests on the agreed timetable, taking into account the Court's ruling on the permitted number of admission requests.

Similarly, given that the parties have not yet met and conferred as to Interrogatory Nos. 12 and 13, Plaintiffs' demands relating to those interrogatories (including a demand that Defendants be required to respond to the interrogatories or be limited to only certain non-infringement arguments at trial) are not properly before the Court. The Local Rules set out the procedures required to file a motion directed at interrogatory responses. Plaintiffs should not be permitted to simply transform Defendants' motion to set limits on admission requests into their own motion to compel interrogatory responses.

## III.    CONCLUSION

Defendants' motion presents a simple issue: whether there should be a limit on the number of requests for admission. Both parties agreed there should in their Joint Rule 26(f) Report. For the reasons above, the Court should permit only 25 requests.

1   Dated:  April 25, 2018                          JEFFERY D. BAXTER
2                                                   BAKER BOTTS LLP
3
4
5                                          By: /s/ *Jeffery D. Baxter*
6                                                  Jeffery D. Baxter
7                                                  Attorney for Defendants
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28