Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**ATTORNEYS FOR PLAINTIFFS**

(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS INC. and NITRONEX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, *et al.*,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**MACOM'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3**<br><br>Mag. Judge: Hon. Paul L. Abrams<br>Hearing Date: May 9, 2018<br>Hearing Time: 10:00 a.m.<br>Courtroom: C, 8th Floor<br><br>Discovery Cutoff: June 29, 2018<br>Pretrial Conference: Feb. 4, 2019<br>Trial Date: February 26, 2019 |

Pursuant to L.R. 37-2.3, MACOM files this Supplemental Memorandum regarding the parties' Joint Stipulation on Defendants' Motion to Impose Limits on the Number of Requests for Admission that May Be Propounded (Dkt. 469-2).[1]

## I. Infineon's Stonewalling Made MACOM's RFAs Necessary

There is no excuse for Infineon's refusal to provide MACOM with its position as to why it supposedly does not practice the Nitronex Patents—which is an issue that Infineon's own arguments have made central in the case. MACOM tried to discover Infineon's position by serving an interrogatory (No. 12). *See* Ex. A at 7. Infineon's "response" to Interrogatory No. 12 was to state, for each limitation of each claim, merely that MACOM had not met its burden of proof on infringement. *See* Ex. A at 11. Essentially, it served 43 pages of nothing. *See generally* Ex. A.

Infineon should be compelled to answer MACOM's RFAs 3-181, which seek to have Infineon admit or deny whether each of its products practice the asserted claims. *See* Ex. 3 at Request Nos. 6-181.[2] Infineon should not be permitted to avoid providing this information, which will serve to narrow the issues for trial as to which elements are actually in dispute.

In this case, MACOM claims that Infineon is in breach of its promise that Infineon will not market or sell GaN-on-Si products that practice the "Nitronex Patents" in MACOM's exclusive field. Dkt. 445 at ¶¶190-201. Infineon has taken

---

[1] To the extent that Infineon attempts to raise any new arguments in its supplemental brief that could and should have been raised earlier so that MACOM would have the opportunity to respond, those arguments cannot be considered now. *See Stork v. Textor*, CV107631JHNPLAX, 2011 WL 13217542, at *1 n.2 (C.D. Cal. June 27, 2011) (Abrams, J.) ("The Court . . . will consider plaintiff's Supplemental Brief only to the extent it is a ***supplemental*** memoranda of law supporting the Motions, but not as to new issues that were not contained in the Joint Stipulation, or new factual assertions.") (emphasis in original).

[2] RFA Nos. 3-6 are directed to marking issues. Even Infineon does not try to defend its failure to respond to those.

1  the position that MACOM must prove that Infineon's products meet the limitations
2  of specific claims of the Nitronex Patents to make out its claim of breach. MACOM
3  therefore provided thousands of pages of detailed "infringement" charts for Infineon's
4  products in November 2017. *See, e.g.*, Exhibit B (chart for one patent).

5  Infineon denies that it practices any claim of any of the many Nitronex Patents
6  in breach of its promise of exclusivity to MACOM. Dkt. 461 at ¶275. MACOM is
7  entitled to discovery as to the basis for these denials. Infineon's boilerplate denials in
8  Interrogatory No. 12 are grossly deficient under the law. *See Finjan, Inc. v. ESET,*
9  *LLC*, No. 17CV183 CAB (BGS), 2018 WL 1456923, at *3 (S.D. Cal. Mar. 23, 2018)
10 ("Various jurisdictions have found that a 'recit[ation of the] various claim terms and
11 ... unexplained denials of infringement' is not a sufficient response to a non-
12 infringement contention."); *Stamps.com, Inc. v. Endicia, Inc., PSI Sys. Inc*., CV 06-
13 7499ODWCTX, 2009 WL 2576371, at *4 (C.D. Cal. May 21, 2009) (ordering the
14 defendant to provide requested noninfringement claim chart showing, on a claim-by-
15 claim basis, why accused products do not infringe).

16 Because Infineon refused to meaningfully respond to Interrogatory No. 12,
17 MACOM appropriately seeks a response to its RFAs (which MACOM was willing to
18 forgo, if Infineon had adequately answered Interrogatory No. 12 (*see* Ex. C at 70)).

