1  Lara J. Dueppen, Bar No. 259075
   LDueppen@perkinscoie.com
2  PERKINS COIE LLP
3  1888 Century Park East, Suite 1700
   Los Angeles, CA 90067-1721
4  Telephone: 310.788.9900
   Facsimile: 310.788.3399
5
   Amanda Tessar (admitted *pro hac vice*)
6  ATessar@perkinscoie.com
   PERKINS COIE LLP
7  1900 Sixteenth Street, Suite 1400
   Denver, CO 80202-5255
8  Telephone: 303.291.2300
9  Facsimile: 303.291.2400

10 **ATTORNEYS FOR PLAINTIFFS**
   (Additional Counsel Listed on Signature Page)
11

12               UNITED STATES DISTRICT COURT
                 CENTRAL DISTRICT OF CALIFORNIA
13                      WESTERN DIVISION

14
   | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**REPLY IN SUPPORT OF MACOM'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Hearing Date: June 11, 2018<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br><br>Complaint Filed: April 26, 2016<br>Fact Discovery Cutoff: June 29, 2018<br>Pre-Trial Conference: March 4, 2019<br>Trial Date: March 26, 2019 |
   |---|---|

For more than two years, Infineon hid the fact that it had breached its agreements with MACOM by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—the same patents that are the subject of this suit. This ▮▮▮▮▮▮ fundamentally affects the claims asserted in this case and also has the potential to disrupt one of the key types of relief sought. Upon discovery of Infineon's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, MACOM promptly moved to amend the complaint.

Now, faced with that motion, Infineon does not even pretend that it has legitimate basis for opposing the motion to amend. Infineon's only argument is that MACOM supposedly failed to confer about its motion. But Infineon cannot drag its feet during the meet-and-confer process, never provide its substantive position to MACOM, and then use its own delay as an excuse to deny (or delay) MACOM's motion, especially where it has not alleged any prejudice as a result of the meet-and-confer-process. This is particularly so here because, meanwhile, Infineon is using the fact that the amended complaint has not been formally filed to its advantage in the litigation. These tactics should not be tolerated, and MACOM's motion to amend should be granted.

## I. INFINEON HID INFORMATION, THEN REFUSED TO CONFER

Infineon hid critical information that should have been shared with MACOM years ago and was also responsive to MACOM's discovery requests served at the outset of fact discovery almost a year ago. Infineon then only produced the relevant information *after* the deadline for motions to amend the pleadings passed in February. *See* Mot. at 2-4 (Dkt. 505).

On May 14, 2018, MACOM sent a detailed email to Infineon laying out the basis for its motion to amend. Ex. M at 3. This email is several paragraphs long and explains in detail that MACOM needed to amend its complaint to address new information revealed by Infineon after the deadline to amend pleadings, namely: (a) Infineon's newly-revealed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (b) Infineon's

-1-

announcement of the sale of its RF Power business and how that affects MACOM's damages case and also unjustly enriched Infineon; and (c) Infineon Americas' recent announcement to MACOM that Infineon Americas would not enforce the Nitronex Patents against Infineon AG, despite its position that Infineon AG is not a party to the parties' 2010 IP Purchase Agreement or License Agreement and thus has no rights to these patents. *Id.* All of the facts explained in this email were, of course, fully within Infineon's control (and always have been).[1]

Infineon initially did not provide its position. *Id.* at 2. When the parties later conferred by phone, Infineon indicated only that it was not willing to agree to the amendments without a four-month extension of the case schedule, but would not provide any insight in to whether it otherwise opposed the motion. Tessar Decl., ¶2. Infineon also demanded a copy of the draft Fourth Amended Complaint when MACOM contacted Infineon about its proposed motion, but, even after MACOM provided Infineon with a copy (something that MACOM was not required to do under any rule), Infineon still did not provide its position on whether it opposed MACOM's motion other than based on the case schedule. Ex. M at 2; Dkt. 504.

The Court ***did*** push the trial date back by several weeks (albeit not four months), and the parties have tentatively reached agreement that the fact discovery deadline will be pushed back by two months. *See* Dkt. 510. Nevertheless, even now, weeks after MACOM provided Infineon with a copy of its proposed Fourth Amended Complaint and conferred with Infineon telephonically, Infineon ***still*** has not told MACOM whether Infineon opposes MACOM's motion other than for scheduling reasons. Infineon notably also did not provide its position to the Court in its response either, only vaguely stating that "Defendants disagree with Plaintiffs' motion on the merits." This does not clearly indicate whether Infineon

---

[1] Infineon's references to the timing of certain emails is misleading, given that Infineon's counsel is not located in California and thus is citing times in a different time zone that is two hours ahead.

simply disagrees with MACOM's arguments or is actually opposing the relief requested.

