Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Amanda Tessar (admitted *pro hac vice*)
ATessar@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2300
Facsimile: 303.291.2400

**ATTORNEYS FOR PLAINTIFFS**

(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS INC. and NITRONEX, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, *et al.*,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ESTOPPEL**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |

**STATEMENT OF UNCONTROVERTED FACTS**

1. Defendant Infineon Technologies Americas Corp. ("Infineon Americas") is a wholly-owned subsidiary of Defendant Infineon Technologies AG ("Infineon AG"). Dkt. No. 291, ¶13.

2. Infineon Americas was previously called International Rectifier Corporation.

3. In 2010, MACOM's predecessor (Nitronex Corporation) and Infineon Americas (then named International Rectifier Corporation) entered into two related agreements, an Intellectual Property Purchase Agreement ("IP Purchase Agreement") and a License Agreement ("License Agreement"). Dkt. No. 445 (Third Amended Complaint); Dkt. No. 454-1 (Infineon Answer); Al-Salam Decl. Exh. 1 (IP Purchase Agreement); Al-Salam Decl. Exh. 2 (License Agreement).

4. As part of the transaction, MACOM assigned to Infineon Americas 54 patents and patent applications. Al-Salam Decl. Exh. 1 (IP Purchase Agreement).

5. As part of the transaction, Infineon (then International Rectifier) provided MACOM (then Nitronex) an exclusive patent license in a defined field of use, with the right to sublicense. Al-Salam Decl. Exh. 2 at ¶2.1 (License Agreement). Infineon (then International Rectifier) further agreed to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Al-Salam Decl. Exh. 1 at ¶4.02 (IP Purchase Agreement).

6. The IP Purchase Agreement also provides that:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

-1-



*Id.*

7. The IP Purchase Agreement also provides that Infineon ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Id.* at ¶3.01.

8. The IP Purchase Agreement also provides that Infineon will ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Al-Salam Decl. Exh. 2 at ¶4.01 (License Agreement).

9. Infineon Americas (including when it was named International Rectifier) successfully prosecuted before the United States Patent and Trademark Office applications that led to the following patents at issue in this litigation: No. 8,105,921; No. 8,344,417; No. 8, 592,862; No. 8,928,034; No. 8,937,335; No. 9,461,119; No. 9,437,686; and No. 9,064,775. Al-Salam Decl. at ¶7.

10. For each of the patents identified above, International Rectifier and/or Infineon Americas authored the claims that issued. Al-Salam Decl. at ¶8.

11. For each of the patents identified above, International Rectifier and/or Infineon Americas took the position that the proposed claims are patentable.

12. Infineon AG and Infineon Americas have taken the position, both during claim construction and otherwise, that at least some of the claims of the patents identified above are invalid under 35 U.S.C. ¶¶ 102, 103, and/or 112.

## CONCLUSIONS OF LAW

**A.   Assignee Estoppel**

13. "Assignee estoppel is an equitable doctrine which, under appropriate circumstances, bars the assignee of a patent from contesting the validity of the assigned patent." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 113 Fed. Appx. 930, 933 (Fed. Cir. 2004) (unpublished) (citations omitted).

14. For example, circumstances may warrant application of the doctrine to prevent an assignee from avoiding royalty payments otherwise due under an assignment contract by challenging the validity of the assigned patent." *Slip Track Sys.*, 113 Fed. Appx. at 933.

15. Absent assignee estoppel, the buyer of a patent could, unfairly, "obtain its benefits and control it and refuse to pay the agreed consideration." *Sybron Transition Corp. v. Nixon, Hargrave, Devans & Doyle*, 770 F. Supp. 803, 811 (W.D.N.Y. 1991) (quotation and citations omitted); *see Coast Metals, Inc. v. Cape*, 78-276, 1979 WL 25083, at *4 (D.N.J. Dec. 24, 1979).

16. Assignee estoppel is also appropriate where the patent assignee is enforcing, or has the duty to enforce, the patent. *See Diamond Sci. Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988) ("If an assignee of a patent were allowed to challenge the patent, it could be placed in the legally awkward position of simultaneously attacking and defending the validity of the same patent.").

17. Assignee estoppel applies in the instant case, because it would be inequitable and unfair to allow Infineon Americas to avoid its obligations to grant MACOM an exclusive license in the defined field, and to avoid its enforcement obligation by taking the position that the patents at issue are invalid.

18. Assignee estoppel applies to those in privity with the assignee. *See Diamond Sci. Co. v. Ambico, Inc.,* 848 F.2d 1220, 1225 (Fed. Cir. 1988) (noting, in case acknowledging the doctrines of assignor and assignee estoppel, that "there are still circumstances in which the equities of the contractual relationships between the parties should deprive one party (*as well as others in privity with it*) of the right to bring that challenge"); *cf. MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc.,* 2015 WL 12488489, at *4 (C.D. Calif. Jan. 23, 2015) ("[A]ssignor estoppel is an equitable doctrine that prohibits an assignor of a patent or patent application, ***or one in privity with him***, from attacking the validity of that patent when he is sued for infringement by the assignee.") (emphasis added).

19. "[P]rivity exists between a parent corporation and its wholly-owned subsidiary." *Zendel v. Circle Location Servs., Inc.,* CV1107963SJOCWX, 2012 WL 12877182, at *4 (C.D. Cal. Apr. 5, 2012); *see also, e.g., Agha-Khan v. U.S.,* No. 1:15-CV-00042-AWI, 2015 WL 5734380, at *6 (E.D. Cal. Sept. 29, 2015) (recognizing parents and subsidiaries as a category of privies); *Tuitama v. Nationstar Mortg. LLC,* CV1409956MMMAGRX, 2015 WL 12744269, at *10 (C.D. Cal. Apr. 13, 2015) (finding parent to be in privity with subsidiary); *Salessi v. Cmmw. Land Title Ins. Co.,* SA CV 08-01274-DOC, 2013 WL 5676209, at *9 (C.D. Cal. Oct. 16, 2013) ("Privity can be shown through a corporate parent and its wholly-owned subsidiary.").

