1  Lara J. Dueppen, Bar No. 259075
   LDueppen@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
3  Los Angeles, CA 90067-1721
4  Telephone: 310.788.9900
   Facsimile: 310.788.3399
5
   Amanda Tessar (admitted *pro hac vice*)
6  ATessar@perkinscoie.com
   PERKINS COIE LLP
7  1900 Sixteenth Street, Suite 1400
   Denver, CO 80202-5255
8  Telephone: 303.291.2300
9  Facsimile: 303.291.2400

10 **ATTORNEYS FOR PLAINTIFFS**
   (Additional Counsel Listed on Signature Page)

11

12                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
13                          WESTERN DIVISION

14

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV 16-02859 CAS (PLAx)<br><br>**MACOM'S (SECOND) REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Hearing Date: June 25, 2018<br>Hearing Time: 10:00 a.m.<br>Courtroom: 8D<br><br>Complaint Filed: April 26, 2016<br>Fact Discovery Cutoff: June 29, 2018<br>Pre-Trial Conference: March 4, 2019<br>Trial Date: March 26, 2019 |

## I. INTRODUCTION

Plaintiffs (collectively "MACOM"), pursuant to the Court's June 6, 2018 Order (Dkt. 532), submit this reply memorandum in support of their motion for leave to file a Fourth Amended Complaint.

MACOM has moved to amend the Complaint based on new developments, including the recently-produced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Infineon's sale of its GaN-on-SiC and LDMOS RF Power business to Cree, and Infineon Americas' most recent refusal to enforce the patents against Infineon AG. The amendments add allegations based on these new developments and one new cause of action—unfair competition—based on such developments.

In opposition, Infineon asserts that the amendment will unduly delay the case, that MACOM was not diligent in seeking to amend, and that other reasons warrant denial of the motion. As discussed below, Infineon's arguments have no merit.

## II. THE MOTION TO AMEND SHOULD BE GRANTED

### A. The Amendment Will Not Unduly Delay the Case

The amendment will not, or at least should not, delay this case. Infineon argues, for example, that the new claims "will necessitate new discovery requests (and inevitably new motions to compel)." Opp. at 1. The facts relating to the new allegations, however, are fully within Infineon's possession (and always have been). Indeed, the only specific discovery that Infineon identifies that it will need is "the factual and legal bases for Plaintiffs' new claims." Opp. at 19. But, again, the factual basis for the contentions has long been in Infineon's possession and the legal basis is set forth in the amended complaint. Further MACOM is committed to working with Infineon to resolve discovery issues without the need for any motions to compel, particularly to the extent the discovery concerns MACOM documents or information.

Similarly, Infineon argues that no depositions can begin until after a future

motion to dismiss is resolved, because it "cannot properly prepare and present [its] witnesses for deposition without knowing what claims are in the case." Opp. at 18. But Infineon does not explain why, or how, the amendment materially affects the scope of discovery. The only new cause of action, for example, is the unfair competition claim. That claim, however, is closely related to the existing tortious interference claim. Those claims are based on Infineon's activities and do not necessitate discovery from MACOM. Further, Infineon has not identified what information or documents, or other discovery, would arise from the unfair competition claim that would not be relevant to the other claims in the case. The fact is that there is no "new" discovery that will be needed based on the unfair competition claim, and there is certainly no justification for delaying depositions until Infineon's promised motion to dismiss is resolved. Similarly, the facts relating to the newly-disclosed ▓▓▓▓ (and the Cree transaction, for that matter) are entirely within Infineon's control. And, regardless of whether the Complaint is amended to add specific allegations about these developments, they are already relevant to the existing claims and thus already properly the subject of discovery. This is the very reason that Infineon produced ▓▓▓▓

**B.     MACOM Has Been Diligent**

Infineon also argues that MACOM was not diligent because it has known about the ▓▓▓▓ and the shifting of its GaN-on-Si activities to overseas Infineon affiliates "for months." *Id.* at 2. They have not shown, however, that any delay was unreasonable. The ▓▓▓▓ license was not produced until March 27, 2018, for example, as part of a production of more than 100,000 pages of documents. Infineon also argues that the Bates number for the ▓▓▓▓ was listed in a supplemental interrogatory response dated March 26, 2018. Opp. at 10. Infineon seems to suggest that MACOM should have known of the content of the document based on the Bates number or should have immediately located the document within the 100,000 pages that were produced concurrently (and

approximately the same time as an additional 160,000 pages were produced beyond those 100,000). It also fails to account for the fact that Infineon did not actually provide its production to MACOM immediately on March 27th, but rather shipped a hard drive to MACOM on that date, which of course took time to be delivered and uploaded. Moreover, the few weeks that MACOM took to digest the supplemental discovery responses and document production were reasonable, particularly when one considers that MACOM had made document requests for licenses ▊▊▊▊ ▊▊▊▊▊▊▊ in August of 2017—over six months prior to when Infineon produced it in March of 2018. Infineon took far longer to produce the documents than MACOM did to analyze them. Furthermore, MACOM contacted Infineon as early as May 10th to raise questions as to whether the ▊▊▊▊▊▊ could be shared with MACOM personnel.

