UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

| Present: The Honorable | GAIL J. STANDISH, U.S. MAGISTRATE JUDGE | |
|---|---|---|
| E. Carson | | XTR |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Elizabeth M. Banzhoff | | Brian D. Johnston |
| | | Jeffery D. Baxter |
| | | Linda M. Burrow |

**Proceedings:** Telephonic Hearing re: Parties' Discovery Motions:
1. Defendants' Motion to Compel Discovery Responses (Dkt. 513);
2. Defendants' (Second) Motion to Compel Discovery Responses and Production of Documents (Dkt. 530)
3. Plaintiffs' Motion to Compel Discovery (Dkt. 535)

After the Parties' motions were filed, the case was transferred to this Court, which held a telephonic discovery status conference. The Parties were directed to further meet and confer to narrow, if possible, the issues presented in the three pending motions. The Parties successfully resolved several issues, so that only those that are set forth below remained.

On July 17, 2018, the Court held a telephonic hearing on the remaining issues. The case was called and appearances stated for the record. For the reasons stated on the record, the

                                                                                    2    :    25
                                                  Initials of Preparer          efc

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

Court ruled as follows:

1. Defendants' (First) Motion to Compel Discovery Responses:

    a. Sufficiency of Plaintiffs' response to Defendant's Interrogatory No. 10

    The Court finds that Defendants' Interrogatory No. 10 is overbroad and in some respects, premature, as it essentially sought all factual and legal bases, as well as final calculations and conclusions, in support of Plaintiffs' alleged damages. In other words, Defendants in essence sought a complete expert report in the context of a single interrogatory. Thus, to the extent Defendants seek *detailed* legal contentions in the form of calculations of, for example, lost profits, the request for further supplementation is denied.

    Defendants are, however, entitled to know the specific facts supporting Plaintiffs' alleged damages. Plaintiffs are ordered to supplement this interrogatory response, keeping in mind the Court's admonition to both sides that any information not timely disclosed in discovery will likely be excluded from use later in the case absent a showing of good cause for late production and lack of prejudice to the opposing party.

    b. Defendants' Request For Production ("RFP") 216

    This RFP seeks documents underlying the summary spreadsheets the Parties described, samples of which were provided in the Parties' briefing. For the reasons stated on the record, the Court orders Plaintiff to provide definitions and brief descriptions of the 99 categories of data captured by the database from

|   |   | 2 | : | 25 |
|---|---|---|---|---|
|   | Initials of Preparer | efc | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

which the summary spreadsheets were produced.[1] The Parties will then meet and confer about a reasonable number of data fields Defendants believe they require. If the Parties are in agreement as to what thereafter needs to be produced, no further interaction with the Court is required. Otherwise, the Parties will report back to the Court as set forth in the Order below.

2. Defendants' (Second) Motion to Compel Discovery Responses and Production of Documents:

   a. Defendants' Interrogatory No. 18

   This interrogatory seeks, among other information, specific information on offers for sale and lost opportunities that Plaintiffs contend support their alleged damages. The Parties are referred to the transcript for further detail, but as set forth above, the Court finds that Defendants are entitled to know the specific facts supporting Plaintiffs' alleged damages. (The Court notes that Plaintiffs have provided much of this information). To the extent Plaintiffs have additional facts not already disclosed that they contend support their damages claims, they must supplement their interrogatory response. Again, the Court admonishes both sides that any information not timely disclosed in discovery will likely be excluded from use later in the case absent a showing of good cause for late production and lack of prejudice to the opposing party.

   b. Defendants' Interrogatory No. 11 and Request for Production 135

---

[1] This same procedure applies to the second database identified by Plaintiffs on the record (which Plaintiff avers has some 500 potential datafields, although many may not be populated).

|  | 2 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | efc | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

Both of these discovery requests seek information regarding Plaintiffs' corporate structure and sales distribution channels during the relevant time period discussed on the record. The Court orders Plaintiffs to provide a narrative response to Interrogatory 11, but the request for production of additional documents is denied at this time.

c. Defendants' Request for Production No. 38

Broadly speaking, this request seeks all license agreements related to MACOM technology, whether or not related to the patents-in-suit. The Court finds that the request is overbroad, but that Defendants are entitled at this point to discovery related to patents in the same "field" covering similar technology, as further discussed during the hearing. To this end, the Parties are ordered to engage in a further meet and confer process as described on the record (including, as an initial step, Plaintiffs' provision to Defendants of a list of their patents).

d. Defendants' Interrogatory No. 17

This interrogatory seeks detailed information related to what Defendants term "key individuals." The Court finds the interrogatory, as written, to be overly burdensome for the reasons stated during the hearing. Plaintiffs are, however, to provide basic information, including name, title, and a brief job description, for the types of personnel identified in the interrogatory. These types of individuals should be identified for persons working on both GaN-Si and GaN-SiC technology.

|  | 2 | : | 25 |
|---|---|---|---|
| Initials of Preparer | efc | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

3. Plaintiffs' Motion to Compel Discovery:

   a. Plaintiffs' Interrogatory No. 12

   Defendants are ordered to provide a further response to Plaintiffs' interrogatory seeking their non-infringement arguments.

   b. Plaintiffs' Interrogatory No. 13

   Plaintiffs' request for a further response to Interrogatory No. 13 – seeking an explanation for why Defendant denied each of over 170 requests for admission – is denied. This request is overly burdensome and seeks to conflate the purpose of requests for admissions and interrogatories such that Defendants would have to answer over 170 interrogatories disguised as a single question.

   c. Plaintiffs' RFPs Nos. 88 and 104-188

   Through these requests for production, Plaintiffs seek "all documents" supporting Defendants' affirmative defenses. This request, as written, is overbroad. However, it is clear what Plaintiffs are seeking, which are the document ***Defendants*** contend support the defenses they have pled. Defendants are ordered to produce such document, or face the possibility that they will be precluded from using them at trial.

The Court directs counsel to further meet and confer to resolve or narrow any remaining discovery issues.

| | 2 | : | 25 |
|---|---|---|---|
| Initials of Preparer | | efc | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-2859-CAS (GJSx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | MACOM Technology Solutions Holdings, Inc., et al. v. Infineon Technologies AG, et al. | | |

    The Parties' supplemental responses, with the *exception* of the database lists (with definitions) but *including* Plaintiffs' patent list, shall be served no later than August 1, 2018. The database lists are due no later than August 15, 2018. Plaintiffs shall, however, endeavor to provide those lists on the earliest possible date.

    Further, the Court directs the parties to report back to the Court via the Court's chambers email address regarding the status of the production and related discovery by no later than August 1, 2018.

**IT IS SO ORDERED.**

.

| | 2 | : | 25 |
|---|---|---|---|
| Initials of Preparer | efc | | |