| | |
|---|---|
| 1 | Amanda Tessar (*pro hac vice*) |
| 2 | ATessar@perkinscoie.com<br>PERKINS COIE LLP |
| 3 | 1900 Sixteenth Street, Suite 1400<br>Denver, CO 80202-5255 |
| 4 | Telephone: 303.291.2357<br>Facsimile: 303.291.2457 |
| 5 | **ATTORNEY FOR PLAINTIFFS** |
| 6 | (Additional Counsel Listed on Signature Page) |
| 7 | David G. Wille (*pro hac vice*) |
| 8 | david.wille@bakerbotts.com<br>BAKER BOTTS L.L.P. |
| 9 | 2001 Ross Avenue, Suite 600<br>Dallas, TX 75201 |
| 10 | Telephone: 214.953.6500 Fax: 214.953.6503 |
| 11 | **ATTORNEY FOR DEFENDANTS** |
| 12 | (Additional Counsel Listed on Signature Page) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC., a Delaware corporation, and NITRONEX, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFINEON TECHNOLOGIES AG, a corporation organized under the laws of Germany, and INFINEON TECHNOLOGIES AMERICAS CORP., a Delaware corporation,<br><br>Defendants. | Case No. CV16-02859-CAS (GJSx)<br><br>**JOINT REPORT REGARDING TRIAL**<br><br><br><br><br><br><br><br><br><br>**Hon. Christina A. Snyder** |

Pursuant to the Court's order dated July 24, 2018 (Dkt. 603), Plaintiffs MACOM Technology Solutions Holdings, Inc. and Nitronex, LLC (collectively, "MACOM" or "Plaintiffs") and Defendants Infineon Technologies Americas Corp. ("Infineon Americas") and Infineon Technologies AG ("Infineon AG") (collectively, "Defendants") respectfully submit the following Joint Report.

**A.     Pending Claims And Areas Of Agreement**

The following claims are pending and have not been stayed:

- MACOM's First Claim – Breach of Contract (Wrongful Termination of 2010 License Agreement) Against Infineon Americas;

- MACOM's Second Claim – Breach of Contract (Marketing and Preparations for Sale of GaN-on-Si Products within MACOM's Exclusive Field of the 2010 License Agreement; Transfer of GaN-on-Si Activities to Affiliates) Against Infineon Americas;

- MACOM's Third Claim – Declaratory Judgment (2010 License Agreement Not Terminated) Against Infineon Americas;

- MACOM's Fourth Claim – Breach of Covenant of Good Faith and Fair Dealing (2010 License and IP Purchase Agreements) Against Infineon Americas;

- MACOM's Sixth Claim – Breach of Contract (Breach of 2010 IP Purchase Agreement) Against Infineon Americas;

- MACOM's Seventh Claim – Declaratory Judgment (No Sale of Nitronex Patents By Infineon Americas) Against Infineon Americas;

- MACOM's Eighth Claim – Intentional Interference With Contractual Relations Against Infineon AG;

- MACOM's Ninth Claim – Unfair Competition in Violation of California Business and Professions Code §17200 *et seq.* Against Infineon AG;

- Infineon Americas' Third Counterclaim – Breach of the 2010 License Agreement; and

- Infineon Americas' Fourth Counterclaim – Declaratory Judgment of Termination of the 2010 License Agreement.

*See* Dkt. 583 (MACOM's Fourth Amended Complaint); Dkt. 454-1 (Infineon

Americas' Counterclaims).

The parties agree that the following claims are stayed by stipulation of the parties until after resolution of MACOM's First and/or Third Claims:

- ➢ MACOM's Fifth Claim – Declaratory Judgment of Noninfringement for MACOM's GaN-on-Si Products Against Infineon Americas;
- ➢ Infineon Americas' First Counterclaim – Patent Infringement by MACOM's GaN-on-SiC products; and
- ➢ Infineon Americas' Second Counterclaim – Patent Infringement by MACOM's GaN-on-Si Products.

*See* Dkt. 366 (staying MACOM's Fifth Claim and Infineon's Second Counterclaim); Dkt. 509 (staying Infineon's First Counterclaim).[1]

The parties also agree that the following contract claims between MACOM and Infineon Americas shall be tried to the Court, without a jury, because MACOM and Infineon Americas by agreement waived the right to a jury for these claims: MACOM's First, Second, Third, Fourth, Sixth, and Seventh Claims and Infineon Americas' Third and Fourth Counterclaims. *See* Dkt. 583-1 (IP Purchase Agreement) at §12.02; Dkt. 583-2 (License Agreement) at §10.10. Specifically, the 2010 IP Purchase Agreement and License Agreement between Infineon Americas and MACOM provides:



---

[1] MACOM agreed to stay these claims because of the likelihood that they will be mooted or resolved by decisions on the claims to be resolved first. For instance, if the License Agreement has not been terminated and is in effect, then MACOM's GaN-on-Si products do not infringe.

