UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-02859-CAS (GJSx) | Date | August 6, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) –ORDER FOR ADDITIONAL JOINT REPORT REGARDING NATURE OF TRIAL

In response to an order of this Court (Dkt. 603), the parties in this matter have filed a Joint Report with their respective and collective positions regarding what causes of action in this matter should be tried to a jury. Dkt. 611 (redacted); Dkt. 613 (sealed) ("Joint Report").

In the Joint Report, both parties state their belief that certain provisions of the two agreements at issue in this case create a waiver of their jury trial rights with respect to almost all pending, non-stayed causes of action presently alleged.[1] Specifically, the parties express their agreement that the following causes of action should be tried to the Court without a jury on the basis of those contract provisions:

- MACOM's First Claim for Breach of Contract (Wrongful Termination of 2010 License Agreement) Against Infineon Americas;

---

[1] The parties previously stipulated to stay three causes of action until after resolution of "MACOM's First and/or Third Claims":
- MACOM's Fifth Claim for Declaratory Judgment of Non-infringement for MACOM's GaN-on-Si Products Against Infineon Americas;
- Infineon Americas' First Counterclaim for Patent Infringement by MACOM's GaN-on-SiC Products; and
- Infineon Americas' Second Counterclaim for Patent Infringement by MACOM's GaN-on-SI Products.

See Dkt. 366 (staying MACOM's Fifth Claim and Infineon's Second Counterclaim); Dkt. 509 (staying Infineon's First Counterclaim). The parties do not specifically submit agreement regarding whether they think these three causes of action should be tried to the Court or a jury, but at least Infineon suggests its belief that these causes of action would be tried to a jury. Joint Report at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-02859-CAS (GJSx) | Date | August 6, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

- MACOM's Second Claim for Breach of Contract (Marketing and Preparations for Sale of GaN-on-Si Products within MACOM's Exclusive Field of the 2010 License Agreement; Transfer of GaN-on-Si Activities to Affiliates) Against Infineon Americas;
- MACOM's Third Claim for Declaratory Judgment (2010 License Agreement Not Terminated) Against Infineon Americas;
- MACOM's Fourth Claim for Breach of Covenant of Good Faith and Fair Dealing (2010 License and IP Purchase Agreements) Against Infineon Americas;
- MACOM's Sixth Claim for Breach of Contract (Breach of 2010 IP Purchase Agreement) Against Infineon Americas;
- MACOM's Seventh Claim for Declaratory Judgment (No Sale of Nitronex Patents By Infineon Americas) Against Infineon Americas;
- MACOM's Ninth Claim for Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.* Against Infineon AG;
- Infineon Americas' Third Counterclaim for Breach of the 2010 License Agreement; and
- Infineon Americas' Fourth Counterclaim for Declaratory Judgment of Termination of the 2010 License Agreement.

The parties only dispute whether one cause of action currently pending and not stayed in this matter – MACOM's Eighth Claim for Intentional Interference With Contractual Relations Against Infineon AG – must be tried to a jury.[2]  See, e.g., Joint Report at 2-3. The basis for their dispute depends on the exact scope of the waiver created by the contract provisions.

---

[2] To support its position that its Eighth Claim must be tried to a jury, MACOM effectively concedes that it waived its jury demand in its original complaint. See id. at 5 n.5; see also Dkt. 1 ¶¶ 177-186 (cause of action in MACOM's original complaint for intentional interference with contractual relations against Infineon AG, no jury demand included in original complaint itself), id. at ECF48 (checking "no" for "Requested in Complaint: Jury Demand" on Civil Cover Sheet).  MACOM argues, however, that it is entitled to rely on Infineon's jury demand.  Joint Report at 5 n.5; see Dkt. 291 at 38, Dkt. 292 at 40 (Infineon AG's and Infineon Americas' original Answers in this case, which each include a section after the Prayer for Relief titled "Jury Demand" and the statement "Infineon . . . demands a trial by jury on all issues so triable.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-02859-CAS (GJSx) | Date | August 6, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

The Ninth Circuit, however, has held that federal courts sitting in diversity apply federal procedural law when considering pre-dispute jury trial waivers. *In re County of Orange*, 784 F.3d 520, 531-32; *see also Grafton Partners, L.P. v. Superior Court,* 36 Cal.4th 944, 32 Cal.Rptr.3d 5, 116 P.3d 479 (2005). The Ninth Circuit has further concluded that in those instances, when a contract is governed by California law, pre-dispute jury trial waiver clauses are unenforceable pursuant to California's *Grafton* rule. *In re County of Orange*, 784 F.3d at 532. Neither party addresses the applicability of the Ninth Circuit's determination to this case.

Both parties also fail to acknowledge the Central District of California's Local Rules in stating their positions in the Joint Report. Local Rule 38-1 states,

> ***Jury Trial Demand – Included in Pleading***. If the demand for jury trial is included in a pleading, it shall be set forth at the end thereof and be signed by the attorney for the party making the demand. The caption of such a pleading shall also contain the following: "DEMAND FOR JURY TRIAL."

L.R. 38-1. None of Infineon's or MACOM's pleadings in this case 1) include a separately signed jury demand or 2) the statement "DEMAND FOR JURY TRIAL" in the caption as required to be in conformance with this District's Local Rules. Although Ninth Circuit case law suggests that Infineon's substantial compliance with Fed. R. Civ. P. 38(d) by including a demand in the body of its Answers (see, e.g., Dkt. 291 at 38, Dkt. 292 at 40) is sufficient for Infineon's jury demand to be preserved, the law in the Ninth Circuit is not completely uniform on this question. Compare Rutledge v. Elec. Hose & Rubber Co., 511 F.2d 668, 674-75 (9th Cir. 1975) with Pradier v. Elespuru, 641 F.2d 808, 810-11 (9th Cir. 1981) and Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1064-65 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-02859-CAS (GJSx) | Date | August 6, 2018 |
|---|---|---|---|
| Title | MACOM TECHNOLOGY SOLUTIONS HOLDINGS, INC. ET AL. v. INFINEON TECHNOLOGIES AG ET AL. | | |

      To ensure that these issues have been fully considered, the Court **ORDERS** the parties to file a second joint report, not to exceed fifteen pages, by August 13, 2018. In the Second Joint Report, the parties should include their responses the two issues that have been raised in this Order. To the extent consideration of these issues changes a party's position regarding whether a causes of action should be tried to a jury, the party must identify its new position regarding what causes of action in this matter will be tried to the Court and what causes of action should be tried to a jury. As with the initial Joint Report, if a party believes that any cause(s) of action should be tried by a jury, that party must identify the specific cause(s) of action and provide a basis for its assertion that the particular claim(s) should be tried to a jury.

      IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |