1  JEFFREY M. HAMMER, Bar No. 264232
      *jhammer@bsfllp.com*
2  BOIES SCHILLER FLEXNER LLP
3  725 South Figueroa Street 31st Floor
   Los Angeles, CA  90017-5524
4  Telephone:  213-629-9040 / Fax:  213-629-9022

6  DAVID G. WILLE (admitted *pro hac vice*)
      *david.wille@bakerbotts.com*
7  JEFFERY D. BAXTER (admitted *pro hac vice*)
      *jeff.baxter@bakerbotts.com*
8
   BRIAN D. JOHNSTON (admitted *pro hac vice*)
9     *brian.johnston@bakerbotts.com*
10 BAKER BOTTS L.L.P.
   2001 Ross Avenue, Suite 900
11 Dallas, TX 75201
12 Telephone:  214.953.6500 / Fax:  214.953.6503
   Attorneys for Defendants
13
                **UNITED STATES DISTRICT COURT**
14       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15 | MACOM TECHNOLOGY               | Case No. CV 16-02859 CAS (GJSx)
16 | SOLUTIONS HOLDINGS INC. and
   | NITRONEX, LLC,                 | **DEFENDANTS' OPPOSITION TO**
17 |                                | **MACOM'S MOTION PURSUANT**
   |                                | **TO FED. R. CIV. P. 26(b)(5)(B)**
18 |         Plaintiffs,            | **FOR DETERMINATION OF THE**
   |                                | **PROPRIETY OF INFINEON'S**
19 |   v.                           | **CLAIM OF PRIVILEGE**
20 | INFINEON TECHNOLOGIES AG, *et*
   | *al.*,
21
22 |         Defendants.

## I. INTRODUCTION

███████████████████████████████ Defendant Infineon Technologies AG ("Infineon AG," and collectively with Infineon Americas Technologies Corporation, "Defendants") ████████████████████████████████████████████████████████████████████████████████████████████████████████████.

On July 12, 2018, after discovering the inadvertent production of attorney-client privileged materials related to ████████████████, Defendants sent a clawback letter to Nitronex, LLC and MACOM Technology Solutions Holdings, Inc. (collectively, "Plaintiffs"). Ex. 1, Clawback Letter. Despite obligations to destroy, return, or sequester these documents, Plaintiffs relied on and used them for the next month. In numerous emails, Plaintiffs quoted privileged materials, indicating that that they continued to access and review these documents. Plaintiffs even used an unredacted privileged document while examining a witness at a deposition. *See* Dkt. 625-11.

Plaintiffs cannot excuse their noncompliance with the Rules of Procedure and disregard for Defendants' sensitive information. More importantly, Defendants' clawed-back documents are in fact privileged. Plaintiffs' arguments to the contrary rest on unsupported speculation. For following reasons, Plaintiffs' request to pierce the attorney-client privilege should be rejected.

## II. BACKGROUND

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

1

1 ██████████████████████████████████████████████
2 ██████████████████████████████ ████████████████
3 ██████████████████████████████████████████████
4 ██████████████████████████████████████████████
5 ██████████████████████████████████████████████
6 ██████████████████████████████████████████████
7 ██████████████████████

### b. The Challenged Documents

The clawed-back documents challenged in Plaintiffs' motion come from the same period ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████.

#### i. Dkt. 627-2 (Ex. 1 to Plaintiffs' Brief, INFMAC_0361318[2])

████████ identifies the first two redactions in this document as reflecting legal advice that ████████████████████████████████
████████████████████████████████████, was forwarding legal advice ██████████████████████████████████. Indeed, these portions discuss ████████████████████████████████████████████
███████████████████.

The latter two redactions are requests for legal advice ████████
██████████████████████████████████████████████
██████████████████████████, these communications facilitated the advice

---

[1] Gerhard Wolf, when questioned about one of the challenged documents, ████
████████████████████

[2] Plaintiffs misidentify the Bates number on this document. The correct number, reflected here, is INFMAC_036<u>1</u>318.

2

1 given █████████████████████████████████

2 ████████████████. The communications themselves reveal their legal nature,

3 ████████████████████████████████████████████████████████████

4 █████████████████████████.

     ii. **Dkt. 627-3 (Ex. 2 to Plaintiffs' Brief, INFMAC_0359848)**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████.

Plaintiffs posit that ████████████████████████████████████

████████████████████████████████████████████████████████████.

Plaintiffs' unsupported presumption is simply wrong. As discussed above, ████

████████████████████████████████████████████████████████████

████████████████ █████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████.

     iii. **Dkt. 627-4 (Ex. 3 to Plaintiffs' Brief, INFMAC_0356157);
Dkt. 627-5 (Ex. 4 to Plaintiffs' Brief, INFMAC_0355772)**

  The material and redactions ███████████████████████████. The redacted materials ████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████. The redacted portions of these documents are replete with legal advice ██████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████.