19 **II.     The Court Did <u>Not</u> Place Any Limits On RFAs In This Case**

20 Infineon already asked the Court to limit the number of RFAs. The Court chose
21 not to. Dkt. 365. Infineon cites to transcripts where the Court stated its belief that
22 additional *interrogatories* would not be helpful in this case. But the Court never
23 suggested that ***RFAs*** would not be useful here and ultimately did not limit the number
24 RFAs in any way. Absent a Court scheduling order limiting the number of RFAs, the
25 Federal Rules provide no limit on the number of RFAs. Fed. R. Civ. P. 36; *Bretana*
26 *v. Int'l Collection Corp.*, No. C07-05934 JF (HRL), 2008 WL 4334710, at *2 n.1
27 (N.D. Cal. Sept. 22, 2008) ("Moreover, there is no numeric limit on requests for
28

admission."). MACOM's RFAs are therefore perfectly permissible.[3]

### III. Infineon Is Wrong That It Is Excused From This Discovery

Infineon's suggestion that a "noninfringement chart" containing only boilerplate statements alleging MACOM has failed to meet its burden is sufficient is not supported by the law (particularly in the face of MACOM's own detailed infringement charts). *See* Ex. B. Likewise, Infineon's arguments that its invalidity arguments, claim construction positions, or license defenses immunize it from having to provide noninfringement contentions is simply incorrect. In the joint stipulation, Infineon cited **no** precedent to support this position. Nor could it, as of course a defendant must provide a plaintiff with its noninfringement contentions when requested, regardless of the other defenses the defendant has raised. *Stamps.com, Inc. v. Endicia, Inc.*, No. CV 06-7499ODWCTX, 2009 WL 2576371, at *4 (C.D. Cal. May 21, 2009) (ordering claim-by-claim noninfringement contention chart despite invalidity allegations). Infineon cannot hide its contentions from MACOM until trial; it must share them now.

Requests for admission are a perfectly acceptable method for MACOM to seek this information. "Parties may choose the manner and method in which they conduct discovery. The Federal Rules provide several vehicles for discovery. Parties may choose their preferred methodology. Courts generally will not interfere in such choices." *McCloud v. Bd. of Geary County Com'rs*, CIV.A. No. 06-1002-MLB, 2008 WL 3502436, at *2 (D. Kan. Aug. 11, 2008) (citation omitted). Indeed, courts have expressly approved (and ordered responses to) similar requests for admission asking accused infringers to admit that allegedly infringing devices

---

[3] Moreover, even if the Court had set RFA limits (which it did not), there would be good cause to increase the limit for MACOM, in light of both Infineon's refusal to respond to Interrogatory No. 12, Infineon's contention that MACOM must prove infringement by each of Infineon's products in order to succeed on its breach of contract claim, and evolving circumstances where the Court ruled on the number of claims that MACOM is permitted to assert. Dkt. 415.

-3-

contained specific features required by a patent. *See Static Control Components, Inc. v. Lexmark Intern., Inc.*, CIV.A. 04-84-KSF, 2006 WL 1328712, at *3 (E.D. Ky. Apr. 6, 2006) (granting motion to compel responses to RFAs seeking noninfringement position); *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 528 (E.D. Pa. 1994) (RFAs asking Defendants to admit that the accused products had features enumerated in the asserted patents were "specific, unambiguous and highly relevant" and "narrow the scope of the dispute").

**IV. The Number Of RFAs Propounded By MACOM Is Appropriate**

As discussed in the joint stipulation, this Court has allowed far more RFAs than those propounded by MACOM here. *See, e.g., A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006) (1,267 RFAs allowed). In patent cases particularly, courts often allow a large number of RFAs to be served regarding the various elements of the asserted claims. *See Layne Christensen Co. v. Purolite Co.*, No. CIV.A. 09-2381, 2011 WL 381611, at *6 (D. Kan. Jan. 25, 2011) (606 RFAs); *Photon, Inc. v. Harris Intertype, Inc.*, 28 F.R.D. 327, 328 (D. Mass. 1961) (703 RFAs). In *Layne Christensen*, the court required the defendant to respond to 606 requests for admission where fifteen patent claims had been asserted—the exact same number asserted here. 2011 WL 381611, at *6.

Not a single case cited by Infineon to support its argument that 181 RFAs are excessive is a patent case (let alone a case where a party had refused to respond to an interrogatory seeking a defendant's noninfringement position) and each involved far different proportionality analyses. *See Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. 346 (N.D. Ill. 2014) (29,440 RFAs in Fair Labor Standards Act); *Margulis v. Euro-Pro Operating*, LLC, 4:12-CV-2371 CAS, 2013 WL 5442702, at *4 (E.D. Mo. Sept. 30, 2013) (lawsuit over $310 vacuum machine purchased by individual); *Murray v. Geithner*, 08-15147, 2010 WL 431730, at *1 (E.D. Mich. Feb. 2, 2010) (taxpayer suit against treasury department).