## II.   INFINEON IS USING ITS DELAY TACTICS TO GAIN AN ADVANTAGE

Infineon's delay tactics have been giving it an advantage in the litigation. As the resolution on MACOM's motion to amend is pending, Infineon continues to resist discovery on topics MACOM seeks to add in its Fourth Amended Complaint on the grounds that they are not relevant. For example, Infineon initially refused to produce even the final agreement between Infineon and Cree for the sale of its RF Power business "because it seeks information unrelated to any claims or defenses of one or more of the parties." *See* Ex. K. Infineon then used its refusal as leverage and only agreed to produce this document after extracting an agreement from MACOM that it would produce documents in response to one of its own RFPs. Ex. N. MACOM should not have to jump through hoops to obtain such basic discovery. Likewise, Infineon's business partner (Cree) has refused to produce documents in response to a subpoena from MACOM based on the argument that there is no discussion in the current operative complaint about Infineon's sale of its RF power business to Cree (which took place after the deadline to amend pleadings). Ex. O.

## III.   THE COURT SHOULD RESOLVE MACOM'S MOTION ON THE MERITS

The Court should proceed with evaluating MACOM's motion on the merits. Consistent with L.R. 7-3, MACOM contacted Infineon seven days before its motion was filed and provided a detailed description of the basis for its motion and the facts it intended to amend its complaint to include. Ex. M. This satisfies L.R. 7-3. *Cilluffo v. C. Refrigerated Servs., Inc*., EDCV 12-00886 VAP, 2012 WL 8539805, at *2 (C.D. Cal. Dec. 13, 2012) ("[T]he November 9, 2012 e-mail from Defendants to Plaintiffs was sufficient to meet Local Rule 7-3's requirement to 'contact

-3-

opposing counsel' to discuss the contemplated motion thoroughly.").[2]

There is also **no** requirement under the Local Rules or otherwise that MACOM provide a copy of its proposed amended complaint to Infineon at any point before the filing (let alone seven days in advance), although MACOM ultimately did provide it to Infineon. *Chris Bickley v. CenturyLink, Inc.*, CV 15-1014-JGB-ASX, 2016 WL 9107423, at *2 (C.D. Cal. Apr. 1, 2016) (rejecting argument that motion to amend should be denied because a copy of the proposed amended complaint was not provided until four days before the motion was filed, stating "Local Rule 7–3 does not require the moving party to deliver a copy of the Motion or supporting documents to opposing counsel prior to filing. The Local Rules only require parties to 'discuss thoroughly, preferably in person, the substance of the contemplated motion.'").

Infineon has cited no cases to support its assertion that MACOM's meet-and-confer efforts were insufficient. Nor can it be the rule that Infineon can initially delay in conferring, drag out the meet-and-confer process (potentially indefinitely), and then use its own delay to defeat MACOM's motion.

Moreover, even if the Court finds that MACOM did not satisfy L.R. 7-3, that does not mean that MACOM's motion must (or should) be denied. As described above, the timing of the conference had no effect on the necessity for the motion to be filed, as even now (weeks later) Infineon has not provided its position on whether it opposes the motion absent a schedule change, and the parties have not reached agreement. Moreover, Infineon has not identified any form of prejudice it suffered from the timing of the parties' meet-and-confer efforts.[3] Absent prejudice to the non-moving party, a failure to comply with the Local Rules does not require

---

[2] MACOM did miscalculate and initially mistakenly set the hearing for June 11th. When it realized its mistake, it promptly filed a corrected notice of motion that adjusted the date to June 18th, in compliance with the rules. Dkt. 506.

[3] Nor can it identify any such prejudice. It is MACOM that is being prejudiced in the manner that Infineon is conducting discovery in this case. *See* §II, *supra*.

-4-

1 | denial of the motion. *See CarMax Auto Superstores California LLC v. Hernandez*,
2 | 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local
3 | Rules does not automatically require the denial of a party's motion, however,
4 | particularly where the non-moving party has suffered no apparent prejudice as a
5 | result of the failure to comply.") (*citing ECASH Techs., Inc. v. Guagliardo,* 35
6 | Fed.Appx. 498, 500 (9th Cir. May 13, 2002) (unpublished)); *Brodie v. Bd. of*
7 | *Trustees of California State U.*, CV 12-07690 DDP AGRX, 2013 WL 4536242, at
8 | *1 (C.D. Cal. Aug. 27, 2013) ("CSU does not argue that Plaintiff's violation of Rule
9 | 7–3 caused it prejudice. Because CSU 'suffered no real prejudice ... the court elects
10 | to consider the motion on the merits.'").

For these reasons, MACOM respectfully requests that the Court grant its motion for leave to amend.

DATED: June 4, 2018

**PERKINS COIE LLP**

By: /s/ *Amanda Tessar*

Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Amanda Tessar (*pro hac vice*)
ATessar@perkinscoie.com
Elizabeth Banzhoff (*pro hac vice*)
EBanzhoff@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2357
Facsimile: 303.291.2457

Ramsey M. Al-Salam, Bar No. 109506
RAlSalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.6835
Facsimile: 206.359.7385

Daniel T. Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Morgan Chu (State Bar No. 70446)
(mchu@irell.com)
Ellisen Turner (State Bar No. 224842)
(eturner@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: 310-277-1010
Facsimile: 310-203-7199

**ATTORNEYS FOR PLAINTIFFS**