20. Infineon AG and Infineon Americas are barred by the doctrine of assignee estoppel from asserting that the patents-at-issue in this litigation are invalid.

**B.   Judicial Estoppel**

21. "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one

-4-

position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996).[1]

22. The doctrine applies to statements made in administrative proceedings. *Rissetto*, 94 F.3d at 604-5 (collecting authorities); *see also Trustees in Bankr. of N. Am. Rubber Thread Co. v. U.S.*, 593 F.3d 1346, 1354 (Fed. Cir. 2010); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) ("[T]he doctrine has been applied, rightly in our view, to proceedings in which a party to an administrative proceeding obtains a favorable order that he seeks to repudiate….").

23. Judicial estoppel applies to positions taken before the Patent and Trademark Office. *See Alcohol Monitoring Sys., Inc. v. ActSoft, Inc.*, No. 07-cv-02261-PAB, 2011 WL 5075619, at *5 (D. Co. 2011) ("Judicial estoppel could apply should plaintiff assert a position that is contrary to the positions plaintiff took in front of the PTO."); *Analog Devices, Inc. v. Linear Tech. Corp.*, 479 F. Supp. 2d 202, 212 (D. Mass. 2007) ("ADI is estopped from arguing that these two circuits it said were not obvious for purposes of patentability [to the PTO] are now mere commercial production details already familiar to those of ordinary skill in the art.").

24. The courts apply three factors in determining whether estoppel applies:

> "First, a party's later position must be 'clearly inconsistent' with its earlier position." New Hampshire, 532 U.S. at 750, 121 S. Ct. 1808 (citation omitted). "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" Id. (citation omitted). "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751, 121 S. Ct. 1808.

---

[1] The Federal Circuit, which hears appeals of patent cases, applies the law of the regional circuit on judicial estoppel. *Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1377 (Fed. Cir. 2000).

-5-

1 *Toyo Tire & Rubber Co. Ltd. v. Hong Kong Tri-Ace Tire Co.* (C.D. Cal. 2017).

25. Judicial estoppel applies in the instant action to applications that Infineon Americas or its predecessor, International Rectifier, successfully prosecuted before the Patent and Trademark Office, including the applications that led to the following patents:  No. 8,105,921; No. 8,344,417; No. 8, 592,862; No. 8,928,034; No. 8,937,335; No. 9,461,119; No. 9,437,686; and No. 9,064,775.

26. Judicial estoppel also extends to those in privity with the party taking inconsistent positions.  *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012) (finding that beneficiaries were in privity with positions taken by executor and thus were subject to judicial estoppel); *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011) ("Collateral estoppel applies … against a party that is in privity to a party in previous litigation."); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997).

27. Judicial estoppel thus applies to Defendants Infineon Americas and Infineon Technologies AG with respect to the patents identified above.  Neither Defendant may assert that the patents are invalid.

| | | |
|---|---|---|
| 1 | Dated: June 4, 2018. | **PERKINS COIE LLP** |
| 2 | | |
| 3 | | By:/s/ *Amanda Tessar* |
| | | Lara J. Dueppen, Bar No. 259075 |
| 4 | | LDueppen@perkinscoie.com |
| | | PERKINS COIE LLP |
| 5 | | 1888 Century Park East, Suite 1700 |
| | | Los Angeles, CA 90067-1721 |
| 6 | | Telephone: 310.788.9900 |
| | | Facsimile: 310.788.3399 |
| 7 | | |
| 8 | | Amanda Tessar (*pro hac vice*) |
| | | ATessar@perkinscoie.com |
| 9 | | Elizabeth Banzhoff (*pro hac vice*) |
| | | EBanzhoff@perkinscoie.com |
| 10 | | PERKINS COIE LLP |
| | | 1900 Sixteenth Street, Suite 1400 |
| 11 | | Denver, CO 80202-5255 |
| | | Telephone: 303.291.2357 |
| 12 | | Facsimile: 303.291.2457 |
| 13 | | |
| | | Ramsey M. Al-Salam, Bar No. 109506 |
| 14 | | RAlSalam@perkinscoie.com |
| | | PERKINS COIE LLP |
| 15 | | 1201 Third Avenue, Suite 4900 |
| | | Seattle, WA 98101-3099 |
| 16 | | Telephone: 206.359.6835 |
| | | Facsimile: 206.359.7385 |
| 17 | | |
| | | Daniel T. Keese, Bar No. 280683 |
| 18 | | DKeese@perkinscoie.com |
| | | PERKINS COIE LLP |
| 19 | | 1120 N.W. Couch Street, 10th Floor |
| | | Portland, OR 97209-4128 |
| 20 | | Telephone: 503.727.2000 |
| | | Facsimile: 503.727.2222 |
| 21 | | |
| 22 | | Morgan Chu (State Bar No. 70446) |
| | | (mchu@irell.com) |
| 23 | | Ellisen Turner (State Bar No. 224842) |
| | | (eturner@irell.com) |
| 24 | | IRELL & MANELLA LLP |
| | | 1800 Avenue of the Stars, Suite 900 |
| 25 | | Los Angeles, CA 90067-4276 |
| | | Telephone: 310-277-1010 |
| 26 | | Facsimile: 310-203-7199 |
| 27 | | |
| | | **ATTORNEYS FOR PLAINTIFFS** |
| 28 | | |