      Infineon also argues that the allegations relating to Infineon's transfer of the GaN-on-Si business to other affiliates are untimely. Those allegations, however, are closely connected to Infineon Americas' refusal to enforce the Nitronex patents against those affiliates, as well as the Cree transaction. Infineon Americas confirmed its refusal to enforce the Nitronex Patents against Infineon AG by letter on April 11, 2018. *See* Ex. J at 1. The Cree transaction was announced on March 6, 2018, and it was only after that point that MACOM understood that Infineon had fully transitioned its GaN-on-Si business to affiliates and was divesting the employees who had been involved with that work. Although Infineon argues that MACOM knew that Infineon was attempting to sell the assets before then (Opp. at 6), MACOM did not know of the price or details of the actual sale (including that the GaN-on-Si design and sales personnel would no longer be Infineon Americas employees)−which is what is relevant to the amended claims−until after seeing the press relating to the transaction. Again, there was no unreasonable delay.

**C.**    **Infineon's Other Arguments Are Not Pertinent**

      Infineon's opposition spends substantial time on arguments that appear to

1  have no bearing on the motion to amend.  Infineon complains, for example, that
2  MACOM is attempting to obtain relief against Infineon AG.  Opp. at 2-4.  This is
3  true, but the relief sought against Infineon AG is not affected by the amendment–
4  the same relief is already sought in the existing complaint through another claim.
5       Infineon also complains that MACOM has not provided sufficient
6  information concerning its damages contentions.  Opp. at 12-14.  At the same time,
7  they admit that they have refused to allow any depositions to proceed, and do not
8  deny that they have produced over 250,000 pages of documents since the end of
9  March.  Regardless, the sufficiency of MACOM's response to an interrogatory
10 concerning damages (a response that already spans multiple pages and contains
11 significant detail, and a response that MACOM has nonetheless agreed to
12 supplement further) is immaterial to whether leave to amend should be granted.
13      Infineon also complains about MACOM's deposition notices.  Opp. at 15-16.
14 To the extent the status of depositions is relevant, however, it supports MACOM's
15 position, because no depositions have yet been taken since general discovery
16 opened.  Accordingly, the amendment will not require any depositions to be re-
17 taken.
18      Finally, Infineon attacks the merits of MACOM's unfair competition claim
19 and claims relating to the ███████████.  Opp. at 16-17.  MACOM disagrees
20 with Infineon's position (and particularly the suggestion that MACOM has not
21 adequately pleaded unfair competition under the "unlawful" prong of that doctrine)
22 but, more importantly, the merits need not be addressed at this stage, particularly
23 where there is nothing to suggest the claims would be futile.

### III. CONCLUSION

25      Because there is good cause for MACOM's proposed amendment, and
26 because Infineon has not shown it will suffer any legitimate prejudice from the
27 amendment, MACOM respectfully requests that the Court grant its motion for leave
28 to amend the complaint.

Respectfully submitted this 11th day of June, 2018.

**PERKINS COIE LLP**

By: /s/ *Amanda Tessar*

Lara J. Dueppen, Bar No. 259075
LDueppen@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Amanda Tessar (*pro hac vice*)
ATessar@perkinscoie.com
Elizabeth Banzhoff (*pro hac vice*)
EBanzhoff@perkinscoie.com
PERKINS COIE LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202-5255
Telephone: 303.291.2357
Facsimile: 303.291.2457

Ramsey M. Al-Salam, Bar No. 109506
RAlSalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.6835
Facsimile: 206.359.7385

Daniel T. Keese, Bar No. 280683
DKeese@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Morgan Chu (State Bar No. 70446)
(mchu@irell.com)
Ellisen Turner (State Bar No. 224842)
(eturner@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

1  Telephone: 310-277-1010
   Facsimile: 310-203-7199

2  **ATTORNEYS FOR PLAINTIFFS**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28