[2] *See* Dkt. 583-1 (IP Purchase Agreement) at §12.02. The word "License" appears in the License Agreement and the "l" in "law" is capitalized in the License Agreement. The jury waivers are otherwise identical. *See* Dkt. 583-2 (License Agreement) at §10.10.

The parties also agree that MACOM's Ninth Claim for Relief for Unfair Competition against Infineon AG shall be tried to the Court, without a jury, because that claim is equitable.

**B.     MACOM's Position**

That leaves only one claim:  MACOM's Eighth Claim against Infineon AG for Intentional Interference.

MACOM has a constitutional right to a jury trial for this tort claim.  The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved …"  This includes claims in tort.  *See, e.g., Ross v. Bernhard*, 396 U.S. 531, 533 (1970) ("The Seventh Amendment entitle[s] the parties to a jury trial in actions for damages to a person or property ....").

This Court has held that, because Infineon AG is not a signatory to the 2010 IP Purchase and License Agreements, it is not subject to contract claims based on those agreements.  *See, e.g.,* Dkt. 141 at 24.  It necessarily follows that MACOM cannot have and has ***not*** waived its right to a jury for the tort claims that it asserts against Infineon AG.  This is the entire reason that only tort claims, and not contract claims, are currently proceeding against Infineon AG.  MACOM has demanded a jury on those tort claims (Dkt. 583 at 74), and it is entitled to one.

Infineon argues below that MACOM's waiver of claims arising out of the IP Purchase and License Agreements covers tort claims against Infineon AG, although Infineon AG is not a party to the agreements.  First, it is inconsistent for Infineon AG to claim the benefits of the agreements for the purposes of a jury trial when it has adamantly and successfully asserted it is not covered by the agreements for the purposes of MACOM's breach of contract claims (*see* Dkt. 583 at 74).  Second,  the License Agreement expressly specifies that there are no third-party beneficiaries to that agreement.  *See* Dkt. 583-2 (License Agreement) at §10.5.  Finally, and most importantly, Infineon's position is contrary to binding Ninth Circuit law.  *See*

-3-

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996) ("[A] jury waiver is a contractual right and generally may not be invoked by one who is not a party to the contract."). The jury trial waiver in *Paracor* was broad, similar to the one here, but that did not change the holding of that case. Infineon's attempts to distinguish this case are therefore misplaced. And Infineon notably does not cite a single case in support of its argument regarding MACOM's supposed waiver of jury trials for tort claims against Infineon AG (*i.e.*, a company that got contract claims dismissed based on the argument that it was not a party to and not bound by the contracts).

Infineon argues that MACOM is "selectively" invoking its right to a jury trial. If that means acknowledging that MACOM waived its right to a jury trial on certain claims and can no longer demand a jury for those claims, but is still seeking a jury trial on other claims where there has been no contractual waiver, that is correct. But there is nothing untoward or inappropriate about MACOM seeking a jury trial on claims for which there is no waiver.

MACOM recognizes that the Court, in lieu of resolving the estoppel issue at this time, has proposed bifurcating validity issues to be tried separately after completion of an initial trial on all other issues.[3] To ensure that its jury demand for the intentional interference claim does not stand in the way of such an approach, MACOM is willing to waive its right to a jury on all issues relating to patent validity only for its intentional interference claim against Infineon AG. For clarity, MACOM does not otherwise waive its right to a jury trial for other issues relating to its Eighth Claim for Relief against Infineon AG.

Thus, assuming the Court does not grant MACOM's motion for summary judgment on estoppel now, MACOM proposes a first trial on all issues other than

---

[3] Infineon AG has raised invalidity defenses in response to the intentional interference claim against it, just as Infineon Americas has raised those defenses in response to the contract claims against it.

patent validity. At the first trial, the Court will render findings on all contract-related claims and the unfair competition claim, and the jury will render findings on the tort claims. Further, the first trial will introduce all facts and equities necessary to resolve the estoppel defense, and that issue presumably must be resolved at that juncture under the bifurcation approach contemplated by the Court.[4]

If there is a judgment that estoppel applies after the first trial, there will be no need for a second trial. Only if MACOM prevails at the first trial *and* there is a judgment that estoppel does *not* apply will the parties then need to proceed to a second phase on invalidity. To the extent that second phase is needed, invalidity can be tried to the Court, without a jury, based on MACOM's agreement here.