  Plaintiffs once again emphasize that this advice was given before this lawsuit began, which is irrelevant. ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

### iv. Dkt. 627-6 (Ex. 5 to Plaintiffs' Brief, INFMAC_0366750)

Exhibit 5 likewise reflects legal advice ██████████ ██████████. The redacted portion itself clearly indicates the involvement of counsel ████████████████████████████. Plaintiffs do not dispute this. Yet, they challenge the redaction ██████ ████████████████████████████. Plaintiffs speculate that the redacted material is ████████████████████████████. Plaintiffs' strained reading of the document does not add up. The redacted portion itself confirms ████████████████ ████████████████████████████████████ ████████████████████████████████.

### c. The Current Dispute

On July 12, Defendants sent their clawback letter to Plaintiffs. Ex. 1, Clawback Letter. Defendants instructed Plaintiffs to comply with Federal Rule of Civil Procedure 26(b)(5) by returning or destroying clawed-back documents. *Id*. Plaintiffs' suggestion that the claw-back somehow impeded their deposition of Simon Ward the next day is unfounded. Plaintiffs did not use a single one of the identified documents at Mr. Ward's deposition. Ex. 3, Ward Dep. Index of Exhibits.

Nearly a week passed without Plaintiffs ever responding to or even acknowledging Defendants' clawback letter. The first mention occurred on July 18 during Plaintiffs' deposition of Gerhard Wolf when Defendants discovered that Plaintiffs' counsel was questioning the witnesses using an unredacted copy of one of the clawed-back documents. Ex. 2, Wolf Tr. at 133. Defendants' counsel objected and requested that the document be destroyed. *Id*. at 133–34, 233–34. Plaintiffs' counsel refused and retained the unredacted document over Defendants' objection. *Id*. at 134.

After the deposition, Defendants sent Plaintiffs another letter, again instructing them to comply with Rule 26 and cease using Defendants' privileged information. Dkt. 625-11. Plaintiffs responded with excuses, blaming the date of Defendants' original clawback letter for their violation of Rule 26, even though this violation came a week after the clawback letter. Dkt. 627-7 at July 19, 2018 10:56 AM email. Plaintiffs took the position that Defendants had "yet to trigger any obligation by [Plaintiffs] by substantiating [their] claims of privilege," but ultimately agreed to "sequester[] these documents" under Rule 26(b)(5)(B). *Id.*

Plaintiffs' promise to "sequester[]" the privileged documents proved to be an empty one. Plaintiffs instead continued to freely use the documents as they saw fit, in contravention of Rule 26's prohibition. On July 31, the parties conferred regarding the privileged status of the five documents subject to Plaintiffs' motion.[3] Soon afterwards, Plaintiffs sent their portion of a draft email to raise this dispute with the Court. Dkt. 627-7 at July 31, 2018 6:05 PM email. Rather than sequestering the privileged documents, Plaintiffs apparently used the redacted portions of the documents to craft their arguments, and even directly *quoted from the redacted portions* and expressed their intention to simply email the privileged documents to the Court—without following the Court's *in camera* inspection procedures. *Id*. Defendants objected to Plaintiffs' continued use of privileged

---

[3] Plaintiffs cast Defendants as unwilling and unprepared to meet and confer. Not so. Leading up to the parties' July 31 meet and confer, Defendants responded to each of Plaintiffs' requests to meet and confer, offering to discuss the mutual supplementation of privilege logs, which Plaintiffs identified as the issue at that time. Dkt. 627-7 at, *e.g.*, July 31, 2018 9:15 AM email. Eventually, after Plaintiffs clarified their desire to challenge the substance of Defendants' privilege claim, the parties scheduled a conference. *Id*. at July 31, 2018 2:37 PM email. But Plaintiff did not identify the particular documents in dispute until just thirty-nine minutes before the conference, and even then, Plaintiffs misidentified two of the five documents in dispute. *Id*. at July 31, 2018 3:21 PM email; *id*. at July 31, 2018 6:05 PM email. And during the meet and confer, it was Plaintiffs—not Defendants—who brought no substance to the table. Plaintiffs stated that the five documents were not privileged but could not provide any basis for their position. *Id*. at July 31, 2018 5:59 PM email.

materials, despite Rule 26's obligation to destroy, return, or sequester. *Id.* at, *e.g.*, August 1, 2018 12:46 PM email. And Defendants objected to any use or sharing of privileged documents that did not comply with this Court's procedures for presenting documents for *in camera* review, which Defendants identified for Plaintiffs. *Id.*[4]

Through the parties' discussions, Plaintiffs also attacked Defendants' privilege logs. *Id.* Although Plaintiffs complain that Defendants initially logged withheld documents but not redacted documents, Plaintiffs did the same thing. After Plaintiffs raised the issue of also logging redacted documents (something that neither side had done), Defendants offered to confer regarding mutual supplementation of logs. *Id.* at July 20, 2018 5:50 PM email. Without responding to Defendants' offer, Plaintiffs served a supplemental log on August 6, 2018, for the first time including redacted documents. Ex. 4. Two days later, Defendants served a privilege log for the five documents challenged by Plaintiffs' current motion.[5] Dkt. 625-9.