Furthermore, Infineon is incorrect that MACOM's combination of RFAs with Interrogatory No. 13 (seeking an explanation of the denial of any RFAs) is impermissible. Courts have expressly approved of this combination of noninfringement contention RFAs combined with a follow-up interrogatory for an explanation of any denials. *See B. Braun Med.*, 155 F.R.D. at 528 (explaining that interrogatories seeking the basis for denials of patent element RFAs "must be answered"). And, contrary to Infineon's suggestion, courts applying the case Infineon cites in support of its argument, *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), have held that it is **not** a *per se* ban on such interrogatories. *See Chapman v. California Dep't of Educ.*, No. C-01-1780 CRB (EMC), 2002 WL 32854376, at *2 (N.D. Cal. Feb. 6, 2002) ("[A]n interrogatory that requests 'all facts' in support of a refusal to admit specific relevant facts is not burdensome and oppressive *per se*."). Indeed, such interrogatories "may facilitate development of the case." *Id.* Where products or patents-in-suit "cover similar technology" and the products infringe in "substantially similar ways" each interrogatory is **not** counted separately. *Synopsys, Inc. v. ATopTech, Inc*, 319 F.R.D. 293, 294 (N.D. Cal. 2016).

## V. Conclusion

Infineon's motion would be unnecessary if it had provided a sufficient response to Interrogatory No. 12. Infineon must be required to provide its positions in one format or the other. Infineon should not be permitted to needlessly multiply the work for the parties and the Court in this case by refusing to narrow the issues for trial. The Court should deny Infineon's motion or enter an order limiting Infineon to the only noninfringement position taken in its current response to the interrogatory (*i.e.*, its contention that MACOM fails to meet its burden). *See In re Katz Interactive Call Processing Pat. Litig.*, 2011 WL 8472388, at *2 (C.D. Cal. Jan. 14, 2011) (striking noninfringement argument from summary judgment briefing not included in contentions); *see also Multimedia Pat. Tr. v. DirecTV, Inc.*, 2011 WL 13100719, at *3 (S.D. Cal. Mar. 4, 2011) (default judgment granted for incomplete contentions).

| | | |
|---|---|---|
| 1 | Dated:  April 25, 2018 | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By: /s/ *Elizabeth Banzhoff* |
| 4 | | Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com |
| 5 | | PERKINS COIE LLP
1888 Century Park East, Suite 1700 |
| 6 | | Los Angeles, CA 90067-1721
Telephone:  310.788.9900 |
| 7 | | Facsimile:  310.788.3399 |
| 8 | | Amanda Tessar (*pro hac vice*) |
| 9 | | ATessar@perkinscoie.com
Elizabeth Banzhoff (*pro hac vice*) |
| 10 | | EBanzhoff@perkinscoie.com
PERKINS COIE LLP |
| 11 | | 1900 Sixteenth Street, Suite 1400 |
| 12 | | Denver, CO  80202-5255
Telephone:  303.291.2357 |
| 13 | | Facsimile:  303.291.2457 |
| 14 | | Ramsey M. Al-Salam, Bar No. 109506
RAlSalam@perkinscoie.com |
| 15 | | PERKINS COIE LLP
1201 Third Avenue, Suite 4900 |
| 16 | | Seattle, WA 98101-3099
Telephone:  206.359.6835 |
| 17 | | Facsimile:  206.359.7385 |
| 18 | | Philip A. Morin, Bar No. 256864 |
| 19 | | PMorin@perkinscoie.com
PERKINS COIE LLP |
| 20 | | 11988 El Camino Real, Suite 350
San Diego, CA  92130-2594 |
| 21 | | Telephone:  858.720.5700
Facsimile:  858.720.5799 |
| 22 | | |
| 23 | | Daniel T. Keese, Bar No. 280683
DKeese@perkinscoie.com |
| 24 | | PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor |
| 25 | | Portland, OR  97209-4128
Telephone:  503.727.2000 |
| 26 | | Facsimile:  503.727.2222 |
| 27 | | Morgan Chu (State Bar No. 70446) |
| 28 | | (mchu@irell.com)
Ellisen Turner (State Bar No. 224842) |

(eturner@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: 310-277-1010
Facsimile: 310-203-7199

Nima Hefazi (State Bar No. 272816)
(nhefazi@irell.com)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: 949-760-0991
Facsimile: 949-760-5200

**ATTORNEYS FOR PLAINTIFFS**