Infineon suggests that there might be inconsistent rulings between the jury and the Court during the first trial, since the intentional interference claim against Infineon AG is premised on a breach of contract. This does not create a significant procedural hurdle. To the extent the Court finds no breach of contract, whether at the trial or afterwards, the jury's findings on the tortious interference claim are mooted.[5] Alternatively, the Court could use the jury verdict as an advisory ruling for the breach of contract claims.

MACOM respectfully submits that its proposal above is the most efficient

---

[4] The estoppel issue will remain in the case even if MACOM's motion for summary judgment is denied. A denial at this stage would mean only that MACOM has not yet established the defense on the written record submitted to date, not that it is precluded from doing so at trial.

[5] Infineon also points out that MACOM did not demand a jury in its initial complaint and cites to Federal Rule 38. But the law in this jurisdiction is that MACOM is entitled to rely on Infineon's jury demand. *See, e.g., California Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1105-09 (9th Cir. 2005) (collecting law and holding that plaintiff was entitled to rely on defendants' jury demand in defendants' counterclaim); *Fuller v. City of Oakland*, 437 F.3d 1522, 1530-31 (9th Cir. 1995). And Infineon's jury demands here included a request for a jury on issues triable to a jury—necessarily including the intentional interference claim. *See* Dkt. 291 at 37, Dkt. 292 at 40, Dkt. 302 at 49, Dkt. 326-0 at 63, Dkt. 459 at 41, Dkt. 461 at 67 (all demanding a trial by jury on all issues so triable).

way to proceed if the Court does not grant MACOM's motion for summary judgment now.

**C. Defendants' Position**

All claims that are currently pending and not stayed should be tried to the bench and not a jury. The Seventh Amendment is not without limits. The parties are in agreement that Plaintiffs are not entitled to a jury trial on their ninth claim (unfair competition) because there is no right to a jury trial under California law because the claim is equitable in nature. And the parties also have agreed in this case that the contractual jury trial waivers govern Plaintiffs' claims.[6] The parties' dispute is over the scope of the jury waiver in the agreements at issue. Plaintiffs contend the waivers are limited to their contract claims against Infineon Americas and that only those claims (and the unfair competition claim) will be tried to the bench. Defendants contend that the waivers extend to Plaintiffs' intentional interference claim against Infineon AG as well.

Under their plain terms, the jury waivers extend beyond Plaintiffs' contract claims and also encompass Plaintiffs' intentional interference claim. The waivers themselves (which are virtually identical) broadly state:



Dkt. 583-1 (IP Purchase Agreement) at §12.02; Dkt. 583-2 (License Agreement) at §10.10. Plaintiffs' claim for intentional interference **with the agreements** undoubtedly constitutes

---

[6] Plaintiffs made no jury demand until their Fourth Amended Complaint, in which Plaintiffs' jury demand is limited to claims "for which a trial by jury has not been waived by contract." Dkt. 583 at 73. Thus, in their jury demand, Plaintiffs concede that they are abiding by the contractual waiver in the License Agreement.

[7] The word "License" appears in the License Agreement and the "l" in "law" is capitalized in the License Agreement. The jury waivers are otherwise identical.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not dispute that the express language of the jury waivers encompass their intentional interference claim.

Relying on *Paracor*, Plaintiffs argue that Infineon AG cannot invoke the jury waivers because Infineon AG is not a party to the agreements. But Infineon AG is ***not invoking*** the jury waivers. Rather, Plaintiffs invoked the jury waivers. For instance, Plaintiffs' jury demand is limited to claims "for which a trial by jury has not been waived by contract." Dkt. 583 at 73. What Plaintiffs want is to selectively invoke the jury waivers to their advantage as to some claims and avoid their application as to other claims. *Paracor* provides no support for such piecemeal application of a jury waiver. Having invoked the jury waivers, Plaintiffs cannot narrowly apply them to only some claims arising out of the agreements (breach of contract) but not other claims arising out of the same agreements (intentional interference).[8] By their express terms, the waivers cover ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Thus, the waivers are not limited to contract claims and are not limited to claims against parties to the agreements. Plaintiffs' intentional interference claim clearly falls within the scope of the jury waivers.

Recognizing that the jury waivers encompass their intentional interference claim, Plaintiffs made ***no*** demand for a jury trial on their intentional interference claim when they first pleaded it over two years ago. Dkt. 1. This failure to demand a jury trial itself constitutes a waiver. "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). A jury demand must be made no later than 14 days "after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). To excuse their failure to make any jury demand, Plaintiffs now try

---

[8] As a practical matter, having the contract claims tried to the bench while a jury decides the tortious interference claim raises the potential for inconsistent fact findings with respect to the common element of whether there was any breach of the contracts.

to shift focus to Defendants' jury demand. But Defendants did not demand a jury trial on Plaintiffs' intentional interference claims. Defendants requested a jury trial "on all issues so triable." Dkts. 291, 292. Given that Defendants' patent infringement counterclaims have now been stayed by stipulation and given the broad scope of the contractual jury waiver, there are no remaining issues in the case triable by a jury to which Defendants demand could apply.