### III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(5)(B) (emphasis added):

---

[4] Even in this motion, Plaintiffs again disregarded the Court's *in camera* requirements that Defendants had identified. The Court's website states, "A party seeking to have the Court review document(s) in camera, must file a Request and proposed order via the Court's CM/ECF system." Plaintiffs never request that the Court review the privileged material *in camera*. Instead, Plaintiffs decided to file the privileged information under seal. Dkt. 626 at 1. Plaintiffs also misrepresented that their motion to seal was unopposed. The parties have an agreement not to oppose the filing of one another's *confidential* materials under seal. But the parties have no such agreement respecting *privileged* information. Plaintiffs never conferred on this specific request. If they had, Defendants would have again pointed Plaintiffs to the Court's *in camera* procedures and opposed the Plaintiffs' unilateral decision to provide the privileged materials to the Court without requesting that the Court review the privileged material *in camera*.

[5] For the remaining clawed-back documents, Defendants were working to prepare a privilege log when the parties reached a preliminary settlement on August 10. Now that the stay of this action has ended, Defendants have resumed their preparation of a privilege log for these remaining documents.

6

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. *After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has;* **must not use or disclose the information** *until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified*; and may promptly present the information to the court under seal for a determination of the claim.

"The attorney-client privilege applies when (1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by the client." *Griffith v. Davis*, 161 F.R.D. 687, 694 (C.D. Cal. 1995). Because Defendants meet these elements, Plaintiffs cannot intrude into protected attorney-client communications.

### IV. ARGUMENT

#### a. The clawed-back documents do not lose privileged status simply because they involve communications between non-lawyers.

Plaintiffs cite no authority for the proposition that a communication must involve an attorney to be privileged. Rather, Plaintiffs' own cases stand for the opposite proposition. *Hynix Semiconductor Inc. v. Rambus Inc.*, CV-00-20905-RMW, 2008 WL 350641, at *3 (N.D. Cal. Feb. 2, 2008) ("The fact that [a non-lawyer employee], and not [counsel], conveyed [counsel's] legal advice to [non-lawyer directors] would not necessarily be fatal to the attorney-client privilege."). Where, as here, non-lawyers (███████████████████) transmit to other non-lawyers advice they received from counsel (███████), these communications are privileged. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). The privilege covers even those communications among Infineon AG's non-lawyers describing the legal advice to be sought ███████████, especially where these non-lawyers eventually sought this advice. *See id.* ("Materials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice are comparable to notes a client would make to prepare for a meeting with her

lawyer . . . . Therefore, *internal communications that reflect matters about which the client intends to seek legal advice are protected*" (emphasis added)); *see* ▮ Decl. ¶ 8 (discussing the latter two redactions in Exhibit 1 to Plaintiffs' motion).

**b. The clawed-back documents involve legal, not business, advice.**

▮ gave legal advice relating to legal topics and risks, such as ▮

▮. The business purpose for which businesspeople seek legal advice does not change the legal character of the advice provided by the legal department. ▮

This Court has acknowledged as much. A party "is entitled to obtain legal advice on which it later bases its business decisions as well as on its business decisions themselves." *Polaris Innov. Ltd. v. Kingston Tech. Co., Inc.*, CV1600300CJCRAOX, 2017 WL 8220457, at *4 (C.D. Cal. June 16, 2017). In *Polaris*, this Court found that the attorney-client privilege protected two sets of diligence documents prepared by a party's legal department, even though these documents reflected legal advice that the party used to make business decisions. *Id.* at *4–5. The first set of documents contained technical due diligence regarding a set of patents that the party was considering acquiring. *Id*. These documents were privileged because the party generated them to "ultimately . . . make a business decision (whether to buy the patents and at what price), but more immediately, and specifically as it related to the attorneys involved, it was done in furtherance of [the party's] obtaining legal advice." *Id.* at *4. This Court reached a similar conclusion

1  on the second set of documents, which involved the attorneys' post-acquisition
2  analyses regarding potential licensing opportunities, prices, and infringers. *Id*. at *6.
3  　　In the present case, as in *Polaris*, Infineon AG started a legal analysis,
4  focusing on legal questions ████████████████████
5  ████████████████████████████████████████
6  ████████. Communications ████████████ reflect the legal advice of counsel
7  and they are privileged, whatever use the businesspeople make of them.

### c. Defendants have substantiated the privilege through their updated log and ████████████

9  　　Regardless of Plaintiffs' complaints about Defendants' privilege log, ██
10  ████████ details each redacted statement in each challenged document. ████
11  ¶ 6 (discussing Exhibits 2 and 5 to Plaintiffs' motion); *id*. ¶ 7 (discussing Exhibits 3
12  and 4 to Plaintiffs' motion); *id*. ¶ 8 (discussing Exhibit 1 to Plaintiffs' motion). ██
13  ████████████████████████████████████████
14  ████████████████████████████████████████
15  ████████████████████████████████████████
16  ████████. Between ████████████ explanation and Defendants' privilege log,
17  there can be little doubt that the challenged documents are privileged
18  communications with counsel. Defendants have substantiated the privilege and
19  Plaintiffs' motion should be denied.

### d. Plaintiffs' failures to sequester the clawed-back documents and violations of Rule 26 warrant exclusion of these documents.

22  　　"Rule 26(b)(5)(B) requires that [a party in receipt of clawed-back material]
23  return the information or present it to the court upon a *claim* of privilege." *Piasa*
24  *Comm. Interiors, Inc. v. J.P. Murray Co.*, CIV. 07-617-DRH, 2010 WL 1241563, at
25  *2 (S.D. Ill. Mar. 23, 2010) (emphasis original). In other words, once Defendants
26  *claimed* privilege over the clawed-back documents, Plaintiffs had to "promptly
27  return, sequester, or destroy" these documents and could no longer freely "use"
28  them. FED. R. CIV. P. 26(b)(5)(B). Plaintiffs instead "divine[d] justice on [their]

own," deciding they could use the privileged information as they saw fit pending the Court's resolution. *Piasa*, 2010 WL 1241563 at *2. Plaintiffs ignored their Rule 26 obligations by using clawed-back documents during a deposition, studying them during the meet and confer process, threatening to transmit them by email (outside the proper *in camera* and sealing protocols), and filing them with the Court under the guise that Defendants did not oppose their submission under seal. Plaintiffs even cavalierly took the position that it had no Rule 26 obligations with respect to these documents well after the issue had been brought to light: "[Defendants] ha[ve] yet to trigger any obligation from [Plaintiffs] by substantiating [their] claims of privilege." Dkt. 627-7 at July 19, 2018 email.

These actions were entirely improper and unjustified. Plaintiffs' complete disregard for their Rule 26 obligations is sufficient to preclude them from using the clawed-back documents in this case for any purpose. Courts have barred the use of clawed-back documents by parties, like Plaintiffs, who continue to review, use, and file such documents, despite a clawback letter and opposing counsel's repeated objections. *Piasa*, 2010 WL 1241563 at *2; *Lawrence v. Dependable Med. Transp. Servs., L.L.C.*, 2:13-CV-0417-HRH, 2014 WL 2510628, at *2 (D. Ariz. June 4, 2014) ("[P]laintiffs took it upon themselves to make a determination as to whether the emails had been inadvertently disclosed and whether the privilege had been waived. Such conduct does not comply with Rule 26(b)(5)(B). Because plaintiffs have failed to comply with Rule 26(b)(5)(B), plaintiffs will not be allowed to use the emails."). So too should Plaintiffs be barred from using these documents under these circumstances.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety. In addition, Plaintiffs should be barred from using the challenged documents for any purpose in this litigation as a sanction for their disregard of their Rule 26 obligations.

| | |
|---|---|
| Dated:  October 9, 2018 | **BAKER BOTTS LLP** |
| | By: /s/ *Jeffery D. Baxter* |
| | David G. Wille (admitted *pro hac vice*) |
| | *david.wille@bakerbotts.com* |
| | Jeffery D. Baxter (admitted *pro hac vice*) |
| | *jeff.baxter@bakerbotts.com* |
| | Brian D. Johnston (admitted *pro hac vice*) |
| | *brian.johnston@bakerbotts.com* |
| | James C. Williams (admitted *pro hac vice*) |
| | *james.williams@bakerbotts.com* |
| | Charles Yeh (admitted *pro hac vice*) |
| | *charles.yeh@bakerbotts.com* |
| | Josue Caballero (admitted *pro hac vice*) |
| | *josue.caballero@bakerbotts.com* |
| | BAKER BOTTS L.L.P. |
| | 2001 Ross Avenue, Suite 900 |
| | Dallas, TX 75201 |
| | Telephone: 214.953.6500 |
| | Fax: 214.953.6503 |
| | **ATTORNEYS FOR DEFENDANTS** |