With respect to Plaintiffs' discussion of potential bifurcation of the validity issues, Defendants respectfully note that Plaintiffs' proposal would be unworkable as the invalidity issues are inextricably bound together with the contract issues—in other words, the Court cannot resolve the breach-of-contract allegations without first addressing the invalidity disputes. In addition, it would be improper to try damages for these claims before Defendants can present their invalidity defenses to those claims. Plaintiffs' proposal—that they can try intentional interference to a jury and force Infineon AG to try its invalidity defense to that same claim in a separate bench trial—is grossly unfair. Defendants reserve their rights to fully brief the propriety of bifurcation as Defendants did not understand the Court's order regarding this report to call for such briefing.

Dated: July 31, 2018

| | |
|---|---|
| By: /s/ Jeffery D. Baxter | By: /s/ Amanda Tessar |
| Jeffery D. Baxter | Amanda Tessar (pro hac vice) |
| Texas State Bar No. 00785250 | ATessar@perkinscoie.com |
| E-mail: david.wille@bakerbotts.com | Elizabeth Banzhoff (pro hac vice) |
| Jeffery D. Baxter | EBanzhoff@perkinscoie.com |
| Texas State Bar No. 24006816 | PERKINS COIE LLP |
| E-mail: jeff.baxter@bakerbotts.com | 1900 Sixteenth Street, Suite 1400 |
| Brian D. Johnston | Denver, CO 80202-5255 |
| Texas State Bar No. 24080965 | Telephone: 303.291.2300 |
| E-mail: brian.johnston@bakerbotts.com | Facsimile: 303.291.2400 |
| James C. Williams | |
| Texas State Bar No. 24075284 | Ramsey Al-Salam |
| E-mail: james.williams@bakerbotts.com | RAlsalam@perkinscoie.com |
| Charles Yeh | PERKINS COIE LLP |
| Texas State Bar No. 24075319 | 1201 Third Avenue Suite 4900 |

| | | |
|---|---|---|
| 1 | E-mail: charles.yeh@bakerbotts.com<br>BAKER BOTTS L.L.P. | Mailstop 43-52<br>Seattle, WA 98101-3099 |
| 2 | 2001 Ross Avenue<br>Dallas, Texas 75201 | Telephone: 206.359.6385<br>Facsimile: 206.359.7385 |
| 3 | Telephone: (214) 953-6791 | |
| 4 | Facsimile: (214) 953-6503 | Lara J. Dueppen, Bar No. 259075<br>LDueppen@perkinscoie.com |
| 5 | Lind M. Burrow, Bar No. 194668 | PERKINS COIE LLP |
| 6 | *burrow@caldwell-leslie.com*<br>Alison Mackenzie, Bar No. 242280 | 1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067-1721 |
| 7 | *mackenzie@caldwell-leslie.com*<br>BOIES SCHILLER FLEXNER LLP | Telephone: 310.788.9900<br>Facsimile: 310.788.3399 |
| 8 | 725 South Figueroa Street 31st Floor<br>Los Angeles, CA 90017-5524 | Daniel T. Keese, Bar No. 280683 |
| 9 | Telephone: 213-629-9040<br>Fax: 213-629-9022 | DKeese@perkinscoie.com<br>PERKINS COIE LLP |
| 10 | | 1120 N.W. Couch Street, 10th Floor |
| 11 | **ATTORNEYS FOR INFINEON** | Portland, OR 97209-4128 |
| 12 | **TECHNOLOGIES AMERICAS CORP. AND**<br>**INFINEON TECHNOLOGIES AG** | Telephone: 503.727.2000<br>Facsimile: 503.727.2222 |
| 13 | | |
| 14 | | Morgan Chu (State Bar No. 70446)<br>(mchu@irell.com) |
| 15 | | Ellisen Turner (State Bar No. 224842)<br>(eturner@irell.com) |
| 16 | | IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900 |
| 17 | | Los Angeles, CA 90067-4276<br>Telephone: 310-277-1010 |
| 18 | | Facsimile: 310-203-7199 |
| 19 | | **ATTORNEYS FOR PLAINTIFFS** |
| 20 | | **MACOM TECHNOLOGY SOLUTIONS**<br>**HOLDINGS, INC. AND NITRONEX, LLC** |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |